IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Penrod Management Group, Inc.

                    Plaintiff-Petitioner,

        - v -                                                  07- CV – 10649

Stewart's Mobile Concepts, Ltd.

                    Defendant-Respondent.

---

## DEFENDANT-RESPONDENT STEWART'S MOBILE CONCEPTS, LTD'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF-PETITIONER'S MOTION VIA ORDER TO SHOW CAUSE TO ENJOIN ARBITRATION

Attorneys for Defendant-Respondent
Stewart's Mobile Concepts, Ltd.

        Richard S. Mills
        Ryan P. Mulvaney
        McElroy, Deutsch, Mulvaney & Carpenter, LLP
        88 Pine Street, 24th Floor
        New York, New York 10005
        Phone Number: (212) 483-9490
        Fax Number:    (212) 483-9129

### TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................ii

PRELIMINARY STATEMENT...........................................................1

SUMMARY OF ARGUMENT ...........................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY.....................2

ARGUMENT ...............................................................................7

POINT I        BY PARTICIPATING IN THE ARBITRATION,
               PENROD WAIVED ITS RIGHT  TO SEEK
               JUDICIAL REVIEW OF ATRIBITRABILITY UNDER
               BOTH STATE LAW AND FEDERAL LAW.....................7

POINT II
               PENROD CANNOT SATISFY PREREQUISITES
               FOR  OBTAINING  PRELIMINARY INJUNCTIVE RELIEF....11

               A. NO IRREPARABLE  HARM.............................11

               B. NO LIKELIHOOD OF SUCCESS ON
               THE MERITS  -  BALANCE OF
               HARDSHIPS FAVORS STEWART'S..................12

CONCLUSION..............................................................20

## TABLE OF AUTHORITIES

### FEDERAL CASES

*First Options of Chicago v. Kaplan,*
514 *U.S.* 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)..................................18

*Abdul Wali v. Coughlin,*
754 F.2d 1015 (2d Cir.1985)......................................................................12

*Opals on Ice Lingerie v. Body Lines, Inc.*
320 F.3d 362 (2d Cir.2003)........................................................................11

*In Testamentary Trust Under Article Seventh of Last Will
and Testament of Jones v. Watts Inv. Co.,*
2000 WL 546490 (S.D.N.Y. 2000)...............................................................8

*Lehman Bros. Inc. v. Adkins,*
1994 WL 637794 (S.D.N.Y. 1994)...........................................................16,17

*Murphy v. Wack,*
1990 WL 77249, (S.D.N.Y. 1990)................................................................7

*Merrill Lynch & Co., Inc. v. Optibase*, Ltd.,
2003 WL 21507322 (S.D.N.Y. 2003) .......................................................10-14

*Ortho Diagnostic Systems, Inc. v. Abbott Laboratories, Inc.*
822 F.Supp. 145 (S.D.N.Y. 1993)............................................................11,16

*Pellegtino v Auerbauch,*
2006 WL 565643 (S.D.N.Y. 2006)..............................................................19

*Sands Bros. & Co., Ltd. v. Zipper,*
2003 WL 22439789 (S.D.N.Y. 2003)...........................................................15

### STATE CASES

*Home Mut. Inc. Co. v. Springer,*
515 N.Y.S.2d 76 (App.Div.1987)..................................................................9

*Mufale v. Romeo,*
504 N.Y.S.2d 933 (App.Div.1986)................................................................9

### STATUTES

Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ..............................................8,17
24 U.S.C. § 1332(a)...................................................................................12
F.R.Civ. P. 65.............................................................................................1
N.Y. C.P.L.R. § 7503(b) ...........................................................................9,17

## PRELIMINARY STATEMENT

Defendant-Respondent, Stewart's Mobile Concepts, Ltd., ("Stewart's Mobile"), submits this memorandum of law in opposition to the Order to Show Cause and Petition whereby Plaintiff-Petitioner, Penrod Management Group, Inc. ("Penrod Management") seeks to enjoin the arbitration proceedings currently pending between the parties before the American Arbitration Association ("AAA") under case number 13-118-02115-06. Pursuant to this Court's direction at oral argument on November 30, 2007, Stewart's Mobile submits this memorandum of law to address whether Penrod Management waived its right to seek judicial review of the issue of arbitrability (it has), or met its obligations under Rule 65 of the Federal Rules of Civil Procedure (it has not).

## SUMMARY OF ARGUMENT

By submitting the issue of arbitrability to the arbitrator for determination upon a formal motion, and actively participating in the arbitration proceedings for fourteen (14) months before bringing the instant application, Penrod Management waived the right to seek a stay of arbitration, and is unable to demonstrate the factors prerequisite to obtaining injunctive relief.

On September 20, 2006, Stewart's Mobile filed Demands for Arbitration against Nikki Beach Atlantic City, LLC and Penrod Management. Penrod Management did not object to the AAA's jurisdiction – or otherwise reserve its rights – until ten (10) months after Stewart's Mobile commenced arbitration, when Penrod Management filed a formal motion to dismiss arguing that the AAA could not exercise jurisdiction because Penrod Management had not signed the arbitration agreement. After receiving the arbitrator's unfavorable ruling on August 16, 2007, Penrod Management waited an additional four

(4) months and ten (10) days to seek redress in this Court. Prior to moving before this Court Penrod Management participated in several case management conferences, consented to the arbitration being conducted in New York City, produced discovery in accordance with the arbitrator's order, and served its pre-hearing witness and exhibit lists without ever again objecting to the AAA's jurisdiction. A mere three (3) business days before arbitration hearings were scheduled to commence, Penrod Management brought the instant motion via order to show cause, seeking a stay that would effectively reverse the Arbitrator's August 16, 2007, ruling denying its motion to dismiss.

Penrod Management's prior motion to the Arbitrator, its active participation in the arbitration, its failure to timely assert or preserve any objection to the arbitral forum, and its inordinate delay in seeking redress in this Court all combine to warrant denial of its application for injunctive relief. Accordingly, the Court should dismiss the instant action and direct the parties to proceed before the AAA.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about April 18, 2005, Stewart's Mobile entered into an equipment rental agreement (the "Agreement") with Nikki Beach Atlantic City, LLC ("Nikki Beach"), whereby defendant agreed to lease ten (10) pieces of equipment to Nikki Beach. Declaration of Steven Savola, Esq. ("Savola Dec."), at Exh. 1. Section Twenty-Two of the Agreement provides for arbitration of any dispute between the parties – *e.g.* a payment dispute – that cannot be settled between them:

> Arbitration: In the event that any dispute between the parties to this Agreement cannot be settled, the matter shall be submitted to binding arbitration. The arbitration shall be conducted in accordance with the rules of the American Arbitration Association, with the prevailing party to be awarded all costs of arbitration and reasonable attorneys fees. The arbitration shall be held in Suffolk County, New York. Any judgment

upon an award may be entered in the State(s) and Count(ies) where the lessor and lessee do business.

(Savola Dec., at Exh. 1).

After failing to receive payment despite repeated demands, on September 20, 2006, Stewart's Mobile initiated arbitration proceedings against Nikki Beach and its corporate parent and alter ego, Penrod Management, before the AAA under case no. 13-118-02115-06, asserting claims for breach of contract against Nikki Beach (now defunct) and Penrod Management. Declaration of Ryan P. Mulvaney, Esq. ("Mulvaney Dec."), at 3 Exhs. A, B. Stewart's Mobile has requested that the arbitrator disregard the corporate form and hold Penrod Management liable for Nikki Beach's debts.

On October 11, 2006, Michael Register, Esq., General Counsel to Nikki Beach and Penrod Management, sent a letter and a Certificate of Cancellation for Nikki Beach to the AAA, and to counsel for Stewart's Mobile, indicating that Nikki Beach had been administratively terminated. Mulvaney Dec., at 5, Exh. C. In his October 11, 2006, letter to the AAA, Mr. Register did not object to the AAA's jurisdiction over Penrod Management. *Id.*, at 7, Exh. C. On October 30, 2006, counsel sent a second letter to the AAA indicating that Nikki Beach had been dissolved and that "no one will be representing the interests of Nikki Beach Atlantic City, LLC at the arbitration." *Id.*, at 10, Exh. E. The October 30, 2006, letter contained no objection to the AAA's jurisdiction over Penrod Management. *Id.*, at 12, Exh. E.

On June 21, 2007, the Arbitrator held a preliminary hearing via teleconference, and thereafter in a July 12, 2007 order set a schedule for discovery, pre-trial briefing, and a hearing to commence at the AAA's offices in New York City on September 10, 2007. Mulvaney Dec., at 14-15, Exhs. F. In accordance with the July 12, 2007, Order,

3

Stewart's Mobile served opposing counsel with its First Request for the Production of Documents directed to Penrod Management. *Id.*, at 18-19 Exhs. F&G.

In lieu of providing discovery responses, on the afternoon of July 27, 2007, approximately <u>ten months</u> after Stewart's Mobile initiated the arbitration proceedings, Penrod Management filed a motion with the arbitrator, seeking an order of dismissal based upon an alleged lack of jurisdiction.    Mulvaney Dec., at 22, Exh. H.  Penrod Management based its motion to dismiss upon the assertion that it was not a party to the Agreement, or the arbitration clause contained therein.  *Id.*  Stewart's Mobile timely filed opposition papers, and cross-moved to compel discovery responses. *Id.*, at 26, Exh. J.

On August 16, 2007, the Arbitrator issued an opinion denying Penrod Management's motion to dismiss.  Mulvaney Dec., at 29, Exh. K.  Arbitrator Rollings held that Penrod Management, although not a signatory to the Agreement, may nevertheless be compelled to arbitrate under an alter ego theory. *Id*. In addition, Arbitrator Rollings granted Stewart's Mobile's cross-motion to compel discovery, and held that Stewart's Mobile was entitled to limited discovery from Penrod Management specifically related to the alter ego issue. *Id*.

On August 20, 2007, the parties participated in a telephonic case management conference before Arbitrator Rollings.    Mulvaney Dec., at 32.    During the case management conference, Penrod Management did not object to jurisdiction or otherwise reserve its rights. *Id.* On September 10, 2007, the AAA issued Scheduling Order # 2, which confirmed the August 20, 2007, case management conference.  *Id.*, at 33, Exh. L. The preamble of Scheduling Order # 2 reflects that Stewart's Mobile and Penrod Management participated in the case management conference. *Id.* Scheduling Order # 2

set forth discovery and other procedural deadlines and scheduled the hearings for November 19, 2007, and November 20, 2007, in New York City. *Id.*

On October 9, 2007, the parties again participated in a telephonic case management conference before Arbitrator Rollings. Mulvaney Dec., at 40. During the case management conference, Penrod Management did not object to jurisdiction or reserve its rights. Id.

On October 9, 2007, the AAA issued Scheduling Order # 3. Mulvaney Dec., at 41, Exh. O. The preamble of Scheduling Order # 3 reflects Stewart's Mobile and Penrod Management participated in the case management conference. *Id.* Scheduling Order # 3 set forth discovery and other procedural benchmarks, re-confirming that the hearings would occur on November 19th and 20th in New York City. *Id.* Scheduling Order # 3 also set forth the procedures and deadlines for pre-hearing exchanges. *Id.*

On October 10, 2007, Stewart's Mobile received Penrod Management's discovery responses. Mulvaney Dec., at 44, Exh. P. In response to the alter-ego issue, Penrod Management produced only a limited number of documents, and, in its cover letter, made reference to an alleged agreement to produce documents in response to only six of the thirty-four requests. *Id.* After receiving Penrod Management's response to Stewart's Mobile's document demands and its reference to an alleged agreement concerning same, Stewart's Mobile requested a case management conference with Arbitrator Rollings. *Id.*, at 46.

On October 25, 2007, Stewart's Mobile and Penrod Management participated in a yet another case management conference. Mulvaney Dec., at 47. Penrod Management did not raise a jurisdictional objection during the conference, nor did it reserve its right to

do so. *Id*. During the October 25, 2007, case management conference, Stewart's Mobile raised the issue of Penrod Management's limited responses to Stewart's Mobile's document demands. *Id.*, at 48  Stewart's Mobile agreed to accept a stipulation from Penrod Management that it had produced all of the documents that it had in its possession, custody or control related to the alter-ego issue. *Id*. Penrod Management agreed to provide Stewart's Mobile with that stipulation by no later than November 1, 2007. *Id*. It did not do so.

During the October 25, 2007, case management conference, the parties and Arbitrator Rollings settled on an agreed venue for the hearings.  Mulvaney Dec., at 49. Upon learning from Penrod Management's counsel that it  expected to receive additional documents from non-party witnesses by November 8, 2007, Arbitrator Rollings required Penrod Management  to reproduce the documents to Stewart's Mobile within five business days thereafter. *Id.*, at 15. At the conclusion of the conference the AAA issued a letter confirming that the arbitration hearings would begin on December 3, 2007 at Arbitrator Rollings' law firm in New York City pursuant to the parties' agreement. *Id.*, at 51, Exh. Q.

On October 26, 2007, the AAA issued Scheduling Order # 4, memorializing the parties' participation in the October 25, 2007, telephonic case management conference. Mulvaney Dec., at 54, Exh. R.  Again, Penrod Management raised no objections or reservations.

On November 1, 2007, pursuant to Scheduling Order # 4, Penrod Management served its witness list. Mulvaney Dec., at 57, Exh. S. In doing so, Penrod Management did not raise any jurisdictional objection, nor did it reserve the right to do so. *Id*. On

November 8, 2007, Penrod Management served its exhibit list (*Id*. at 63, Exh. V) without reservation or objection.

Twenty (20) days later, on November 28, 2007, three (3) business days before arbitration was scheduled to commence, Penrod Management filed its application for an Order to Show Cause and Petition to enjoin the arbitration proceedings. Mulvaney Dec., at 68. Pursuant to the parties' Consent Order, this opposition timely follows.

## ARGUMENT

### POINT I

#### BY PARTICIPATING IN THE ARBITRATION, PENROD WAIVED ITS RIGHT TO SEEK JUDICIAL REVIEW OF ATRIBITRABILITY UNDER BOTH STATE LAW AND FEDERAL LAW

Penrod Management waived its objection to seek judicial review of arbitrability by submitting the issue of arbitrability to the Arbitrator upon a formal motion, and thereafter participating in discovery and related pre-hearing proceedings, without objection or reservation of rights. Penrod Management has waived the right to seek injunctive relief in this Court under both state and federal law.

In *Murphy v. Wack*, 1990 WL 77249, S.D.N.Y., May 29, 1990 (NO. 89 CIV. 3300 KMW), Judge Wood applied New York State law holding that "[a] stay of arbitration should only be granted in those cases which meet the requirements of article 75 of the CPLR." (citing *Alden Central School Dist. v. Watson*, 56 A.D.2d 713, 392 N.Y.S.2d 729, 731 (4th Dep't 1977). In denying plaintiff's petition to stay the arbitration proceedings, the Court noted that "plaintiff ha[d] not sought until now, more than a year

after his initial request for arbitration, to stay those proceedings. Plaintiff's participation in arbitration, even if limited to a request for an adjournment, acts as a waiver of his right to seek a stay." *Id.*

*In Testamentary Trust Under Article Seventh of Last Will and Testament of Jones v. Watts Inv. Co.*, 2000 WL 546490 (S.D.N.Y. 2000), petitioners sought an order staying arbitration of claims for fraud and intentional misrepresentation asserted in an arbitration commenced against petitioners by respondent pursuant to a stock purchase agreement. After a preliminary conference call between the arbitrator and the parties, petitioner moved for partial summary judgment before the arbitrator, on the grounds that the discovery did not support one of respondent's two causes of action. Respondent argued to the contrary, and despite receiving clear notice of respondent's intent to pursue its fraud claim in respondent's opposition papers, petitioners did not seek a stay of arbitration, but rather served reply papers. The arbitrator subsequently denied petitioners' motion. Petitioners informed the arbitrator of their intention to seek reconsideration and soon applied to the district court for an order staying arbitration of respondent's fraud claim.

In so moving, petitioners maintained that the determination of whether they waived their right to seek a stay was governed by federal law, in particular the Federal Arbitration Act (or the FAA) 9 U.S.C. §§ 1-16. Petitioners first pointed to a specific section of their agreement that provided that the "arbitration shall be governed by the FAA."[1] *Id.*, at *3. Second, they cited case law for the proposition that federal, not state, law governs the question of whether petitioners have waived their right to challenge arbitration.

---

[1] The Arbitration Agreement herein contains no such provision.

Respondents argued that that New York law, specifically N.Y. C.P.L.R. § 7503(b), governs the determination of whether petitioners have waived their right to seek a stay of arbitration, noting that another section of the parties' agreement stated that the agreement would be governed by New York law. Faced with competing choice of law provisions, the Court held that:

> [...] the dispute between the parties concerning the applicable law is of no moment, since even under the more onerous federal standard, Petitioners have waived their right to challenge arbitration of the fraud and intentional misrepresentation claim....

*Id.* at * 3. The Court noted that if New York State law applied, there would be no doubt that petitioners waived their right to seek a stay of arbitration because they actively participated in the arbitration by engaging in motion practice regarding the respondent's fraud claim. *Id.* [2]

Noting that "Courts in this Circuit have not established as clear a standard of what constitutes waiver of the right to seek a stay of arbitration under federal law," Judge Martin then examined existing Second Circuit precedent with respect to the issue of waiver, citing *Woodcrest Nursing Home v. Local 144, Hotel, Hosp., Nursing Home and Allied Services Union* 788 F.2d 894 (2d Cir.1986) (per curiam)(finding that the petitioners' minimal participation in arbitration, "amounting in the most part to efforts to postpone and delay arbitration," did not constitute a waiver of the right to seek a stay of arbitration under federal law) and, *Application of Herman Miller, Inc.*, No. 97 Civ. 7878,

---

[2] The Court cited to *Home Mut. Inc. Co. v. Springer*, 515 N.Y.S.2d 76 (App.Div.1987) (filing notice of appearance, participating in selection of arbitrator, and scheduling arbitration hearing constitute active participation) and *Mufale v. Romeo*, 504 N.Y.S.2d 933 (App.Div.1986) (failing to object to submission of additional items for arbitration and discussing those additional items at pre-arbitration hearing conference constitute active participation).

Here, plaintiff Penrod Management has conceded that if New York State Law applies, its application must be denied. *See, e.g.*, Footnote 3 plaintiff's November 30, 2007 response to defendant's November 29, 2007 Letter Brief in Opposition to Plaintiff's Application for an Order to Show Cause

1998 WL 193213, at *3 (S.D.N.Y. Apr. 21, 1998), *aff'd,*173 F.3d 844 (2d Cir.), *cert. denied,*120 S.Ct. 66 (1999) (no waiver of the right to seek a stay merely because petitioner participated in choosing an arbitrator and selecting arbitration dates). 2000 WL 546490 (S.D.N.Y.) at *3 - *4.

Judge Martin distinguished the cases cited above from the case then before him by noting that:

> [U]nder federal law Petitioners waived their right to challenge arbitration of Respondent's fraud claim because Petitioners participated in arbitrating the merits of this claim and awaited the arbitrator's decision upon this issue before seeking a stay.

*Id.,* at *4..

In *Merrill Lynch & Co., Inc. v. Optibase*, Ltd., 2003 WL 21507322 (S.D.N.Y., Jun 30, 2003) (NO. 03 CIV.4191 LTS FM), *infra* Judge Swain applied the same standard articulated by Judge Martin in the context of a preliminary injunction proceeding, and thereby provided clear guidance for disposition of the application now before this Court, as discussed in Pont II below.

## POINT II

### PENROD CANNOT SATISFY PREREQUISITES
### FOR OBTAINING PRELIMINARY INJUNCTIVE RELIEF

In *Merrill Lynch & Co., Inc. v. Optibase*, Ltd., 2003 WL 21507322 (S.D.N.Y.,

Jun 30, 2003) Judge Swain identified the general standard applicable on a motion seeking

to preliminarily enjoin arbitration :

> [T]he movant must show (a) irreparable harm and (b) either (1) likelihood
> of success on the merits or (2) sufficiently serious questions going to the
> merits to make them a fair ground for litigation and a balance of hardships
> tipping decidedly toward the party requesting the preliminary relief.

*Id.,* (citing Maryland *Casualty Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d

979, 984 (2d Cir.1997). The *Optibase* Court's application of the foregoing standard in a

case substantively indistinguishable from the instant matter – discussed in point B below–

warrants denial of Penrod Management's motion, and dismissal of the instant action as a

matter of law.

### A.

### NO IRREPARABLE HARM

During the November 30, 2007 oral argument, this Court asked plaintiff to

describe what, if any, "irreparable harm" Penrod Management would suffer if the

preliminary injunction is not granted. Plaintiff responded that it would have to incur the

costs and time associated with litigating the arbitration. As Judge Sand noted in *Ortho

Diagnostic Systems, Inc. v. Abbott Laboratories, Inc.*, 822 F.Supp. 145 (S.D.N.Y. 1993),

"[i]t is well settled in this Circuit that 'irreparable injury means injury for which a

monetary award cannot be adequate compensation, and that where money damages is

adequate compensation a preliminary injunction will not issue.' (citing *Jackson Dairy,*

*Inc. v. H.P. Hood & Sons*, 596 F.2d 70, 72 (2d Cir.1979)).  By Penrod Management's own admission,  it would only suffer pecuniary damages if it ultimately lost on the merits in the arbitration and the award was confirmed.[3]  Moreover, as cited in full above, section twenty-two of the arbitration Agreement provides for "the prevailing party to be awarded all costs of arbitration and reasonable attorneys fees."(underscoring added).    Clearly, plaintiff-petitioner faces no irreparable harm.

**B.**

### NO LIKELIHOOD OF SUCCESS ON THE MERITS
### AND BALANCE OF  HARDSHIPS FAVORS STEWART'S

Where the relief sought in petitioner's preliminary injunction action is the same as the ultimate relief sought in the case, [*e.g.*, Penrod Management seeking to enjoin the arbitration proceedings against it[4]], petitioner "must show a substantial likelihood of success on the merits." *See Abdul Wali v. Coughlin*, 754 F.2d 1015, 1026 (2d Cir.1985) (holding that parties seeking a preliminary injunction that would grant the movant substantially all the relief he ultimately seeks and not merely maintain the status quo "must show a substantial likelihood of success on the merits, *i.e.*, that their cause is considerably more likely to succeed than fail"), *overruled* on other grounds, *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987).  Plaintiff-Petition has not made, and cannot make, such a showing herein.

In *Merrill Lynch & Co., Inc. v. Optibase*, Ltd., 2003 WL 21507322 (S.D.N.Y.,

---

[3] Penrod Management's potential loss [the cost and time associated with litigating a two-day arbitration] represents a pecuniary exposure at a value markedly below the $75,000 amount in controversy requirement set by 24 U.S.C. §1332(a),  raising a serious question about whether this Court has diversity jurisdiction to hear this matter at all.

[4] As the Court may recall from the oral argument held on November 30, 2007 on plaintiff's application for a temporary restraining order, Penrod Management seeks to enjoin arbitration permanently. The relief sought in the instant application is no different than the ultimate relief sought in the case.

Jun 30, 2003) plaintiff moved for a preliminary injunction restraining defendant Optibase from proceeding with arbitration against Merrill Lynch & Co ("ML&Co") before the New York Stock Exchange ("NYSE"). The arbitration underlying the application for injunctive relief arose out of a dispute regarding a brokerage account maintained by Optibase with Merrill, Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), a subsidiary of plaintiff ML&Co. The subsidiary, Merrill Lynch, was a signatory to the arbitration agreement, plaintiff ML&Co was not.

After Optibase filed arbitration claims with the NYSE, counsel for Merrill Lynch and ML&Co. ("Merrills' counsel") submitted a letter to the NYSE objecting to jurisdiction, which stated, in pertinent part, that:

> Merrill Lynch & Company, Inc., the holding company for Merrill Lynch, Pierce, Fenner & Smith Incorporated, is not a member of the NYSE. Consequently, the NYSE lacks jurisdiction over Merrill Lynch & Company, Inc. Therefore, it is respectfully requested that the NYSE dismiss the Amended Statement of Claim as to Merrill Lynch & Company, Inc. pursuant to NYSE Arbitration Rule 600(b).

Merrills' Answer also asserted various affirmative defenses, including that "[t]he NYSE lacks jurisdiction over Merrill Lynch & Company, Inc." *Optibase, supra.*

Some fifteen (15) months after the statement of claim naming ML&Co as a respondent was filed, and after engaging in discovery moving practice, Merrills' counsel submitted a letter motion to the NYSE which stated in relevant part that:

> As set forth in Merrill Lynch's Answer ... ML&Co is not a member of the NYSE. Therefore, the NYSE has no jurisdiction over ML&Co, and ML&Co is not obligated by the NYSE Arbitration Rules to arbitrate alleged disputes in this forum. There is no arbitration agreement between ML&Co. and Claimant, and ML&Co. declines to agree to arbitration.

*Optibase, supra* at * 3.

The arbitration panel denied ML&Co's motion without prejudice and it brought

suit in Federal Court ten (10) days later, less than thirty (30) days before hearings in the arbitration proceeding were scheduled to begin.

Like Penrod Management, ML&Co argued that since it had not signed the arbitration agreement it could not be required to arbitrate with Opitbase; and like Penrod Management, ML&Co denigrated the assertion that it could be compelled to arbitrate as the alter ego of its corporate affiliate. The Court, citing *Gvozdenovic v. United Air Lines,* 933 F.2d 1100, 1105 (2d Cir.1991), noted that this Circuit recognizes that "[a]n agreement to arbitrate may be implied from a party's conduct in arbitration proceedings." The Court held that by moving to dismiss Optibase's claims against it in the arbitral forum, and pursuing discovery in that forum, ML&Co was precluded from demonstrating that it did not agree to arbitrate the claims asserted before the NYSE. As such, ML&Co [like Penrod Management] failed to demonstrate a likelihood of success on the merits sufficient to sustain its application for injunctive relief.

In *Merrill Lynch, supra,* like the case at bar, petitioner affirmatively sought adjudication of its motion to dismiss in the arbitral forum, lost without prejudice, and participated in discovery in that forum relating to the merits of its motion. Unlike the petitioners in *Woodcrest* and *Herman Miller, supra,* Penrod Management never reserved its right to seek judicial relief, evincing an intent to arbitrate the issue of jurisdiction by submitting the issue to the arbitrator and participating in discovery without objection. In sum Penrod Management's participation in the arbitration from September of 2006 through its July 27, 2007 motion to dismiss –without objection or reservation of any right to seek judicial review– "effected a waiver of any objections premised on a lack of a prior agreement to arbitrate, and/or constituted an independent agreement to arbitrate the

jurisdictional dispute." *Merrill Lynch & Co., Inc. v. Optibase*, Ltd., 2003 WL 21507322 at *3.

Penrod Management's participation in the arbitration by filing a motion and engaging in discovery greatly exceeded the activities of the petitioners in *Herman Miller* and *Woodcrest*, who did virtually nothing at all while continuously and expressly preserving their objections to the arbitral forum.

Penrod Management's participation in the underlying arbitration is strikingly similar to the petitioner's conduct in *Sands Bros. & Co., Ltd. v. Zipper*, 2003 WL 22439789 (S.D.N.Y. 2003). Zipper filed his statement of claim in August 2002 but Sands Brothers waited until September 30, 2003, just twenty-two (22) days before the arbitration was scheduled to begin, to object to the arbitration. As in the case at bar, an arbitration panel had been selected and discovery had occurred. The Court considered that Zipper [like Stewart's] had incurred substantial expenses preparing for the arbitration; and Sands Brothers [like Penrod Management] had given every indication that it intended to proceed with the arbitration. Accordingly, Judge Marrero concluded that Sands Brothers had waived its right to object to arbitration. *Sands Bros. & Co., Ltd. v. Zipper*, 2003 WL 22439789 (S.D.N.Y.) at *3.

Sands Brothers, like Penrod Management, did not address why it waited until three (3) weeks –or in Penrod Management's case, three (3) days– before the arbitration was scheduled to begin before seeking injunctive relief. At oral argument, counsel for Sands Brothers [and counsel for Penrod Management] indicated that they were only recently retained, and filed the federal action quickly thereafter. But the promptness of counsel did not excuse the client's delinquency. *Id.* at *2. In *Sands Brothers*, as here, both

petitioner and respondent incurred the costs of discovery and motion practice. Accordingly, the balance of the hardships does not tip decidedly towards Penrod Management, and therefore militates against granting the requested injunction. *Ortho Diagnostic Systems, Inc. v. Abbott Laboratories*, Inc. 822 F.Supp. 145 (S.D.N.Y. 1993)

In *Opals on Ice Lingerie v. Body Lines, Inc.*, 320 F.3d 362 (2d Cir.2003), the Second Circuit noted that participation in arbitration proceedings alone does not constitute a waiver of objections to arbitrability, but also held that:

> [I]n this case, Bodylines objected repeatedly to arbitration, beginning with the statement by its counsel in June 1999 which inspired Opals to file the instant litigation. Correspondence between the parties throughout the period of the dispute further supports Bodylines' assertion that it continuously objected to arbitration. These objections prevent a finding of waiver.

*Id.* at 368. In the instant matter Penrod Management failed to interpose a single objection or reservation of the type that was crucial to the court's decision in *Opals on Ice.*

Unlike Penrod, [and Sands Brothers, and Merrill Lynch, and Herman Miller, and Woodcrest] the party seeking to avoid arbitration in *Opals on Ice* had repeatedly objected to arbitration, and had made its first objection just weeks after the arbitration proceeding was initially commenced. *Id.* at 366. Penrod Management made its first objection <u>ten (10) months</u> after defendant initiated the arbitration, following the completion of discovery, and a mere three (3) business days before the arbitration hearings were set to begin. Accordingly, even *Opals on Ice* warrants a denial of Penrod Management's motion herein.

The substantive issue underlying the instant motion was faced by Judge Chin in *Lehman Bros. Inc. v. Adkins*, 1994 WL 637794 (S.D.N.Y. 1994). In *Adkins*, as here, the alter ego issue arose in the context of an order to show cause whereby Lehman sought to

stay arbitration on the ground that it was not a signatory to an arbitration agreement signed by its subsidiary. Defendant argued that Lehman was the alter ego of the subsidiary that signed the arbitration agreement, and Judge Chin ruled that there was sufficient evidence of intertwinement between the two entities to permit defendant to take discovery of Lehman so as to prove its alter ego theory. Judge Chin noted that he reached the merits of Lehman's motion under state law, and only because it had not participated in the arbitration prior to seeking a stay. *Id.* at *2.

Lehman cited two statutes in support of its request for a stay; first, the Federal Arbitration Act, which Judge Chin found to be inapplicable:

> Plaintiffs' reliance on the FAA is unconvincing. As plaintiffs acknowledge, the FAA does not explicitly provide for stays of arbitration proceedings. Indeed, since the purpose of the FAA is to encourage arbitration, it would appear to be inapplicable to this case, which was brought for precisely the opposite purpose-to stay arbitration.

Id. *1.

Second, Lehman asserted that it was entitled to seek a stay under CPLR § 7503(b) because it had not participated in the arbitration to date; Judge Chin agreed that § 7503 governed the case, for precisely that reason:

> Moreover, this case appears to fall squarely within C.P.L.R. 7503(b). Plaintiffs contend that "a valid agreement [binding them to arbitration] was not made," and they have thus applied to this Court for a stay of arbitration. [FN1] The Court has the power, as a diversity court, to enforce plaintiffs' rights under C.P.L.R. 7503(b). Id.

More importantly for present purposes, Judge Chin acknowledged that under § 7503(b), Lehman would have lost its right to seek a stay if it had participated in the arbitration:

> FN1. Significantly, the language of C.P.L.R. 7503(b) suggests that plaintiffs would lose their rights under that provision if they participate in the arbitration.

*Id.*

The foregoing applications of state law are entirely consistent with the Supreme Court's analysis in *First Options of Chicago v. Kaplan*, 514 *U.S.* 938, 946, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). In *First Options*, the Kaplans contested the arbitrators' jurisdiction over them as individuals, because they were non-signatories to the arbitration agreement, by "filing written objections" with the arbitration panel. *Id.* at 941. The Kaplans obtained a stay, and the unsuccessful movants discussed hereinabove did not. The difference in outcomes is readily explained.

The *First Options* Court held that:

> First Options cannot show a clear agreement on the part of the Kaplans. The Kaplans' objections to the arbitrators' jurisdiction indicate that they did not want the arbitrators to have binding authority over them. This conclusion is supported by (1) an obvious explanation for their presence before the arbitrators (i. e., Mr. Kaplan's wholly owned firm was arbitrating workout agreement matters); and (2) Third Circuit law, which suggested that they might argue arbitrability to the arbitrators without losing their right to independent court review.

Unlike in the case at bar, while the Kaplans' presence as witnesses at the arbitration was essential to their firm's defense, the same cannot be said of Penrod Management. Indeed counsel for Penrod's defunct alter ego indicated that "no one will be representing the interests of Nikki Beach Atlantic City, LLC at the arbitration." Mulvaney Dec., at 10, Exh. E.    Unlike the Kaplans, the only explanation for Penrod Management's participation in the arbitration was to represent its own interests.

While Third Circuit law suggested to the Kaplans that they could argue

arbitrability to the arbitrators without losing their right to independent court review[5], Second Circuit law undoubtedly alerted Penrod Management to the fact that a party that waited until the eve of arbitration to enjoin the hearing, after formally submitting a motion challenging arbitrability to the arbitrator, would loose its "right" to seek (interlocutory) judicial review of the arbitrator's decision. *See Testamentary Trust Under Article Seventh of Last Will and Testament of Jones v. Watts Inv. Co.,* 2000 WL 546490, (S.D.N.Y. 2000); *Merrill Lynch v Optibase Ltd,* 2003 WL 21507322 (SDNY 2003); *Sands Bros. & Co., Ltd. v. Zipper,* 2003 WL 22439789 (S.D.N.Y. 2003); *Opals on Ice Lingerie v. Body Lines, Inc.,* 320 F.3d 362, 368 (2d Cir.2003). As a matter of law and equity Penrod Management has evinced by its conduct the clear and unmistakable intent to have the question of arbitrability decided by the arbitrator. *Pellegrino v Auerbach,* 2006 WL 565643 at *2 (SDNY 2006). It should therefore be relegated to the forum in which it elected to proceed on that issue, the AAA.

---

[5] QUESTION (J. Ginsburg): What was the law in the Third Circuit at the time of this arbitration? I understood that the Third Circuit had taken the position that by objecting to the arbitrator's jurisdiction, which the respondent did here initially, a party does not waive the right to judicial determination of arbitrability? Transcript IN THE SUPREME COURT OF THE UNITED STATES FIRST OPTIONS OF CHICAGO, INC., Petitioner v. MANUEL KAPLAN, ET UX. AND MK INVESTMENTS, INC. (March 22, 1995) (No. 94-560).

## CONCLUSION

Based on the foregoing, Defendant-Respondent Stewart's Mobile Concepts, Ltd., respectfully requests that an Order be entered denying Plaintiff-Petitioner's application in its entirety, and dismissing the instant action together with such other and further relief to respondent as the Court deems just.

Dated: New York, New York
  December 10, 2007

       McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

     By: _____
       Richard S. Mills (RM-0206)
       Ryan P. Mulvaney
       *Attorneys for Defendant-Respondent*
       *Stewart's Management Concepts, Ltd.*
       88 Pine Street, 24th Floor
       New York, NY 10005
       Phone Number: (212) 483-9490
       Fax Number: (212) 483-9129

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
88 Pine Street
24th Floor
New York, New York 10005
Telephone: (212) 483-9490
Facsimile: (212) 483-9129
Attorneys for Defendant-Respondent,
Stewart's Mobile Concepts, Ltd.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PENROD MANAGEMENT GROUP, INC., | Civil Action No. 07-10649 |
| Plaintiff-Petitioner, | |
| v. | **CERTIFICATION OF COUNSEL IN OPPOSITION TO THE ORDER TO SHOW CAUSE BY PLAINTIFF-PETITIONER, PENROD MANAGEMENT GROUP, INC., FOR INJUNCTIVE RELIEF TO ENJOIN THE ARBITRATION PROCEEDINGS PENDING IN THE AMERICAN ARBITRATION ASSOCIATION** |
| STEWART'S MOBILE CONCEPTS, LTD., | |
| Defendant-Respondent. | |

I, RYAN P. MULVANEY, hereby certify as follows:

1.    I am an attorney at law of the State of New Jersey and am an associate of the Newark, New Jersey office of the law firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP.  I am one of the attorneys responsible for handling this matter on behalf of Defendant-Respondent, Stewart's Mobile Concepts, Ltd. ("Stewart's Mobile").  As such, I have personal knowledge of the facts set forth herein.

2.    I make this certification in opposition to the Order to Show Cause and Petition of Plaintiff-Petitioner, Penrod Management Group, Inc. ("Penrod Management"), for injunctive relief to enjoin the arbitration proceedings currently pending before the American Arbitration

Association (the "AAA") under Case Number 13-118-02115-06.

3.    On September 20, 2006, I filed Demands for Arbitration on behalf of Stewart's Mobile, as Claimant, against Nikki Beach Atlantic City, LLC ("Nikki Beach") and Penrod Management Group, as Respondents.

4.    Attached hereto as Exhibits "A" and "B" are true and accurate copies of the Demands for Arbitration against Nikki Beach and Penrod Management, respectively.

5.    On October 11, 2006, Michael Register, Esq., General Counsel to Nikki Beach and Penrod Management, sent a letter to the AAA and to my office indicating that Nikki Beach was administratively terminated.  Mr. Register also provided a copy of the Certificate of Cancellation to the AAA and to my office.

6.    Attached hereto as Exhibit "C" is a true and accurate copy of Mr. Register's October 11, 2006, letter to the AAA and to my office, and the Certificate of Cancellation.

7.    In his October 11, 2006, letter to the AAA, Mr. Register did not object to the AAA's jurisdiction over Penrod Management.

8.    On October 19, 2006, I, on behalf of Stewart's Mobile, filed Stewart's Mobile's Checklist for Conflicts with the AAA.

9.    Attached hereto as Exhibit "D" is a true and accurate copy of the Checklist for Conflicts that I filed with the AAA on behalf of Stewart's Mobile.

10.    On October 30, 2006, Mr. Register sent another letter to the AAA and to my office indicating that Nikki Beach had been dissolved and that "no one will be representing the interests of Nikki Beach Atlantic City, LLC at the arbitration."

11.    Attached hereto as Exhibit "E" is a true and accurate copy of Mr. Register's October 30, 2006, letter to the AAA and to my office.

12.    In his October 30, 2006, letter to the AAA, Mr. Register did not object to the AAA's jurisdiction over Penrod Management.

13.    On June 21, 2007, I participated in the preliminary hearing conference call with Cynthia A. Rollings, Esq., who was appointed to preside as arbitrator over the case. Despite the AAA's case manager's attempts to contact Mr. Register, no one appeared at the preliminary hearing conference call for either Nikki Beach or Penrod Management.

14.    During the June 21, 2007, preliminary hearing conference call, Arbitrator Rollings set a schedule for discovery, pre-trial briefing, and indicated that the hearing would be held at the AAA's offices at 1633 Broadway, New York, New York on September 10, 2007.

15.    On July 12, 2007, the AAA issued a Report of Preliminary Hearing and Scheduling Order, which memorialized the schedule set forth by Arbitrator Rollings during the June 21, 2007, preliminary hearing conference call. The July 12, 2007, Report of Preliminary Hearing and Scheduling Order was sent to my office and to Mr. Register.

16.    Attached hereto as Exhibit "F" is a true and accurate copy of the July 12, 2007, Report of Preliminary Hearing and Scheduling Order.

17.    I did not receive an objection to the AAA's jurisdiction over Penrod Management in response to the AAA serving the parties with the July 12, 2007, Report of Preliminary Hearing and Scheduling Order.

18.    Pursuant to the July 12, 2007, Report of Preliminary Hearing and Scheduling Order, Stewart's Mobile was permitted to serve document demands by no later than July 6, 2007. *See* Exh. F.

19.    On July 6, 2007, in accordance with the June 21, 2007, preliminary hearing teleconference, I served Mr. Register with Stewart's Mobile's First Request for the Production of

Documents directed to Penrod Management.

20.    Attached hereto as Exhibit "G" is a true and accurate copy of Stewart's Mobile's First Request for the Production of Documents directed to Penrod Management.

21.    Pursuant to the July 12, 2007, Report of Preliminary Hearing and Scheduling Order, Penrod Management's responses to Stewart's Mobile's First Request for the Production of Documents were due by no later than July 27, 2007. See Exh. F.

22.    Penrod Management did not provide responses to Stewart's Mobile's First Request for the Production of Documents. Rather, at 3:01 P.M. on July 27, 2007, L.H. Steven Savola, Esq., on behalf of Penrod Management, filed with the AAA and served me with Penrod Management's "Motion to Dismiss for Lack of Jurisdiction and/or Motion to Stay Production of Documents."

23.    Attached hereto as Exhibit "H" is a true and accurate copy of Penrod Management's "Motion to Dismiss for Lack of Jurisdiction and/or Motion to Stay Production of Documents."

24.    On July 31, 2007, the AAA sent a letter to my office and to L.H. Steven Savola, Esq. "acknowledge[ing] receipt of a Motion to Dismiss dated July 27, 2007, from L.H. Steven Savola[.]"

25.    Attached hereto as Exhibit "I" is a true and accurate copy of the AAA's July 31, 2007, letter.

26.    On August 6, 2007, I timely filed and served a brief and certification of counsel in opposition to Penrod Management's motion to dismiss for lack of jurisdiction. In addition, I filed a cross-motion against Penrod Management to compel the production of documents.

27.    Attached hereto as Exhibit "J" are true and accurate copies of Stewart's Mobile's

brief and certification of counsel in opposition to Penrod Management's motion to dismiss, and in support of its cross-motion to compel discovery.

28.    Penrod Management did not file a reply in further support of its motion, or oppose Stewart's Mobile's cross-motion to compel discovery responses.

29.    On August 16, 2007, Arbitrator Rollings issued a written opinion in which she denied Penrod Management's motion to dismiss and/or to say discovery "pending discovery by [Stewart's Mobile] and without prejudice to renewal upon completion of discovery." In addition, Arbitrator Rollings granted Stewart's Mobile's unopposed cross-motion to compel the production of documents and specifically ordered that Stewart's Mobile was "entitled to limited discovery in furtherance of the alter ego claim."

30.    Attached hereto as Exhibit "K" is a true and accurate copy of Arbitrator Rollings' August 16, 2007, written opinion.

31.    I did not receive an objection the AAA's jurisdiction over Penrod Management in response to the AAA serving the parties with the Arbitrator's August 16, 2007, ruling.

32.    On August 20, 2007, I and "Steve Savola, attorney for respondent Penrod Management Group., Inc." participated in a telephonic case management conference with Arbitrator Rollings. Penrod Management did not raise its jurisdictional objection during the telephonic case management conference, nor did it reserve Penrod Management's right to do so.

33.    On September 10, 2007, the AAA issued Scheduling Order # 2, which confirmed the August 20, 2007, telephonic case management conference. The preamble of Scheduling Order # 2 reflects that I "and Steve Savola, attorney for Penrod Management Group, Inc.," appeared for and participated in the August 20, 2007, telephonic case management conference. Scheduling Order # 2 set forth discovery and other procedural schedules, and set the hearing for

November 19, 2007, and November 20, 2007, at the AAA's offices at 1633 Broadway, New York, New York.

34.    Attached hereto as Exhibit "L" is a true and accurate copy of the September 10, 2007, Scheduling Order # 2, which confirmed the August 20, 2007, telephonic case management conference.

35.    I did not receive an objection the AAA's jurisdiction over Penrod Management in response to the AAA serving the parties with the Scheduling Order # 2.

36.    On September 10, 2007, I contacted Mr. Savola regarding Penrod Management's status of responding to Stewart's Mobile's document demands. Mr. Savola indicated that Penrod Management would respond to only six of the thirty-four document demands. During the conversation, I indicated that I would consider reducing the scope of the document demands, but that Penrod Management's selection of only six document demands to which to respond was unsatisfactory. Mr. Savola indicated that he would confer with Penrod Management regarding responding to Stewart's Mobile's document demands. At no time during the conversation did Mr. Savola reserve the right to object to the AAA's jurisdiction.

37.    Attached hereto as Exhibit "M" is a true and accurate copy of a Telephone Record for File depicting the substance of my September 10, 2007, conversation with Mr. Savola. The notes were contemporaneously taken with my telephone conversation with Mr. Savola.

38.    Having not heard from Mr. Savola, on October 2, 2007, I again contacted Mr. Savola regarding the status of Penrod Management's document production and responses. Mr. Savola indicated that he had not spoken to Penrod Management regarding resolving to what document demands Penrod Management would respond. At no time during the conversation did Mr. Savola reserve the right to object to the AAA's jurisdiction.

39.    Attached hereto as Exhibit "N" is a true and accurate copy of a Telephone Record for File depicting the substance of my October 2, 2007, conversation with Mr. Savola. The notes were contemporaneously taken with my telephone conversation with Mr. Savola.

40.    On October 9, 2007, I and "Steve Savola, attorney for respondent Penrod Management Group., Inc." participated in a telephonic case management conference with Arbitrator Rollings. Penrod Management did not raise its jurisdictional objection during the telephonic case management conference, nor did it reserve its right to do so.

41.    On October 9, 2007, the AAA issued Scheduling Order # 3, which confirmed the October 9, 2007, telephonic case management conference. The preamble of Scheduling Order # 3 reflects that I "and Steve Savola, attorney for Penrod Management Group, Inc.," appeared for and participated in the October 9, 2007, telephonic case management conference. Scheduling Order # 3 set forth discovery and other procedural schedules, and reiterated that the hearing was scheduled for November 19, 2007, and November 20, 2007, at the AAA's offices at 1633 Broadway, New York, New York. Scheduling Order # 3 also set forth pre-trial exchange deadlines.

42.    Attached hereto as Exhibit "O" is a true and accurate copy of the October 9, 2007, Scheduling Order # 3, which confirmed the October 9, 2007, telephonic case management conference.

43.    I did not receive an objection to the AAA's jurisdiction over Penrod Management in response to the AAA serving the parties with Scheduling Order # 3.

44.    On October 10, 2007, I received and reviewed Penrod Management's responses to discovery. In response to the alter-ego issue, Penrod Management produced only a few documents and, in its cover letter, made reference to an alleged agreement with me to produce

documents in response to only six of the thirty-four requests. In its cover letter to me that accompanied its discovery responses, Penrod Management did not raise the jurisdictional objection, nor did it reserve its right to do so.

45. Attached hereto as Exhibit "P" is a true and accurate copy of Penrod Management's responses to Stewart's Mobile's First Request for the Production of Documents.

46. Immediately after receiving Penrod Management's document demands and reference to an agreement with me, I requested a telephonic case management conference with Arbitrator Rollings.

47. On October 25, 2007, I and "Steve Savola, attorney for respondent Penrod Management Group., Inc." participated in a telephonic case management conference with Arbitrator Rollings. Penrod Management did not raise the jurisdictional objection during the telephonic case management conference, nor did it reserve its right to do so.

48. During the October 25, 2007, telephonic case management conference, I raised the issue of Penrod Management's limited responses to Stewart's Mobile's document demands. I indicated that I would accept from Penrod Management a stipulation representing that it had produced all of the documents that it had in its possession, custody or control related to the alter-ego issue. Mr. Savola, on behalf of Penrod Management, agreed to provide me with a stipulation reflecting that Penrod Management had produced all of the documents that it had in its possession, custody or control related to the alter-ego issue by no later than November 1, 2007.

49. During the October 25, 2007 telephone conference, the parties and Arbitrator Rollings also discussed, among other things, alternative venues at which to conduct the arbitration hearing. I offered not only my law firm's Newark, New Jersey office, but also my law firm's office at 88 Pine Street, New York, New York. The parties and Arbitrator Rollings

agreed to conduct the arbitration hearing at Arbitrator Rollings' law firm of Beldock, Levine & Hoffman, LLP, 99 Park Avenue, New York, New York.

50.    Also during the October 25, 2007, telephonic case management call, Mr. Savola represented that Penrod Management expected to receive additional documents from non-party witnesses by November 8, 2007.  Arbitrator Rollings therefore required Penrod Management to produce those documents to me by no later than five business days from November 8, 2007.

51.    On October 25, 2007, the AAA issued a letter confirming that the arbitration hearing would occur at 10:00 a.m. on December 3, 2007, and December 4, 2007, at Arbitrator Rollings' law firm, Beldock, Levine & Hoffman, LLP, 99 Park Avenue, New York, New York, pursuant to the parties' agreement.

52.    Attached hereto as Exhibit "Q" is a true and accurate copy of the October 25, 2007, letter to me and Mr. Savola.

53.    I did not receive an objection to the AAA's jurisdiction over Penrod Management in response to the AAA serving the parties with the October 25, 2007, letter confirming that that the arbitration hearing would occur on December 3, 2007, and December 4, 2007, at Arbitrator Rollings' office.

54.    On October 26, 2007, the AAA issued Scheduling Order # 4, which confirmed the October 25, 2007, telephonic case management conference.  The preamble of Scheduling Order # 4 reflects that I "and Steve Savola, attorney for Penrod Management Group, Inc.," appeared for and participated in the October 25, 2007, telephonic case management conference. Scheduling Order # 4 set forth discovery and other procedural schedules, and scheduled the hearing for December 3, 2007, and December 4, 2007, at Arbitrator Rollings' offices at Beldock, Levine & Hoffman, LLP, 99 Park Avenue, New York, New York pursuant to the parties' agreement.

Scheduling Order # 4 also set forth pre-trial exchange deadlines; confirmed Penrod Management's obligation to provide Stewart's Mobile with a stipulation that it had produced all of the documents that it had in its possession, custody or control by November 1, 2007; and confirmed the deadline by which Penrod Management was required to produce the documents that it received from third parties.

55.    Attached hereto as Exhibit "R" is a true and accurate copy of the October 26, 2007, Scheduling Order # 4, which confirmed the October 25, 2007, telephonic case management conference.

56.    I did not receive an objection to the AAA's jurisdiction over Penrod Management in response to the AAA serving the parties with Scheduling Order # 4.

57.    On November 1, 2007, pursuant to Scheduling Order # 4, Mr. Savola served me via electronic mail with Penrod Management's witness list. In his November 1, 2007, email to me, Mr. Savola did not raise the jurisdictional objection on behalf Penrod Management, nor did he reserve Penrod Management's right to do so.

58.    Attached hereto as Exhibit "S" is a true and accurate copy of Mr. Savola's November 1, 2007, email to me, and witness list.

59.    On November 1, 2007, I served Mr. Savola via electronic mail with Stewart's Mobile's witness list. In my cover letter to Mr. Savola, I specifically reserved the right to amend Stewart's Mobile's witness list.

60.    Attached hereto as Exhibit "T" is a true and accurate copy of my November 1, 2007, email to Mr. Savola, and witness list.

61.    On November 7, 2007, I wrote to Mr. Savola requesting the stipulation that Penrod Management agreed to produce by November 1, 2007.

62.    Attached hereto as Exhibit "U" is a true and accurate copy of my November 7, 2007, letter to Mr. Savola regarding Penrod Management's stipulation.

63.    On November 8, 2007, Mr. Savola served me with Penrod Management's exhibit list.  In his November 8, 2007, email to me, Mr. Savola did not raise the jurisdictional objection on behalf Penrod Management, nor did he reserve Penrod Management's right to do so.

64.    Attached hereto as Exhibit "V" is a true and accurate copy of Penrod Management's exhibit list.

65.    On November 20, 2007, I again requested that Penrod Management provide me with the stipulation that it agreed to produce pursuant to Scheduling Order # 4.  In addition, I confirmed that Penrod Management failed to serve any documents from third parties within five business days from November 8, 2007.

66.    Attached hereto as Exhibit "W" is a true and accurate copy of my November 20, 2007 letter to Mr. Savola.

67.    Penrod Management has not yet served the stipulation that it agreed to produce during the October 25, 2007 telephonic case management conference.

68.    On November 28, 2007, Penrod Management filed an Order to Show Cause and Petition to enjoin the December 3, 2007, and December 4, 2007, arbitration hearing.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

By:    _____
       Ryan P. Mulvaney

Dated: December 10, 2007

# EXHIBIT A

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

### ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

RYAN P. MULVANEY
Direct dial: (973) 565-2010
rmulvaney@mdmc-law.com

September 20, 2006

**VIA FEDERAL EXPRESS**

American Arbitration Association
Case Management Center
950 Warren Avenue
East Providence, Rhode Island 02914

      Re:   Stewart's Mobile Concepts, Ltd. v. Nikki Beach Atlantic City, LLC and
             Penrod Management Group, Inc.
             MDMC No.: S0784-1001

Dear Sir/Madam:

      This firm represents Plaintiff, Stewart's Mobile Concepts, Ltd., in the matter referenced above. Enclosed please find two copies of Plaintiff's Demand for Arbitration and the contract containing the arbitration clause. In addition, enclosed is a check in the amount of $2,750, which represents the appropriate filing fee.

      We are re-filing this matter because it was dismissed recently for Nikki Beach's failure to appear. In that regard, we request that Ms. Barbara P. Guariglia be reappointed as Case Manager for this matter because of her familiarity with the issues previously presented.

      If you should have any questions, we shall make ourselves available at your convenience. Thank you.

          Very truly yours,

          McElroy, Deutsch, Mulvaney & Carpenter, LLP

          Ryan P. Mulvaney

Enclosures
cc:   Michael Register, Nikki Beach Atlantic City, LLC (w/encls.)
      Michael Register, Penrod Management Group, Inc. (w/encls.)

American Arbitration Association
*Dispute Resolution Services Worldwide*

# COMMERCIAL ARBITRATION RULES
## DEMAND FOR ARBITRATION

**MEDIATION:** *If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box.* ☐
*There is no additional administrative fee for this service.*

| Name of Respondent<br>Nikki Beach Atlantic City, LLC | | | Name of Representative (if known)<br>Michael Register, Esq. | | |
|---|---|---|---|---|---|
| Address<br>One Ocean Drive | | | Name of Firm (if applicable)<br>One Ocean Drive | | |
| | | | Representative's Address | | |
| City<br>Miami Beach | State<br>Fla | Zip Code<br>33139 | City<br>Miami Beach | State<br>Fla | Zip Code<br>33139 |
| Phone No. | Fax No. | | Phone No. | Fax No. | |
| Email Address: | | | Email Address: | | |

The named claimant, a party to an arbitration agreement dated ___April 18, 2005___, which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

THE NATURE OF THE DISPUTE
Claimant re-files this matter and seeks arbitration for Respondent's breach of equipment leasing agrement. REsponent breached by, among other things, damaging the equipment and failing to pay.

| Dollar Amount of Claim $ Approximately<br>$200,000, but less than $300,000. | Other Relief Sought: ☒Attorneys Fees  ☒Interest<br>☒Arbitration Costs ☐ Punitive/ Exemplary ☒Other Return of Equi |
|---|---|

AMOUNT OF FILING FEE ENCLOSED WITH THIS DEMAND (please refer to the fee schedule in the rules for the appropriate fee) $ 2,750.

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
Experince with Commercial Lease Agreement and transactions.

Hearing locale __New York__    (check one) ☐ Requested by Claimant  ☒ Locale provision included in the contract

| Estimated time needed for hearings overall:<br>_____ hours or ___2___ days | Type of Business: Claimant ___Equipment Leasing___<br>Respondent ___Bar/Restaurant___ |
|---|---|

Is this a dispute between a business and a consumer? ☐Yes ☒ No  Does this dispute arise out of an employment relationship? ☐ Yes ☒ No

If this dispute arises out of an employment relationship, what was/is the employee's annual wage range? Note: This question is required by California law. ☐Less than $100,000 ☐ $100,000 - $250,000 ☐ Over $250,000

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association's Case Management Center, located in (check one) ☐ Atlanta, GA ☐ Dallas, TX ☒ East Providence, RI ☐ Fresno, CA ☐ International Centre, NY, with a request that it commence administration of the arbitration. Under the rules, you may file an answering statement within fifteen days after notice from the AAA.

| Signature (may be signed by a representative)    Date: | Name of Representative<br>Thomas P. Scrivo, Esq. | | |
|---|---|---|---|
| Name of Claimant<br>Stewarts Mobile Concepts | Name of Firm (if applicable)<br>McElroy, Deutsch, Mulvaney & Carpenter, LLC | | |
| Address (to be used in connection with this case)<br>845 Jericho Turnpike | Representative's Address<br>Three Gateway Center, 100 Mulberry Street | | |
| City<br>Huntington Station | State<br>NY | Zip Code<br>11746 | City<br>Newark | State<br>NJ | Zip Code<br>07102 |
| Phone No.<br>(631) 351-6030 | Fax No.<br>(631) 351-1587 | Phone No.<br>(973) 622-7711 | Fax No.<br>(973) 622-5314 |
| Email Address: | Email Address: Tscrivo@MDMC-law.com;<br>Rmulvaney@MDMC-law.com |

To begin proceedings, please send two copies of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to the AAA. Send the original Demand to the Respondent.

Please visit our website at www.adr.org if you would like to file this case online. AAA Customer Service can be reached at 800-778-7879

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

## COMMERCIAL ARBITRATION RULES
## DEMAND FOR ARBITRATION

**MEDIATION:** *If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box. ☐ There is no additional administrative fee for this service.*

| Name of Respondent | Name of Representative (if known) |
|---|---|
| Penrod Management Group, Inc. | Michael Register, Esq. |
| **Address** | **Name of Firm (if applicable)** |
| One Ocean Drive | COne Ocean Drive |
| | **Representative's Address** |

| City | State | Zip Code | City | State | Zip Code |
|---|---|---|---|---|---|
| Miami Beach | Fla | 33139 | Miami Beach | Fla | 33139 |
| **Phone No.** | | **Fax No.** | **Phone No.** | | **Fax No.** |

| Email Address: | Email Address: |
|---|---|

The named claimant, a party to an arbitration agreement dated ___April 18, 2005___, which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

THE NATURE OF THE DISPUTE
Claimant re-files this matter and seeks arbitration for Respondent's breach of equipment leasing agreement. REsponent breached by, among other things, damaging the equipment and failing to pay.

| Dollar Amount of Claim $ Approximately $200,000., but less than $300,000. | Other Relief Sought: ☒Attorneys Fees  ☒Interest  ☒Arbitration Costs ☐ Punitive/ Exemplary ☒Other Return of Equip. |
|---|---|

AMOUNT OF FILING FEE ENCLOSED WITH THIS DEMAND (please refer to the fee schedule in the rules for the appropriate fee) $ 2,750.

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
Experince with Commercial Lease Agreement and transactions.

Hearing locale ___New York___  (check one) ☐ Requested by Claimant  ☒Locale provision included in the contract

| Estimated time needed for hearings overall: _____ hours or __2__ days | Type of Business: Claimant  Equipment Leasing Respondent  Management & Support of Nikki Beach |
|---|---|

Is this a dispute between a business and a consumer? ☐Yes ☒ No  Does this dispute arise out of an employment relationship? ☐ Yes ☒ No

If this dispute arises out of an employment relationship, what was/is the employee's annual wage range? Note: This question is required by California law. ☐Less than $100,000 ☐ $100,000 - $250,000 ☐ Over $250,000

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association's Case Management Center, located in (check one) ☐ Atlanta, GA ☐ Dallas, TX ☒ East Providence, RI ☐ Fresno, CA ☐ International Centre, NY, with a request that it commence administration of the arbitration. Under the rules, you may file an answering statement within fifteen days after notice from the AAA.

| Signature (may be signed by a representative)     Date: | Name of Representative |
|---|---|
| | Thomas P. Scrivo, Esq. |
| **Name of Claimant** | **Name of Firm (if applicable)** |
| Stewarts Mobile Concepts | McElroy, Deutsch, Mulvaney & Carpenter, LLC |
| **Address (to be used in connection with this case)** | **Representative's Address** |
| 845 Jericho Turnpike | Three Gateway Center, 100 Mulberry Street |

| City | State | Zip Code | City | State | Zip Code |
|---|---|---|---|---|---|
| Huntington Station | NY | 11746 | Newark | NJ | 07102 |
| **Phone No.** (631) 351-6030 | | **Fax No.** (631) 351-1587 | **Phone No.** (973) 622-7711 | | **Fax No.** (973) 622-5314 |

| Email Address: | Email Address: Tscrivo@MDMC-law.com; Rmulvaney@MDMC-law.com |
|---|---|

To begin proceedings, please send two copies of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to the AAA. Send the original Demand to the Respondent.

Please visit our website at www.adr.org if you would like to file this case online. AAA Customer Service can be reached at 800-778-7879

# Stewart's Mobile Concepts, Ltd.
# EQUIPMENT RENTAL AGREEMENT

## LESSEE

FULL LEGAL NAME OF LESSEE:    Nikki Beach Atlantic City, LLC

BILLING ADDRESS:              1 Ocean Drive
                              Miami Beach, FL 33139

EQUIPMENT DELIVERY LOCATION: Resorts International Hotel & Casino
                             1133 Boardwalk
                             Atlantic City, NJ 08401

PHONE: (305) 538-1111                      FAX: (305) 534-8937

## LESSOR

STEWART'S MOBILE CONCEPTS, Ltd.
845 East Jericho Turnpike
Huntington Station, NY 11746
Phone: (631) 351-6030   Fax: (631) 351-1587

In Consideration of the covenants and conditions contained herein, Stewart's Mobile Concepts, Ltd. ("Lessor") and Nikki Beach Atlantic City, LLC ("Lessee") agree as follows:

1.    **Leased Equipment**: Lessor agrees to lease and Lessee agrees to accept the following leased equipment; hereafter collectively referred to as the "Leased Equipment" or the "Equipment".

| QUANTITY | EQUIPMENT DESCRIPTION |
|---|---|
| 1 | 48 FT. Kentucky Model Mobile Kitchen |
| 1 | 48 FT. K-283 Model Mobile Kitchen |
| 1 | 20' x 24' Compact Kitchen |
| 1 | 40 FT. Dishwashing Trailer |
| 1 | 8' x 20' Combination Walk-in Cooler/Freezer |
| 1 | 8' x 20' Walk-in Cooler |
| 1 | 36' x 10' Office/Greenroom Trailer |
| 2 | Ramp & Staircase Systems for (2) kitchen trailers (Not ADA Compliant) |

2.    **Term**: 5 month minimum, commencing upon delivery of the 48 FT. Kentucky Model Mobile Kitchen on or about May 2, 2005, the 48 FT. K-283 Model Mobile Kitchen on or

**Page 1 of 5**

about May 6, 2005, the 20' x 24' Compact Kitchen on or about May 2, 2005, the 40 FT. Dishwashing Trailer, 36' x 10' Office/Greenroom Trailer, 8' x 20' Combination Walk-in Cooler/Freezer, and 8' x 20' Walk-in Cooler on or about April 28, 2005 to the Location indicated above. The lease will expire September 30, 2005.

3.      Rent: Rent shall be **$45,345.00** per month for 5 months (plus applicable state and local taxes). The total estimated amount of rent to be charged for the use of the Leased Equipment based on the term specified in paragraph 2 shall be **$226,725.00** (plus applicable state and local taxes).

4.      Security/Cleaning Deposit: Upon the signing of this Agreement, Lessee shall pay to Lessor a Security/Cleaning Deposit of **$30,000.00**. Lessor shall retain the Security/Cleaning Deposit as security for the performance by Lessee of all obligations imposed by this Agreement. Lessor may, at its option, apply all or any portion of the Security Deposit with respect to any violation of this Agreement by Lessee, including cleaning and repair of equipment upon its return or pick up by Lessor. Any portion of the Security Deposit that has not been appropriated by the Lessor in accordance with the provisions of this Agreement must be returned to Lessee within thirty (30) days after the expiration of the term of this Agreement.

5.      Payments:
A.      Upon signing of this agreement, Lessee shall make the following payments:
1.      Security/Cleaning Deposit                      $30,000.00
2.      First Month's Rent for:
        48 FT. Kentucky Model Mobile Kitchen
        48 FT. K-283 Model Mobile Kitchen
        20' x 24' Compact Kitchen
        40 FT. Dishwashing Trailer
        36' x 10' Office/Greenroom Trailer
        (2) OSHA Approved Aluminum Steps              $42,345.00 (plus any applicable sales tax)
3.      First and Last Month's Rent for:
        8' x 20' Combination Walk-in Cooler/Freezer
        8' x 20' Walk-in Cooler                       $6,000.00 (plus any applicable sales tax)
4.      Additional Charges:
        a.   Round Trip Delivery/Return               $11,084.00 (plus any applicable sales tax)
        b.   Technical Support                        $2,500.00 (plus any applicable sales tax)
        c.   (6) Anchor Installation for 36'x10'      $510.00 (plus any applicable sales tax)
        d.   (6) Anchor Removal for 36'x10'           $210.00 (plus any applicable sales tax)
        e.   Ins. Liability waiver for 36'x10'        $15.00 (plus any applicable sales tax)
        f.   Ins. Property waiver for 36'x10'         $40.00 (plus any applicable sales tax)
        g.   Block, Level, and Knockdown
             for the 36' x 10' Office/Green Room      $690.00 (plus any applicable sales tax)

B.   Monthly Payments: All monthly rental payments shall be made in advance of that month's rental usage, on the twenty-fifth (25th) day of each month. If a payment is made anytime after invoice due date, in addition to the monthly rent a late fee of four percent (4%) shall be imposed.

6.      Cancellation: In the Event Lessee decides not to accept delivery of the Leased Equipment and notifies Lessor in writing, then Lessee shall receive a refund of its security deposit less any expenses incurred by Lessor. In addition Lessor shall be entitled to retain 2 month's rent as liquidated damages.

7.      Lessee's Option to Extend: Lessee shall be entitled to extend the term of this lease pursuant to paragraph 2, for a period of up to 18 months, upon the following terms:

*Page 2 of 5*

A. Lessee must notify Lessor in writing no later than 60 days prior to the expiration prior to the term of the lease. The monthly rental shall be $46,345.00 per month in the event that Lessee renews for a period of 3 months or less. The monthly rent shall be $45,345.00 per month in the event that Lessee renews for a period of more than 3 months.

8. **Use/Maintenance:** During the term of this Agreement, Lessee agrees to use the Leased Equipment for the ordinary and usual purpose for which it was designed, comply with and conform to all national, state, municipal laws and regulations, pay for permits, taxes, fees, fuel and utilities related to the operation of the Leased Equipment, keep the Leased Equipment in good condition, repair and working order, and not remove the Leased Equipment from the location delivered to by Lessor, without prior written consent of Lessor. Lessee agrees to reasonably make changes or modifications to only the mobile kitchens, compact kitchen, and dishwashing trailer collectively, not to exceed (four thousand) $4,000.00 in order to meet Atlantic City Board of Health requirements. Lessee agrees to pay for any changes or modifications in excess of (four thousand $4,000.00). Lessor agrees to perform the changes or modifications within a reasonable amount of time upon receipt of written notice from Lessee.

9. **Return of Leased Equipment:** At the expiration of the term of this Agreement, the Lessee must allow Lessor to pick-up the Leased Equipment at the place of original delivery. Lessee must surrender the Leased Equipment in the same condition as received, clean, ordinary wear and tear alone excepted. In the event the equipment is not returned clean, Lessor may, at its option, apply all or any portion of the Security/Cleaning Deposit with respect to cleaning and repair of equipment.

10. **Indemnity:** Lessee agrees to indemnify and hold harmless of, from and against any and all loss, claims, damages, attorneys fees, expenses and liabilities arising out of the use of the Leased Equipment by Lessee or any agents, employees, invitees or any other individual or entity authorized by Lessee to use the Leased Equipment, not caused by the negligence of Lessor.

11. **Insurance:** Before taking possession of the Leased Equipment, Lessee must procure and pay for (a) insurance against loss, theft or damage to the Leased Equipment, for its full replacement value, and (b) public liability and property damage insurance. Public liability and property damage insurance shall be in the minimum amount of $1,000,000. Lessee shall be responsible for the payment of any deductibles and expenses associated with the insurance policies and coverage. All insurance shall be in a form and amount and with companies satisfactory to Lessor and shall contain an endorsement requiring 10 days notice to Lessor prior to cancellation. Lessee shall deliver the polices or copies of the polices or certificates of insurance to Lessor within 30 days of the delivery of the Equipment.

12. **Loss or Damage:** Lessee assumes and shall bear the entire risk of loss, theft, fire, destruction, or damage of or any part of Leased Equipment from any cause whatsoever, excluding lessor negligence, normal wear and tear excluded, whether or not covered by insurance, and no such loss shall release Lessee of its obligations under this Agreement.

13. **Force Majeure:** If Lessor's ability to perform its obligations hereunder is limited, or prevented in whole or in part by any reason what so ever not within the control of Lessor including, without limitation, Acts of God, war invasion, acts of foreign enemy, hostilities (whether war be declared or not), strikes, and/or industrial dispute, delay on part of its suppliers, transportation delays, or by any law, regulation, order or other action by any public authority, shall be excused, discharged and released from performance to the extent such performance is so limited, delayed or prevented.

14. **Prohibition on Transfer of Lessee's Interest:** Lessee shall not permit any lien to attach to the Leased Equipment, nor sublease, rent, assign, grant a security interest or otherwise transfer Lessee's interest in the Leased Equipment or this Agreement without the prior, express written consent of the Lessor.

**Page 3 of 5**

15.  __Title/Personal Property:__  The Leased Equipment is, and shall remain at all times, the property of Lessor, and Lessee shall have no right, title or interest in the Leased Equipment except as expressly set forth in this Agreement.  All additions or improvements to the Leased Equipment of any kind or nature must have the written approval of Lessor before being made by Lessee and shall become component parts of the Leased Equipment and title shall immediately vest in Lessor and be governed by the terms of this Agreement.

16.  __Condition of Leased Equipment:__ Lessor does not warrant the fitness, merchantability, design, condition, capacity, suitability or performance of the Leased Equipment. Lessor rents the Leased Equipment to Lessee "as is" with all faults.  Lessor represents that the equipment will be delivered in working order and will make any necessary repairs within a reasonable period of time, excluding "Miscellaneous Items", during the term of the lease, provided same are not caused by the negligence of the lessee. In the event that repairs are deemed to be needed during the term of the lease, Lessee must immediately notify Lessor for the consent of any repairs (via phone, fax or in writing) and Lessor shall make all the necessary arrangements for the repair of the Leased Equipment. Lessee shall not make any arrangements for any repairs or alterations to the leased equipment without the prior consent of Lessor. Lessor may elect to make necessary repairs caused by the negligence of the lessee at lessee's expense. Lessor will not pay for the repair of "Miscellaneous Items". "Miscellaneous Items" include: leaking faucets, clogged drain lines, clogged waste pipes, clogged burners, light bulbs, and hvac filters. Lessor represents that the "Miscellaneous Items" will be in proper working order upon delivery. Lessor shall not be liable for any loss or damage. Lessee does hereby expressly waive any and all claims and demands for loss, loss of profits or other alleged consequential damages against Lessor and Lessee does further agree to save and hold harmless Lessor against any and all such claims and demands.

17.  __Default:__  Lessee shall be in default under this Agreement if Lessee:

    (a)  Fails to make any payments under this Agreement within ten (10) days after the payment becomes due and payable, and written notice has also been given to Lessee.

    (b)  Fails to perform or observe any of the material terms and conditions of this Agreement.

    (c)  Becomes insolvent (however defined), ceases business, makes an assignment for the benefit of creditors or causes or suffers a petition for receiver or in bankruptcy to be filed by or against Lessee.

    (d)  Commits or fails to commit any act that results in jeopardizing the material rights of Lessor or causes Lessor to reasonably deem itself insecure in its rights.

18.  __Remedies:__  If Lessee is in default under this Agreement, Lessor shall have the right to exercise the following remedies provided however, that lessee shall be given ten (10) days notice by certified mail return receipt requested to cure the default:

    (a)  Elect that the rental payments due be accelerated and the entire amount of rent become immediately due.

    (b)  Terminate this Agreement.

    (c)  Go on Lessee's property and retake the Leased Equipment without notice or legal process.  Lessee waives all claims for damages and losses caused by the retaking by Lessor.  Lessee agrees to pay all costs and expenses incurred by Lessor in retaking the Leased Equipment.

Page 4 of 5

19.    **Business Purpose:** Lessee applies to Lessor for rent of the Leased Equipment for commercial purposes and agrees that this Agreement is not to be construed as a consumer contract.

20.    **Filing:** Lessee, upon request, agrees to execute any instrument necessary to the filing and recording of this agreement.

21.    **Entire Agreement:** This Agreement contains the entire agreement between the parties relating to the Lessee's rental of the Leased Equipment. Any changes to the terms of this Agreement shall be in writing and signed by the Lessee and Lessor.

22.    **Arbitration:** In the event that any dispute between the parties to this Agreement cannot be settled, the matter shall be submitted to binding arbitration. The arbitration shall be conducted in accordance with the rules of the American Arbitration Association, with the prevailing party to be awarded all costs of arbitration and reasonable attorneys fees. The arbitration shall be held in Suffolk County, New York. Any judgment upon an award may be entered in the State(s) and Count(ies) where the lessor and lessee do business.

23.    **Jurisdiction/Venue:** This Agreement shall be construed in accordance with New York law.

24.    **Notices:** Notices under this Lease shall be in writing and shall be sent to each party at its address or fax number set forth above or, in the event of a change in any address or fax number, then to such other address or fax number as to which notice of the change is given. Notices to Lessor shall be sent to the attention of Keith Futerman or to such other person as to whom notice is given. Notices to Lessee shall be sent to the attention of Michael Register or to such other person as to whom notice is given. Notice shall be deemed given on receipt.

25.    **Miscellaneous:** Any failure of Lessor to require strict performance of the terms of this Agreement or any waiver by Lessor of any provision of this Agreement shall not be construed as a consent or waiver of any other breach of the same or any other provision. If any portion of this Agreement is deemed invalid, it shall not affect the rest of this Agreement. Lessee certifies that all credit information given to Lessor is true and correct and authorizes Lessor to investigate the credit worthiness of Lessee.

26.    **Binding Effect:** This Agreement shall be binding upon Lessor only after an officer or authorized representative of Lessor signs it. A facsimile signature shall be as binding as an original signature.

In witness whereof, each party has caused this Agreement to be executed on the date indicated below:

**LESSEE:**
Nikki Beach Atlantic City, LLC                 Date:  4/18/05
By: _____
Its: _General Counsel_

**LESSOR:**
Stewart's Mobile Concepts, Ltd.                Date:  4/18/05
By: _____
Its: _Director of Sales_

Page 5 of 5

# EXHIBIT B

# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

RYAN P. MULVANEY
Direct dial: (973) 565-2010
rmulvaney@mdmc-law.com

September 20, 2006

**VIA FEDERAL EXPRESS**

American Arbitration Association
Case Management Center
950 Warren Avenue
East Providence, Rhode Island 02914

> Re:    Stewart's Mobile Concepts, Ltd. v. Nikki Beach Atlantic City, LLC and
> Penrod Management Group, Inc.
> MDMC No.: S0784-1001

Dear Sir/Madam:

This firm represents Plaintiff, Stewart's Mobile Concepts, Ltd., in the matter referenced above. Enclosed please find two copies of Plaintiff's Demand for Arbitration and the contract containing the arbitration clause. In addition, enclosed is a check in the amount of $2,750, which represents the appropriate filing fee.

We are re-filing this matter because it was dismissed recently for Nikki Beach's failure to appear. In that regard, we request that Ms. Barbara P. Guariglia be reappointed as Case Manager for this matter because of her familiarity with the issues previously presented.

If you should have any questions, we shall make ourselves available at your convenience. Thank you.

Very truly yours,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

Ryan P. Mulvaney

Enclosures
cc:    Michael Register, Nikki Beach Atlantic City, LLC (w/encls.)
       Michael Register, Penrod Management Group, Inc. (w/encls.)

NEW YORK, NEW YORK      DENVER, COLORADO      RIDGEWOOD, NEW JERSEY      MORRISTOWN, NEW JERSEY      PHILADELPHIA, PENNSYLVANIA

American Arbitration Association
*Dispute Resolution Services Worldwide*

## COMMERCIAL ARBITRATION RULES
### DEMAND FOR ARBITRATION

**MEDIATION:** *If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box.* ☐
There is no additional administrative fee for this service.

| Name of Respondent | Name of Representative (if known) |
|---|---|
| Nikki Beach Atlantic City, LLC | Michael Register, Esq. |
| **Address** | **Name of Firm (if applicable)** |
| One Ocean Drive | COne Ocean Drive |
| | **Representative's Address** |

| City | State | Zip Code | City | State | Zip Code |
|---|---|---|---|---|---|
| Miami Beach | Fla | 33139 | Miami Beach | Fla | 33139 |
| **Phone No.** | | **Fax No.** | **Phone No.** | | **Fax No.** |
| **Email Address:** | | | **Email Address:** | | |

The named claimant, a party to an arbitration agreement dated __April 18, 2005__ , which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

**THE NATURE OF THE DISPUTE**
Claimant re-files this matter and seeks arbitration for Respondent's breach of equipment leasing agrement. REsponent breached by, among other things, damaging the equipment and failing to pay.

| Dollar Amount of Claim $ Approximately $200,000, but less than $300,000. | Other Relief Sought: ☒Attorneys Fees ☒Interest ☒Arbitration Costs ☐ Punitive/ Exemplary ☒Other Return of Equi |
|---|---|

AMOUNT OF FILING FEE ENCLOSED WITH THIS DEMAND (please refer to the fee schedule in the rules for the appropriate fee) $ 2,750.

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
Experince with Commercial Lease Agreement and transactions.

Hearing locale __New York__  (check one) ☐ Requested by Claimant ☒Locale provision included in the contract

| Estimated time needed for hearings overall: | Type of Business: Claimant __Equipment Leasing__ |
|---|---|
| _____ hours or __2__ days | Respondent __Bar/Restaurant__ |

Is this a dispute between a business and a consumer? ☐Yes ☒ No  Does this dispute arise out of an employment relationship? ☐ Yes ☒ No

If this dispute arises out of an employment relationship, what was/is the employee's annual wage range?  Note: This question is required by California law. ☐Less than $100,000 ☐ $100,000 - $250,000 ☐ Over $250,000

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association's Case Management Center, located in (check one) ☐ Atlanta, GA ☐ Dallas, TX ☒ East Providence, RI ☐ Fresno, CA ☐ International Centre, NY, with a request that it commence administration of the arbitration.  Under the rules, you may file an answering statement within fifteen days after notice from the AAA.

| Signature (may be signed by a representative)  Date: | Name of Representative |
|---|---|
| | Thomas P. Scrivo, Esq. |
| **Name of Claimant** | **Name of Firm (if applicable)** |
| Stewarts Mobile Concepts | McElroy, Deutsch, Mulvaney & Carpenter, LLC |
| **Address** (to be used in connection with this case) | **Representative's Address** |
| 845 Jericho Turnpike | Three Gateway Center, 100 Mulberry Street |

| City | State | Zip Code | City | State | Zip Code |
|---|---|---|---|---|---|
| Huntington Station | NY | 11746 | Newark | NJ | 07102 |
| **Phone No.** (631) 351-6030 | | **Fax No.** (631) 351-1587 | **Phone No.** (973) 622-7711 | | **Fax No.** (973) 622-5314 |
| **Email Address:** | | | **Email Address:** Tscrivo@MDMC-law.com; Rmulvaney@MDMC-law.com | | |

To begin proceedings, please send two copies of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to the AAA.  Send the original Demand to the Respondent.

Please visit our website at www.adr.org if you would like to file this case online.  AAA Customer Service can be reached at 800-778-7879

American Arbitration Association
*Dispute Resolution Services Worldwide*

### COMMERCIAL ARBITRATION RULES
### DEMAND FOR ARBITRATION

**MEDIATION:** *If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box.* ☐
*There is no additional administrative fee for this service.*

| Name of Respondent<br>Penrod Management Group, Inc. | Name of Representative (if known)<br>Michael Register, Esq. |
|---|---|
| Address<br>One Ocean Drive | Name of Firm (if applicable)<br>One Ocean Drive |
|  | Representative's Address |

| City<br>Miami Beach | State<br>Fla | Zip Code<br>33139 | City<br>Miami Beach | State<br>Fla | Zip Code<br>33139 |
|---|---|---|---|---|---|
| Phone No. | | Fax No. | Phone No. | | Fax No. |
| Email Address: | | | Email Address: | | |

The named claimant, a party to an arbitration agreement dated ___April 18, 2005___, which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

THE NATURE OF THE DISPUTE
Claimant re-files this matter and seeks arbitration for Respondent's breach of equipment leasing agreement. REsponent breached by, among other things, damaging the equipment and failing to pay.

| Dollar Amount of Claim $  Approximately $200,000, but less than $300,000. | Other Relief Sought: ☒Attorneys Fees  ☒Interest<br>☒Arbitration Costs ☐ Punitive/ Exemplary ☒Other Return of Equip. |
|---|---|

AMOUNT OF FILING FEE ENCLOSED WITH THIS DEMAND (please refer to the fee schedule in the rules for the appropriate fee) $ 2,750.

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
Experince with Commercial Lease Agreement and transactions.

Hearing locale __New York_____ (check one) ☐ Requested by Claimant  ☒Locale provision included in the contract

| Estimated time needed for hearings overall:<br>_____ hours or ____2____ days | Type of Business:  Claimant  Equipment Leasing<br>Respondent  Management & Support of Nikki Beach |
|---|---|

Is this a dispute between a business and a consumer? ☐Yes ☒ No  Does this dispute arise out of an employment relationship? ☐ Yes ☒ No

If this dispute arises out of an employment relationship, what was/is the employee's annual wage range? Note: This question is required by California law.  ☐Less than $100,000 ☐ $100,000 - $250,000 ☐ Over $250,000

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association's Case Management Center, located in (check one)  ☐ Atlanta, GA  ☐ Dallas, TX  ☒ East Providence, RI
☐ Fresno, CA  ☐ International Centre, NY, with a request that it commence administration of the arbitration.  Under the rules, you may file an answering statement within fifteen days after notice from the AAA.

| Signature (may be signed by a representative)  Date: | Name of Representative<br>Thomas P. Scrivo, Esq. |
|---|---|
| Name of Claimant<br>Stewarts Mobile Concepts | Name of Firm (if applicable)<br>McElroy, Deutsch, Mulvaney & Carpenter, LLC |
| Address (to be used in connection with this case)<br>845 Jericho Turnpike | Representative's Address<br>Three Gateway Center, 100 Mulberry Street |

| City<br>Huntington Station | State<br>NY | Zip Code<br>11746 | City<br>Newark | State<br>NJ | Zip Code<br>07102 |
|---|---|---|---|---|---|
| Phone No.<br>(631) 351-6030 | | Fax No.<br>(631) 351-1587 | Phone No.<br>(973) 622-7711 | | Fax No.<br>(973) 622-5314 |
| Email Address: | | | Email Address: Tscrivo@MDMC-law.com;<br>Rmulvaney@MDMC-law.com | | |

To begin proceedings, please send two copies of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to the AAA.  Send the original Demand to the Respondent.

Please visit our website at www.adr.org if you would like to file this case online.  AAA Customer Service can be reached at 800-778-7879

## Stewart's Mobile Concepts, Ltd.
## EQUIPMENT RENTAL AGREEMENT

### LESSEE

FULL LEGAL NAME OF LESSEE:    Nikki Beach Atlantic City, LLC

BILLING ADDRESS:    1 Ocean Drive
Miami Beach, FL 33139

EQUIPMENT DELIVERY LOCATION: Resorts International Hotel & Casino
1133 Boardwalk
Atlantic City, NJ 08401

PHONE: (305) 538-1111                    FAX: (305) 534-8937

### LESSOR

STEWART'S MOBILE CONCEPTS, Ltd.
845 East Jericho Turnpike
Huntington Station, NY  11746
Phone: (631) 351-6030   Fax: (631) 351-1587

In Consideration of the covenants and conditions contained herein, Stewart's Mobile Concepts, Ltd. ("Lessor") and Nikki Beach Atlantic City, LLC ("Lessee") agree as follows:

1.    **Leased Equipment:** Lessor agrees to lease and Lessee agrees to accept the following leased equipment; hereafter collectively referred to as the "Leased Equipment" or the "Equipment".

| QUANTITY | EQUIPMENT DESCRIPTION |
|---|---|
| 1 | 48 FT. Kentucky Model Mobile Kitchen |
| 1 | 48 FT. K-283 Model Mobile Kitchen |
| 1 | 20' x 24' Compact Kitchen |
| 1 | 40 FT. Dishwashing Trailer |
| 1 | 8' x 20' Combination Walk-in Cooler/Freezer |
| 1 | 8' x 20' Walk-in Cooler |
| 1 | 36' x 10' Office/Greenroom Trailer |
| 2 | Ramp & Staircase Systems for (2) kitchen trailers (Not ADA Compliant) |

2.    **Term:** 5 month minimum, commencing upon delivery of the 48 FT. Kentucky Model Mobile Kitchen on or about May 2, 2005, the 48 FT. K-283 Model Mobile Kitchen on or

**Page 1 of 5**

about May 6, 2005, the 20' x 24' Compact Kitchen on or about May 2, 2005, the 40 FT. Dishwashing Trailer, 36' x 10' Office/Greenroom Trailer, 8' x 20' Combination Walk-in Cooler/Freezer, and 8' x 20' Walk-in Cooler on or about April 28, 2005 to the Location indicated above. The lease will expire September 30, 2005.

3.   **Rent:** Rent shall be **$45,345.00** per month for 5 months (plus applicable state and local taxes). The total estimated amount of rent to be charged for the use of the Leased Equipment based on the term specified in paragraph 2 shall be **$226,725.00** (plus applicable state and local taxes).

4.   **Security/Cleaning Deposit:** Upon the signing of this Agreement, Lessee shall pay to Lessor a Security/Cleaning Deposit of **$30,000.00**. Lessor shall retain the Security/Cleaning Deposit as security for the performance by Lessee of all obligations imposed by this Agreement. Lessor may, at its option, apply all or any portion of the Security Deposit with respect to any violation of this Agreement by Lessee, including cleaning and repair of equipment upon its return or pick up by Lessor. Any portion of the Security Deposit that has not been appropriated by the Lessor in accordance with the provisions of this Agreement must be returned to Lessee within thirty (30) days after the expiration of the term of this Agreement.

5.   **Payments:**
A. Upon signing of this agreement, Lessee shall make the following payments:
1.   Security/Cleaning Deposit                      $30,000.00
2.   First Month's Rent for:
    48 FT. Kentucky Model Mobile Kitchen
    48 FT. K-283 Model Mobile Kitchen
    20' x 24' Compact Kitchen
    40 FT. Dishwashing Trailer
    36' x 10' Office/Greenroom Trailer
    (2) OSHA Approved Aluminum Steps      $42,345.00 (plus any applicable sales tax)
3.   First and Last Month's Rent for:
    8' x 20' Combination Walk-in Cooler/Freezer
    8' x 20' Walk-in Cooler                $6,000.00 (plus any applicable sales tax)
4.   Additional Charges:
    a.   Round Trip Delivery/Return          $11,084.00 (plus any applicable sales tax)
    b.   Technical Support                    $2,500.00 (plus any applicable sales tax)
    c.   (6) Anchor Installation for 36'x10'  $510.00 (plus any applicable sales tax)
    d.   (6) Anchor Removal for 36'x10'       $210.00 (plus any applicable sales tax)
    e.   Ins. Liability waiver for 36'x10'    $15.00 (plus any applicable sales tax)
    f.   Ins. Property waiver for 36'x10'     $40.00 (plus any applicable sales tax)
    g.   Block, Level, and Knockdown
        for the 36' x 10' Office/Green Room  $690.00 (plus any applicable sales tax)

B.   **Monthly Payments:** All monthly rental payments shall be made in advance of that month's rental usage, on the twenty-fifth (25th) day of each month. If a payment is made anytime after invoice due date, in addition to the monthly rent a late fee of four percent (4%) shall be imposed.

6.   **Cancellation:** In the Event Lessee decides not to accept delivery of the Leased Equipment and notifies Lessor in writing, then Lessee shall receive a refund of its security deposit less any expenses incurred by Lessor. In addition Lessor shall be entitled to retain 2 month's rent as liquidated damages.

7.   **Lessee's Option to Extend:** Lessee shall be entitled to extend the term of this lease pursuant to paragraph 2, for a period of up to 18 months, upon the following terms:

Page 2 of 5

07/13/2005  06:03  631-351-1587                                    PAGE  10
Apr 18 05 02:03p   Pe   bds                              305.  4-7253      p.3
Case 1:07-cv-10649-DFE    Document 6-3    Filed 12/11/2007    Page 16 of 26

A. Lessee must notify Lessor in writing no later than 60 days prior to the expiration prior to the term of the lease. The monthly rental shall be $46,345.00 per month in the event that Lessee renews for a period of 3 months or less. The monthly rent shall be $45,345.00 per month in the event that Lessee renews for a period of more than 3 months.

8.  **Use/Maintenance:** During the term of this Agreement, Lessee agrees to use the Leased Equipment for the ordinary and usual purpose for which it was designed, comply with and conform to all national, state, municipal laws and regulations, pay for permits, taxes, fees, fuel and utilities related to the operation of the Leased Equipment, keep the Leased Equipment in good condition, repair and working order, and not remove the Leased Equipment from the location delivered to by Lessor, without prior written consent of Lessor. Lessor agrees to reasonably make changes or modifications to only the mobile kitchens, compact kitchen, and dishwashing trailer collectively, not to exceed (four thousand) $4,000.00 in order to meet Atlantic City Board of Health requirements. Lessee agrees to pay for any changes or modifications in excess of (four thousand $4,000.00). Lessor agrees to perform the changes or modifications within a reasonable amount of time upon receipt of written notice from Lessee.

9.  **Return of Leased Equipment:** At the expiration of the term of this Agreement, the Lessee must allow Lessor to pick-up the Leased Equipment at the place of original delivery. Lessee must surrender the Leased Equipment in the same condition as received, clean, ordinary wear and tear alone excepted. In the event the equipment is not returned clean, Lessor may, at its option, apply all or any portion of the Security/Cleaning Deposit with respect to cleaning and repair of equipment.

10.  **Indemnity:** Lessee agrees to indemnify and hold harmless of, from and against any and all loss, claims, damages, attorneys fees, expenses and liabilities arising out of the use of the Leased Equipment by Lessee or any agents, employees, invitees or any other individual or entity authorized by Lessee to use the Leased Equipment, not caused by the negligence of Lessor.

11.  **Insurance:** Before taking possession of the Leased Equipment, Lessee must procure and pay for (a) insurance against loss, theft or damage to the Leased Equipment, for its full replacement value, and (b) public liability and property damage insurance. Public liability and property damage insurance shall be in the minimum amount of $1,000,000. Lessee shall be responsible for the payment of any deductibles and expenses associated with the insurance policies and coverage. All insurance shall be in a form and amount and with companies satisfactory to Lessor and shall contain an endorsement requiring 10 days notice to Lessor prior to cancellation. Lessee shall deliver the polices or copies of the polices or certificates of insurance to Lessor within 30 days of the delivery of the Equipment.

12.  **Loss or Damage:** Lessee assumes and shall bear the entire risk of loss, theft, fire, destruction, or damage of or any part of Leased Equipment from any cause whatsoever, excluding lessor negligence, normal wear and tear excluded, whether or not covered by insurance, and no such loss shall release Lessee of its obligations under this Agreement.

13.  **Force Majeure:** If Lessor's ability to perform its obligations hereunder is limited, or prevented in whole or in part by any reason what so ever not within the control of Lessor including, without limitation, Acts of God, war invasion, acts of foreign enemy, hostilities (whether war be declared or not), strikes, and/or industrial dispute, delay on part of its suppliers, transportation delays, or by any law, regulation, order or other action by any public authority, shall be excused, discharged and released from performance to the extent such performance is so limited, delayed or prevented.

14.  **Prohibition on Transfer of Lessee's Interest:** Lessee shall not permit any lien to attach to the Leased Equipment, nor sublease, rent, assign, grant a security interest or otherwise transfer Lessee's interest in the Leased Equipment or this Agreement without the prior, express written consent of the Lessor.

**Page 3 of 5**

15.    **Title/Personal Property:** The Leased Equipment is, and shall remain at all times, the property of Lessor, and Lessee shall have no right, title or interest in the Leased Equipment except as expressly set forth in this Agreement. All additions or improvements to the Leased Equipment of any kind or nature must have the written approval of Lessor before being made by Lessee and shall become component parts of the Leased Equipment and title shall immediately vest in Lessor and be governed by the terms of this Agreement.

16.    **Condition of Leased Equipment:** Lessor does not warrant the fitness, merchantability, design, condition, capacity, suitability or performance of the Leased Equipment. Lessor rents the Leased Equipment to Lessee "as is" with all faults. Lessor represents that the equipment will be delivered in working order and will make any necessary repairs within a reasonable period of time, excluding "Miscellaneous Items", during the term of the lease, provided same are not caused by the negligence of the lessee. In the event that repairs are deemed to be needed during the term of the lease, Lessee must immediately notify Lessor for the consent of any repairs (via phone, fax or in writing) and Lessor shall make all the necessary arrangements for the repair of the Leased Equipment. Lessee shall not make any arrangements for any repairs or alterations to the leased equipment without the prior consent of Lessor. Lessor may elect to make necessary repairs caused by the negligence of the lessee at lessee's expense. Lessor will not pay for the repair of "Miscellaneous Items". "Miscellaneous Items" include: leaking faucets, clogged drain lines, clogged waste pipes, clogged burners, light bulbs, and hvac filters. Lessor represents that the "Miscellaneous Items" will be in proper working order upon delivery. Lessor shall not be liable for any loss or damage. Lessee does hereby expressly waive any and all claims and demands for loss, loss of profits or other alleged consequential damages against Lessor and Lessee does further agree to save and hold harmless Lessor against any and all such claims and demands.

17.    **Default:** Lessee shall be in default under this Agreement if Lessee:

    (a)    Fails to make any payments under this Agreement within ten (10) days after the payment becomes due and payable, and written notice has also been given to Lessee.

    (b)    Fails to perform or observe any of the material terms and conditions of this Agreement.

    (c)    Becomes insolvent (however defined), ceases business, makes an assignment for the benefit of creditors or causes or suffers a petition for receiver or in bankruptcy to be filed by or against Lessee.

    (d)    Commits or fails to commit any act that results in jeopardizing the material rights of Lessor or causes Lessor to reasonably deem itself insecure in its rights.

18.    **Remedies:** If Lessee is in default under this Agreement, Lessor shall have the right to exercise the following remedies provided however, that lessee shall be given ten (10) days notice by certified mail return receipt requested to cure the default:

    (a)    Elect that the rental payments due be accelerated and the entire amount of rent become immediately due.

    (b)    Terminate this Agreement.

    (c)    Go on Lessee's property and retake the Leased Equipment without notice or legal process. Lessee waives all claims for damages and losses caused by the retaking by Lessor. Lessee agrees to pay all costs and expenses incurred by Lessor in retaking the Leased Equipment.

Page 4 of 5

19.    **Business Purpose:** Lessee applies to Lessor for rent of the Leased Equipment for commercial purposes and agrees that this Agreement is not to be construed as a consumer contract.

20.    **Filing:** Lessee, upon request, agrees to execute any instrument necessary to the filing and recording of this agreement.

21.    **Entire Agreement:** This Agreement contains the entire agreement between the parties relating to the Lessee's rental of the Leased Equipment. Any changes to the terms of this Agreement shall be in writing and signed by the Lessee and Lessor.

22.    **Arbitration:** In the event that any dispute between the parties to this Agreement cannot be settled, the matter shall be submitted to binding arbitration. The arbitration shall be conducted in accordance with the rules of the American Arbitration Association, with the prevailing party to be awarded all costs of arbitration and reasonable attorneys fees. The arbitration shall be held in Suffolk County, New York. Any judgment upon an award may be entered in the State(s) and Count(ies) where the lessor and lessee do business.

23.    **Jurisdiction/Venue:** This Agreement shall be construed in accordance with New York law.

24.    **Notices:** Notices under this Lease shall be in writing and shall be sent to each party at its address or fax number set forth above or, in the event of a change in any address or fax number, then to such other address or fax number as to which notice of the change is given. Notices to Lessor shall be sent to the attention of Keith Futerman or to such other person as to whom notice is given. Notices to Lessee shall be sent to the attention of Michael Register or to such other person as to whom notice is given. Notice shall be deemed given on receipt.

25.    **Miscellaneous:** Any failure of Lessor to require strict performance of the terms of this Agreement or any waiver by Lessor of any provision of this Agreement shall not be construed as a consent or waiver of any other breach of the same or any other provision. If any portion of this Agreement is deemed invalid, it shall not affect the rest of this Agreement. Lessee certifies that all credit information given to Lessor is true and correct and authorizes Lessor to investigate the credit worthiness of Lessee.

26.    **Binding Effect:** This Agreement shall be binding upon Lessor only after an officer or authorized representative of Lessor signs it. A facsimile signature shall be as binding as an original signature.

In witness whereof, each party has caused this Agreement to be executed on the date indicated below:

**LESSEE:**
Nikki Beach Atlantic City, LLC        Date: 4/18/05
By: _Michael Register_
Its: _General Counsel_

**LESSOR:**
Stewart's Mobile Concepts, Ltd.        Date: 4/18/05
By: _Keith Futerman_
Its: _Director of Sales_

Page 5 of 5

# EXHIBIT C



NIKKI BEACH

October 11, 2006

Joyce A. Rapoza
Case Manager
American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

      Re:    Stewart's Mobile Concepts

Dear Ms. Rapoza:

      We regret to inform you that Nikki Beach Atlantic, LLC has ceased all operations and has been administratively dissolved.  Please find a certificate of cancellation enclosed.

      Thank you very much for your attention to this matter.

      Very truly yours,

      Michael Register, Esq.
      General Counsel
      Nikki Beach

LHSS/yp
cc: Thomas P. Scrivo, Esq.
    McElroy, Deutsch, Mulvaney & Carpenter, LLP
    Three Gateway Center
    100 Mulberry Street
    Neward, NJ 07102-4079

L-109 (7/03)



New Jersey Division of Revenue

### CERTIFICATE of CANCELLATION
Limited Liability Company
( Title NJSA 42 )

FILED
JUL 11 2006
STATE TREASURER

This form may be used to cancel a Certificate of Formation of a Limited Liability Company on file with the Division of Revenue. Applicants must insure strict compliance with NJSA 42, the New Jersey Limited Liability Act, and insure that all applicable filing requirements are met.

1. Name of Limited Liability Company:

   Nikki Beach Atlantic City LLC

2. Business Entity Number:

   202-529-399/000

3. Date of formation:

   March 23, 2005

4. State of Formation (foreign entities only)

5. Effective date of cancellation:

6. Reasons for canceling the LLC:
   Closed for Business

The undersigned represent(s) that this filing complies with State law as detailed in NJSA 42 and that they are authorized to sign this form on behalf of the Limited Liability Company.

Signature:                                          Date: 6/30/06

Name: John Michael Register

NJ Division of Revenue, PO Box 308, Trenton NJ 08646

**DEPARTMENT OF TREASURY**
Division of Revenue
Business Support Services, Commercial Recording
P.O. Box 308
Trenton, NJ 08646

07/20/2006

SHIP TO:

PENROD MANAGEMENT GROUP
ONE OCEAN DRIVE
4TH FLOOR
MIAMI, FL 33139

Thank you for your recent work request. The following information summarizes all work requests processed and the associated fees.

If your work was rejected, it is imperative that you include this form or a copy when resubmitting corrected documents or if you are requesting a refund. This will assist us in verifying payment and the original date the work request was submitted. Call us at (609) 292-9292 if you have any questions regarding this notice.

1. Customer Number:   427961
2. Account Number:
3. Session Number:   1707809
4. User ID:   8
5. Comments On Work Request:

6. Number of Rejected Jobs:  0

Method of Payment: Check
Check No:  3453                         Amount:    $100.00
Job 1 :                      Job Completion Status:  C  CLOSED (JOB OR SESSION)
Session Number:  1707809
Work Description:  FORMDT   CERTIFICATION OF AMENDMENT AND FORMATION
Job Number:  3214019
Filing Number:  600229364
Received Date:  20-JUL-06
Entity Name:  NIKKI BEACH ATLANTIC CITY, LLC
Comments On Job:

| FEE CODE | FEE DESCRIPTION | FEE | QTY | TOTAL |
|----------|-----------------|-----|-----|-------|
| AMENDB | AMENDMENT LLC AND LP | 100.00 | 1 | $100.00 |
| | | | JOB TOTAL: | $100.00 |
| | | | COMPLETED JOB TOTAL: | $100.00 |

OFFICIAL RECEIPT   *** THIS IS NOT A BILL ***
* Please retain a copy for your records to verify check and credit card billing.

# EXHIBIT D

# AMERICAN ARBITRATION ASSOCIATION
## CHECKLIST FOR CONFLICTS

In the Matter of the Arbitration between:

Re: 13 118 02115 06
   Stewarts Mobile Concepts, Ltd.
   and
   Nikki Beach Atlantic City, LLC

CASE MANAGER: Joyce A. Rapoza
DATE: September 26, 2006

To avoid the possibility of a last-minute disclosure and/or disqualification of the arbitrator pursuant to the rules, we must advise the arbitrator of the names of all persons, firms, companies or other entities involved in this matter. Please list below all interested parties in this case, including, but not limited to, witnesses, consultants, and attorneys. In order to avoid conflicts of interest, parties are requested to also list subsidiary and other related entities. This form will only be used as a list for conflicts, not a preliminary or final witness list. Please note that the AAA will not divulge this information to the opposing party, and the parties are not required to exchange this list. This form will, however, be submitted to the arbitrator, together with the filing papers. You should be aware that arbitrators will need to divulge any relevant information in order to make appropriate and necessary disclosures in accordance with the applicable arbitration rules.

For your convenience, this form may be completed online.

| NAME | AFFILIATION | ADDRESS |
|------|-------------|---------|
| Thomas P. Scrivo | Plaintiff's counsel | McElroy, Deutsch, Mulvaney & Carpenter, LLC<br>Three Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102 |
| Ryan P. Mulvaney | Plaintiff's counsel | " |
| Keith Futerman | Witness | Stewart's Mobile Concepts, Inc.<br>845 E. Jericho Turnpike<br>Huntington Station, NY  11746 |
| Michael Register | Witness | Nikki Beach / Penrod<br>One Ocean Drive<br>Miami Beach, Florida  33139 |
| Michael Penrod | Witness | Nikki Beach / Penrod<br>One Ocean Drive<br>Miami Beach, Florida  33139 |

DATED: _10/20/06_    PARTY: _Ryan P. Mulvaney_
                                      Please Print

# EXHIBIT E



NIKKI BEACH

October 30, 2006

Joyce A. Rapoza
Case Manager
American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

      Re:    Stewart's Mobile Concepts

Dear Ms. Rapoza:

      We are in receipt of your correspondence of October 25, 2006 in the above-captioned matter. We copy you with our last letter to you of October 11, 2006, and further advise that Nikki Beach Atlantic City, LLC has been dissolved and this matter is not an insurance claim. No one will be representing the interests of Nikki Beach Atlantic City, LLC. at the arbitration.

      Thank you very much for your attention to this matter.

            Very truly yours,

            Michael Register, Esq.
             General Counsel
              Nikki Beach

MR/yp
Thomas P. Scrivo, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Neward, NJ 07102-4079

# EXHIBIT F

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Northeast Case Management Center
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

# FAX

Date:  July 12, 2007

To
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ  07102-4079


Fax Number:  973-622-5314

From:  Joyce A. Rapoza

Number of Pages:  (  7  )

Re: 13 118 02115 06
     Stewarts Mobile Concepts, Ltd.
     and
     Nikki Beach Atlantic City, LLC and
     Penrod Management Group, Inc.


MESSAGE:

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS
ADDRESSED.  IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR
OTHERWISE EXEMPT FROM DISCLOSURE.  IF YOU ARE NOT THE INTENDED RECIPIENT OR THE
PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY
NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED.  IF YOU HAVE RECEIVED THIS
FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED
ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Northeast Case Management Center
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

July 12, 2007

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

VIA FACSIMILE

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

VIA FIRST CLASS MAIL/CERTIFIED MAIL     7005 2570 0001 5062 2925

Michael Register Esq.
One Ocean Drive
Miami Beach, FL 33139

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.

Dear Parties:

This will confirm a preliminary hearing in the above matter was held on June 21, 2007. Enclosed please find the scheduling order established during the preliminary hearing.

The ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ See Notice of hearing for new location.

This case will be administered by facilitating the exchange of appropriate written documents through the AAA. Please submit all correspondence to the undersigned for transmittal to the arbitrator, copying the other party.

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ as a deposit to cover the arbitrator's anticipated compensation and expenses for this matter. This amount was determined by the arbitrator and based on the overall case schedule that the parties arrived at during the Preliminary Hearing. As we discussed at the conclusion of the Preliminary Hearing, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ which is thirty days prior to the first evidentiary hearing. You will be receiving an automatically generated invoice within two weeks and every thirty days thereafter, until the balance is paid. This will also confirm our discussion that we will be informing the arbitrator of the amount on deposit as of the due date, and if full deposits are not on hand the arbitrator may suspend this proceeding pending the parties' compliance with the rules.

Additionally, each party's invoice will reflect any applicable administrative fees due the Association.

You may also view case financial information, as well as make payments with a credit card online via AAA's WebFile.

If you have any questions, please do not hesitate to call.

Sincerely,

Joyce A. Rapoza
Case Manager
401 431 4805
RapozaJ@adr.org

*Supervisor Information: Karen Fontaine, 401 431 4798, fontainek@adr.org*

Encl.

cc:    Cynthia Rollings, Esq.

# AMERICAN ARBITRATION ASSOCIATION
## Notice of Hearing

July 12, 2007

VIA FACSIMILE

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

Michael Register Esq.
One Ocean Drive
Miami Beach, FL 33139

Re: 13 118 02115 06
　　Stewarts Mobile Concepts, Ltd.
　　and
　　Nikki Beach Atlantic City, LLC and
　　Penrod Management Group, Inc.

PLEASE TAKE NOTICE that a hearing in the above-entitled arbitration will be held as follows:

|         |                                      |
|---------|--------------------------------------|
| Place:  | Cynthia Rollings                     |
|         | Beldock Levine & Hoffman LLP         |
|         | 99 Park Avenue                       |
|         | New York, NY 10016                   |

| | |
|---------|--------------------------------|
| Date:   | September 10, 2007             |
| Time:   | 10:00 AM Eastern Time          |
| Before: | Cynthia Rollings               |

Please attend promptly with your witnesses and be prepared to present your proofs.

　　　　　　　　Joyce A. Rapoza
　　　　　　　　Case Manager
　　　　　　　　401 431 4805

NOTICE: The arbitrator has arranged her schedule and reserved the above date.. Therefore, every effort should be made to appear on the date scheduled. In the event that unforeseen circumstances make it impossible to attend the hearing as scheduled, a party requesting a postponement should obtain the agreement of the other party. If there is no mutual agreement, the arbitrator will make a determination. All requests for postponements must be communicated to the Case Manager, not the arbitrator. There should be no direct communication between the parties and the neutral arbitrator. In some instances, postponements are subject to cancellation fees by the arbitrator. Any party wishing a stenographic record must make arrangements directly with the stenographer and notify the other party of the arrangements in advance of the hearings.

cc:　　Cynthia Rollings, Esq.

Case # 13 118 02115 06
Stewart's Mobile Concepts, Ltd.
and
Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

REPORT OF PRELIMINARY HEARING AND SCHEDULING ORDER

      Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA), a preliminary hearing conference call was held on June 21, 2007.  Appearing at the hearing was Brian Mulvaney, attorney for claimant.  The Arbitrator was informed that Michael Register, as representative of Nikki Beach Atlantic City, LLC submitted a letter to the AAA advising that Nikki Beach Atlantic City LLC has been dissolved and that no one will be representing the interests of Nikki Beach Atlantic City LLC at the arbitration.  The letter was subsequently provided to the Arbitrator.  After hearing from the Claimant, the following is now in effect:

1. Claimant may serve a document demand on or before July 6, 2007.

2. Responsive documents shall be provided on or before July 27, 2007.

3. Claimant may serve an amended or supplemental Demand, including joining any additional parties, on or before August 17, 2007.  The Arbitrator notes that the Demand provided to the Arbitrator names Penrod Management Group, Inc as the respondent.

4. In the event of an appearance by any party, Claimant may schedule an additional preliminary hearing by notifying the AAA Case Manager.

5. The hearing in this matter scheduled to proceed at the American Arbitration Association, 1633 Broadway, New York, New York on September 10, 2007 at 10 am.

6. If Claimant elects to submit a prehearing brief, it shall be transmitted to the AAA Case Manager on or before September 4, 2007, for transmittal to the Arbitrator.  Copies of submissions shall also be sent simultaneously to the opposing party.  There shall be no direct oral or written communication between the parties and the arbitrator, except at oral hearings.

7. Claimant requests a reasoned Award.

Dated: June 21, 2007

                                            Cynthia Rollings

#1

| STMT DATE | AMOUNT DUE |
|---|---|
| 07/12/2007 | 2500.00 |

**CASE#**

13-118-02115-06 01 JORP-R

**Payment Due Upon Receipt**

950 Warren Avenue
East Providence, RI 02914

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

## INVOICE/STATEMENT

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark NJ 07102-4079

Representing Stewarts Mobile Concepts, Ltd.
Re: Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

---

**Please Detach and Return with Payment to the Above Address    Please Indicate Case No. on check**

950 Warren Avenue
East Providence, RI 02914

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

NAME   Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark NJ 07102-4079

Representing Stewarts Mobile Concepts, Ltd.
Re: Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|---|---|---|---|---|---|
| 07/12/2007 | 13-118-02115-06 01 JORP-R | 0.00 | 2750.00- | 5250.00 | 2500.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|---|---|---|---|---|---|
| 09/21/2006 | 9338938 | Initial Administrative Fee | 2750.00 | | |
| 09/25/2006 | 744124 | Payment recvd from : MCELROY, DEUTSCH, MULVANEY & CARPENTER. | | 2750.00 | |
| 07/11/2007 | 9487952 | Your Share of the Neutral Compensation Deposit covering 1 day of Hearing | 750.00 | | |
| | | | | | 750.00 |
| 07/11/2007 | 9487955 | Case Service Fee | 1250.00 | | |
| | | | | | 1250.00 |
| 07/11/2007 | 9487958 | Your Share of the Neutral Compensation Deposit covering 4 hours of Study | 500.00 | | |
| | | | | | 500.00 |

**Remarks:**   For any inquiry please call: 401-431-4805
This is a full statement showing all financial activity on this case.

| TOTAL BALANCE DUE | 2500.00 |
|---|---|

Please Indicate Case No. on check

| INVOICE SUMMARY: | NET BILLED | NET PAID | NET DUE |
|---|---|---|---|
| INITIAL/COUNTER-CLAIM FEES | 4000.00 | 2750.00 | 1250.00 |
| HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 0.00 | 0.00 | 0.00 |
| REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 |
| NEUTRAL COMPENSATION/EXPENSES | 1250.00 | 0.00 | 1250.00 |

EIN: 13-0429745



American Arbitration Association
*Dispute Resolution Services Worldwide*

## CHARGE CARD AUTHORIZATION

*Please print or type*

For Central Office Use

Processed by: _____ Date: _____

Approval Code: _____

Submitted by: _____ Date: _____

Case No: _____

Party Name: _____

| Invoice# | Invoice Date | Amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

_____ Visa     _____ MasterCard     _____ American Express

Amount Charged: $

*Account Holder Name:* _____

Card Number: _____

Expiration Date: _____

_____     _____
Signature               Date

Address: _____ City, _____ State: _____

Zip Code: _____

# EXHIBIT G

# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

**FILE COPY**

RYAN P. MULVANEY
Direct dial: (973) 565-2010
rmulvaney@mdmc-law.com

July 6, 2007

**VIA FEDERAL EXPRESS**

Michael Register, Esq.
Penrod Management Group, Inc.
1 Ocean Drive
Miami Beach, Florida 33139

Re:  Stewart's Mobile Concepts, Ltd. v. Penrod Management Group, Inc., et al.
AAA No.:    13-118-02115-06
MDMC No.:    S0784-1001

Dear Mr. Register:

This firm represents Plaintiff, Stewart's Mobile Concepts, Ltd. ("Plaintiff"), in the matter referenced above.  Accompanying this correspondence is Plaintiff's First Request for the Production of Documents directed to Defendants Penrod Management Group, Inc. and Nikki Beach Atlantic City, LLC.  Please be advised that, pursuant to the Arbitrator's Scheduling Order, Defendants' responses are due by no later than July 27, 2007.

If you should have any questions, please do not hesitate to contact me.  Thank you.

Very truly yours,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

RYAN P. MULVANEY

Enclosures

NEW YORK, NEW YORK        DENVER, COLORADO        RIDGEWOOD, NEW JERSEY        MORRISTOWN, NEW JERSEY        PHILADELPHIA, PENNSYLVANIA

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
Telephone: (973) 622-7711
Facsimile: (973) 622-5314
Attorneys for Plaintiff,
Mr. John, Inc.

| | |
|---|---|
| STEWART'S MOBILE CONCEPTS, LTD. | : AMERICAN ARBITRATION ASSOCIATION |
| | : Case No.: 13-118-02115-06 |
| Plaintiff, | : |
| | : |
| | : |
| | : **PLAINTIFF'S FIRST REQUEST FOR** |
| | : **THE PRODUCTION OF DOCUMENTS** |
| NIKKI BEACH ATLANTIC CITY, | : **DIRECTED TO DEFENDANTS** |
| LLC and PENROD MANAGEMENT | : |
| GROUP, INC., | : |
| | : |
| Defendants. | : |

TO:  Michael Register, Esq.
     Penrod Management Group, Inc.
     1 Ocean Drive
     Miami Beach, Florida 33139

PLEASE TAKE NOTICE that, pursuant to the Arbitrator's Scheduling Order, Plaintiff, Stewart's Mobile Concepts, Ltd., hereby requests that Defendants Penrod Management Group, Inc. and Nikki Beach Atlantic City, LLC respond to the following document requests by no later than July 27, 2007, in accordance with the Scheduling Order.

McElroy, Deutsch, Mulvaney &
Carpenter, LLP
Attorneys for Plaintiff,
Stewart's Mobile Concepts, Ltd.

Dated: July 6, 2007        By: _____
                           Ryan P. Mulvaney

## DEFINITIONS

These Definitions apply throughout these Document Demands.

1.    "*Person,*" as used herein, shall mean all individuals and entities, including but not limited to, natural persons, sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts and estates, governmental agencies and legal or investment advisors.

2.    "*You,*" "*Your*" and "*Yourself*", as used herein, shall mean the party to whom these demands are directed, the person answering these demands on their behalf, and any present or former officer, employee, agent, servant or representative.

3.    "*Plaintiff,*" as used herein, shall mean Stewart's Mobile Concepts, Ltd., and any of its agents, former agents, employees, former employees, representatives, former representatives, assignees and/or successors.

4.    "*Defendants,*" as used herein, shall mean Nikki Beach Atlantic City, LLC and Penrod Management Group, Inc., and any of their agents, former agents, employees, former employees, representatives, former representatives, assignees and/or successors, and any other person or entity acting on their behalf.

5.    "*Nikki Beach Atlantic City, LLC,*" as used herein, shall mean Defendant Nikki Beach Atlantic City, LLC, and any of its agents, former agents, employees, former employees, representatives, former representatives, assignees and/or successors, and any other person or entity acting on its behalf.

6.    "*Nikki Beach,*" as used herein, shall mean and refer to the trade name "Nikki Beach."

7.    "*Penrod Management,*" as used herein, shall mean Defendant Penrod Management Group, Inc., and any of its agents, former agents, employees, former employees, representatives, former representatives, assignees and/or successors, and any other person or entity acting on its behalf.

2

8.   *"Document,"* is used in the customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other matters however produced or reproduced in Your possession, custody or control, including without limitation, all writings, studies, analyses, tabulations, evaluations, reports, reviews, agreements, contracts, communications, letters, or other correspondence, messages, telegrams, telexes, facsimile transmittals, cables, memoranda, invoices, purchase orders, meeting minutes, sound recordings or transcripts of personal or telephone conversations, meetings, conferences, or interviews, telephone call records, desk calendars, appointment books, forecasts, accountant's work papers, drawings, graphs, charts, maps, diagrams, estimates, tables, indexes, pictures, photographs, films, phonograph records, tapes, microfilms, microfiches, charges, ledgers, accounts, call sheets, financial statements or reports, statistical or analytical records, minutes or records of boards of directors, committees or other meetings or conferences, reports or summaries of investigation, claims, opinions or reports of consultants or experts, appraisals, reports of summaries of negotiation, books, brochures, pamphlets, circulars, trade letters, press releases, newspaper magazine clippings, stenographic, hand-written or any other notes, notebooks, projections, court arbitration papers or pleadings, working papers, checks (front and back), check stubs or receipts, invoice vouchers, taped data sheets or data processing cards or discs, or any other written, recorded, transcribed, punched, taped, filed or graphed matter however produced or reproduced, and any other document writing or other data compilation, whatever the description, including but not limited to, any information contained in any computer or not yet printed out or in the memory units containing such data from which information can be obtained or transcended into reasonable usable form, and all drafts and non-identical copies of the foregoing.

9.   *"Correspondence,"* shall mean any letter, telegram, telex, notice, message, memorandum or other written communication or transcription of notes of the communication and includes all attachments and enclosures thereto.

10.  *"Communication,"* shall mean any written or oral transmission, information or opinion including any utterance, notation or statement of any nature whatsoever,

including but not limited to, documents and correspondence as defined above.

11. "*Party*" or "*Parties,*" shall mean those individuals and entities involved in this present action.

12. "*Date,*" shall mean the exact date, month and year if ascertainable, or, if not, the best approximation (including relationship to other events).

13. "*Identify,*" shall mean:

a. With respect to a "Person," that the answer shall state

   (i)     the person's full name;
   (ii)    the name of the person's last known employer;
   (iii)   the person's last known title, position or business;
   (iv)    the person's last known business telephone number and address; and
   (v)     the person's last known home telephone number and address.

b. With respect to a "Document," that the answer shall state

   (i)     the title, heading or caption of such document, if any;
   (ii)    the date appearing on such document; and if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;
   (iii)   the name of the person who signed such document; and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;
   (iv)    the name of the person to whom such document was addressed and the name of each person, other than such addressee, to whom such document or copy thereof was sent;
   (v)     the general nature or description of such document (i.e. whether it is a letter, memorandum, minutes of meeting, etc.) and

4

the number of pages of which it consists; and

(vi)    the physical location of the document and the name and address of its custodian or custodians.

c.    With respect to a "Conversation," that the answer shall state

(i)    the date of the conversation;

(ii)    the place of the conversation;

(iii)    the participants in the conversation, to include those who listened but said nothing;

(iv)    the witnesses, if any, of such conversation;

(v)    whether the conversation took place face to face or by telephone; and if by telephone, who initiated the call;

(vi)    the substance of the conversation, to include what was said by each participant; and

(vii)    whether any notes were taken of the conversation and if so, the precise location of all such notes and the identity of the custodian thereof.

d.    With respect to a "Meeting," that the answer shall state

(i)    the date or dates of the meeting;

(ii)    the place of the meeting;

(iii)    the persons attending the meeting;

(iv)    what was said and by whom at the meeting; and

(v)    whether any notes, minutes or other memoranda were made to record the proceedings of such meetings; and, if so, the precise location and identity of the custodian.

14.    "*Describe*," requires a complete factual description of the following information in connection with any act, occurrence, omission or series of acts, occurrences or omissions.

(i)    identity of each and every person involved in the act, occurrence, omission or series of acts,

5

occurrences or omissions as provided in the definition of "Identify"; and

(ii) the date or dates of each and every act, omission or occurrence and a description of each and every document involved in the act, occurrence, omission or series of acts, occurrences or omissions, as provided in the definition of "Identify."

15. *"State the basis for"* or *"state the basis on which"* or *"set forth in complete and precise detail"* shall mean a statement of the complete factual and conceptual premises for the particular action, omission, default, recommendation, determination, or conclusion referred to in the request for discovery which utilized such term or its substantial equivalent. It shall include all factors considered by the person taking such action, including factors arising from consultations by him with others, either orally or in writing, or partly in each.

16. *"And"* as well as *"or"* shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the specification or response that which might otherwise be construed to be outside the scope. *"Each"* shall be construed to include the word "every" and "every" shall be construed to include the word "each." *"Any"* shall be construed to include the word "all" and "all" shall be construed to include the word "any."

17. Words used in the singular shall, where the context permits, be deemed to include the plural, and words used in the plural shall, where the context permits, be deemed to include the singular. The masculine gender shall, where the context permits, be deemed to include the feminine gender.

18. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within its scope all responses which might otherwise be construed to be outside its scope.

19. *"Agreement,"* shall mean the Equipment Rental Agreement for the provision of certain portable equipment and related services dated April 18, 2005, which forms the basis of this lawsuit.

20. "*Demand,*" as used herein, shall mean the Demand for Arbitration filed by Plaintiff in this action.

21. "*Action,*" as used herein, shall mean the action captioned "Stewart's Mobile Concepts, Ltd. v. Nikki Beach Atlantic City, LLC and Penrod Management Group, Inc.," pending in the American Arbitration Association under Case No. 13-118-02115-06.

22. "*Name(s)*" shall mean all names, including aliases, maiden name(s) or former name(s) used, with or without legal proceedings, as well as all prior corporate or trade name(s).

23. "*Address(es)*" shall mean current home and business address(es) and telephone number(s). All known and last-known addresses should be provided.

24. "*Observation(s)*" shall mean anything sensed with the five (5) senses.

25. "*Knowledge*" shall mean the awareness of, or information about, something gained through direct or indirect experience or association.

26. "*Fact(s)*" shall mean occurrences and things personally witnessed including all things known or believed to be true by You or Your attorney(s), servant(s) or employees; include tangible things or physical places or condition and the existence, description, nature, custody, condition and location of any books, documents or other tangible things. If facts are not personally witnessed, please state the source of the knowledge or supposition. If facts are known or suspected through hearsay source(s), please identify the hearsay source(s).

27. "*Statement*" shall mean a narration or summary of facts and/or opinion.

28. "*Conversation(s)*" shall mean any verbal or non-verbal expression(s) or conduct; all sounds, utterances, noises, acts or movements made by anyone which were (are) sensed as having any meaning.

29. "*Expert(s)*" shall mean an expert as defined by the Rules of Court in which this Action is pending, not limited to only

scientific experts but includes any expert who has rendered any opinion.

30.   "Opinion(s)" shall mean judgment, appraisal or view formed in the mind.  If lay opinion of named witnesses is known, such lay opinion should be provided.

31.   "Time(s)" shall mean a definite period of duration, e.g. moment, second, minute, hour, date, year, season, etc.; the general idea of relation or fact of continuous or successive existence.

32.   "Immediate" shall mean general time in relation to or directly preceding and following a fact or occurrence of continuous or successive existence.

33.   "Description(s)" shall mean discourse intended to give a mental image(s) of something experienced; a descriptive statement or account of kind or character, especially as determined by any important feature(s) or circumstance(s).

34.   "Possession" shall mean having or taking anything into control; something owned, occupied or controlled.

35.   "Contact(s)" shall mean any direct or indirect person-to-person communication, oral or written, in person and/or through anyone or anything else.

## GENERAL INSTRUCTIONS

A.  All documents that respond, in whole or in part, to any of the following requests shall be produced in their entirety, including all attachments, riders, addendum, *etc.*

B.  If you do not have all the documents responsive to any request to produce, please so state and identify each person who you know or believe may have such documents.

C.  Each request for production of documents herein shall be deemed continuing so as to require prompt supplemental responses if you obtain or discover further documents between the time of responding to this request for the production of documents and the time of trial.

D.  If any requested document was, but is no longer, in your possession or subject to your control, state what disposition was made of it.

E.  If you claim a privilege as a ground for not responding in whole or in part to any document requested herein:

    (1)  Identify and describe each such document by date, author and recipient(s);

    (2)  State the privilege(s) asserted; and

    (3)  Describe both the factual basis and any and all documents constituting, referring to, relating to or otherwise evidencing your claim of privilege in sufficient detail so that the Court may adjudicate the validity of the claim.

F.  You shall produce the documents requested as they are kept in the usual course of business.  If you consider that document is responsive to more than one request, you shall so indicate by placing appropriate paragraph numbers upon the document corresponding to which the document is deemed responsive.

G.  If the facts relating to your answer to any of these requests to produce were discovered, referred to, stated, or confirmed during the course of any conversation, set forth:

9

(1)   The names and addresses of each person who participated in or overheard each such conversation;

(2)   The date and time of each such conversation;

(3)   The address at which each such conversation occurred (if any such conversation was by telephone, state the location from which each party to the conversation participated); and

(4)   Set forth a summary of the substance of each such conversation making specific reference to each fact, which is relevant to each answer.

H.   The singular herein shall be deemed to include the plural. Use of any gender shall be deemed to include all genders.

## DOCUMENTS REQUESTED

1.    Produce any and all documents that refer, reflect or relate to the negotiation of the Agreement at issue.

2.    Produce any and all documents that refer, reflect or relate to communication exchanged between Nikki Beach Atlantic City, LLC and Penrod Management regarding the Agreement at issue.

3.    Produce any and all documents that refer, reflect or relate to communication regarding the invoices that Plaintiff sent to Defendants.

4.    Produce any and all documents exchanged between Nikki Beach Atlantic City, LLC and Plaintiff regarding the Agreement at issue.

5.    Produce any and all documents exchanged between Penrod Management and Plaintiff regarding the Agreement at issue.

6.    Produce all contracts or agreements between Defendants and Plaintiff, including any and all additions, addendums, riders or other written materials that constitute or evidence an agreement between the same.

7.    Produce any and all correspondence, including any and all recorded conversations, between Defendants and Plaintiff.

8.    Produce any and all documents exchanged between Penrod Management and Nikki Beach Atlantic City, LLC regarding the invoices sent to Penrod from Plaintiff.

9.    Produce any and all documents that refer, reflect or relate to the incorporation of Nikki Beach Atlantic City, LLC.

10.  Produce any and all documents that refer, reflect or relate to the incorporation of Penrod Management.

11.  Any and all documents that identify, refer, reflect or relate to the corporate structure of Nikki Beach Atlantic City, LLC, including, but not limited to, the identification of officers, directors, employees and registered agents from its formation to present.

12.  Produce any and all documents that identify, refer, reflect or relate to the corporate structure of Penrod

11

Management, including, but not limited to, the identification of officers, directors, employees and registered agents from its formation to present.

13. Produce any and all documents that Defendants contend supports, evidences, embodies, relates or refers to any defense or claim that Defendants intend to proffer during this arbitration.

14. Produce any and all documents that refer, reflect or relate to wire transfers made by Penrod Management to Plaintiff related to the Agreement at issue and invoices from Plaintiff.

15. Produce any and all documents that identify, refer, reflect or relate to the owner and/or ownership of the "Nikki Beach" trade name.

16. Produce any and all documents that identify, refer, reflect or relate to the owner and/or ownership of Nikki Beach Atlantic City, LLC.

17. Produce any and all documents exchanged between Defendants and any third party concerning the Agreement at issue.

18. Produce any and all documents between Defendants and any third party concerning the Leased Equipment.

19. Produce any and all documents exchanged between Penrod Management and any financial institution, including Bank of America, that refer, reflect or relate to the instruction and/or authorization by Penrod Management to issue wire transfers to Plaintiff.

20. Produce any and all documents exchanged between Defendants and the City of Atlantic City, New Jersey regarding the formation and/or operation of the "Nikki Beach" bar in Atlantic City, New Jersey.

21. Produce any and all documents exchanged between Defendants and the Resorts International Hotel & Casino regarding the formation and/or operation of the "Nikki Beach" bar in Atlantic City, New Jersey.

22. Produce any and all of Nikki Beach Atlantic City, LLC's banking statements including, but not limited to, documents reflecting the opening of the account(s), withdrawal

and deposit tickets for all any and bank accounts, or any other accounts of similar character held in Nikki Beach Atlantic City, LLC's name from its formation to present.

23. Produce any and all of Penrod Management's banking statements including, but not limited to, documents reflecting the opening of the account(s), withdrawal and deposit tickets for all any and bank accounts, or any other accounts of similar character held in Penrod Management's name from 2003 to present.

24. Produce any and all documents that refer, reflect, or relate to the financial condition of Nikki Beach Atlantic City, LLC from its formation to present, including but not limited to, communication with and reports prepared by accountants, profit and loss statements, trial balances, sales reports, and financial statements and reports.

25. Produce any and all documents that refer, reflect, or relate to the financial condition of Penrod Management from 2003 to present, including but not limited to, communication with and reports prepared by accountants, profit and loss statements, trial balances, sales reports, and financial statements and reports.

26. Produce any and all documents that refer, reflect or relate to any and all wire transfers made by Penrod Management to any third party regarding the "Nikki Beach" bar in Atlantic City, New Jersey.

27. Produce any and all documents that refer, reflect or relate to any capital contributions, acquisitions, purchases, investments, financing and/or funding received by Nikki Beach Atlantic City, LLC from Penrod Management or any other entity or individual.

28. Produce any and all documents that refer, reflect or relate to Defendants' duties, obligations and/or responsibilities related to negotiating the Agreement at issue.

29. Produce any and all documents that refer, reflect or relate to Defendants' duties, obligations and/or responsibilities related to operating or otherwise managing the "Nikki Beach" bar in Atlantic City, New Jersey.

30. Produce any and all federal and state income tax returns filed by Nikki Beach Atlantic City, LLC from its formation to present.

31. Produce any and all federal and state income tax returns filed by Penrod Management from 2003 to present.

32. Produce any and all documents that refer, reflect or relate to any and all modifications and/or alterations that Defendants made to the Leased Equipment after it was delivered by Plaintiff.

33. Produce any and all documents that refer, reflect or relate to Danielle Houser's employment with any of the Defendants, including, but not limited to, W-2 forms, employment agreements, and payroll checks.

34. Produce any and all documents that refer, reflect or relate to any efforts by Defendants to pay or otherwise resolve the outstanding invoices with Plaintiff.

# EXHIBIT H

*8/6 opp'n due*

STEVE SAVOLA LLC
8770 Sunset Drive, #443
Miami, FL 33173
Telephone: (786) 390-1297
Facsimile: (305) 534-7253
E-mail address: SteveSavola@nikkibeach.com

# FACSIMILE TRANSMISSION COVER SHEET

**DATE:**     July 27, 2007

**TO:**     RYAN P. MULVANEY
MCELROY, DEUTSCH, MULVANEY & CARPENTER

**FAX NO.:**     (973) 622-5314

**FROM:**     Steve Savola, Esq.

**NO. OF PAGES:** _____7_____ including coversheet

**RE:  STEWART'S MOBILE CONCEPTS V. NIKKI**

See attached Motion to Dismiss for Lack of Jurisdiction and/or Motion to Stay Production of Documents.

NOTICE: This e-mail message and any attachment to this e-mail message contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please notify us immediately by return e-mail or by telephone at (786) 390-1297 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the sender

SAVOLA LLC
8770 Sunset Drive, #443
Miami, FL 33173
Telephone: (786) 390-1297
Facsimile: (305) 534-7253
E-mail csavola@aol.com
Attorneys for Defendant
PENROD MANAGEMENT GROUP, INC.

| | |
|---|---|
| STEWART'S MOBILE CONCEPTS, | AMERICAN ARBITRATION ASSOCIATION |
| Plaintiff, | |
| v. | Case No.13-118-02115-06 |
| NIKKI BEACH ATLANTIC CITY, LLC And PENROD MANAGEMENT GROUP, INC. | |
| Defendants. | |

## MOTION TO DISMISS FOR LACK OF JURISDICTION AND/OR MOTION TO STAY PRODUCTION OF DOCUMENTS

### PRELIMINARY STATEMENT

This matter was initiated by a Demand for Arbitration filed on August 4, 2005 by Thomas P. Scrivo, on behalf of the claimant, Stewart's Mobile Concepts against Nikki Atlantic City, LLC. The claimant sought immediate arbitration for Respondent's breach of equipment leasing agreement. The claimant sought relief in the form of immediate repossession of equipment and damages of approximately $200,000 but less than $300,000. The claimant filed a brief in support of an order for immediate return of equipment.

On November 14, 2005, Respondent, who was represented by Holland & Khight and Matthew Sobolewski, filed an Answering Statement and

Counterclaim.   On January 19, 2006, Mr. Sobolewski, submitted a letter to Barbara Guariglia, Case Manager, that Holland and Knight, LLP was no longer counsel of record for Nikki Beach Atlantic City, LLC.

On March 24, 2006, an order of arbitrator provided thirty (30) days for deposits to be submitted in accordance with commercial arbitration rules and mediation procedures, Rule R-52.  On June 20, 2006, an order from the arbitrator terminated the matter for failure to pay deposits.

On September 27, 2006, Case Manager, Joyce A. Rapoza, sent a letter to Michael Register, reasserting a demand for arbitration.  Mr. Register submitted a letter on October 11, 2006, advising that Nikki Beach Atlantic City LLC has ceased all operations and been administratively dissolved.  A copy of the Certificate of Cancellation was dissolved.

On October 25, 2006, Case Manager, Joyce A. Rapoza, sent a letter confirming a telephone call on October 12, 2006 with Ryan Mulvaney of McElroy, Deutsch, Mulvaney & Carpenter, LLP, reviewing matters discussed.  On October 30, 2006, Mr. Register sent a letter to Joyce A. Rapoza reiterating that Nikki Beach Atlantic City had been dissolved.

On July 12, 2007, Joyce A. Rapoza, sent a letter to Mr. Register summarizing a preliminary hearing held on June 21, 2007 with a Report of the Preliminary Hearing and Scheduling Order scheduling Arbitration on September 10, 2007 at 10:00 a.m.  The report also states that "the arbitrator notes that the Demand provided to the Arbitrator names Penrod Management Group, Inc. as the respondent".

### ORAL ARGUMENT

## THE AMERICAN ARBITRATION ASSOCIATION DOES NOT HAVE JURISDICTION OVER PENROD MANAGEMENT GROUP, INC.

Stewart's Mobile Concepts, Limited never submitted a valid Demand for Arbitration to Penrod Management Group, Inc. The Demand for Arbitration filed on August 4, 2005 states that the arbitration agreement is contained in a written contract dated April 18, 2005. The specific agreement is between Nikki Beach Atlantic City, LLC, as Lessee and Stewart's Mobile Concepts, Limited, as Lessor. Penrod Management Group, Inc. is not a party to the subject agreement.

Pursuant to Rule R-7,

> (a) "The arbitrator shall have the power to rule on his or her jurisdiction, including any objections with respect to the existence, scope or validity, of the arbitration agreement."

> (b) The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract.

Penrod Brothers, Inc. is not a party to an arbitration clause or contract.

## CHANGES IN CLAIMS MUST BE MADE MUST BE MADE WITH THE CONSENT OF THE ARBITRATOR

The Claimant, Stewart's Mobile Concepts, Ltd. seeks to change their claim and add Penrod Management Group, Inc. as a party/respondent to the matter. Pursuant to Rule R-6, when a party desires to make any new or different claim it should be in writing and filed with the AAA.

Furthermore,

3

> After the arbitrator is appointed, however, no new or different claim may be submitted, except with the arbitrator's consent.

There is no record of the Arbitrator's consent to adding Penrod Management Group, as an additional respondent in this matter.

## REQUEST FOR TERMINATION PURSUANT TO RULE M-14

The claim as it exists against Penrod Management Group, Inc. should be dismissed for lack of jurisdiction, based on the arguments made above. In the alternative, should the matter not be dismissed, Respondent, Penrod Management Group, Inc. requests that the proceeding be terminated. Rule M-14, states that a mediation may be terminated as follows:

> (b) by a written declaration of the mediator to the effect that further efforts of mediation are no longer worth while; or
>
> (c) by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

Pursuant to Rule M-14 (c), Penrod Management Group, Inc. specifically terminates the mediation proceedings herein. A Declaration of Termination is filed herewith.

## REQUEST TO STAY DISCOVERY

The Report of Preliminary Hearing and Scheduling Order states that the claimant may serve a document demand on or before July 6, 2007. Responsive documents were to be provided before July 27, 2007. Respondent, Penrod Management Group, Inc. respectfully requests the stay of all discovery pending a decision on its Motion to Dismiss, or declaration terminating arbitration proceedings.

## **CONCLUSION**

In Conclusion, for the foregoing reasons, Respondent, Penrod Management Group, Inc. respectfully requests an Order terminating the proceedings herein.

Respectfully submitted,

SAVOLA LLC
Attorneys for Respondent,
PENROD MANAGEMENT GROUP, INC.

Dated: July 27, 2007

By: _____
L. H. Steven Savola

SAVOLA LLC
8770 Sunset Drive, #443
Miami, FL 33173
Telephone: (786) 390-1297
Facsimile: (305) 534-7253
E-mail csavola@aol.com
Attorneys for Defendant
PENROD MANAGEMENT GROUP, INC.

---

STEWART'S MOBILE CONCEPTS,

        Plaintiff,

v.

NIKKI BEACH ATLANTIC CITY, LLC
And PENROD MANAGEMENT GROUP,
INC.

        Defendants.

---

AMERICAN ARBITRATION
ASSOCIATION

Case No.13-118-02115-06

---/

## DECLARATION OF TERMINATION

Respondent, Penrod Management Group, Inc. pursuant to Commercial Arbitration Rules and Mediation Procedures, Rule M-14(c) specifically states that the mediation proceedings are terminated.

        Respectfully submitted,

        SAVOLA LLC
        Attorneys for Respondent,
        PENROD MANAGEMENT GROUP, INC.

Dated: July 27, 2007        By: _____
                  L. H. Steven Savola

# EXHIBIT I



American Arbitration Association
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
*Vice President*
Christopher Fracassa, Yvonne L. Baglini
*Assistant Vice Presidents*

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

# FAX

Date: July 31, 2007

To
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

Fax Number: 973-622-5314

L. H. Steven Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL 33173

Fax Number: 305-534-7253

From: Joyce A. Rapoza

Number of Pages: ( 2 )

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.

MESSAGE:

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS
ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR
OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE
PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY
NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS
FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED
ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Northeast Case Management Center
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

July 31, 2007
VIA FACSIMILE
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

VIA US MAIL
Michael Register Esq.
One Ocean Drive
Miami Beach, FL 33139

VIA FACSIMILE
L. H. Steven Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL 33173

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.

Dear Parties:

This will acknowledge receipt of a Motion to Dismiss dated July 27, 2007, from L. H. Steven Savola, a copy of which we note was sent to Ryan Mulvaney.

We ask the parties to exchange copies of all correspondence.

At this time we request the comments of Ryan Mulvaney with respect to L. H. Steven Savola's letter. Said comments are to be received by the Association on or before August 7, 2007.

Please do not hesitate to contact the undersigned should you have a question.

Sincerely,

Joyce A. Rapoza
Case Manager
401 431 4805
RapozaJ@adr.org

*Supervisor Information: Karen Fontaine, 401 431 4798, fontainek@adr.org*
cc:    Cynthia Rollings, Esq.

# EXHIBIT J

| | |
|---|---|
| STEWART'S MOBILE CONCEPTS, LTD. | :   AMERICAN ARBITRATION ASSOCIATION<br>:   Case No.: 13-118-02115-06 |
|        Claimant, | : |
| v. | : |
| NIKKI BEACH ATLANTIC CITY, LLC and PENROD MANAGEMENT GROUP, INC., | : |
|        Respondents. | : |

**BRIEF OF CLAIMANT, STEWART'S MOBILE CONCEPTS, LTD., IN OPPOSITION TO THE MOTION BY RESPONDENT, PENROD MANAGEMENT GROUP, INC., TO DISMISS FOR LACK OF JURISDICTION AND/OR MOTION TO STAY PRODUCTION OF DOCUMENTS, AND IN SUPPORT OF ITS CROSS-MOTION TO COMPEL THE IMMEDIATE PRODUCTION OF DOCUMENTS PURSUANT TO COMMERCIAL ARBITRATION RULE R-21**

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
Telephone: (973) 622-7711
Facsimile: (973) 622-5314
Attorneys for Claimant,
Stewart's Mobile Concepts, Ltd.

Of Counsel:

    Thomas P. Scrivo

On the Brief:

    Ryan P. Mulvaney

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    ii

PRELIMINARY STATEMENT AND BACKGROUND . . . . . . . . . . . . . . . . . . . .    1

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

    POINT I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

    THE AAA HAS JURISDICTION OVER PENROD MANAGEMENT . . . .    5

    A.    The AAA has Jurisdiction over Penrod
          Management Pursuant to the Properly Filed
          Demand for Arbitration. . . . . . . . . . . . . . . . .    5

    B.    Penrod Management is Subject to the Provisions
          of the Agreement Because it is the Alter-Ego
          of NBAC . . . . . . . . . . . . . . . . . . . . . . . . .    6

    POINT II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9

    PENROD MANAGEMENT'S MOTION SHOULD BE DENIED
    BECAUSE STEWART'S DID NOT "CHANGE CLAIMS" . . . . . . . . .    9

    POINT III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

    PENROD MANAGEMENT'S ATTEMPT TO UNILATERALLY
    TERMINATE OR WITHDRAW FROM ARBITRATION SHOULD
    BE DENIED BECAUSE IT IS PROCEDURALLY DEFECTIVE
    AND INAPPROPRIATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

    POINT IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14

    PENROD MANAGEMENT'S REQUEST FOR A STAY OF
    DISCOVERY SHOULD BE DENIED AND RESPONDENTS
    SHOULD BE COMPELLED TO IMMEDIATELY PRODUCE THE
    INFORMATION REQUESTED BY STEWART'S PURSUANT TO
    COMMERCIAL ARBITRATION RULE R-21 . . . . . . . . . . . . . . . . . .    14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    16

# TABLE OF AUTHORITIES

**CASES**                                                           **PAGE(S)**

Forum Ins. Co. v. Texarkoma Transportation Co.,
    229 A.D. 2d 341, 645 N.Y.S. 2d 786 (N.Y. App. Div. 1996) .....7

Groves v. Land's End Housing Co., Inc.,
    80 N.Y. 2d 978, 607 N.E. 2d 790 (N.Y. 1992) .................7

Juseinoski v. New York Hosp. Medical Center of Queens,
    29 A.D. 3d 636, 815 N.Y.S. 2d 183 (N.Y. App. Div. 2006) ......7

Lally v. Catskill Airways, Inc.,
    198 A.D. 2d 643, 603 N.Y.S. 2d 619 (N.Y. App. Div. 1993) .....8

**RULE(S)**

Commercial Arbitration Rule R-1  ........................... 11

Commercial Arbitration Rule R-4  ........................... 4, 5

Commercial Arbitration Rule R-6  ...........................9, 10

Commercial Arbitration Rule R-21  ....................... 15, 16

Commercial Arbitration Rule R-54  ........................... 2

Commercial Mediation Procedure 1  ........................... 12

Commercial Mediation Procedure 14  ..................... 12, 13

## PRELIMINARY STATEMENT AND BACKGROUND

Claimant, Stewart's Mobile Concepts, Ltd. ("Stewart's"), submits this brief in opposition to the motion by Respondent, Penrod Management Group, Inc. ("Penrod Management"), to dismiss for lack of jurisdiction and/or to stay the production of documents. In addition, Stewart's submits this brief in support of its cross-motion to compel Penrod Management and Respondent Nikki Beach Atlantic City, LLC (collectively, "Respondents") to immediately provide documents in response to Stewart's document demands pursuant to Commercial Arbitration Rule R-21. For the reasons set forth below, Penrod Management's motion should be denied in its entirety, and Respondents should be compelled to provide documents in response to Stewart's document demands.

Pursuant to an Equipment Rental Agreement (the "Agreement"), Stewart's agreed to lease mobile kitchen equipment and trailers (the "Equipment") to Defendant, Nikki Beach Atlantic City, LLC ("NBAC"), for use at a seaside bar and restaurant at the Resorts Casino and Hotel in Atlantic City, New Jersey. (Certification of Ryan P. Mulvaney, Esq. ("Mulvaney Cert."), at Exh. A). NBAC operated under the "Nikki Beach" international trade name, over which Penrod Management exercises dominion and control. By way of background, Penrod Management opens and manages Nikki Beach bars and restaurants all over the world at resorts in Miami Beach and Hollywood, Florida; France;

1

St. Barth, West Indies; Marbella, Spain; Puerto Vallarta and Cancun, Mexico; Sadinia, Italy; Marrakech, Morocco; New York City, New York; and at one time, Atlantic City, New Jersey. The Nikki Beach trade name also maintains a bi-monthly magazine called Nikki Style.

Pursuant to the Agreement, NBAC was obligated to make monthly rental payments and to maintain the Equipment in good condition. (Id.). The Agreement further provided for binding arbitration for all disputes. (Id.).

NBAC, however, failed to make payments under the Agreement, and damaged some of the Equipment. NBAC remains approximately $200,000 in arrears, in addition to the cost of repairing the damage to the Equipment.

Pursuant to the Agreement, Stewart's initially commenced arbitration on or about August 4, 2005. In that action, Stewart's named only Nikki Beach because it was unaware of Penrod Management's relationship and involvement with, and controlling interest in, NBAC and related Nikki Beach entities. After adjourning the scheduled arbitration because NBAC failed to pay the necessary arbitration fees, the AAA suspended and subsequently terminated the arbitration pursuant to Commercial Arbitration Rule R-54. (Mulvaney Cert., at Exh. B). On August 1, 2006, the AAA reimbursed the administrative, case management and neutral compensation fees that Stewart's had paid in

2

anticipation of the scheduled arbitration. (Mulvaney Cert., at Exh. C).

After receiving the AAA's notice of termination and reimbursement of Stewart's fees, counsel for Stewart contacted the AAA to inquire about reinstituting the matter. Counsel for Stewart's was informed that the matter could not simply be reinstituted, but that it could be commenced again by filing and serving arbitration demands. (Mulvaney Cert., at Exh. D). Accordingly, on September 20, 2006, Stewart's filed Demands for Arbitration against Nikki Beach and Penrod Management. (Mulvaney Cert., at Exhs. E, F).

The fact that NBAC admits, and Penrod Management confirms, that NBAC ceased all operations and was administratively dissolved by Penrod Management during the pendency of this action (and other actions pending in the Superior Court of the State of New Jersey) should not go unnoticed. As explained during the June 21, 2007, initial tele-conference with the Arbitrator, Penrod Management is a respondent in this action because, as will be demonstrated at the September 10, 2007, arbitration, it is the alter-ego of NBAC.

The intent behind and timing of Penrod Management's motion is curious — it filed its motion on the very day that Respondents' responses to Stewart's document demands were due. In addition, rather than participate in and defend against the

3

arbitration proceedings commenced by Stewart's, Penrod Management failed to submit an answering statement, refused to appear on the telephonic case management conference, yet now seeks substantive dismissal of the action without providing discovery responses. Penrod Management's motion to dismiss must be denied because it has been properly joined as a respondent in the action pursuant to the Demand for Arbitration, and making a substantive determination on its motion at this time would simply be premature.

4

## LEGAL ARGUMENT

### POINT I

### THE AAA HAS JURISDICTION
### OVER PENROD MANAGEMENT

A.   The AAA has Jurisdiction over Penrod Management Pursuant to the Properly Filed Demand for Arbitration

Rule 4 of the Commercial Arbitration Rules provides:

(a) Arbitration under an arbitration provision in a contract shall be initiated in the following manner:

(i) The initiating party (the "claimant") shall, within the time period, if any, specified in the contract (s), give to the other party (the "respondent") written notice of its intention to arbitrate (the "demand"), which demand shall contain a statement setting forth the nature of the dispute, the names and addresses of all other parties, the amount involved, if any, the remedy sought, and the hearing locale requested.

(ii) The claimant shall file at any office of the AAA two copies of the demand and two copies of the arbitration provisions of the contract, together with the appropriate filing fee as provided in the schedule included with these rules.

Commercial Arbitration Rule R-4. In accordance with Commercial Arbitration Rule R-4, on September 20, 2006, Stewart's filed and served Demands for Arbitration, which put NBAC and Penrod Management on notice of Stewart's intention to arbitrate the disputes related to the Agreement. (Mulvaney Cert., at Exhs. E, F). Simultaneously with the Demands for Arbitration, Stewart's

also filed and served copies of the Agreement, and the necessary filing and case processing fees associated with commencing arbitration. (Id.). Stewart's therefore fully complied with the provisions of Commercial Arbitration Rule R-4 when commencing this action against NBAC and Penrod Management.

Accordingly, the AAA has jurisdiction over Penrod Management on the basis of Stewart's properly filed Demand for Arbitration naming Penrod Managament a direct Respondent.

B.    Penrod Management is Subject to the Provisions of the Agreement Because it is the Alter-Ego of NBAC

Penrod Management argues that the AAA lacks jurisdiction over it because it is not a party to the Agreement and therefore not subject to the arbitration provision contained therein. As explained during the June 21, 2007, initial tele-conference with the Arbitrator, a conference call in which Penrod Management refused to participate, Stewart's intends to demonstrate that Penrod Management is the alter-ego of NBAC. Penrod Management, however, by filing its baseless motion to dismiss and stay discovery on the very date on which Respondents' discovery responses were due, not surprisingly seeks to avoid a determination on its alter-ego status.

Dismissing Penrod Management at this juncture is akin to prematurely granting summary judgment because essentially Penrod Management requests a substantive determination on its liability

without providing discovery. Dismissing Penrod Management now would not only be premature, but also prejudicial to Stewart's, especially when discovery remains outstanding and where additional critical facts are within Penrod Management's knowledge and control. See Groves v. Land's End Housing Co., Inc., 80 N.Y. 2d 978, 980, 607 N.E. 2d 790, 791 (N.Y. 1992) (affirming denial of summary judgment as premature because of existence of outstanding discovery); Juseinoski v. New York Hosp. Medical Center of Queens, 29 A.D. 3d 636, 637-38, 815 N.Y.S. 2d 183, 184-85 (N.Y. App. Div. 2006) (holding summary judgment premature when outstanding discovery exists). Stewart's should be entitled to obtain the documents it requested from Respondents in furtherance of its claims.

   Pursuant to Article 23 of the Agreement, the Agreement shall be construed pursuant to New York law. (Mulvaney Cert., at Exh. A). Under New York law, the corporate veil may be pierced "where there has been, *inter alia*, a failure to adhere to corporate formalities, inadequate capitalization, use of corporate funds for personal purpose, overlap in ownership and directorship, or common use of office space and equipment." Forum Ins. Co. v. Texarkoma Transportation Co., 229 A.D. 2d 341, 342, 645 N.Y.S. 2d 786 (N.Y. App. Div. 1996). Stated otherwise, Stewart's must demonstrate that Penrod Management exercised complete dominion and control over NBAC, that Penrod

Management's dominion and control was used in the commission of wrongful acts such as the failure to pay Stewart's, and that injury to Stewart's resulted.  See Lally v. Catskill Airways, Inc., 198 A.D. 2d 643, 644-45, 603 N.Y.S. 2d 619, 621 (N.Y. App. Div. 1993).

The record in this case, which is in its infancy, discloses that discovery that could lead to evidence relevant to the issue of Penrod Management's liability under the Agreement remains outstanding.   Penrod Management has not yet produced that information.   Independent of Penrod Management, Stewart's is currently able to demonstrate that Penrod Management – not NBAC – wire transferred $97,197.64 to Stewart's in contemplation of the Agreement; that Penrod Management and NBAC (as well as the Nikki Beach trade name) share the same business address; that NBAC corporate officers and directors, such as Michael Register, Esq., also serve as the corporate officers and directors of Penrod Management.   At the very least, those facts support if not fully demonstrate Stewart's claim under the theory of piercing the corporate veil, and demonstrate that dismissing this case now, without additional confirmatory discovery, would be premature.

Instead of producing the requested information, Penrod Management filed its five-page motion to dismiss on the date on which its discovery responses were due, despite being served

with discovery requests on July 6, 2007, pursuant to the governing Scheduling Order. Case-management concerns and procedural logic dictate that Penrod Management's motion should be denied at this time. Penrod Management will suffer no real prejudice if the motion is denied at this time. Penrod Management, who was properly joined in this action by the Demand for Arbitration, must remain in the case as a respondent and should be required to provide discovery, including the production of the documents in response to Stewart's previously served requests. Stewart's, however, will suffer substantial and irreparable prejudice if the AAA were now to finally adjudicate the claims on the merits without affording Stewart's with a full opportunity to obtain discovery to support its meritorious claims.

For these reasons, Penrod Management's motion to dismiss should be denied as premature until all relevant discovery has been completed.

## POINT II

### PENROD MANAGEMENT'S MOTION SHOULD BE DENIED BECAUSE STEWART'S DID NOT "CHANGE CLAIMS"

Penrod Management argues that Stewart's seeks to "change" its claim and add Penrod Management as a respondent in this matter. In support of its argument, Penrod Management directs the AAA's attention to Commercial Arbitration Rule R-6. Penrod

9

Management's reliance on Commercial Arbitration Rule R-6 is, however, misplaced.

Commercial Arbitration Rule 6, which governs "Changes of Claim," provides:

> After filing of a claim, if either party desires to make any new or different claim or counterclaim, it shall be made in writing and filed with the AAA. The party asserting such a claim or counterclaim shall provide a copy to the other party, who shall have 15 days from the date of such transmission within which to file an answering statement with the AAA. After the arbitrator is appointed, however, no new or different claim may be submitted except with the arbitrator's consent.

Commercial Arbitration Rule R-6. Commercial Arbitration Rule 6, which is akin to court rules governing the amendment of pleadings, clearly contemplates situations in which parties seek to amend claims during a pending arbitration. A review of Commercial Arbitration Rule R-6 reveals that amendments to claims may be filed essentially as a matter of right before an arbitrator is appointed; after an arbitrator is appointed, however, amendments may be filed only with permission from the presiding arbitrator.

Here, however, there was no pending arbitration. Indeed, as the AAA and the Arbitrator will recall, the AAA terminated the previously filed arbitration pursuant to Commercial Arbitration Rule R-54 because NBAC failed or otherwise refused

10

to pay fees associated with conducting the arbitration. Pursuant to instructions from the AAA, Stewart's was required to commence arbitration anew by preparing and filing Demands for Arbitration. (Mulvaney Cert., at Exh. D). Because Stewart's obtained information about Penrod Management's substantial involvement with NBAC and the Nikki Beach trade name after the termination of the previous arbitration, Stewart's properly filed and served a Demand for Arbitration against not only NBAC, but also Penrod Management.

Penrod Management's argument must therefore fail because Stewart's did not "change" or otherwise amend a claim during a pending arbitration. Accordingly, Penrod Management's motion to dismiss based on Commercial Arbitration Rule R-6 must be denied.

### POINT III

**PENROD MANAGEMENT'S ATTEMPT TO UNILATERALLY TERMINATE OR WITHDRAW FROM ARBITRATION SHOULD BE DENIED BECAUSE IT IS PROCEDURALLY DEFECTIVE AND INAPPROPRIATE**

Penrod Management seeks to avoid arbitration by attempting to unilaterally terminate the proceedings pursuant to Commercial Mediation Procedure M-14. Penrod Management's reliance on Commercial Mediation Procedure M-14 to withdraw from arbitration is likewise misplaced and procedurally defective because this case is governed by the Commercial Arbitration Rules, not the Commercial Mediation Procedures.

Commercial Mediation Procedure M-14, on which Penrod Management relies, governs _mediation_, not arbitration, before the AAA. Indeed, Commercial Mediation Procedure M-1, governing Agreement of Parties, provides:

> **Whenever**, by stipulation or in their contract, **the parties have provided for mediation** or conciliation of existing or future disputes under the auspices of the American Arbitration Association (AAA) or under these procedures, they shall be deemed to have made these procedures, as amended an in effect as of the date of the submission of the dispute, a part of their agreement.

Commercial Mediation Rule M-1 (emphasis supplied). A review of the Agreement, however, demonstrates that disputes must be resolved by _arbitration_ rather than mediation. Pursuant to the express and unambiguous terms of the arbitration provision set forth in the Agreement:

> In the event that any dispute between the parties to this Agreement cannot be settled, **the matter shall be submitted to binding arbitration**. **The arbitration** shall be conducted in accordance with the rules of the American Arbitration Association, with **the prevailing party to be awarded all costs of arbitration** and reasonable attorneys['] fees. **The arbitration** shall be held in Suffolk County, New York. Any judgment upon an award may be entered in the State(s) and Count(ies) where the lessor and lessee do business.

(Mulvaney Cert., at Exh. A) (emphasis supplied). Accordingly, the Commercial _Arbitration_ Rules apply to this case, not the Commercial _Mediation_ Procedures. _See_ Commercial Arbitration

Rule R-1 (providing that Commercial Arbitration Rules apply when parties specify arbitration in agreement to resolve disputes).

Furthermore, Commercial Mediation Procedure M-14 provides that "**mediation** shall be terminated:

> (a) by the execution of a settlement agreement by the parties;
>
> (b) by a written declaration of the mediator to the effect that further efforts at mediation are no longer worthwhile; or
>
> (c) by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

Commercial Mediation Procedure M-14 (emphasis supplied). Again, pursuant to the Agreement, Stewart's commenced arbitration, not mediation. In addition, when preparing its Demands for Arbitration, Stewart's did not "check the box" inquiring whether mediation should be arranged by the AAA. (Mulvaney Cert., at Exhs. E, F). This case was therefore submitted directly to arbitration rather than referred to mediation.

Moreover, even if Commercial Mediation Procedure M-14 applied, which it does not, the parties have not settled the dispute as contemplated by sub-section (a). In addition, the arbitrator has not provided a written declaration under sub-section (b). Finally, sub-section (c) does not permit a respondent, such as Penrod Management, to write to the AAA and terminate arbitration simply because the respondent does not

feel like participating in the arbitration proceedings. Indeed, the Demand for Arbitration is not an invitation to which Penrod Management can "respectfully decline" to respond and attend, as it now attempts to do. If that were the case, then not only would every respondent decline to participate in arbitration, but the AAA and its purposes to privately, promptly, and economically resolve disputes would be vitiated and rendered meaningless.

Penrod Management's reliance on the Commercial Mediation Rules to withdraw from arbitration is procedurally defective. Accordingly, Penrod Management's motion to dismiss based on Commercial Mediation Rule M-14 must be denied.

### POINT IV

**PENROD MANAGEMENT'S REQUEST FOR A STAY OF DISCOVERY SHOULD BE DENIED AND RESPONDENTS SHOULD BE COMPELLED TO IMMEDIATELY PRODUCE THE INFORMATION REQUESTED BY STEWART'S PURSUANT TO COMMERCIAL ARBITRATION RULE R-21**

Pursuant to the Scheduling Order entered in this case, Stewart's prepared and served document demands on July 6, 2007. (Mulvaney Cert., at ¶¶ 9, 10, Exh. G). Respondents' responses to those document demands were due on July 27, 2007. (Id. at ¶ 11). Rather than serve discovery responses, Penrod Management waited until July 27, 2007, the date on which its discovery responses were due, to file and serve its mere five-page motion. Conceivably, those papers could have been filed and served at

some point before the deadline, especially because Stewart's served its discovery requests some three weeks earlier.

Penrod Management fails to demonstrate any reason for its delay in responding to Stewart's document demands. Penrod Management also fails to identify a justifiable basis for the requested stay on producing documents in response to Stewart's document demands, other than waiting for a determination on its baseless and procedurally defective motion. Penrod Management's obvious delay tactics – waiting until approximately 4:00 P.M. on the day on which its discovery responses were due to serve its motion – should not be tolerated.

Respondents have now been afforded an additional week within which to collect and provide copies of responsive documents, but have not done so. (Id. at ¶ 12). Commercial Arbitration Rule R-21 provides guidance with respect to a party's dilatory tactics regarding providing responses to discovery requests. See Commercial Arbitration Rule R-21(c) (providing that "arbitrator is authorized to resolve any disputes concerning the exchange of information.") Commercial Arbitration Rule R-21 provides, in pertinent part:

> (a)  At the request of any party or at the discretion of the arbitrator, consistent with the expedited nature of arbitration, the arbitrator may direct
>
>     (i) the production of documents and other information[.]

15

Commercial Arbitration Rule R-21(a)(i). Accordingly, Stewart's respectfully requests that the Arbitrator exercise her authority pursuant to Commercial Arbitration Rule 21 to compel Respondents to immediately provide responses to Stewart's document demands.

## CONCLUSION

Based on the foregoing, it is respectfully submitted that the motion by Respondent, Penrod Management Group, Inc., to dismiss for lack of jurisdiction and/or stay discovery be denied. In addition, it is respectfully requested that the cross-motion by Claimant, Stewart's Mobile Concepts, Ltd., to compel Respondents to immediately produce and provide copies of documents in response to document demands pursuant to Commercial Arbitration Rule R-21 be granted.

Respectfully submitted,

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Attorneys for Claimant,
Stewart's Mobile Concepts, Ltd.

Dated: August 6, 2007    By:    _____
Ryan P. Mulvaney

16

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
Telephone: (973) 622-7711
Facsimile: (973) 622-5314
Attorneys for Claimant,
Stewart's Mobile Concepts, Ltd.

|  |  |
|---|---|
| STEWART'S MOBILE CONCEPTS, LTD. | AMERICAN ARBITRATION ASSOCIATION Case No.: 13-118-02115-06 |
| Claimant, | |
| v. | CERTIFICATION OF COUNSEL IN OPPOSITION TO MOTION BY RESPONDENT, PENROD MANAGEMENT GROUP, INC., TO DISMISS FOR LACK OF JURISDICTION AND/OR STAY DISCOVERY, AND IN SUPPORT OF CROSS-MOTION BY CLAIMANT, STEWART'S MOBILE CONCEPTS, LTD. TO COMPEL IMMEDIATE RESPONSES TO DISCOVERY PURSUANT TO COMMERCIAL ARBITRATION RULE R-21 |
| NIKKI BEACH ATLANTIC CITY, LLC and PENROD MANAGEMENT GROUP, INC., | |
| Respondents. | |

I, RYAN P. MULVANEY, hereby certify as follows:

1.    I am an attorney at law of the State of New Jersey and am an associate of the law firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP.    I am one of the attorneys responsible for handling this matter on behalf of Claimant, Stewart's Mobile Concepts, Ltd. ("Stewart's").    As such, I have personal knowledge of the facts set forth herein.

2.    I make this certification in opposition to the motion by Respondent, Penrod Management Group, Inc. ("Penrod Management"), to dismiss for lack of jurisdiction and/or stay

discovery.    I  also  make  this  certification  in  support  of Stewart's  cross-motion  to  compel  immediate  responses  to discovery pursuant to Commercial Arbitration Rule R-21.

3.    Attached hereto as Exhibit "A" is a true and accurate copy of the Equipment Rental Agreement at issue.

4.    Attached hereto as Exhibit "B" is a true and accurate copy of a June 21, 2006, letter and Order from the AAA advising the  parties  that  the  arbitrator  terminated  the  previous arbitration because Respondent Nikki Beach Atlantic City, LLC ("NBAC") failed to pay arbitration fees.

5.    Attached hereto as Exhibit "C" is a true and accurate copy of an August 1, 2006, letter from the AAA attaching an itemization  of  administrative,  case  management  and  neutral compensation fees to be reimbursed to Stewart's.

6.    Attached hereto as Exhibit "D" are true and accurate copies of Telephone Records for File illustrating and confirming my August 21, 2006, and August 23, 2006, telephone conversations with Barbara P. Guariglia, the Case Manager for the previous arbitration.   The  Telephone  Records  for  File  were  prepared contemporaneously  with  my  telephone  conversations  with  Ms. Guariglia.

7.    Attached hereto as Exhibit "E" is a true and accurate copy of the Demand for Arbitration filed and served by me on NBAC.

8.   Attached hereto as Exhibit "F" is a true and accurate copy of the Demand for Arbitration filed and served by me on Penrod Management.

9.   Pursuant to the Scheduling Order governing this case, on July 6, 2007, I served Stewart's First Request for the Production of Documents on NBAC and Penrod Management.

10.  Attached hereto as Exhibit "G" are true and accurate copies of my July 6, 2007, cover letter and document demands to NBAC and Penrod Management.

11.  Pursuant to the Scheduling Order governing this case, Respondents' responses to Stewart's document demands were due on July 27, 2007.

12.  To date, Respondents have not provided responses to Stewart's document demands.

I hereby certify that the foregoing statements made by me are true.   I am aware that if any of the statements made by me are willfully false, I am subject to punishment.


Dated: August 6, 2007        By: _____
                                 Ryan P. Mulvaney

3

Exhibit A

07/13/2005  00:03  631-351-1587                                    PAGE  00
Apr 18 05 02:03p    Penrods                    305-534-7253        p.1

## Stewart's Mobile Concepts, Ltd.
# EQUIPMENT RENTAL AGREEMENT

### LESSEE

FULL LEGAL NAME OF LESSEE:    Nikki Beach Atlantic City, LLC


BILLING ADDRESS:              1 Ocean Drive
                             Miami Beach, FL 33139


EQUIPMENT DELIVERY LOCATION: Resorts International Hotel & Casino
                            1133 Boardwalk
                            Atlantic City, NJ 08401

PHONE: (305) 538-1111                    FAX: (305) 534-8937


### LESSOR

STEWART'S MOBILE CONCEPTS, Ltd.
845 East Jericho Turnpike
Huntington Station, NY  11746
Phone: (631) 351-6030   Fax: (631) 351-1587


In Consideration of the covenants and conditions contained herein, Stewart's Mobile Concepts, Ltd. ("Lessor") and Nikki Beach Atlantic City, LLC ("Lessee") agree as follows:

1.    Leased Equipment: Lessor agrees to lease and Lessee agrees to accept the following leased equipment; hereafter collectively referred to as the "Leased Equipment" or the "Equipment".

| QUANTITY | EQUIPMENT DESCRIPTION |
|---|---|
| 1 | 48 FT. Kentucky Model Mobile Kitchen |
| 1 | 48 FT. K-283 Model Mobile Kitchen |
| 1 | 20' x 24' Compact Kitchen |
| 1 | 40 FT. Dishwashing Trailer |
| 1 | 8' x 20' Combination Walk-in Cooler/Freezer |
| 1 | 8' x 20' Walk-in Cooler |
| 1 | 36' x 10' Office/Greenroom Trailer |
| 2 | Ramp & Staircase Systems for (2) kitchen trailers (Not ADA Compliant) |

2.    Term:  5 month minimum, commencing upon delivery of the 48 FT. Kentucky Model Mobile Kitchen on or about May 2, 2005, the 48 FT. K-283 Model Mobile Kitchen on or

Page 1 of 5

about May 6, 2005, the 20' x 24' Compact Kitchen on or about May 2, 2005, the 40 FT. Dishwashing Trailer, 36' x 10' Office/Greenroom Trailer, 8' x 20' Combination Walk-in Cooler/Freezer, and 8' x 20' Walk-in Cooler on or about April 28, 2005 to the Location indicated above. The lease will expire September 30, 2005.

3.    **Rent:** Rent shall be **$45,345.00** per month for 5 months (plus applicable state and local taxes). The total estimated amount of rent to be charged for the use of the Leased Equipment based on the term specified in paragraph 2 shall be **$226,725.00** (plus applicable state and local taxes).

4.    **Security/Cleaning Deposit:** Upon the signing of this Agreement, Lessee shall pay to Lessor a Security/Cleaning Deposit of **$30,000.00**. Lessor shall retain the Security/Cleaning Deposit as security for the performance by Lessee of all obligations imposed by this Agreement. Lessor may, at its option, apply all or any portion of the Security Deposit with respect to any violation of this Agreement by Lessee, including cleaning and repair of equipment upon its return or pick up by Lessor. Any portion of the Security Deposit that has not been appropriated by the Lessor in accordance with the provisions of this Agreement must be returned to Lessee within thirty (30) days after the expiration of the term of this Agreement.

5.    **Payments:**

A. Upon signing of this agreement, Lessee shall make the following payments:

| | | |
|---|---|---|
| 1. | Security/Cleaning Deposit | $30,000.00 |
| 2. | First Month's Rent for: | |
| | 48 FT. Kentucky Model Mobile Kitchen | |
| | 48 FT. K-283 Model Mobile Kitchen | |
| | 20' x 24' Compact Kitchen | |
| | 40 FT. Dishwashing Trailer | |
| | 36' x 10' Office/Greenroom Trailer | |
| | (2) OSHA Approved Aluminum Steps | $42,345.00 (plus any applicable sales tax) |
| 3. | First and Last Month's Rent for: | |
| | 8' x 20' Combination Walk-in Cooler/Freezer | |
| | 8' x 20' Walk-in Cooler | $6,000.00 (plus any applicable sales tax) |
| 4. | Additional Charges: | |
| | a.  Round Trip Delivery/Return | $11,084.00 (plus any applicable sales tax) |
| | b.  Technical Support | $2,500.00 (plus any applicable sales tax) |
| | c.  (6) Anchor Installation for 36'x10' | $510.00 (plus any applicable sales tax) |
| | d.  (6) Anchor Removal for 36'x10' | $210.00 (plus any applicable sales tax) |
| | e.  Ins. Liability waiver for 36'x10' | $15.00 (plus any applicable sales tax) |
| | f.  Ins. Property waiver for 36'x10' | $40.00 (plus any applicable sales tax) |
| | g.  Block, Level, and Knockdown | |
| | for the 36' x 10' Office/Green Room | $690.00 (plus any applicable sales tax) |

B.  **Monthly Payments:** All monthly rental payments shall be made in advance of that month's rental usage, on the twenty-fifth (25th) day of each month. If a payment is made anytime after invoice due date, in addition to the monthly rent a late fee of four percent (4%) shall be imposed.

6.    **Cancellation:** In the Event Lessee decides not to accept delivery of the Leased Equipment and notifies Lessor in writing, then Lessee shall receive a refund of its security deposit less any expenses incurred by Lessor. In addition Lessor shall be entitled to retain 2 month's rent as liquidated damages.

7.    **Lessee's Option to Extend:** Lessee shall be entitled to extend the term of this lease pursuant to paragraph 2, for a period of up to 18 months, upon the following terms:

A. Lessee must notify Lessor in writing no later than 60 days prior to the expiration prior to the term of the lease. The monthly rental shall be $46,345.00 per month in the event that Lessee renews for a period of 3 months or less. The monthly rent shall be $45,345.00 per month in the event that Lessee renews for a period of more than 3 months.

8.  **Use/Maintenance:** During the term of this Agreement, lessee agrees to use the Leased Equipment for the ordinary and usual purpose for which it was designed, comply with and conform to all national, state, municipal laws and regulations, pay for permits, taxes, fees, fuel and utilities related to the operation of the Leased Equipment, keep the Leased Equipment in good condition, repair and working order, and not remove the Leased Equipment from the location delivered to by Lessor, without prior written consent of Lessor. Lessor agrees to reasonably make changes or modifications to only the mobile kitchens, compact kitchen, and dishwashing trailer collectively, not to exceed (four thousand) $4,000.00 in order to meet Atlantic City Board of Health requirements. Lessee agrees to pay for any changes or modifications in excess of (four thousand $4,000.00). Lessor agrees to perform the changes or modifications within a reasonable amount of time upon receipt of written notice from Lessee.

9.  **Return of Leased Equipment:** At the expiration of the term of this Agreement, the Lessee must allow Lessor to pick-up the Leased Equipment at the place of original delivery. Lessee must surrender the Leased Equipment in the same condition as received, clean, ordinary wear and tear alone excepted. In the event the equipment is not returned clean, Lessor may, at its option, apply all or any portion of the Security/Cleaning Deposit with respect to cleaning and repair of equipment.

10.  **Indemnity:** Lessee agrees to indemnify and hold harmless of, from and against any and all loss, claims, damages, attorneys fees, expenses and liabilities arising out of the use of the Leased Equipment by Lessee or any agents, employees, invitees or any other individual or entity authorized by Lessee to use the Leased Equipment, not caused by the negligence of Lessor.

11.  **Insurance:** Before taking possession of the Leased Equipment, Lessee must procure and pay for (a) insurance against loss, theft or damage to the Leased Equipment, for its full replacement value, and (b) public liability and property damage insurance. Public liability and property damage insurance shall be in the minimum amount of $1,000,000. Lessee shall be responsible for the payment of any deductibles and expenses associated with the insurance policies and coverage. All insurance shall be in a form and amount and with companies satisfactory to Lessor and shall contain an endorsement requiring 10 days notice to Lessor prior to cancellation. Lessee shall deliver the polices or copies of the polices or certificates of insurance to Lessor within 30 days of the delivery of the Equipment.

12.  **Loss or Damage:** Lessee assumes and shall bear the entire risk of loss, theft, fire, destruction, or damage of or any part of Leased Equipment from any cause whatsoever excluding lessor negligence, normal wear and tear excluded, whether or not covered by insurance, and no such loss shall release Lessee of its obligations under this Agreement.

13.  **Force Majeure:** If Lessor's ability to perform its obligations hereunder is limited, or prevented in whole or in part by any reason what so ever not within the control of Lessor including, without limitation, Acts of God, war invasion, acts of foreign enemy, hostilities (whether war be declared or not), strikes, and/or industrial dispute, delay on part of its suppliers, transportation delays, or by any law, regulation, order or other action by any public authority, shall be excused, discharged and released from performance to the extent such performance is so limited, delayed or prevented.

14.  **Prohibition on Transfer of Lessee's Interest:** Lessee shall not permit any lien to attach to the Leased Equipment, nor sublease, rent, assign, grant a security interest or otherwise transfer Lessee's interest in the Leased Equipment or this Agreement without the prior, express written consent of the Lessor.

15. **Title/Personal Property:** The Leased Equipment is, and shall remain at all times, the property of Lessor, and Lessee shall have no right, title or interest in the Leased Equipment except as expressly set forth in this Agreement. All additions or improvements to the Leased Equipment of any kind or nature must have the written approval of Lessor before being made by Lessee and shall become component parts of the Leased Equipment and title shall immediately vest in Lessor and be governed by the terms of this Agreement.

16. **Condition of Leased Equipment:** Lessor does not warrant the fitness, merchantability, design, condition, capacity, suitability or performance of the Leased Equipment. Lessor rents the Leased Equipment to Lessee "as is" with all faults. Lessor represents that the equipment will be delivered in working order and will make any necessary repairs within a reasonable period of time, excluding "Miscellaneous Items", during the term of the lease, provided same are not caused by the negligence of the lessee. In the event that repairs are deemed to be needed during the term of the lease, Lessee must immediately notify Lessor for the consent of any repairs (via phone, fax or in writing) and Lessor shall make all the necessary arrangements for the repair of the Leased Equipment. Lessee shall not make any arrangements for any repairs or alterations to the leased equipment without the prior consent of Lessor. Lessor may elect to make necessary repairs caused by the negligence of the lessee at lessee's expense. Lessor will not pay for the repair of "Miscellaneous Items". "Miscellaneous Items" include: leaking faucets, clogged drain lines, clogged waste pipes, clogged burners, light bulbs, and hvac filters. Lessor represents that the "Miscellaneous Items" will be in proper working order upon delivery. Lessor shall not be liable for any loss or damage. Lessee does hereby expressly waive any and all claims and demands for loss, loss of profits or other alleged consequential damages against Lessor and Lessee does further agree to save and hold harmless Lessor against any and all such claims and demands.

17. **Default:** Lessee shall be in default under this Agreement if Lessee:

(a) Fails to make any payments under this Agreement within ten (10) days after the payment becomes due and payable, and written notice has also been given to Lessee.

(b) Fails to perform or observe any of the material terms and conditions of this Agreement.

(c) Becomes insolvent (however defined), ceases business, makes an assignment for the benefit of creditors or causes or suffers a petition for receiver or in bankruptcy to be filed by or against Lessee.

(d) Commits or fails to commit any act that results in jeopardizing the material rights of Lessor or causes Lessor to reasonably deem itself insecure in its rights.

18. **Remedies:** If Lessee is in default under this Agreement, Lessor shall have the right to exercise the following remedies provided however, that lessee shall be given ten (10) days notice by certified mail return receipt requested to cure the default:

(a) Elect that the rental payments due be accelerated and the entire amount of rent become immediately due.

(b) Terminate this Agreement.

(c) Go on Lessee's property and retake the Leased Equipment without notice or legal process. Lessee waives all claims for damages and losses caused by the retaking by Lessor. Lessee agrees to pay all costs and expenses incurred by Lessor in retaking the Leased Equipment.

19. **Business Purpose:** Lessee applies to Lessor for rent of the Leased Equipment for commercial purposes and agrees that this Agreement is not to be construed as a consumer contract.

20. **Filing:** Lessee, upon request, agrees to execute any instrument necessary to the filing and recording of this agreement.

21. **Entire Agreement:** This Agreement contains the entire agreement between the parties relating to the Lessee's rental of the Leased Equipment. Any changes to the terms of this Agreement shall be in writing and signed by the Lessee and Lessor.

22. **Arbitration:** In the event that any dispute between the parties to this Agreement cannot be settled, the matter shall be submitted to binding arbitration. The arbitration shall be conducted in accordance with the rules of the American Arbitration Association, with the prevailing party to be awarded all costs of arbitration and reasonable attorneys fees. The arbitration shall be held in Suffolk County, New York. Any judgment upon an award may be entered in the State(s) and Count(ies) where the lessor and lessee do business.

23. **Jurisdiction/Venue:** This Agreement shall be construed in accordance with New York law.

24. **Notices:** Notices under this Lease shall be in writing and shall be sent to each party at its address or fax number set forth above or, in the event of a change in any address or fax number, then to such other address or fax number as to which notice of the change is given. Notices to Lessor shall be sent to the attention of Keith Futerman or to such other person as to whom notice is given. Notices to Lessee shall be sent to the attention of Michael Register or to such other person as to whom notice is given. Notice shall be deemed given on receipt.

25. **Miscellaneous:** Any failure of Lessor to require strict performance of the terms of this Agreement or any waiver by Lessor of any provision of this Agreement shall not be construed as a consent or waiver of any other breach of the same or any other provision. If any portion of this Agreement is deemed invalid, it shall not affect the rest of this Agreement. Lessee certifies that all credit information given to Lessor is true and correct and authorizes Lessor to investigate the credit worthiness of Lessee.

26. **Binding Effect:** This Agreement shall be binding upon Lessor only after an officer or authorized representative of Lessor signs it. A facsimile signature shall be as binding as an original signature.

In witness whereof, each party has caused this Agreement to be executed on the date indicated below:

LESSEE:
Nikki Beach Atlantic City, LLC

By: _Michael Register_
Its: _General Counsel_

Date: _4/18/05_

LESSOR:
Stewart's Mobile Concepts, Ltd.

By: _Ruth Pitts_
Its: _Director of Sales_

Date: _4/18/05_

Page 5 of 5

Exhibit B

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President

Christopher Fracassa, Yvonne Nelson
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

June 21, 2006

VIA FACSIMILE

Thomas P.Scrivo
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075

VIA US MAIL & CERTIFIED        7005 2570 0001 3623 4586

Michael Register Esq.
One Ocean Drive
Miami Beach, FL 33139

Re: 13 118 01742 05
    Stewart's Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC


Dear Parties:

Please see the enclosed Order of the Arbitrator.

Should you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

Barbara P. Guariglia
Case Manager
401 431 4719
GuarigliaB@adr.org

*Supervisor Information: Karen Fontaine, 401 431 4798, fontainek@adr.org*

Encl.

cc:    Cynthia Rollings, Esq.

American Arbitration Association

13 118 01742 05

Stewart's Mobile Concepts, Ltd.
and
Nikki Beach Atlantic City, LLC

### Termination Order of Arbitrator

I, the undersigned arbitrator, designated in accordance with the parties arbitration agreement dated April 18, 2005 hereby order as follows:

In accordance with the Commercial Arbitration Rules and Mediation Procedures, amended and effective July 1, 2003, a signed Order was issued March 24, 2006 advising the parties that this matter was suspended for non-payment of deposits.

On March 24, 2006, the parties were given 30 days to comply with the deposit requirements. Inasmuch as deposits were not received by said date, pursuant to Rule R-54, this matter is hereby terminated.

I, Cynthia Rollings, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Order.

_____          6/28/06
Cynthia Rollings                  Date

Exhibit C



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President

Christopher Fracassa, Yvonne Nelson
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

# FAX

Date: August1, 2006

To:

Thomas P. Scrivo, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075

Fax Number: 973-425-0161

From: Barbara P. Guariglia

Number of Pages: _____ (including cover)

Re: 13 118 01742 05
Stewart's Mobile Concepts, Ltd.
and
Nikki Beach Atlantic City, LLC

MESSAGE:

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Northeast Case Management Center
Catherine Shanks
Vice President
Christopher Freeman, Yvonne Nelson
Assistant Vice Presidents

August 1, 2006

VIA FACSIMILE

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
Internet: http://www.adr.org/

Thomas P. Scrivo
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075

VIA US MAIL & CERTIFIED                    7006 0810 0000 0973 3505

Michael Register Esq.
One Ocean Drive
Miami Beach, FL 33139

Re: 13 118 01742 05
    Stewart's Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC

Dear Parties:

We are this date closing our files.

Please find enclosed a financial breakdown containing the AAA administrative fee and neutral compensation information. Information on any adjustments to same caused by subsequent payments will be provided by the Association.

Enclosed is a copy of your invoice showing a balance due or a refund. Refunds will follow under separate cover. Payment is due upon receipt.

You may also view case financial information, as well as make payments with a credit card online via AAA's WebFile.

We appreciate the opportunity to assist the parties in the resolution of this matter.

Sincerely,

Barbara P. Guariglia
Case Manager
401 431 4719
GuarigliaB@adr.org

*Supervisor Information: Karen Fontaine, 401 431 4798, fontainek@adr.org*

Encl.

cc:     Cynthia Rollings, Esq.

American Arbitration Association
*Dispute Resolution Services Worldwide*

850 Warren Avenue
East Providence, RI 02914

| STMT DATE | AMOUNT DUE |
|---|---|
| 08/01/2006 | 0.00 |

CASE#
13-110-01742-05 01 BAGU-R

Payment Due Upon Receipt

## INVOICE/STATEMENT

Bradley J. Florenzo, Esq
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown NJ 07962-2075

Representing Stewart's Mobile Concepts, Ltd.
Re: Nikki Beach Atlantic City, LLC

---

Please Detach and Return with Payment to the Above Address        Please Indicate Case No. on check

American Arbitration Association
*Dispute Resolution Services Worldwide*

850 Warren Avenue
East Providence, RI 02914

NAME    Bradley J. Florenzo, Esq
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown NJ 07962-2075

Representing Stewart's Mobile Concepts, Ltd.
Re: Nikki Beach Atlantic City, LLC

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|---|---|---|---|---|---|
| 08/01/2006 | 13-110-01742-05 01 BAGU-R | 0.00 | 9762.50- | 9762.50 | 0.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|---|---|---|---|---|---|
| 08/09/2005 | 9117076 | Initial Administrative Fee | 2750.00 | | |
| 08/09/2005 | 726299 | Payment rec'd from : MCELROY, DSUTSCH, MULVANEY & CARPENTER. | | 2750.00 - | |
| 11/08/2005 | 9161026 | Case Service Fee | 1250.00 | | |
| 07/28/2006 | | Cancelation : End of Case Adjustment | | | |
| 12/23/2005 | 732493 | Payment recv'd from : MCELROY, DEUTSCH, MULVANEY & CARPENTER. | | 1250.00 - | |
| 07/28/2006 | | Refund : Refund of unused deposits. | 1250.00 | | |
| 11/08/2005 | 9161020 | Your Share of the Neutral Compensation Deposit covering 2 days of Hearing | 1500.00 | | |
| 07/28/2006 | | Cancelation : End of Case Adjustment | | | |
| 12/23/2005 | 732493 | Payment recv'd from : MCELROY, DEUTSCH, MULVANEY & CARPENTER. | | 1500.00 - | |
| 07/28/2006 | | Refund : Refund of unused deposits. | 1500.00 | 1500.00 - | |
| 11/08/2005 | 9161051 | Your Share of the Neutral Compensation Deposit covering 8 hours of Study | 600.00 | | |
| 07/28/2006 | | Cancelation : End of Case Adjustment | | | |
| 12/23/2005 | 732493 | Payment recv'd from : MCELROY, DEUTSCH, MULVANEY & CARPENTER. | | 412.50 - | |
| 07/28/2006 | | Refund : Refund of unused deposits. | 412.50 | 600.00 - | |

Remarks:   For any inquiry please call: 401-431-4710
This is a final closing statement showing all amounts due by you on this case. Please pay the
total balance due as shown in this statement.

**TOTAL BALANCE DUE**   .00
Please indicate Case No. on check

| INVOICE SUMMARY: | NET BILLED | NET PAID | NET DUE | |
|---|---|---|---|---|
| INITIAL/COUNTER-CLAIM FEES | 2750.00 | 2750.00 | 0.00 | |
| HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 0.00 | 0.00 | 0.00 | |
| REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 | |
| NEUTRAL COMPENSATION/EXPENSES | 187.50 | 187.50 | 0.00 | EIN: 13-0429745 |

MOELROY DEUTSCH MULVANEY + RYK                              @004/004

**American Arbitration Association**                          #2
*Dispute Resolution Services Worldwide*        950 Warren Avenue
                                              East Providence, RI 02914

| STMT DATE | AMOUNT DUE |
|---|---|
| 08/01/2006 | 0.00 |

### INVOICE/STATEMENT

CASE#
13-116-01742-06 01 BAGU-R

*Payment Due Upon Receipt*

Bradley J. Fiorenza, Esq
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown NJ 07962-2075

Representing Stewart's Mobile Concepts, Ltd.
Re: Nassi Beach Atlantic City, LLC

- - - - Please Detach and Return with Payment to the Above Address     Please Indicate Case No. on check - - - -

**American Arbitration Association**
*Dispute Resolution Services Worldwide*        950 Warren Avenue
                                              East Providence, RI 02914

NAME    Bradley J. Fiorenza, Esq
        McElroy, Deutsch, Mulvaney & Carpenter, LLP
        1300 Mount Kemble Avenue
        P.O. Box 2075
        Morristown NJ 07962-2075

Representing Stewart's Mobile Concepts, Ltd.
Re: Nassi Beach Atlantic City, LLC

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|---|---|---|---|---|---|
| 08/01/2006 | 13-116-01742-06 01 BAGU-R | 0.00 | 9762.50- | 9762.50 | 0.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|---|---|---|---|---|---|
| 11/08/2006 | 0161033 | Rental Fee for AAA Hearing Room | | | |
| 07/28/2006 | | Cancellation : End of Case Adjustment | 250.00 | | |
| 12/23/2005 | 732493 | Payment recvd from : MCELROY, DEUTSCH, MULVANEY & CARPENTER | | 250.00- | |
| 07/28/2006 | | Refund : Refund of unused deposits. | 250.00 | 250.00- | |

**Remarks:**  For any inquiry please call: 401-431-4719
This is a final closing statement showing all amounts due by you on this case. Please pay the
total balance due as shown in this statement

| TOTAL BALANCE DUE | .00 |
|---|---|

Please Indicate Case No. on check

| INVOICE SUMMARY: | NET BILLED | NET PAID | NET DUE |
|---|---|---|---|
| INITIAL/COUNTER-CLAIM FEES | | | 0.00 |
| HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 2750.00 | 2750.00 | 0.00 |
| REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 |
| NEUTRAL COMPENSATION/EXPENSES | 0.00 | 0.00 | 0.00 |
| | 187.50 | 187.50 | 0.00   EIN: 13-0429745 |

Exhibit D

## TELEPHONE RECORD FOR FILE

Date: _4:30_

Time: _8/21_

Client: _____ Case: _Stewarts Mobile_

Call (from) (to): _B. Guariglia_ Tel. No.: _(401) 431-4719_

- Nikki failed to pay AAA

- will get back to me re: how much to reopen

## TELEPHONE RECORD FOR FILE

Date: _____ 8/23_____

Time: _____ 11:45_____

Client: Edwards Mobile    Case: _____

Call (from) (to): B. Garnaglia    Tel. No.: _____

- Can't re-open b/c terminated
  ↳ must re-file

- refunded $ AAA
  (~ $3,412.50 ↳ on 8/1/06

- can request Barbara when we file
  ↳ no time restrictions on re-filing

Exhibit E

# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

RYAN P. MULVANEY
Direct dial: (973) 565-2010
rmulvaney@mdmc-law.com

September 20, 2006

**VIA FEDERAL EXPRESS**

American Arbitration Association
Case Management Center
950 Warren Avenue
East Providence, Rhode Island 02914

     Re:    Stewart's Mobile Concepts, Ltd. v. Nikki Beach Atlantic City, LLC and
            Penrod Management Group, Inc.
            MDMC No.: S0784-1001

Dear Sir/Madam:

    This firm represents Plaintiff, Stewart's Mobile Concepts, Ltd., in the matter referenced above. Enclosed please find two copies of Plaintiff's Demand for Arbitration and the contract containing the arbitration clause. In addition, enclosed is a check in the amount of $2,750, which represents the appropriate filing fee.

    We are re-filing this matter because it was dismissed recently for Nikki Beach's failure to appear. In that regard, we request that Ms. Barbara P. Guariglia be reappointed as Case Manager for this matter because of her familiarity with the issues previously presented.

    If you should have any questions, we shall make ourselves available at your convenience. Thank you.

            Very truly yours,

            McElroy, Deutsch, Mulvaney & Carpenter, LLP

            RYAN P. MULVANEY

Enclosures
cc:    Michael Register, Nikki Beach Atlantic City, LLC (w/encls.)
       Michael Register, Penrod Management Group, Inc. (w/encls.)

NEW YORK, NEW YORK    DENVER, COLORADO    RIDGEWOOD, NEW JERSEY    MORRISTOWN, NEW JERSEY    PHILADELPHIA, PENNSYLVANIA

American Arbitration Association
*Dispute Resolution Services Worldwide*

## COMMERCIAL ARBITRATION RULES
### DEMAND FOR ARBITRATION

**MEDIATION:** *If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box.* ☐
*There is no additional administrative fee for this service.*

| Name of Respondent<br>Nikki Beach Atlantic City, LLC | Name of Representative (if known)<br>Michael Register, Esq. |
|---|---|
| Address<br>One Ocean Drive | Name of Firm (if applicable)<br>One Ocean Drive |
| | Representative's Address |

| City<br>Miami Beach | State<br>Fla | Zip Code<br>33139 | City<br>Miami Beach | State<br>Fla | Zip Code<br>33139 |
|---|---|---|---|---|---|
| Phone No. | | Fax No. | Phone No. | | Fax No. |
| Email Address: | | | Email Address: | | |

The named claimant, a party to an arbitration agreement dated __April 18, 2005__, which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

THE NATURE OF THE DISPUTE
Claimant re-files this matter and seeks arbitration for Respondent's breach of equipment leasing agrement. REsponent breached by, among other things, damaging the equipment and failing to pay.

| Dollar Amount of Claim $ Approximately<br>$200,000, but less than $300,000. | Other Relief Sought: ☒ Attorneys Fees ☒ Interest<br>☒ Arbitration Costs ☐ Punitive/ Exemplary ☒ Other Return of Equi |
|---|---|

AMOUNT OF FILING FEE ENCLOSED WITH THIS DEMAND (please refer to the fee schedule in the rules for the appropriate fee) $ 2,750.

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
Experince with Commercial Lease Agreement and transactions.

Hearing locale __New York__    (check one) ☐ Requested by Claimant ☒ Locale provision included in the contract

| Estimated time needed for hearings overall:<br>_____ hours or ___2___ days | Type of Business: Claimant    Equipment Leasing<br>Respondent    Bar/Restaurant |
|---|---|

Is this a dispute between a business and a consumer? ☐ Yes ☒ No  Does this dispute arise out of an employment relationship? ☐ Yes ☒ No

If this dispute arises out of an employment relationship, what was/is the employee's annual wage range? Note: This question is required by California law. ☐ Less than $100,000 ☐ $100,000 - $250,000 ☐ Over $250,000

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association's Case Management Center, located in (check one) ☐ Atlanta, GA ☐ Dallas, TX ☒ East Providence, RI ☐ Fresno, CA ☐ International Centre, NY, with a request that it commence administration of the arbitration. Under the rules, you may file an answering statement within fifteen days after notice from the AAA.

| Signature (may be signed by a representative)    Date: | Name of Representative<br>Thomas P. Scrivo, Esq. |
|---|---|
| Name of Claimant<br>Stewarts Mobile Concepts | Name of Firm (if applicable)<br>McElroy, Deutsch, Mulvaney & Carpenter, LLC |
| Address (to be used in connection with this case)<br>845 Jericho Turnpike | Representative's Address<br>Three Gateway Center, 100 Mulberry Street |

| City<br>Huntington Station | State<br>NY | Zip Code<br>11746 | City<br>Newark | State<br>NJ | Zip Code<br>07102 |
|---|---|---|---|---|---|
| Phone No.<br>(631) 351-6030 | | Fax No.<br>(631) 351-1587 | Phone No.<br>(973) 622-7711 | | Fax No.<br>(973) 622-5314 |
| Email Address: | | | Email Address: Tscrivo@MDMC-law.com;<br>Rmulvaney@MDMC-law.com | | |

To begin proceedings, please send two copies of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to the AAA. Send the original Demand to the Respondent.

Please visit our website at www.adr.org if you would like to file this case online. AAA Customer Service can be reached at 800-778-7879

# Stewart's Mobile Concepts, Ltd.
## EQUIPMENT RENTAL AGREEMENT

### LESSEE

FULL LEGAL NAME OF LESSEE:   Nikki Beach Atlantic City, LLC

BILLING ADDRESS:             1 Ocean Drive
                             Miami Beach, FL 33139

EQUIPMENT DELIVERY LOCATION: Resorts International Hotel & Casino
                             1133 Boardwalk
                             Atlantic City, NJ 08401

PHONE: (305) 538-1111                    FAX: (305) 534-8937

### LESSOR

STEWART'S MOBILE CONCEPTS, Ltd.
845 East Jericho Turnpike
Huntington Station, NY 11746
Phone: (631) 351-6030   Fax: (631) 351-1587

In Consideration of the covenants and conditions contained herein, Stewart's Mobile Concepts, Ltd. ("Lessor") and Nikki Beach Atlantic City, LLC ("Lessee") agree as follows:

1.      Leased Equipment: Lessor agrees to lease and Lessee agrees to accept the following leased equipment; hereafter collectively referred to as the "Leased Equipment" or the "Equipment".

| QUANTITY | EQUIPMENT DESCRIPTION |
|---|---|
| 1 | 48 FT. Kentucky Model Mobile Kitchen |
| 1 | 48 FT. K-283 Model Mobile Kitchen |
| 1 | 20' x 24' Compact Kitchen |
| 1 | 40 FT. Dishwashing Trailer |
| 1 | 8' x 20' Combination Walk-In Cooler/Freezer |
| 1 | 8' x 20' Walk-In Cooler |
| 1 | 36' x 10' Office/Greenroom Trailer |
| 2 | Ramp & Staircase Systems for (2) kitchen trailers (Not ADA Compliant) |

2.      Term: 5 month minimum, commencing upon delivery of the 48 FT. Kentucky Model Mobile Kitchen on or about May 2, 2005, the 48 FT. K-283 Model Mobile Kitchen on or

Page 1 of 5

about May 6, 2005, the 20' x 24' Compact Kitchen on or about May 2, 2005, the 40 FT. Dishwashing Trailer, 36' x 10' Office/Greenroom Trailer, 8' x 20' Combination Walk-in Cooler/Freezer, and 8' x 20' Walk-in Cooler on or about April 28, 2005 to the Location indicated above. The lease will expire September 30, 2005.

3.    **Rent:** Rent shall be $45,345.00 per month for 5 months (plus applicable state and local taxes). The total estimated amount of rent to be charged for the use of the Leased Equipment based on the term specified in paragraph 2 shall be $226,725.00 (plus applicable and local taxes).

4.    **Security/Cleaning Deposit:** Upon the signing of this Agreement, Lessee shall pay to Lessor a Security/Cleaning Deposit of $30,000.00. Lessor shall retain the Security/Cleaning Deposit as security for the performance by Lessee of all obligations imposed by this Agreement. Lessor may, at its option, apply all or any portion of the Security Deposit with respect to any violation of this Agreement by Lessee, including cleaning and repair of equipment upon its return or pick up by Lessor. Any portion of the Security Deposit that has not been appropriated by the Lessor in accordance with the provisions of this Agreement must be returned to Lessee within thirty (30) days after the expiration of the term of this Agreement.

5.    **Payments:**
A. Upon signing of this agreement, Lessee shall make the following payments:
   1.    Security/Cleaning Deposit                                $30,000.00
   2.    First Month's Rent for:
         48 FT. Kentucky Model Mobile Kitchen
         48 FT. K-283 Model Mobile Kitchen
         20' x 24' Compact Kitchen
         40 FT. Dishwashing Trailer
         36' x 10' Office/Greenroom Trailer
         (2) OSHA Approved Aluminum Steps        $42,345.00 (plus any applicable sales tax)
   3.    First and Last Month's Rent for:
         8' x 20' Combination Walk-in Cooler/Freezer
         8' x 20' Walk-in Cooler                  $6,000.00 (plus any applicable sales tax)
   4.    Additional Charges:
         a.    Round Trip Delivery/Return         $11,084.00 (plus any applicable sales tax)
         b.    Technical Support                   $2,500.00 (plus any applicable sales tax)
         c.    (6) Anchor Installation for 36'x10'  $510.00 (plus any applicable sales tax)
         d.    (6) Anchor Removal for 36'x10'       $210.00 (plus any applicable sales tax)
         e.    Ins. Liability waiver for 36'x10'     $15.00 (plus any applicable sales tax)
         f.    Ins. Property waiver for 36'x10'      $40.00 (plus any applicable sales tax)
         g.    Block, Level, and Knockdown
               for the 36' x 10' Office/Green Room  $690.00 (plus any applicable sales tax)

B.    **Monthly Payments:** All monthly rental payments shall be made in advance of that month's rental usage, on the twenty-fifth (25th) day of each month. If a payment is made anytime after invoice due date, in addition to the monthly rent a late fee of four percent (4%) shall be imposed.

6.    **Cancellation:** In the Event Lessee decides not to accept delivery of the Leased Equipment and notifies Lessor in writing, then Lessee shall receive a refund of its security deposit less any expenses incurred by Lessor. In addition Lessor shall be entitled to retain 2 month's rent as liquidated damages.

7.    **Lessee's Option to Extend:** Lessee shall be entitled to extend the term of this lease pursuant to paragraph 2, for a period of up to 18 months, upon the following terms:

Page 2 of 5

A. Lessee must notify Lessor in writing no later than 60 days prior to the expiration prior to the term of the lease. The monthly rental shall be $46,345.00 per month in the event that Lessee renews for a period of 3 months or less. The monthly rent shall be $45,345.00 per month in the event that Lessee renews for a period of more than 3 months.

8. **Use/Maintenance:** During the term of this Agreement, Lessee agrees to use the Leased Equipment for the ordinary and usual purpose for which it was designed, comply with and conform to all national, state, municipal laws and regulations, pay for permits, taxes, fees, fuel and utilities related to the operation of the Leased Equipment, keep the Leased Equipment in good condition, repair and working order, and not remove the Leased Equipment from the location delivered to by Lessor, without prior written consent of Lessor. Lessor agrees to reasonably make changes or modifications to only the mobile kitchens, compact kitchen, and dishwashing trailer collectively, not to exceed (four thousand) $4,000.00 in order to meet Atlantic City Board of Health requirements. Lessee agrees to pay for any changes or modifications in excess of (four thousand $4,000.00). Lessor agrees to perform the changes or modifications within a reasonable amount of time upon receipt of written notice from Lessee.

9. **Return of Leased Equipment:** At the expiration of the term of this Agreement, the Lessee must allow Lessor to pick-up the Leased Equipment at the place of original delivery. Lessee must surrender the Leased Equipment in the same condition as received, clean, ordinary wear and tear alone excepted. In the event the equipment is not returned clean, Lessor may, at its option, apply all or any portion of the Security/Cleaning Deposit with respect to cleaning and repair of equipment.

10. **Indemnity:** Lessee agrees to indemnify and hold harmless of, from and against any and all loss, claims, damages, attorneys fees, expenses and liabilities arising out of the use of the Leased Equipment by Lessee or any agents, employees, invitees or any other individual or entity authorized by Lessee to use the Leased Equipment, not caused by the negligence of Lessor.

11. **Insurance:** Before taking possession of the Leased Equipment, Lessee must procure and pay for (a) insurance against loss, theft or damage to the Leased Equipment, for its full replacement value, and (b) public liability and property damage insurance. Public liability and property damage insurance shall be in the minimum amount of $1,000,000. Lessee shall be responsible for the payment of any deductibles and expenses associated with the insurance policies and coverage. All insurance shall be in a form and amount and with companies satisfactory to Lessor and shall contain an endorsement requiring 10 days notice to Lessor prior to cancellation. Lessee shall deliver the polices or copies of the polices or certificates of insurance to Lessor within 30 days of the delivery of the Equipment.

12. **Loss or Damage:** Lessee assumes and shall bear the entire risk of loss, theft, fire, destruction, or damage of or any part of Leased Equipment from any cause whatsoever excluding lessor negligence, normal wear and tear excluded, whether or not covered by insurance, and no such loss shall release Lessee of its obligations under this Agreement.

13. **Force Majeure:** If Lessor's ability to perform its obligations hereunder is limited, or prevented in whole or in part by any reason what so ever not within the control of Lessor including, without limitation, Acts of God, war invasion, acts of foreign enemy hostilities (whether war be declared or not), strikes, and/or industrial dispute, delay on part of its suppliers, transportation delays, or by any law, regulation, order or other action by any public authority, shall be excused, discharged and released from performance to the extent such performance is so limited, delayed or prevented.

14. **Prohibition on Transfer of Lessee's Interest:** Lessee shall not permit any lien to attach to the Leased Equipment, nor sublease, rent, assign, grant a security interest or otherwise transfer Lessee's interest in the Leased Equipment or this Agreement without the prior, express written consent of the Lessor.

Page 3 of 5

15.   **Title/Personal Property:**  The Leased Equipment is, and shall remain at all times, the property of Lessor, and Lessee shall have no right, title or interest in the Leased Equipment except as expressly set forth in this Agreement.  All additions or improvements to the Leased Equipment of any kind or nature must have the written approval of Lessor before being made by Lessee and shall become component parts of the Leased Equipment and title shall immediately vest in Lessor and be governed by the terms of this Agreement.

16.   **Condition of Leased Equipment:** Lessor does not warrant the fitness, merchantability, design, condition, capacity, suitability or performance of the Leased Equipment. Lessor rents the Leased Equipment to Lessee "as is" with all faults.  Lessor represents that the equipment will be delivered in working order and will make any necessary repairs within a reasonable period of time, excluding "Miscellaneous Items", during the term of the lease, provided same are not caused by the negligence of the lessee. In the event that repairs are deemed to be needed during the term of the lease, Lessee must immediately notify Lessor for the consent of any repairs (via phone, fax or in writing) and Lessor shall make all the necessary arrangements for the repair of the Leased Equipment. Lessee shall not make any arrangements for any repairs or alterations to the leased equipment without the prior consent of Lessor. Lessor may elect to make necessary repairs caused by the negligence of the lessee at lessee's expense. Lessor will not pay for the repair of "Miscellaneous Items". "Miscellaneous Items" include: leaking faucets, clogged drain lines, clogged waste pipes, clogged burners, light bulbs, and hvac filters. Lessor represents that the "Miscellaneous Items" will be in proper working order upon delivery. Lessor shall not be liable for any loss or damage. Lessee does hereby expressly waive any and all claims and demands for loss, loss of profits or other alleged consequential damages against Lessor and Lessee does further agree to save and hold harmless Lessor against any and all such claims and demands.

17.   **Default:**  Lessee shall be in default under this Agreement if Lessee:

   (a)   Fails to make any payments under this Agreement within ten (10) days after the payment becomes due and payable, and written notice has also been given to Lessee.

   (b)   Fails to perform or observe any of the material terms and conditions of this Agreement.

   (c)   Becomes insolvent (however defined), ceases business, makes an assignment for the benefit of creditors or causes or suffers a petition for receiver or in bankruptcy to be filed by or against Lessee.

   (d)   Commits or fails to commit any act that results in jeopardizing the material rights of Lessor or causes Lessor to reasonably deem itself insecure in its rights.

18.   **Remedies:**  If Lessee is in default under this Agreement, Lessor shall have the right to exercise the following remedies provided however, that lessee shall be given ten (10) days notice by certified mail return receipt requested to cure the default:

   (a)   Elect that the rental payments due be accelerated and the entire amount of rent become immediately due.

   (b)   Terminate this Agreement.

   (c)   Go on Lessee's property and retake the Leased Equipment without notice or legal process.  Lessee waives all claims for damages and losses caused by the retaking by Lessor.  Lessee agrees to pay all costs and expenses incurred by Lessor in retaking the Leased Equipment.

Page 4 of 5

19.    **Business Purpose:** Lessee applies to Lessor for rent of the Leased Equipment for commercial purposes and agrees that this Agreement is not to be construed as a consumer contract.

20.    **Filing:** Lessee, upon request, agrees to execute any instrument necessary to the filing and recording of this agreement.

21.    **Entire Agreement:** This Agreement contains the entire agreement between the parties relating to the Lessee's rental of the Leased Equipment. Any changes to the terms of this Agreement shall be in writing and signed by the Lessee and Lessor.

22.    **Arbitration:** In the event that any dispute between the parties to this Agreement cannot be settled, the matter shall be submitted to binding arbitration. The arbitration shall be conducted in accordance with the rules of the American Arbitration Association, with the prevailing party to be awarded all costs of arbitration and reasonable attorneys fees. The arbitration shall be held in Suffolk County, New York. Any judgment upon an award may be entered in the State(s) and Count(ies) where the lessor and lessee do business.

23.    **Jurisdiction/Venue:** This Agreement shall be construed in accordance with New York law.

24.    **Notices:** Notices under this Lease shall be in writing and shall be sent to each party at its address or fax number set forth above or, in the event of a change in any address or fax number, then to such other address or fax number as to which notice of the change is given. Notices to Lessor shall be sent to the attention of Keith Futerman or to such other person as to whom notice is given. Notices to Lessee shall be sent to the attention of Michael Register or to such other person as to whom notice is given. Notice shall be deemed given on receipt.

25.    **Miscellaneous:** Any failure of Lessor to require strict performance of the terms of this Agreement or any waiver by Lessor of any provision of this Agreement shall not be construed as a consent or waiver of any other breach of the same or any other provision. If any portion of this Agreement is deemed invalid, it shall not affect the rest of this Agreement. Lessee certifies that all credit information given to Lessor is true and correct and authorizes Lessor to investigate the credit worthiness of Lessee.

26.    **Binding Effect:** This Agreement shall be binding upon Lessor only after an officer or authorized representative of Lessor signs it. A facsimile signature shall be as binding as an original signature.

In witness whereof, each party has caused this Agreement to be executed on the date indicated below:

LESSEE:

Nikki Beach Atlantic City, LLC          Date: 4/18/05

By: _Michael Register_

Its: _General Counsel_

LESSOR:

Stewart's Mobile Concepts, Ltd.          Date: 4/18/05

By: _Ruth Fote_

Its: _Director of Sales_

Page 5 of 5

Exhibit F

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
### ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

RYAN P. MULVANEY
Direct dial: (973) 565-2010
rmulvaney@mdmc-law.com

September 20, 2006

**VIA FEDERAL EXPRESS**

American Arbitration Association
Case Management Center
950 Warren Avenue
East Providence, Rhode Island 02914

Re:   Stewart's Mobile Concepts, Ltd. v. Nikki Beach Atlantic City, LLC and
      Penrod Management Group, Inc.
      MDMC No.: S0784-1001

Dear Sir/Madam:

This firm represents Plaintiff, Stewart's Mobile Concepts, Ltd., in the matter referenced above. Enclosed please find two copies of Plaintiff's Demand for Arbitration and the contract containing the arbitration clause. In addition, enclosed is a check in the amount of $2,750, which represents the appropriate filing fee.

We are re-filing this matter because it was dismissed recently for Nikki Beach's failure to appear. In that regard, we request that Ms. Barbara P. Guariglia be reappointed as Case Manager for this matter because of her familiarity with the issues previously presented.

If you should have any questions, we shall make ourselves available at your convenience. Thank you.

Very truly yours,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

RYAN P. MULVANEY

Enclosures
cc:   Michael Register, Nikki Beach Atlantic City, LLC (w/encls.)
      Michael Register, Penrod Management Group, Inc. (w/encls.)

NEW YORK, NEW YORK     DENVER, COLORADO     RIDGEWOOD, NEW JERSEY     MORRISTOWN, NEW JERSEY     PHILADELPHIA, PENNSYLVANIA

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

## COMMERCIAL ARBITRATION RULES
### DEMAND FOR ARBITRATION

*MEDIATION: If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box. ☐ There is no additional administrative fee for this service.*

| | |
|---|---|
| **Name of Respondent** Penrod Management Group, Inc. | **Name of Representative (if known)** Michael Register, Esq. |
| **Address** One Ocean Drive | **Name of Firm (if applicable)** COne Ocean Drive |
| | **Representative's Address** |

| **City** Miami Beach | **State** Fla | **Zip Code** 33139 | **City** Miami Beach | **State** Fla | **Zip Code** 33139 |
|---|---|---|---|---|---|
| **Phone No.** | | **Fax No.** | **Phone No.** | | **Fax No.** |

| **Email Address:** | **Email Address:** |
|---|---|

The named claimant, a party to an arbitration agreement dated ___April 18, 2005___, which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

**THE NATURE OF THE DISPUTE**
Claimant re-files this matter and seeks arbitration for Respondent's breach of equipment leasing agrement. REsponent breached by, among other things, damaging the equipment and failing to pay.

| **Dollar Amount of Claim $** Approximately $200,000, but less than $300,000. | **Other Relief Sought:** ☒ Attorneys Fees  ☒ Interest  ☒ Arbitration Costs  ☐ Punitive/ Exemplary  ☒ Other Return of Equip. |
|---|---|

AMOUNT OF FILING FEE ENCLOSED WITH THIS DEMAND (please refer to the fee schedule in the rules for the appropriate fee) $ 2,750.

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
Experince with Commercial Lease Agreement and transactions.

| Hearing locale New York | (check one) ☐ Requested by Claimant  ☒ Locale provision included in the contract |
|---|---|

| Estimated time needed for hearings overall: _____ hours or __2__ days | **Type of Business:** Claimant   Equipment Leasing  Respondent   Management & Support of Nikki Beach |
|---|---|

Is this a dispute between a business and a consumer? ☐ Yes ☒ No  Does this dispute arise out of an employment relationship? ☐ Yes ☒ No
If this dispute arises out of an employment relationship, what was/is the employee's annual wage range? Note: This question is required by California law. ☐ Less than $100,000 ☐ $100,000 - $250,000 ☐ Over $250,000

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association's Case Management Center, located in (check one) ☐ Atlanta, GA  ☐ Dallas, TX  ☒ East Providence, RI  ☐ Fresno, CA  ☐ International Centre, NY, with a request that it commence administration of the arbitration. Under the rules, you may file an answering statement within fifteen days after notice from the AAA.

| **Signature** (may be signed by a representative)  Date: | **Name of Representative** Thomas P. Scrivo, Esq. |
|---|---|
| **Name of Claimant** Stewarts Mobile Concepts | **Name of Firm (if applicable)** McElroy, Deutsch, Mulvaney & Carpenter, LLC |
| **Address** (to be used in connection with this case) 845 Jericho Turnpike | **Representative's Address** Three Gateway Center, 100 Mulberry Street |

| **City** Huntington Station | **State** NY | **Zip Code** 11746 | **City** Newark | **State** NJ | **Zip Code** 07102 |
|---|---|---|---|---|---|
| **Phone No.** (631) 351-6030 | | **Fax No.** (631) 351-1587 | **Phone No.** (973) 622-7711 | | **Fax No.** (973) 622-5314 |

| **Email Address:** | **Email Address:** Tscrivo@MDMC-law.com; Rmulvaney@MDMC-law.com |
|---|---|

To begin proceedings, please send two copies of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to the AAA. Send the original Demand to the Respondent.
Please visit our website at www.adr.org if you would like to file this case online. AAA Customer Service can be reached at 800-778-7879

07/13/2005 06:82 631 351 1587  
Case 1:07-cv-10649-DPE  Document 6-5  Filed 12/11/2007  Page 55 of 77 PAGE 08  
Apr 18 05 02:03p  Pl ods  305  34-7253  p. 1

# Stewart's Mobile Concepts, Ltd.
## EQUIPMENT RENTAL AGREEMENT

### LESSEE

FULL LEGAL NAME OF LESSEE:  Nikki Beach Atlantic City, LLC

BILLING ADDRESS:  1 Ocean Drive
Miami Beach, FL 33139

EQUIPMENT DELIVERY LOCATION: Resorts International Hotel & Casino
1133 Boardwalk
Atlantic City, NJ 08401

PHONE: (305) 538-1111  FAX: (305) 534-8937

### LESSOR

STEWART'S MOBILE CONCEPTS, Ltd.
845 East Jericho Turnpike
Huntington Station, NY 11746
Phone: (631) 351-6030  Fax: (631) 351-1587

In consideration of the covenants and conditions contained herein, Stewart's Mobile Concepts, Ltd. ("Lessor") and Nikki Beach Atlantic City, LLC ("Lessee") agree as follows:

1.  **Leased Equipment:** Lessor agrees to lease and Lessee agrees to accept the following leased equipment; hereafter collectively referred to as the "Leased Equipment" or the "Equipment".

| QUANTITY | EQUIPMENT DESCRIPTION |
|---|---|
| 1 | 48 FT. Kentucky Model Mobile Kitchen |
| 1 | 48 FT. K-283 Model Mobile Kitchen |
| 1 | 20' x 24' Compact Kitchen |
| 1 | 40 FT. Dishwashing Trailer |
| 1 | 8' x 20' Combination Walk-in Cooler/Freezer |
| 1 | 8' x 20' Walk-in Cooler |
| 1 | 36' x 10' Office/Greenroom Trailer |
| 2 | Ramp & Staircase Systems for (2) kitchen trailers (Not ADA Compliant) |

2.  **Term:** 5 month minimum, commencing upon delivery of the 48 FT. Kentucky Model Mobile Kitchen on or about May 2, 2005, the 48 FT. K-283 Model Mobile Kitchen on or

Page 1 of 5

about May 6, 2005, the 20' x 24' Compact Kitchen on or about May 2, 2005, the 40 FT. Dishwashing Trailer, 36' x 10' Office/Greenroom Trailer, 8' x 20' Combination Walk-in Cooler/Freezer, and 8' x 20' Walk-in Cooler on or about April 28, 2005 to the Location indicated above. The lease will expire September 30, 2005.

3.      Rent: Rent shall be $45,345.00 per month for 5 months (plus applicable state and local taxes). The total estimated amount of rent to be charged for the use of the Leased Equipment based on the term specified in paragraph 2 shall be $226,725.00 (plus applicable state and local taxes).

4.      Security/Cleaning Deposit: Upon the signing of this Agreement, Lessee shall pay to Lessor a Security/Cleaning Deposit of $30,000.00. Lessor shall retain the Security/Cleaning Deposit as security for the performance by Lessee of all obligations imposed by this Agreement. Lessor may, at its option, apply all or any portion of the Security Deposit with respect to any violation of this Agreement by Lessee, including cleaning and repair of equipment upon its return or pick up by Lessor. Any portion of the Security Deposit that has not been appropriated by the Lessor in accordance with the provisions of this Agreement must be returned to Lessee within thirty (30) days after the expiration of the term of this Agreement.

5.      Payments:
A. Upon signing of this agreement, Lessee shall make the following payments:

| | | |
|---|---|---|
| 1. | Security/Cleaning Deposit | $30,000.00 |
| 2. | First Month's Rent for: | |
| | 48 FT. Kentucky Model Mobile Kitchen | |
| | 48 FT. K-283 Model Mobile Kitchen | |
| | 20' x 24' Compact Kitchen | |
| | 40 FT. Dishwashing Trailer | |
| | 36' x 10' Office/Greenroom Trailer | |
| | (2) OSHA Approved Aluminum Steps | $42,345.00 (plus any applicable sales tax) |
| 3. | First and Last Month's Rent for: | |
| | 8' x 20' Combination Walk-in Cooler/Freezer | |
| | 8' x 20' Walk-in Cooler | $6,000.00 (plus any applicable sales tax) |
| 4. | Additional Charges: | |
| | a. Round Trip Delivery/Return | $11,084.00 (plus any applicable sales tax) |
| | b. Technical Support | $2,500.00 (plus any applicable sales tax) |
| | c. (6) Anchor Installation for 36'x10' | $510.00 (plus any applicable sales tax) |
| | d. (6) Anchor Removal for 36'x10' | $210.00 (plus any applicable sales tax) |
| | e. Ins. Liability waiver for 36'x10' | $15.00 (plus any applicable sales tax) |
| | f. Ins. Property waiver for 36'x10' | $40.00 (plus any applicable sales tax) |
| | g. Block, Level, and Knockdown for the 36' x 10' Office/Green Room | $690.00 (plus any applicable sales tax) |

B.  Monthly Payments: All monthly rental payments shall be made in advance of that month's rental usage, on the twenty-fifth (25th) day of each month. If a payment is made anytime after invoice due date, in addition to the monthly rent a late fee of four percent (4%) shall be imposed.

6.      Cancellation: In the Event Lessee decides not to accept delivery of the Leased Equipment and notifies Lessor in writing, then Lessee shall receive a refund of its security deposit less any expenses incurred by Lessor. In addition Lessor shall be entitled to retain 2 month's rent as liquidated damages.

7.      Lessee's Option to Extend: Lessee shall be entitled to extend the term of this lease pursuant to paragraph 2, for a period of up to 18 months, upon the following terms:

Page 2 of 5

A. Lessee must notify Lessor in writing no later than 60 days prior to the expiration prior to the term of the lease. The monthly rental shall be $46,345.00 per month in the event that Lessee renews for a period of 3 months or less. The monthly rent shall be $45,345.00 per month in the event that Lessee renews for a period of more than 3 months.

8.    **Use/Maintenance:** During the term of this Agreement, Lessee agrees to use the Leased Equipment for the ordinary and usual purpose for which it was designed, comply with and conform to all national, state, municipal laws and regulations, pay for permits, taxes, fees, fuel and utilities related to the operation of the Leased Equipment, keep the Leased Equipment in good condition, repair and working order, and not remove the Leased Equipment from the location delivered to by Lessor, without prior written consent of Lessor. Lessor agrees to reasonably make changes or modifications to only the mobile kitchens, compact kitchen, and dishwashing trailer collectively, not to exceed (four thousand) $4,000.00 in order to meet Atlantic City Board of Health requirements. Lessee agrees to pay for any changes or modifications in excess of (four thousand $4,000.00). Lessor agrees to perform the changes or modifications within a reasonable amount of time upon receipt of written notice from Lessee.

9.    **Return of Leased Equipment:** At the expiration of the term of this Agreement, the Lessee must allow Lessor to pick-up the Leased Equipment at the place of original delivery. Lessee must surrender the Leased Equipment in the same condition as received, clean, ordinary wear and tear alone excepted. In the event the equipment is not returned clean, Lessor may, at its option, apply all or any portion of the Security/Cleaning Deposit with respect to cleaning and repair of equipment.

10.   **Indemnity:** Lessee agrees to indemnify and hold harmless of, from and against any and all loss, claims, damages, attorneys fees, expenses and liabilities arising out of the use of the Leased Equipment by Lessee or any agents, employees, invitees or any other individual or entity authorized by Lessee to use the Leased Equipment, not caused by the negligence of Lessor.

11.   **Insurance:** Before taking possession of the Leased Equipment, Lessee must procure and pay for (a) insurance against loss, theft or damage to the Leased Equipment, for its full replacement value, and (b) public liability and property damage insurance. Public liability and property damage insurance shall be in the minimum amount of $1,000,000. Lessee shall be responsible for the payment of any deductibles and expenses associated with the insurance policies and coverage. All insurance shall be in a form and amount and with companies satisfactory to Lessor and shall contain an endorsement requiring 10 days notice to Lessor prior to cancellation. Lessee shall deliver the polices or copies of the polices or certificates of insurance to Lessor within 30 days of the delivery of the Equipment.

12.   **Loss or Damage:** Lessee assumes and shall bear the entire risk of loss, theft, fire, destruction, or damage of or any part of Leased Equipment from any cause whatsoever excluding lessor negligence, normal wear and tear excluded, whether or not covered by insurance, and no such loss shall release Lessee of its obligations under this Agreement.

13.   **Force Majeure:** If Lessor's ability to perform its obligations hereunder is limited, or prevented in whole or in part by any reason what so ever not within the control of Lessor including, without limitation, Acts of God, war invasion, acts of foreign enemy, hostilities (whether war be declared or not), strikes, and/or industrial dispute, delay on part of its suppliers, transportation delays, or by any law, regulation, order or other action by any public authority, shall be excused, discharged and released from performance to the extent such performance is so limited, delayed or prevented.

14.   **Prohibition on Transfer of Lessee's Interest:** Lessee shall not permit any lien to attach to the Leased Equipment, nor sublease, rent, assign, grant a security interest or otherwise transfer Lessee's interest in the Leased Equipment or this Agreement without the prior, express written consent of the Lessor.

Page 3 of 5

15. **Title/Personal Property:** The Leased Equipment is, and shall remain at all times, the property of Lessor, and Lessee shall have no right, title or interest in the Leased Equipment except as expressly set forth in this Agreement. All additions or improvements to the Leased Equipment of any kind or nature must have the written approval of Lessor before being made by Lessee and shall become component parts of the Leased Equipment and title shall immediately vest in Lessor and be governed by the terms of this Agreement.

16. **Condition of Leased Equipment:** Lessor does not warrant the fitness, merchantability, design, condition, capacity, suitability or performance of the Leased Equipment. Lessor rents the Leased Equipment to Lessee "as is" with all faults. Lessor represents that the equipment will be delivered in working order and will make any necessary repairs within a reasonable period of time, excluding "Miscellaneous Items", during the term of the lease, provided same are not caused by the negligence of the lessee. In the event that repairs are deemed to be needed during the term of the lease, Lessee must immediately notify Lessor for the consent of any repairs (via phone, fax or in writing) and Lessor shall make all the necessary arrangements for the repair of the Leased Equipment. Lessee shall not make any arrangements for any repairs or alterations to the leased equipment without the prior consent of Lessor. Lessor may elect to make necessary repairs caused by the negligence of the lessee at lessee's expense. Lessor will not pay for the repair of "Miscellaneous Items". "Miscellaneous Items" include: leaking faucets, clogged drain lines, clogged waste pipes, clogged burners, light bulbs, and hvac filters. Lessor represents that the "Miscellaneous Items" will be in proper working order upon delivery. Lessor shall not be liable for any loss or damage. Lessee does hereby expressly waive any and all claims and demands for loss, loss of profits or other alleged consequential damages against Lessor and Lessee does further agree to save and hold harmless Lessor against any and all such claims and demands.

17. **Default:** Lessee shall be in default under this Agreement if Lessee:

    (a)   Fails to make any payments under this Agreement within ten (10) days after the payment becomes due and payable, and written notice has also been given to Lessee.

    (b)   Fails to perform or observe any of the material terms and conditions of this Agreement.

    (c)   Becomes insolvent (however defined), ceases business, makes an assignment for the benefit of creditors or causes or suffers a petition for receiver or in bankruptcy to be filed by or against Lessee.

    (d)   Commits or fails to commit any act that results in jeopardizing the material rights of Lessor or causes Lessor to reasonably deem itself insecure in its rights.

18. **Remedies:** If Lessee is in default under this Agreement. Lessor shall have the right to exercise the following remedies provided however, that lessee shall be given ten (10) days notice by certified mail return receipt requested to cure the default:

    (a)   Elect that the rental payments due be accelerated and the entire amount of rent become immediately due.

    (b)   Terminate this Agreement.

    (c)   Go on Lessee's property and retake the Leased Equipment without notice or legal process. Lessee waives all claims for damages and losses caused by the retaking by Lessor. Lessee agrees to pay all costs and expenses incurred by Lessor in retaking the Leased Equipment.

Page 4 of 5

19. **Business Purpose:** Lessee applies to Lessor for rent of the Leased Equipment for commercial purposes and agrees that this Agreement is not to be construed as a consumer contract.

20. **Filing:** Lessee, upon request, agrees to execute any instrument necessary to the filing and recording of this agreement.

21. **Entire Agreement:** This Agreement contains the entire agreement between the parties relating to the Lessee's rental of the Leased Equipment. Any changes to the terms of this Agreement shall be in writing and signed by the Lessee and Lessor.

22. **Arbitration:** In the event that any dispute between the parties to this Agreement cannot be settled, the matter shall be submitted to binding arbitration. The arbitration shall be conducted in accordance with the rules of the American Arbitration Association, with the prevailing party to be awarded all costs of arbitration and reasonable attorneys fees. The arbitration shall be held in Suffolk County, New York. Any judgment upon an award may be entered in the State(s) and County(ies) where the lessor and lessee do business.

23. **Jurisdiction/Venue:** This Agreement shall be construed in accordance with New York law.

24. **Notices:** Notices under this Lease shall be in writing and shall be sent to each party at its address or fax number set forth above or, in the event of a change in any address or fax number, then to such other address or fax number as to which notice of the change is given. Notices to Lessor shall be sent to the attention of Keith Futerman or to such other person as to whom notice is given. Notices to Lessee shall be sent to the attention of Michael Register or to such other person as to whom notice is given. Notice shall be deemed given on receipt.

25. **Miscellaneous:** Any failure of Lessor to require strict performance of the terms of this Agreement or any waiver by Lessor of any provision of this Agreement shall not be construed as a consent or waiver of any other breach of the same or any other provision. If any portion of this Agreement is deemed invalid, it shall not affect the rest of this Agreement. Lessee certifies that all credit information given to Lessor is true and correct and authorizes Lessor to investigate the credit worthiness of Lessee.

26. **Binding Effect:** This Agreement shall be binding upon Lessor only after an officer or authorized representative of Lessor signs it. A facsimile signature shall be as binding as an original signature.

In witness whereof, each party has caused this Agreement to be executed on the date indicated below:

**LESSEE:**

Nikki Beach Atlantic City, LLC

By: _(signature)_          Date: 4/18/05

Its: General Counsel

**LESSOR:**

Stewart's Mobile Concepts, Ltd.

By: _(signature)_          Date: 4/18/05

Its: Director of Sales

Page 5 of 5

Exhibit G

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
### ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

**FILE COPY**

RYAN P. MULVANEY
Direct dial: (973) 565-2010
rmulvaney@mdmc-law.com

July 6, 2007

**VIA FEDERAL EXPRESS**

Michael Register, Esq.
Penrod Management Group, Inc.
1 Ocean Drive
Miami Beach, Florida 33139

      Re:    Stewart's Mobile Concepts, Ltd. v. Penrod Management Group, Inc., et al.
              AAA No.:    13-118-02115-06
              MDMC No.:  S0784-1001

Dear Mr. Register:

      This firm represents Plaintiff, Stewart's Mobile Concepts, Ltd. ("Plaintiff"), in the matter referenced above. Accompanying this correspondence is Plaintiff's First Request for the Production of Documents directed to Defendants Penrod Management Group, Inc. and Nikki Beach Atlantic City, LLC. Please be advised that, pursuant to the Arbitrator's Scheduling Order, Defendants' responses are due by no later than July 27, 2007.

      If you should have any questions, please do not hesitate to contact me. Thank you.

      Very truly yours,

      McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

      RYAN P. MULVANEY

Enclosures

NEW YORK, NEW YORK     DENVER, COLORADO     RIDGEWOOD, NEW JERSEY     MORRISTOWN, NEW JERSEY     PHILADELPHIA, PENNSYLVANIA

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
Telephone: (973) 622-7711
Facsimile: (973) 622-5314
Attorneys for Plaintiff,
Mr. John, Inc.

---

| | | |
|---|---|---|
| STEWART'S MOBILE CONCEPTS, LTD. | : | AMERICAN ARBITRATION ASSOCIATION Case No.: 13-118-02115-06 |
| Plaintiff, | : | |
| | : | **PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS** |
| NIKKI BEACH ATLANTIC CITY, LLC and PENROD MANAGEMENT GROUP, INC., | : | |
| Defendants. | : | |

TO:  Michael Register, Esq.
     Penrod Management Group, Inc.
     1 Ocean Drive
     Miami Beach, Florida 33139

PLEASE TAKE NOTICE that, pursuant to the Arbitrator's Scheduling Order, Plaintiff, Stewart's Mobile Concepts, Ltd., hereby requests that Defendants Penrod Management Group, Inc. and Nikki Beach Atlantic City, LLC respond to the following document requests by no later than July 27, 2007, in accordance with the Scheduling Order.

McElroy, Deutsch, Mulvaney & Carpenter, LLP
Attorneys for Plaintiff,
Stewart's Mobile Concepts, Ltd.

Dated: July 6, 2007    By: _____
                           Ryan P. Mulvaney

## DEFINITIONS

These Definitions apply throughout these Document Demands.

1. *"Person,"* as used herein, shall mean all individuals and entities, including but not limited to, natural persons, sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts and estates, governmental agencies and legal or investment advisors.

2. *"You," "Your" and "Yourself",* as used herein, shall mean the party to whom these demands are directed, the person answering these demands on their behalf, and any present or former officer, employee, agent, servant or representative.

3. *"Plaintiff,"* as used herein, shall mean Stewart's Mobile Concepts, Ltd., and any of its agents, former agents, employees, former employees, representatives, former representatives, assignees and/or successors.

4. *"Defendants,"* as used herein, shall mean Nikki Beach Atlantic City, LLC and Penrod Management Group, Inc., and any of their agents, former agents, employees, former employees, representatives, former representatives, assignees and/or successors, and any other person or entity acting on their behalf.

5. *"Nikki Beach Atlantic City, LLC,"* as used herein, shall mean Defendant Nikki Beach Atlantic City, LLC, and any of its agents, former agents, employees, former employees, representatives, former representatives, assignees and/or successors, and any other person or entity acting on its behalf.

6. *"Nikki Beach,"* as used herein, shall mean and refer to the trade name "Nikki Beach."

7. *"Penrod Management,"* as used herein, shall mean Defendant Penrod Management Group, Inc., and any of its agents, former agents, employees, former employees, representatives, former representatives, assignees and/or successors, and any other person or entity acting on its behalf.

8.   *"Document,"* is used in the customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other matters however produced or reproduced in Your possession, custody or control, including without limitation, all writings, studies, analyses, tabulations, evaluations, reports, reviews, agreements, contracts, communications, letters, or other correspondence, messages, telegrams, telexes, facsimile transmittals, cables, memoranda, invoices, purchase orders, meeting minutes, sound recordings or transcripts of personal or telephone conversations, meetings, conferences, or interviews, telephone call records, desk calendars, appointment books, forecasts, accountant's work papers, drawings, graphs, charts, maps, diagrams, estimates, tables, indexes, pictures, photographs, films, phonograph records, tapes, microfilms, microfiches, charges, ledgers, accounts, call sheets, financial statements or reports, statistical or analytical records, minutes or records of boards of directors, committees or other meetings or conferences, reports or summaries of investigation, claims, opinions or reports of consultants or experts, appraisals, reports of summaries of negotiation, books, brochures, pamphlets, circulars, trade letters, press releases, newspaper magazine clippings, stenographic, hand-written or any other notes, notebooks, projections, court arbitration papers or pleadings, working papers, checks (front and back), check stubs or receipts, invoice vouchers, taped data sheets or data processing cards or discs, or any other written, recorded, transcribed, punched, taped, filed or graphed matter however produced or reproduced, and any other document writing or other data compilation, whatever the description, including but not limited to, any information contained in any computer or not yet printed out or in the memory units containing such data from which information can be obtained or transcended into reasonable usable form, and all drafts and non-identical copies of the foregoing.

9.   *"Correspondence,"* shall mean any letter, telegram, telex, notice, message, memorandum or other written communication or transcription of notes of the communication and includes all attachments and enclosures thereto.

10.  *"Communication,"* shall mean any written or oral transmission, information or opinion including any utterance, notation or statement of any nature whatsoever,

3

including but not limited to, documents and correspondence as defined above.

11.   "*Party*" or "*Parties,*" shall mean those individuals and entities involved in this present action.

12.   "*Date,*" shall mean the exact date, month and year if ascertainable, or, if not, the best approximation (including relationship to other events).

13.   "*Identify,*" shall mean:

   a.   With respect to a "Person," that the answer shall state

   (i)      the person's full name;

   (ii)     the name of the person's last known employer;

   (iii)    the person's last known title, position or business;

   (iv)     the person's last known business telephone number and address; and

   (v)      the person's last known home telephone number and address.

   b.   With respect to a "Document," that the answer shall state

   (i)      the title, heading or caption of such document, if any;

   (ii)     the date appearing on such document; and if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

   (iii)    the name of the person who signed such document; and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

   (iv)     the name of the person to whom such document was addressed and the name of each person, other than such addressee, to whom such document or copy thereof was sent;

   (v)      the general nature or description of such document (i.e. whether it is a letter, memorandum, minutes of meeting, etc.) and

4

the number of pages of which it consists; and

(vi)    the physical location of the document and the name and address of its custodian or custodians.

c.    With respect to a "Conversation," that the answer shall state

(i)     the date of the conversation;

(ii)    the place of the conversation;

(iii)   the participants in the conversation, to include those who listened but said nothing;

(iv)    the witnesses, if any, of such conversation;

(v)     whether the conversation took place face to face or by telephone; and if by telephone, who initiated the call;

(vi)    the substance of the conversation, to include what was said by each participant; and

(vii)   whether any notes were taken of the conversation and if so, the precise location of all such notes and the identity of the custodian thereof.

d.    With respect to a "Meeting," that the answer shall state

(i)     the date or dates of the meeting;

(ii)    the place of the meeting;

(iii)   the persons attending the meeting;

(iv)    what was said and by whom at the meeting; and

(v)     whether any notes, minutes or other memoranda were made to record the proceedings of such meetings; and, if so, the precise location and identity of the custodian.

14.   "*Describe,*" requires a complete factual description of the following information in connection with any act, occurrence, omission or series of acts, occurrences or omissions.

(i)     identity of each and every person involved in the act, occurrence, omission or series of acts,

5

occurrences or omissions as provided in the definition of "Identify"; and

(ii) the date or dates of each and every act, omission or occurrence and a description of each and every document involved in the act, occurrence, omission or series of acts, occurrences or omissions, as provided in the definition of "Identify."

15. "State the basis for" or "state the basis on which" or "set forth in complete and precise detail" shall mean a statement of the complete factual and conceptual premises for the particular action, omission, default, recommendation, determination, or conclusion referred to in the request for discovery which utilized such term or its substantial equivalent. It shall include all factors considered by the person taking such action, including factors arising from consultations by him with others, either orally or in writing, or partly in each.

16. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the specification or response that which might otherwise be construed to be outside the scope. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each." "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

17. Words used in the singular shall, where the context permits, be deemed to include the plural, and words used in the plural shall, where the context permits, be deemed to include the singular. The masculine gender shall, where the context permits, be deemed to include the feminine gender.

18. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within its scope all responses which might otherwise be construed to be outside its scope.

19. "Agreement," shall mean the Equipment Rental Agreement for the provision of certain portable equipment and related services dated April 18, 2005, which forms the basis of this lawsuit.

20.  *"Demand,"* as used herein, shall mean the Demand for Arbitration filed by Plaintiff in this action.

21.  *"Action,"* as used herein, shall mean the action captioned "Stewart's Mobile Concepts, Ltd. v. Nikki Beach Atlantic City, LLC and Penrod Management Group, Inc.," pending in the American Arbitration Association under Case No. 13-118-02115-06.

22.  *"Name(s)"* shall mean all names, including aliases, maiden name(s) or former name(s) used, with or without legal proceedings, as well as all prior corporate or trade name(s).

23.  *"Address(es)"* shall mean current home and business address(es) and telephone number(s). All known and last-known addresses should be provided.

24.  *"Observation(s)"* shall mean anything sensed with the five (5) senses.

25.  *"Knowledge"* shall mean the awareness of, or information about, something gained through direct or indirect experience or association.

26.  *"Fact(s)"* shall mean occurrences and things personally witnessed including all things known or believed to be true by You or Your attorney(s), servant(s) or employees; include tangible things or physical places or condition and the existence, description, nature, custody, condition and location of any books, documents or other tangible things. If facts are not personally witnessed, please state the source of the knowledge or supposition. If facts are known or suspected through hearsay source(s), please identify the hearsay source(s).

27.  *"Statement"* shall mean a narration or summary of facts and/or opinion.

28.  *"Conversation(s)"* shall mean any verbal or non-verbal expression(s) or conduct; all sounds, utterances, noises, acts or movements made by anyone which were (are) sensed as having any meaning.

29.  *"Expert(s)"* shall mean an expert as defined by the Rules of Court in which this Action is pending, not limited to only

7

scientific experts but includes any expert who has rendered any opinion.

30.    "Opinion(s)" shall mean judgment, appraisal or view formed in the mind.  If lay opinion of named witnesses is known, such lay opinion should be provided.

31.    "Time(s)" shall mean a definite period of duration, e.g. moment, second, minute, hour, date, year, season, etc.; the general idea of relation or fact of continuous or successive existence.

32.    "Immediate" shall mean general time in relation to or directly preceding and following a fact or occurrence of continuous or successive existence.

33.    "Description(s)" shall mean discourse intended to give a mental image(s) of something experienced; a descriptive statement or account of kind or character, especially as determined by any important feature(s) or circumstance(s).

34.    "Possession" shall mean having or taking anything into control; something owned, occupied or controlled.

35.    "Contact(s)" shall mean any direct or indirect person-to-person communication, oral or written, in person and/or through anyone or anything else.

## GENERAL INSTRUCTIONS

A.  All documents that respond, in whole or in part, to any of the following requests shall be produced in their entirety, including all attachments, riders, addendum, *etc.*

B.  If you do not have all the documents responsive to any request to produce, please so state and identify each person who you know or believe may have such documents.

C.  Each request for production of documents herein shall be deemed continuing so as to require prompt supplemental responses if you obtain or discover further documents between the time of responding to this request for the production of documents and the time of trial.

D.  If any requested document was, but is no longer, in your possession or subject to your control, state what disposition was made of it.

E.  If you claim a privilege as a ground for not responding in whole or in part to any document requested herein:

    (1)  Identify and describe each such document by date, author and recipient(s);

    (2)  State the privilege(s) asserted; and

    (3)  Describe both the factual basis and any and all documents constituting, referring to, relating to or otherwise evidencing your claim of privilege in sufficient detail so that the Court may adjudicate the validity of the claim.

F.  You shall produce the documents requested as they are kept in the usual course of business. If you consider that document is responsive to more than one request, you shall so indicate by placing appropriate paragraph numbers upon the document corresponding to which the document is deemed responsive.

G.  If the facts relating to your answer to any of these requests to produce were discovered, referred to, stated, or confirmed during the course of any conversation, set forth:

9

(1)  The names and addresses of each person who participated in or overheard each such conversation;

(2)  The date and time of each such conversation;

(3)  The address at which each such conversation occurred (if any such conversation was by telephone, state the location from which each party to the conversation participated); and

(4)  Set forth a summary of the substance of each such conversation making specific reference to each fact, which is relevant to each answer.

H.  The singular herein shall be deemed to include the plural. Use of any gender shall be deemed to include all genders.

10

## DOCUMENTS REQUESTED

1.    Produce any and all documents that refer, reflect or relate to the negotiation of the Agreement at issue.

2.    Produce any and all documents that refer, reflect or relate to communication exchanged between Nikki Beach Atlantic City, LLC and Penrod Management regarding the Agreement at issue.

3.    Produce any and all documents that refer, reflect or relate to communication regarding the invoices that Plaintiff sent to Defendants.

4.    Produce any and all documents exchanged between Nikki Beach Atlantic City, LLC and Plaintiff regarding the Agreement at issue.

5.    Produce any and all documents exchanged between Penrod Management and Plaintiff regarding the Agreement at issue.

6.    Produce all contracts or agreements between Defendants and Plaintiff, including any and all additions, addendums, riders or other written materials that constitute or evidence an agreement between the same.

7.    Produce any and all correspondence, including any and all recorded conversations, between Defendants and Plaintiff.

8.    Produce any and all documents exchanged between Penrod Management and Nikki Beach Atlantic City, LLC regarding the invoices sent to Penrod from Plaintiff.

9.    Produce any and all documents that refer, reflect or relate to the incorporation of Nikki Beach Atlantic City, LLC.

10.   Produce any and all documents that refer, reflect or relate to the incorporation of Penrod Management.

11.   Any and all documents that identify, refer, reflect or relate to the corporate structure of Nikki Beach Atlantic City, LLC, including, but not limited to, the identification of officers, directors, employees and registered agents from its formation to present.

12.   Produce any and all documents that identify, refer, reflect or relate to the corporate structure of Penrod

11

Management, including, but not limited to, the identification of officers, directors, employees and registered agents from its formation to present.

13. Produce any and all documents that Defendants contend supports, evidences, embodies, relates or refers to any defense or claim that Defendants intend to proffer during this arbitration.

14. Produce any and all documents that refer, reflect or relate to wire transfers made by Penrod Management to Plaintiff related to the Agreement at issue and invoices from Plaintiff.

15. Produce any and all documents that identify, refer, reflect or relate to the owner and/or ownership of the "Nikki Beach" trade name.

16. Produce any and all documents that identify, refer, reflect or relate to the owner and/or ownership of Nikki Beach Atlantic City, LLC.

17. Produce any and all documents exchanged between Defendants and any third party concerning the Agreement at issue.

18. Produce any and all documents between Defendants and any third party concerning the Leased Equipment.

19. Produce any and all documents exchanged between Penrod Management and any financial institution, including Bank of America, that refer, reflect or relate to the instruction and/or authorization by Penrod Management to issue wire transfers to Plaintiff.

20. Produce any and all documents exchanged between Defendants and the City of Atlantic City, New Jersey regarding the formation and/or operation of the "Nikki Beach" bar in Atlantic City, New Jersey.

21. Produce any and all documents exchanged between Defendants and the Resorts International Hotel & Casino regarding the formation and/or operation of the "Nikki Beach" bar in Atlantic City, New Jersey.

22. Produce any and all of Nikki Beach Atlantic City, LLC's banking statements including, but not limited to, documents reflecting the opening of the account(s), withdrawal

and deposit tickets for all any and bank accounts, or any other accounts of similar character held in Nikki Beach Atlantic City, LLC's name from its formation to present.

23. Produce any and all of Penrod Management's banking statements including, but not limited to, documents reflecting the opening of the account(s), withdrawal and deposit tickets for all any and bank accounts, or any other accounts of similar character held in Penrod Management's name from 2003 to present.

24. Produce any and all documents that refer, reflect, or relate to the financial condition of Nikki Beach Atlantic City, LLC from its formation to present, including but not limited to, communication with and reports prepared by accountants, profit and loss statements, trial balances, sales reports, and financial statements and reports.

25. Produce any and all documents that refer, reflect, or relate to the financial condition of Penrod Management from 2003 to present, including but not limited to, communication with and reports prepared by accountants, profit and loss statements, trial balances, sales reports, and financial statements and reports.

26. Produce any and all documents that refer, reflect or relate to any and all wire transfers made by Penrod Management to any third party regarding the "Nikki Beach" bar in Atlantic City, New Jersey.

27. Produce any and all documents that refer, reflect or relate to any capital contributions, acquisitions, purchases, investments, financing and/or funding received by Nikki Beach Atlantic City, LLC from Penrod Management or any other entity or individual.

28. Produce any and all documents that refer, reflect or relate to Defendants' duties, obligations and/or responsibilities related to negotiating the Agreement at issue.

29. Produce any and all documents that refer, reflect or relate to Defendants' duties, obligations and/or responsibilities related to operating or otherwise managing the "Nikki Beach" bar in Atlantic City, New Jersey.

30. Produce any and all federal and state income tax returns filed by Nikki Beach Atlantic City, LLC from its formation to present.

31.  Produce any and all federal and state income tax returns filed by Penrod Management from 2003 to present.

32.  Produce any and all documents that refer, reflect or relate to any and all modifications and/or alterations that Defendants made to the Leased Equipment after it was delivered by Plaintiff.

33.  Produce any and all documents that refer, reflect or relate to Danielle Houser's employment with any of the Defendants, including, but not limited to, W-2 forms, employment agreements, and payroll checks.

34.  Produce any and all documents that refer, reflect or relate to any efforts by Defendants to pay or otherwise resolve the outstanding invoices with Plaintiff.

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
Telephone: (973) 622-7711
Facsimile: (973) 622-5314
Attorneys for Claimant,
Stewart's Mobile Concepts, Ltd.

| | | |
|---|---|---|
| STEWART'S MOBILE CONCEPTS, LTD. | : | AMERICAN ARBITRATION ASSOCIATION Case No.: 13-118-02115-06 |
| Claimant, | : | |
| v. | : | |
| NIKKI BEACH ATLANTIC CITY, LLC and PENROD MANAGEMENT GROUP, INC., | : | **CERTIFICATE OF SERVICE** |
| Respondents. | : | |

I, RYAN P. MULVANEY, hereby certify as follows:

1.   I am an attorney at law of the State of New Jersey in the above matter.

2.   On August 6, 2007, I caused to be served by electronic mail and Federal Express to Joyce A. Rapoza, Case Manager, American Arbitration Association, 950 Warren Avenue, East Providence, Rhode Island 02914, one copy of Claimant's brief and certification in opposition to the motion by Respondent Penrod Management Group, Inc. to dismiss for lack of jurisdiction and/or stay discovery, and cross-motion to compel Respondents to immediately produce documents in response to Claimant's document

demands pursuant to Commercial Arbitration Rule R-21, and this Certificate of Service.

3.  On August 6, 2007, I caused to be served by facsimile and Federal Express to L.H. Steven Savola, Esq., Steve Savolva, LLC, 8770 Sunset Drive, #443, Miami, Florida 33173, one copy of Claimant's brief and certification in opposition to the motion by Respondent Penrod Management Group, Inc. to dismiss for lack of jurisdiction and/or stay discovery, and cross-motion to compel Respondents to immediately produce documents in response to Claimant's document demands pursuant to Commercial Arbitration Rule R-21, and this Certificate of Service.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements is willfully false, I am subject to punishment.

McELROY,    DEUTSCH,    MULVANEY    &
CARPENTER, LLP
Attorneys for Claimant,
Stewart's Mobile Concepts, Ltd.


By: _____
Ryan P. Mulvaney

Dated: August 6, 2007

# EXHIBIT K

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
*Assistant Vice Presidents*

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

# FAX

Date: August 16, 2007

To
Ryan P. Mulvaney
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

Fax Number: 973-622-5314

From: Joyce A. Rapoza

Number of Pages: ( 4 )

Re: 13 118 02115 06
   Stewarts Mobile Concepts, Ltd.
   and
   Nikki Beach Atlantic City, LLC and
   Penrod Management Group, Inc.

MESSAGE: Please advise your email address. Thank you,

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

# AMERICAN ARBITRATION ASSOCIATION
## Notice of Conference Call

August 16, 2007

VIA EMAIL

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

VIA FIRST CLASS MAIL

Michael Register Esq.
One Ocean Drive
Miami Beach, FL 33139

VIA EMAIL

L.H. S. Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL 33173

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.


PLEASE TAKE NOTICE that a hearing in the above-entitled arbitration will be held as follows:

        Date:   August 20, 2007
        Time:   2:00 PM Eastern Time
        Before: Cynthia Rollings

        Via Conference Call (Conference America)
        Call in Number: 888-537-7715
        Pass Code: 60381620#

        Joyce A. Rapoza
        Case Manager
        401 431 4805


cc:    Cynthia Rollings, Esq.

Motion by respondent Penrod Management Group, Inc. to dismiss the claim of Stewart's Mobile Concepts, Ltd. for lack of jurisdiction and/or to stay discovery is denied pending discovery by claimant and without prejudice to renewal upon completion of discovery. Claimant claims that Penrod Management Group, Inc. is the alter ego of respondent Nikki Beach Atlantic City, LLC. A corporation that is not a signatory to an arbitration agreement but is the alter ego of the signatory corporation can be compelled to arbitrate. *Pile Foundation Construction Company, Inc. v. E.W. Howell Co., Inc.*, 553 N.Y.S.2d 631 (1st Dept. 1990); *Smullyan v. Sibjet S.A.*, 607 N.Y.S.2d 316 (1st Dept. 1994); 5 N.Y. Jur. 2d, Arbitration and Award §75. Claimant is entitled to limited discovery in furtherance of its claim that Penrod Management Group, Inc. is the alter ego of respondent Nikki Beach Atlantic City, LLC. *Forum Insurance Company v. Texarkoma Transportation Co.*, 645 N.Y.S.2d 786 (1st Dept. 1996).

Claimant Stewart's Mobile Concepts, Ltd. cross-moves to compel respondents to provide documents in response to claimant's document demand. I have received no opposition to the cross motion from respondents. Having denied the motion to dismiss, having held that claimant is entitled to limited discovery in furtherance of its alter ego claim and having reviewed claimant's First Request for Production of Documents dated July 6, 2007, I would like to schedule a conference call as soon as possible for the parties to address the issue of what is the reasonable and appropriate scope of discovery. My focus will be to limit the number of requests set forth in claimant's First Request. In light of the prior scheduling order providing for production of documents on or before July 27, 2007, respondents should be prepared to make such production as may be agreed or directed at the conference call on an expedited basis.

**Joyce Rapoza**

| | |
|---|---|
| From: | System Administrator |
| To: | mulvaney@mdmc-law.com |
| Sent: | Thursday, August 16, 2007 12:52 PM |
| Subject: | Undeliverable:RE: 13 118 2115 06 STEWARTS MOBILE CONCEPTS LTD. NIKKI BEACH ATLANTIC CITY, LLC AND PENROD MANAGEMENT GROUP, INC. |

Your message did not reach some or all of the intended recipients.

    Subject:     RE: 13 118 2115 06 STEWARTS MOBILE CONCEPTS LTD. NIKKI BEACH ATLANTIC CITY, LLC AND PENROD MANAGEMENT GROUP, INC.
    Sent:       8/16/2007 12:50 PM

The following recipient(s) could not be reached:

    mulvaney@mdmc-law.com on 8/16/2007 12:49 PM
       The e-mail account does not exist at the organization this message was sent to. Check the e-mail address, or contact the recipient directly to find out the correct address.
          <damail.mdmdom.com #5.1.1>

# EXHIBIT L

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
*Catherine Shanks*
*Vice President*
*Christopher Fracassa, Yvonne L. Baglini*
*Assistant Vice Presidents*

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

# FAX

Date:  September 10, 2007

To

Ryan Mulvaney
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ  07102-4079

Fax Number:  973-622-5314

L.H. S. Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL  33173

Fax Number:  305-534-7253

From:  Joyce A. Rapoza

Number of Pages:  ( 8 )

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.

MESSAGE:

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS
ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR
OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE
PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY
NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS
FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED
ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

September 10, 2007

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

VIA FACSIMILE

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ  07102-4079

VIA FIRST CLASS MAIL

Michael Register Esq.
One Ocean Drive
Miami Beach, FL  33139

VIA FACSIMILE

L.H. S. Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL  33173

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.

Dear Parties:

This will confirm a preliminary hearing in the above matter was held on August 20, 2007. Enclosed please find the scheduling order established during the preliminary hearing.

The Association does not require a set of exhibits for our file.

The hearing has been set for November 19, 2007 and November 20, 2007, pursuant to the enclosed Notice of Hearing.

Each party has been billed $1,250.00 as a deposit to cover the arbitrator's anticipated compensation and expenses for this matter. This amount was determined by the arbitrator and based on the overall case schedule that the parties arrived at during the Preliminary Hearing. As we discussed at the conclusion of the Preliminary Hearing, payments to be received by the Association no later than October 5, 2007. You will be receiving an automatically generated invoice within two weeks and every thirty days thereafter, until the balance is paid. This will also confirm our discussion that we will be informing the arbitrator of the amount on deposit as of the due date, and if full deposits are not on hand the arbitrator may suspend this proceeding pending the parties' compliance with the rules.

Additionally, each party's invoice will reflect any applicable administrative fees due the Association.

You may also view case financial information, as well as make payments with a credit card online via AAA's WebFile.

If you have any questions, please do not hesitate to call.

Sincerely,

Joyce A. Rapoza
Case Manager
401 431 4805
RapozaJ@adr.org

*Supervisor Information: Karen Fontaine, 401 431 4798, fontainek@adr.org*

Encl.

cc:     Cynthia Rollings, Esq.

Case # 13 118 02115 06
Stewart's Mobile Concepts, Ltd.
and
Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

REPORT OF PRELIMINARY HEARING AND SCHEDULING ORDER #2

Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA), a preliminary hearing conference call was held on August 20, 2007. Appearing at the hearing was Ryan Mulvaney, attorney for claimant, and Steve Savola, attorney for respondent Penrod Management Group, Inc. After discussion with both parties, the following is now in effect:

1. By August 24, 2007, the parties will discuss claimant's outstanding First Request for Production of Documents in an attempt to agree on production.

2. Respondent shall serve its request for documents by August 31, 2007.

3. Responsive documents shall be provided by both parties on or before September 14, 2007.

4. Respondent shall serve its answer to the Demand by August 24, 2007.

5. Claimant may serve an amended Demand on or before October 3, 2007. Respondent shall serve an amended answer, if any, by October 15, 2007.

6. A conference call is scheduled for October 9, 2007, to address any disputes concerning documents. In the event there are no disputes, the parties will timely notify the AAA Case Manager to cancel the call.

7. The hearing in this matter is re-scheduled to proceed at the American Arbitration Association, 1633 Broadway, New York, New York on November 19 and November 20, 2007 at 10 am. Subject to further agreement between the parties or discussion with the arbitrator, and to the extent it is reasonable and efficient to do so, it is expected that the first day of the hearing will address alter ego proof and issues and the second day will address merits proof and issues.

8. Both parties shall serve and file a disclosure of all witnesses reasonably expected to be called no later than November 1, 2007. The disclosure of witnesses shall include the full name of each witness, a short summary of anticipated testimony, and copies of expert reports and written C.V. of experts, if any. The parties shall make arrangements to schedule the attendance of witnesses so that the case can proceed without unnecessary delay. The party presenting evidence

shall give notice to the other party of the order in which the witnesses will be called.

9. ▓▓▓▓▓▓▓▓▓▓▓ November 12, 20▓▓ the parties shall exchange ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to be offered, premarked for identification bound in a three hole punch notebook. The parties shall attempt to agree upon and submit a jointly prepared consolidated set of joint exhibits. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ the parties shall serve and file pre-hearing briefs.

10. Any documents to be filed with or submitted to the arbitrator outside the hearing shall be given to the AAA Case Administrator for transmittal to the arbitrator. Copies of such documents shall also be sent simultaneously to the opposing party. There shall be no direct or direct communication with the arbitrator except at scheduled conference calls and the oral hearing.

11. Form of award: Reasoned Award.

12. This order shall continue in effect unless and until amended by subsequent order of the arbitrator.

Dated: August 20, 2007

                              Cynthia Rollings
                              Arbitrator

# AMERICAN ARBITRATION ASSOCIATION
## Notice of Hearing

September 10, 2007

VIA FACSIMILE
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

VIA FIRST CLASS MAIL
Michael Register Esq.
One Ocean Drive
Miami Beach, FL 33139

VIA FACSIMILE
L.H. S. Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL 33173

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.


PLEASE TAKE NOTICE that a hearing in the above-entitled arbitration will be held as follows:

Place:  American Arbitration Association
        1633 Broadway, Floor 10
        New York, NY 10019

Date:   November 19, 2007
Time:   10:00 AM Eastern Time

Date:   November 20, 2007
Time:   10:00 AM Eastern Time
Before: Cynthia Rollings

Please attend promptly with your witnesses and be prepared to present your proofs.

                Joyce A. Rapoza
                Case Manager
                401 431 4805

NOTICE: The arbitrator has arranged her schedule and reserved the above dates. Therefore, every effort should be made to appear on the dates scheduled. In the event that unforeseen circumstances make it impossible to attend the hearing as scheduled, a party requesting a postponement should obtain the agreement of the other party. If there is no mutual agreement, the arbitrator will make a determination. All requests for postponements must be communicated to the Case Manager, not the arbitrator. There should be no direct communication between the parties and the neutral arbitrator. In some instances, postponements are subject to cancellation fees by the arbitrator. Any party wishing a stenographic record must make arrangements directly with the stenographer and notify the other party of the arrangements in advance of the hearings.

cc:    Cynthia Rollings, Esq.

American Arbitration Association
*Dispute Resolution Services Worldwide*

950 Warren Avenue
East Providence, RI 02914

| | #1 |
|---|---|
| STMT DATE | AMOUNT DUE |
| 08/20/2007 | 2500.00 |
| CASE# | |
| 13-118-02115-06 01 JORP-R | |
| Payment Due Upon Receipt | |

## INVOICE/STATEMENT

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark NJ 07102-4079

Representing Stewarts Mobile Concepts, Ltd.
Re: Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

.................................................................................................................................................
Please Detach and Return with Payment to the Above Address            Please Indicate Case No. on check
.................................................................................................................................................

American Arbitration Association
*Dispute Resolution Services Worldwide*

950 Warren Avenue
East Providence, RI 02914

NAME    Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark NJ 07102-4079

Representing Stewarts Mobile Concepts, Ltd.
Re: Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|---|---|---|---|---|---|
| 08/20/2007 | 13-118-02115-06 01 JORP-R | 0.00 | 2750.00 | 5250.00 | 2500.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|---|---|---|---|---|---|
| 09/21/2006 | 9338938 | Initial Administrative Fee | 2750.00 | | |
| 09/25/2006 | 744124 | Payment recvd from : MCELROY, DEUTSCH, MULVANEY & CARPENTER | | 2750.00 | |
| 07/11/2007 | 9487952 | Your Share of the Neutral Compensation Deposit covering 1 day of Hearing | 750.00 | | |
| 07/11/2007 | 9487955 | Case Service Fee | 1250.00 | | 750.00 |
| 07/11/2007 | 9487958 | Your Share of the Neutral Compensation Deposit covering 4 hours of Study | 500.00 | | 1250.00 |
| | | | | | 500.00 |

Remarks:   For any inquiry please call. 401-431-4805
This is a full statement showing all financial activity on this case.

| TOTAL BALANCE DUE | 2500.00 |
|---|---|

Please Indicate Case No. on check

INVOICE SUMMARY:

| | NET BILLED | NET PAID | NET DUE |
|---|---|---|---|
| INITIAL/COUNTER-CLAIM FEES | 4000.00 | 2750.00 | 1250.00 |
| HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 0.00 | 0.00 | 0.00 |
| REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 |
| NEUTRAL COMPENSATION/EXPENSES | 1250.00 | 0.00 | 1250.00   EIN: 13-0420745 |


**American Arbitration Association**
*Dispute Resolution Services Worldwide*

## CHARGE CARD AUTHORIZATION

*Please print or type*

```
For Central Office Use

Processed by: _____    Date: _____

Approval Code: _____

Submitted by: _____    Date: _____
```

Case No: _____

Party Name: _____

**Invoice#**                **Invoice Date**                **Amount**

_____                _____            _____

_____                _____            _____

```
_____ Visa        _____ MasterCard              _____ American Express

                    Amount Charged: $ _____

Account Holder Name: _____

Card Number: _____

Expiration Date: _____

_____          _____
Signature                          Date

Address: _____ City, _____ State: _____

Zip Code: _____
```

# EXHIBIT M

## TELEPHONE RECORD FOR FILE

Date: _____ 9/10 _____

Time: _____ 11:00 _____

Client: _____ Case: _____

Call (from) (to): S. Sanola _____ Tel. No.: _____

— 2, 5, 8, 10, 12, 27,  will provide

— 70+ demands
    ↳ may reduce
    ↳ not 6

# EXHIBIT N

## TELEPHONE RECORD FOR FILE

Date: 10/3/07

Time: 3:30

Client: _____    Case: Stewarts Mobile

Call (from)/(to): S. Savola _____    Tel. No.: _____

Will call me tomorrow

Hasn't spoken to clients w: reso./docu

# EXHIBIT O

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Northeast Case Management Center
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

# FAX

Date:  October 9, 2007

To
Ryan Mulvaney
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ  07102-4079

L.H. S. Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL  33173

Fax Number:  305-534-7253

From:  Joyce A. Rapoza

Number of Pages:  ( 4 )

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.


MESSAGE:

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS
ADDRESSED.  IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR
OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE
PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY
NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED.  IF YOU HAVE RECEIVED THIS
FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED
ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Northeast Case Management Center
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

October 9, 2007

VIA FACSIMILE

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

Michael Register Esq.
One Ocean Drive
Miami Beach, FL 33139

L.H. S. Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL 33173

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.

Dear Parties:

This will confirm a Conference Call in the above matter was held on October 9, 2007. Enclosed please find Preliminary Hearing and Scheduling Order #3.

Please do not hesitate to contact the undersigned should you have a question.

Sincerely,

Joyce A. Rapoza
Case Manager
401 431 4805
RapozaJ@adr.org

*Supervisor Information: Karen Fontaine, 401 431 4798, fontainek@adr.org*

cc:    Cynthia Rollings, Esq.

Case # 13 118 02115 06
Stewart's Mobile Concepts, Ltd.
and
Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

REPORT OF PRELIMINARY HEARING AND SCHEDULING ORDER #3

Pursuant to the Commercial Arbitration Rules of the American
Arbitration Association (AAA), a conference call was held on October
9, 2007. Appearing at the hearing was Ryan Mulvaney, attorney for
claimant, and Steve Savola, attorney for respondent Penrod Management
Group, Inc. After discussion with both parties, the following is now
in effect:

1. Respondent shall serve responsive documents by overnight mail today
October 9, 2007.

2. Claimant may serve an amended Demand on or before October 18, 2007.
Respondent shall serve an amended answer, if any, by October 28, 2007.

3. A conference call is scheduled for October 24, 2007, at 10 am to
address any outstanding issues concerning documents. In the event
there are no disputes, the parties will timely notify the AAA Case
Manager to cancel the call.

4. The schedule set forth in scheduling order #2 dated August 20, 2007
remains otherwise in effect as follows:

5. Both parties shall serve and file a disclosure of all witnesses
reasonably expected to be called no later than November 1, 2007.

6. Not later than November 12, 2007, the parties shall exchange copies
of all exhibits to be offered, pre-marked for identification bound in
a three hole punch notebook.

7. The hearing in this matter is scheduled to proceed at the American
Arbitration Association, 1633 Broadway, New York, New York on November
19 and November 20, 2007 at 10 am.

8. Any documents to be filed with or submitted to the arbitrator
outside the hearing shall be given to the AAA Case Administrator for
transmittal to the arbitrator. Copies of such documents shall also be
sent simultaneously to the opposing party. There shall be no direct
or direct communication with the arbitrator except at scheduled
conference calls and the oral hearing.

9. This order shall continue in effect unless and until amended by
subsequent order of the arbitrator.

Dated: October 9, 2007

Cynthia Rollings
Arbitrator

# EXHIBIT P

# SAVOLA LLC
## LAW FIRM

RECEIVED OCT 1 0 2007

L. H. STEVEN SAVOLA*

---

### 8770 SUNSET DR. # 443 - MIAMI, FLORIDA 33173
### (786) 390-1297

Ryan P. Mulvaney
Three Gateway Center
100 Mulberry Street
Newark, New Jersey
07102-4079

10.9.07

Dear Mr. Mulvaney

### RE: Stewart's Mobile

Please find enclosed documents in response to your Requests for Production agreed to in our telephone conversation of 9.10.07.

2. Attached
3. None
8. Attached
10. Attached
12. Attached
27. Attached

Should you have any questions, please do not hesitate to contact me.

Sincerely Yours

L. H. Steven Savola

*LICENSED TO PRACTICE LAW IN THE STATE OF FLORIDA, UNITED STATES DISTRICT COURT FOR THE SOUTHERN AND MIDDLE DISTRICTS OF FLORIDA AND THE UNITED STATES COURT OF FEDERAL CLAIMS.



## FLORIDA DEPARTMENT OF STATE
## DIVISION OF CORPORATIONS

| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |

**Previous on List**    **Next on List**    **Return To List**

No Events    No Name History

Entity Name Search

## Detail by Entity Name

### Florida Profit Corporation

PENROD MANAGEMENT GROUP, INC.

### Filing Information

**Document Number** P01000104533
**FEI Number** 651151495
**Date Filed** 10/29/2001
**State** FL
**Status** ACTIVE

### Principal Address

1 OCEAN DRIVE
4TH FLOOR
MIAMI BEACH FL 33139 US

Changed 05/11/2005

### Mailing Address

1 OCEAN DRIVE
4TH FLOOR
MIAMI BEACH FL 33139 US

Changed 05/11/2005

### Registered Agent Name & Address

BONITATIBUS, PETER
1300 NORTH FEDERAL HWY
202
BOCA RATON FL 33432

Address Changed: 03/25/2002

### Officer/Director Detail

**Name & Address**

Title P

PENROD, JACK
317 COCONUT LANE
MIAMI BEACH FL 33139

### Annual Reports

**Report Year Filed Date**

| | |
|---|---|
| **2005** | 05/11/2005 |
| **2006** | 07/28/2006 |
| **2007** | 08/02/2007 |

## Document Images

08/02/2007 -- ANNUAL REPORT

07/28/2006 -- ANNUAL REPORT

05/11/2005 -- ANNUAL REPORT

05/04/2004 -- ANNUAL REPORT

05/07/2003 -- ANNUAL REPORT

03/25/2002 -- ANNUAL REPORT

10/29/2001 -- Domestic Profit

Note: This is not official record. See documents if question or conflict.



New Jersey Department of Labor
and Workforce Development
Division of Employer Accounts
PO Box 397
Trenton, New Jersey 08625-0397

09/02/2005

## NOTICE OF SUBJECTIVITY TO THE N.J. UNEMPLOYMENT COMPENSATION LAW

YOUR PERMANENT EMPLOYER ID. NO.   0-202-529-399/000-00

NIKKI BEACH ATLANTIC CITY, LLC
NIKKI BEACH-PENROD'S ELBO ROOM

17 GORDON'S ALLEY
ATLANTIC CITY, NJ 08401

| | |
|---|---|
| FINANCING METHOD | Contributory |
| DISABILITY PLAN | State Plan |
| DATE EMPL. LIAB. BEGINS | 04/01/2005 |
| SUBJECT STATUS ATTAINED DATE | 06/01/2005 |
| DATE WORKER LIABILITY BEGINS | 06/02/2005 |
| EMPLOYER U.C. RATE | 2.4825 |
| EMPLOYER WORKFORCE RATE | 0.1175 |
| EMPLOYER HEALTH CARE RATE | 0.200 |
| EMPLOYER T.D. RATE | 0.500 |
| WORKER U.C. RATE | 0.3825 |
| WORKER WORKFORCE RATE | 0.0425 |
| WORKER HEALTH CARE RATE | 0.000 |
| WORKER T.D. RATE | 0.500 |

Based on available information, we have determined that you are an employer subject to the N.J. Unemployment Compensation Law Under Section 19 (h) 1.

Your permanent Employer ID number is shown above and should be used on all correspondence with this office.

You are responsible for remitting worker contributions beginning with the date as shown above. Failure to make proper deductions from payments to employees does not relieve you, the employer, of this liability. Contributions/Wage Reporting Reports will be mailed to you in the near future. Submit with remittance on or before the due dates shown on the report(s).

This determination is final 15 days after the date of this notice as prescribed in New Jersey Administrative Code 12 16-22. If you disagree with this determination, you must file a written request for a hearing within 15 days after the date of this notice, directed to the Chief Auditor, sent to the attention of the Hearer of Contested Cases.

Under separate cover, we are forwarding additional informational materials, including information on employer and worker contributions to the Workforce Development Fund and Health Care Fund.

The Supervisor of
Status Determinations

Ph: 609-633-6400
Ext. 2206



**State of New Jersey**
Department of Labor and Workforce Development
Office of Special Compensation Funds
CN 399
Trenton, New Jersey 08625-0399

# IMPORTANT NOTICE
# TO EMPLOYERS

## COMPULSORY WORKERS' COMPENSATION INSURANCE

### As an employer subject to the New Jersey Unemployment Compensation Law (N.J.S.A. 43:21-1 et seq.), you are required to provide workers' compensation or employer's liability insurance coverage.

The New Jersey Workers' Compensation Law (N.J.S.A. 34:15-7 et seq.) requires that every employer, except the state, a municipality, county or school district shall make sufficient provision for the complete payment of any obligation which it may incur to an injured employee or his dependents by one of the two methods described below.

#### Insurance Through Authorized Carrier

Every employer not operating as a "self-insurer", as described below, must obtain and maintain a policy of workers' compensation or employer's liability insurance covering its employees through a stock company or mutual association authorized to write such insurance in New Jersey.

If you have not already done so, you should immediately contact your insurance broker or agent to obtain workers' compensation or employer's liability insurance for your employees.

#### Self-Insurance

Any employer desiring to carry its own workers' compensation or employer's liability insurance ("self-insurer") may make application to the Commissioner of Insurance showing its financial ability to pay compensation and the permanence of the business. The Commissioner of Insurance, where its deemed appropriate may also require the establishment of a reserve fund by the employer or the posting of a surety bond for the purpose of discharging its liability under the statute.

If you are interested in self-insurance, you should write for additional information and an application to: Department of Insurance, CN-325, Trenton, New Jersey 08625-0325.

#### FAILURE TO PROVIDE INSURANCE

Any employer who fails to provide workers' compensation or employer's liability insurance as required by the law shall be guilty of a disorderly persons offense and, where such failure is willful, a crime of the fourth degree. Further, an assessment of up to $1,000.00 will be levied when such failure exceeds 20 days, and an additional assessment of up to $1,000.00 will be levied for each period of 10 days thereafter.

Where the employer is a corporation, the president, secretary, and the treasurer thereof who are actively engaged in the corporate business shall be liable for failure to secure the required insurance.

Questions concerning this notice should be directed, in writing, to the Office of Special Compensation Funds, at the address shown above. **Do not direct such questions to the Employer Status Section, Division of Employer Accounts.**

SCF-500A (R 10-04)

**STATE OF NEW JERSEY**
**DEPARTMENT OF COMMUNITY AFFAIRS**
**DIVISION OF FIRE SAFETY**

### LIFE HAZARD USE CERTIFICATE OF REGISTRATION

ISSUED:  04/25/06

OWNER NO:  F-202529399

REGISTRATION NO:  0102-41554-034-01

NIKKI BEACH ATLANTIC CITY LLC
157 S CHALFONTE
ATLANTIC CITY NJ 08401

RENDEZVOUS TOWER HOTEL ROOMS
1133 BOARDWALK
ATLANTIC CITY NJ

BUILDING HEIGHT:                                    NUMBER OF STORIES:

USE TYPE CODE:   BH02     DESCRIPTION:   HOTELS, MOTELS AND RETREAT LODGING FACILITIES WHICH EXCEED FIVE STORIES, AND WHICH HAVE 100 ROOMS OR MORE, WITH ANY INTERIOR EXIT-WAYS.

LEA CODE:  0102001

THE LAW REQUIRES THAT THIS CERTIFICATE OF REGISTRATION BE POSTED IN A CONSPICUOUS LOCATION IN THE REGISTERED PREMISES BUT ONLY UPON SUBSEQUENT RECEIPT OF A CERTIFICATE OF INSPECTION.

THIS CERTIFICATE IS NOT TRANSFERRABLE. IN THE CASE OF ANY TRANSFER OF TITLE, IT SHALL BE THE DUTY OF THE NEW OWNER(S) TO FILE WITH THE COMMISSIONER WITHIN THIRTY DAYS OF SUCH TRANSFER AN APPLICATION FOR A NEW CERTIFICATE OF REGISTRATION. IN THE CASE OF ANY CHANGE IN INFORMATION PROVIDED ON THE REGISTRATION APPLICATION FORM, IT SHALL BE THE DUTY OF THE OWNER TO NOTIFY THE DEPARTMENT OF COMMUNITY AFFAIRS WITHIN THIRTY DAYS OF SUCH CHANGE.

FAILURE TO COMPLY WITH THESE REQUIREMENTS CONSTITUTES A VIOLATION OF P.L. 1983, c.383 OF THE LAWS OF NEW JERSEY AND SUBJECTS THE PARTY SO VIOLATING TO THE PENALTIES THEREIN.

COMMISSIONER OF COMMUNITY AFFAIRS
SUSAN BASS LEVIN

Taxpayer Identification# 202-529-399/000                03/23/05

Dear Business Representative:

Congratulations! You are now registered with the New Jersey Division of Revenue.

Use the Taxpayer Identification Number listed above on all correspondence with the Divisions of Revenue and Taxation, as well as with the Department of Labor (if the business is subject to unemployment withholdings). Your tax returns and payments will be filed under this number, and you will be able to access information about your account by referencing it.

Additionally, please note that State law requires all contractors and subcontractors with Public agencies to provide proof of their registration with the Division of Revenue. The law also amended Section 92 of the Casino Control Act, which deals with the casino service industry.

We have attached a Proof of Registration Certificate for your use. To comply with the law, if you are currently under contract or entering into a contract with a State agency, you must provide a copy of the certificate to the contracting agency.

If you have any questions or require more information, feel free to call our Registration Hotline at (609)292-1730.

I wish you continued success in your business endeavors.

Sincerely,

John E. Tully, CPA
Director

---

**STATE OF NEW JERSEY**
**BUSINESS REGISTRATION CERTIFICATE**

DEPARTMENT OF TREASURY
DIVISION OF REVENUE
PO BOX 252
TRENTON, N J 08646-0252

TAXPAYER NAME:

NIKKI BEACH ATLANTIC CITY, LLC

TRADE NAME:

NIKKI BEACH-PENROD'S ELBO ROOM

ADDRESS:
1133 BOARDWALK
ATLANTIC CITY NJ 08401

SEQUENCE NUMBER:
1136875

EFFECTIVE DATE:

03/04/05

ISSUANCE DATE:

03/23/05

Director

FORM-BRC(08-01)

This Certificate is NOT assignable or transferable. It must be conspicuously displayed at above address.

# NIkki Beach Atlantic City
## A/P Aging Summary
### As of November 28, 2005

| | Current | 1 - 30 | 31 - 60 | 61 - 90 | > 90 | TOTAL |
|---|---|---|---|---|---|---|
| Adv Comp | 0.00 | 2,713.07 | 2,713.07 | 0.00 | 0.00 | 5,426.14 |
| Atlantic City Electric | 0.00 | 0.00 | 309.51 | 211.90 | 0.00 | 521.41 |
| Big Picture Productions | 0.00 | 0.00 | 0.00 | 0.00 | 1,500.00 | 1,500.00 |
| Black Tiger Company Inc | 0.00 | 0.00 | 0.00 | 1,313.06 | 9,189.06 | 10,502.12 |
| Boardwalk Belle | 0.00 | 0.00 | 0.00 | 171.48 | 0.00 | 171.48 |
| Bruce Hanrahan | 0.00 | 0.00 | 0.00 | 1,014.51 | 0.00 | 1,014.51 |
| Bunzl | 0.00 | 0.00 | 1,200.23 | 0.00 | 42,374.96 | 43,575.19 |
| City of Atlantic City | 0.00 | 0.00 | 0.00 | -1,945.11 | 0.00 | -1,945.11 |
| Comcast | 0.00 | 0.00 | 404.98 | 227.82 | 0.00 | 632.80 |
| Conectiv Power Delivery | 0.00 | 0.00 | 0.00 | 476.18 | 0.00 | 476.18 |
| Creative Solutions & Print | 0.00 | 0.00 | 0.00 | 0.00 | 1,715.00 | 1,715.00 |
| Ecolab | 0.00 | 0.00 | 0.00 | 0.00 | 6,937.38 | 6,937.38 |
| Fairfield INN Marriot | 0.00 | 0.00 | 235.98 | 7,543.80 | 4,061.82 | 11,841.60 |
| Family Sun Productions | 0.00 | 0.00 | 0.00 | 0.00 | 306.96 | 306.96 |
| Herzog Family LLC | 0.00 | 0.00 | 2,150.00 | 0.00 | 0.00 | 2,150.00 |
| Just Four Wheels, Inc. | 0.00 | 0.00 | 0.00 | 6,095.71 | 6,153.85 | 12,249.56 |
| Kramer Beverage Co | 0.00 | 0.00 | 1,437.50 | -374.50 | -80.00 | 983.00 |
| Light Action | 0.00 | 0.00 | 0.00 | 0.00 | 9,441.23 | 9,441.23 |
| Magic Disposal Inc. | 0.00 | 0.00 | 0.00 | 4,730.00 | 10,494.00 | 15,224.00 |
| Michael Alba | 0.00 | 0.00 | 4,000.00 | 0.00 | 0.00 | 4,000.00 |
| Mr. John | 0.00 | 0.00 | 0.00 | 0.00 | 90,502.71 | 90,502.71 |
| New Jersey Division of Taxation | 0.00 | 0.00 | 6,600.54 | 21,965.49 | 0.00 | 28,566.03 |
| Orange 32, Inc | 0.00 | 0.00 | 1,568.00 | 0.00 | 0.00 | 1,568.00 |
| ParTech | 0.00 | 0.00 | 0.00 | 0.00 | 6,600.00 | 6,600.00 |
| Pepsi Bottling Group | 0.00 | 0.00 | 0.00 | 3,255.00 | 7,174.92 | 10,429.92 |
| Plant Dynamics | 0.00 | 0.00 | 2,500.00 | 0.00 | 0.00 | 2,500.00 |
| Pro Systems, LLC. | 0.00 | 0.00 | 0.00 | 0.00 | 4,510.30 | 4,510.30 |
| Russell Ried | 0.00 | 0.00 | 0.00 | 0.00 | 2,549.90 | 2,549.90 |
| Sandson & Delucry, LLC. | 0.00 | 0.00 | 198.58 | 0.00 | 92,893.71 | 93,092.29 |
| Sapphire Logistics Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 7,375.00 | 7,375.00 |
| Scott Silver | 0.00 | 0.00 | 0.00 | 0.00 | 4,051.25 | 4,051.25 |
| Seashore Fruit & Produce Co.,INC. | 0.00 | 0.00 | 0.00 | 1,771.30 | 3,873.19 | 5,644.49 |
| Southern Maryland Sanitation | 0.00 | 0.00 | 0.00 | 22,836.24 | 0.00 | 22,836.24 |
| Standard Funding Corp | 0.00 | 36,963.30 | 36,963.30 | 36,963.30 | 0.00 | 110,889.90 |
| Stewarts Mobile Concepts, LTD | 0.00 | 0.00 | 0.00 | 0.00 | 163,410.80 | 163,410.80 |
| US Foodservice | 0.00 | 0.00 | 0.00 | 839.37 | 8,780.56 | 9,619.93 |
| Wildwood Linen Supply | 0.00 | 0.00 | 249.30 | 1,776.74 | 2,202.75 | 4,228.79 |
| **TOTAL** | 0.00 | 39,676.37 | 60,530.99 | 108,872.29 | 486,019.35 | 695,099.00 |



# MOBILE KITCHEN RENTALS

**SPECIAL EVENTS · CONCESSIONS · KITCHEN RENOVATIONS · TOURS · EMERGENCY SITUATIONS**

## PRICING

**Mobile Kitchen Rental Rates:**

Small Mobile Kitchens  24' to 28' units

$3,600 Per Week
$7,000 Per Month
$6,000 Per Month (3-6 months)
$5,500 Per Month (6 months +)

Medium Mobile Kitchens 36' to 40' units

$4,500 Per Week
$7,500 Per Month
$7,000 Per Month (3-6 months)
$6,500 Per Month (6 months +)

Large Mobile Kitchens 48' to 53' units

$5,000 Per Week
$8,500 Per Month (up to 6 months)
$8,000 Per Month (6 months +)

Please call for longer term rates

Recommended kitchen size depends on the difficulty of your menu and the volume of meals to be served.
Please call and let our experts help you in selecting the best kitchen to suit your needs.

**Round Trip Delivery/Return**
  $1.50 per mile

**Technical Staff** also available for stand by as needed. Please call for rates.

You will need to supply Electricity, LP Gas Supply, FreshWater Supply and Waste Water Removal.

**Support Trailer Rental Rates:**
Food Preparation Trailers (48' x 8' or 53' x 8' units available)
$5,500 - $6,500 Per Month depending upon unit selected

Dishwashing Trailer (40' x 8' unit)
$6,000 Per Month

**Round Trip Delivery/Return**
  $1.50 per mile

All trailers require a refundable security/cleaning deposit.

**Please call for pricing on any of the following rentals:**
Walk-in Refrigerators and Freezers, Mobile Showers, Mobile Bathrooms, Generators, and Dining Facilities.

**845 East Jericho Turnpike · Huntington Station, New York 11746**
**Phone (800) 919-9261   New York Area (631) 351-6030   Fax (631) 351-1587**
**Website: www.stewartsmobile.com**

# 40 FOOT KITCHEN Self Contained



## Specifications

**Size**
- 24' Long photo log hutch
- 20' Box size
- 8' Wide
- 7' Ceiling height

**Interior Finish**
- Paneled walls
- Vinyl tile floors
- Gypsum ceiling

**Electric**
- Fluorescent ceiling lights
- Breaker panel

**Windows/Door**
- Horizontal slider windows
- Vision panel door with standard lock

**Heating and Cooling**
- Electric baseboard heat
- Thru-wall A/C Unit

**Exterior Finish & trim**
- Aluminum siding
- I-Beam frame
- Standard drip rail gutters

Additional floor plans available. Floor plans and specifications may vary from those shown and are subject to in-stock availability.



7'-9"

20'-0"

## Specifications

### Size
- 32' Longitudinal length
- 28' Box size
- 8' Wide
- 7' Ceiling height

### Interior Finish
- Paneled walls
- Vinyl tile floors

### Electric
- Fluorescent ceiling lights
- Breaker panel

### Furniture
- Two built-in desks with file cabinets
- One built-in plan table
- Overhead shelf

### Windows/Doors
- Horizontal slider windows
- Two vision panel doors with standard locks

### Heating and Cooling
- Electric baseboard heat
- Thru-wall AC unit

### Exterior Finish/Frame
- Aluminum siding
- I-beam frame
- Standard drop out gutters

Additional floor plans available. Floor plans and specifications may vary from floor shown and are subject to project availability.





## Specifications

**Size**
* 36' Long (including hitch)
* 32' Box size
* 10' Wide
* 8' Ceiling height

**Interior Finish**
* Paneled walls
* Vinyl tile floors
* Drywall ceiling
* Divan office
* Walk open shell available

**Furniture**
* Two built-in desks with file cabinets
* One built-in plan table
* Overhead shelf

**Electric**
* Fluorescent ceiling lights
* Electric panel

**Windows/Doors**
* Horizontal slider windows
* Two vision panel doors with standard locks

**Heating and Cooling**
* Central HVAC or thru-wall AC

**Exterior Finish/Frame**
* Aluminum siding
* I-beam frame
* Standard step rail system

Additional floor plans available. Free plans and specifications may vary from those shown and are subject to change and availability.

# Stewart's Mobile Concepts, Ltd.
## 845 East Jericho Turnpike
## Huntington Station, NY 11746
## P (631) 351-6030
## F (631) 351-1587

Invoice to:
Nikki Beach Atlantic City, LLC
1 Ocean Drive
Miami Beach, FL 33139

Lease Invoice
Invoice #:     701-05
Date:     4/6/05
Job #:     701-05
Purchase Order #:

Contact: Danielle Houser
Telephone #: (305) 538-1111
Fax #: (305) 534-8937

Deliver to:    Resorts International
Hotel & Casino
1133 Boardwalk
Atlantic City, NJ 08401

Delivery Date:     approx. May 1, 2005
Pick-up Date:     Sept. 30, 2005
Deliver Via:     Transporter

Terms: NET DUE UPON RECEIPT OF INVOICE

| ITEM # | DESCRIPTION | LEASE RATE |
|---|---|---|
| 1. | Mobile Kitchen 48' x 8' (K-283 Model) | |
| 2. | Mobile Kitchen 48' x 8' (Kentucky Model) | |
| 3. | Dishwashing Trailer 40' x 8' | |
| | Ramp and Staircase systems for (2) kitchen trailers (Not ADA Compliant) | |
| | - 1st month lease payment Dates: 5/1/05 – 5/31/05 | $22,700.00 |
| | Round-trip Delivery and Return for items 1, 2, 3 (Atlantic City, NJ) | $7,000.00 |
| | Technical Support | $2,500.00 |
| 4. | 8' x 20' Combination Walk-in Cooler/Freezer | |
| 5. | 8' x 20' Walk-in Cooler- 1st and last month's lease payments | |
| | Dates: 4/21/05 – 5/20/05 and 8/21/05 – 9/20/05 | $6,000.00 |
| | Round-trip Delivery and Return for items 4, 5 (Atlantic City, NJ) | $3,332.00 |
| 6. | 20' x 24' Compact Kitchen | |
| | - 1st month lease payment Dates: 5/1/05 – 5/31/05 | |
| | Also Included: Round-trip Delivery/Return, (1) set of steps | |
| | and Technical Support | $19,000.00 |
| 7. | 36' x 10' Office/Greenroom Trailer (32 x 10 box size) | |
| | - 1st month's lease payment: Dates: 4/21/05 – 5/20/05 | $600.00 |
| | Round-trip Delivery and Return | $752.00 |
| | Block, Level, and Knockdown | $690.00 |
| | (2) OSHA Approved Aluminum Steps | |
| | - 1st month's lease payment  Dates: 4/21/05 – 5/20/05 | $45.00 |
| | (6) Anchor Installation (per anchor) @ $95.00 each | $510.00 |
| | (6) Anchor Removal (per anchor) @ $35.00 each | $210.00 |
| | Ins. Liability waiver (standard) | $15.00 |
| | Ins. Property waiver (9 & 10 wide) | $40.00 |

|  | Sub Total | $63,394.00 |
|---|---|---|
| 6% (Atlantic City, NJ) Tax | | $3,803.64 |
| | Total | $67,197.64 |

Page 1 of 2

Security/Cleaning Deposit (Refundable)                        $30,000.00
                                        Balance Due    $97,197.64

Duration of Usage: 5 Month minimum lease.

Clarifications:
1. Delivery is based on clear access to site for truck and unit to truck set unit. Delivery dates and times subject to permitting process, weather and holiday restrictions. Waiting time due to customer delay assessed after first half hour.
2. Anchor Removal does not include Asphalt Repair.
3. Block and level consists of dry stacked block set on grade, single tier. Prices based on firm, level site.

You will need to provide potable water, gray water removal, electricity, LP Gas supply connections and any appropriate site preparations, footings, steps, ramps, and decking unless specifically stated.

*Client responsible for all permits, licenses and fees.*

Payment not received by the 30th day after invoice date will accrue interest of 1.5% per month.

Mail Remittance to:
Stewart's Mobile Concepts, Ltd.
845 East Jericho Turnpike
Huntington Station, NY 11746

Wire Transfer of Funds Information:
Chase Bank
55 West Jericho Turnpike
Huntington Station, NY 11746
Phone (631) 549-3927
Account Name- Stewart's Mobile Concepts, Ltd.
Bank ABA Routing # 021000021
Account # 829500111265

Your bank will have the proper forms for you to do the transfer.

# Stewart's Mobile Concepts, Ltd.

**845 East Jericho Turnpike**
**Huntington Station, NY 11746**
**P (631) 351-6030**
**F (631) 351-1587**
**www.stewartsmobile.com**

## Lease Quote

DATE: April 7, 2005

TO:   Tim Hughes                                    Telephone #: (954) 602-8750
      Nikki Beach Atlantic City, LLC                 Fax #: (954) 602-8757
      1 Ocean Drive
      Miami Beach, FL 33139

From: Keith Futerman
      Director of Sales

RE:   Office Trailer and Dry Storage Trailer Lease Quotes
      Expiration of Offering: May 6, 2005

Thank you for inquiring into our lease program. The following will detail our offering:

| DESCRIPTION | (5 Month LEASE RATE) |
|---|---|
| (Option 1) 20 x 8 Storage Trailer (16 x 8 box size) per enclosed floorplan | $300.00 per month |
| Delivery Freight | $270.00 |
| Block and Level | $250.00 |
| Knockdown | $195.00 |
| Return Frieght | $270.00 |
| | |
| OSHA Approved Aluminum Steps | $45.00 per month |
| (4) Anchor Installation (per anchor) | $95.00 each |
| (4) Anchor Removal (per anchor) | $35.00 each |
| Ins. Liability waiver (standard) | $15.00 |
| Ins. Property waiver (8 wide) | $25.00 |
| | |
| (Option 2) 32 x 8 Office/Greenroom Trailer (28 x 8 box size) per enclosed floorplan | $420.00 per month |
| Delivery Freight | $270.00 |
| Block and Level | $315.00 |
| Knockdown | $250.00 |
| Return Frieght | $270.00 |
| | |
| (2) OSHA Approved Aluminum Steps | $45.00 per month |
| (4) Anchor Installation (per anchor) | $95.00 each |
| (4) Anchor Removal (per anchor) | $35.00 each |
| Ins. Liability waiver (standard) | $15.00 |
| Ins. Property waiver (8 wide) | $25.00 |

**(Option 3)** 36 x 10 Office/Greenroom Trailer (32 x 10 box size)   $600.00 per month
per enclosed floorplan

| | |
|---|---|
| Delivery Freight | $376.00 |
| Block and Level | $375.00 |
| Knockdown | $315.00 |
| Return Frieght | $376.00 |

(2) OSHA Approved Aluminum Steps                    $45.00 per month
(6) Anchor Installation (per anchor) @ $95.00 each    $510.00 Total
(6) Anchor Removal (per anchor) @ $35.00 each      $210.00 Total
Ins. Liability waiver (standard)                        $15.00
Ins. Property waiver (9 & 10 wide)                $40.00

*Above pricing does not include any applicable Atlantic City, NJ taxes.*

Clarifications:
1. Delivery is based on clear access to site for truck and unit to truck set unit. Delivery dates and times subject to permiting process, weather and holidy restrictions. Waiting time due to customer delay assessed after first half hour.
2. Anchor Removal does not include Asphalt Repair.
3. Block and level consists of dry stacked block set on grade, single tier. Prices based on firm, level site.
4. I will___ will not____ require a bathroom. Please be unit specific.

Duration of Usage: 5-month minimum      Start Date: April 18, 2005

Permits, footings, steps, site preparation, electrical and plumbing connections are not included in the quoted price unless specifically stated.

Guarantee: Equipment reserved on first money received basis and subject to availability. Client responsible for all permits, licenses and fees.

# Stewart's Mobile Concepts, Ltd.
## EQUIPMENT RENTAL AGREEMENT

### LESSEE

FULL LEGAL NAME OF LESSEE:    Nikki Beach Atlantic City, LLC

BILLING ADDRESS:    1 Ocean Drive
Miami Beach, FL 33139

EQUIPMENT DELIVERY LOCATION: Resorts International Hotel & Casino
1133 Boardwalk
Atlantic City, NJ 08401

PHONE: (305) 538-1111                    FAX: (305) 534-8937

### LESSOR

STEWART'S MOBILE CONCEPTS, Ltd.
845 East Jericho Turnpike
Huntington Station, NY 11746
Phone: (631) 351-6030   Fax: (631) 351-1587

In Consideration of the covenants and conditions contained herein, Stewart's Mobile Concepts, Ltd, ("Lessor") and Nikki Beach Atlantic City, LLC ("Lessee") agree as follows:

1.    **Leased Equipment:** Lessor agrees to lease and Lessee agrees to accept the following leased equipment; hereafter collectively referred to as the "Leased Equipment" or the "Equipment".

| QUANTITY | EQUIPMENT DESCRIPTION |
|---|---|
| 1 | 48 FT. Kentucky Model Mobile Kitchen |
| 1 | 48 FT. K-283 Model Mobile Kitchen |
| 1 | 20' x 24' Compact Kitchen |
| 1 | 40 FT. Dishwashing Trailer |
| 1 | 8' x 20' Combination Walk-in Cooler/Freezer |
| 1 | 8' x 20' Walk-in Cooler |
| 1 | 36' x 10' Office/Greenroom Trailer |
| 2 | Ramp & Staircase Systems for (2) kitchen trailers (Not ADA Compliant) |

2.    **Term:** 5 month minimum, commencing upon delivery of the 48 FT. Kentucky Model Mobile Kitchen on or about May 2, 2005, the 48 FT. K-283 Model Mobile Kitchen on or

about May 6, 2005, the 20' x 24' Compact Kitchen on or about May 2, 2005, the 40 FT. Dishwashing Trailer, 36' x 10' Office/Greenroom Trailer, 8' x 20' Combination Walk-in Cooler/Freezer, and 8' x 20' Walk-in Cooler on or about April 28, 2005 to the Location indicated above. The lease will expire September 30, 2005.

      3.    <u>Rent:</u> Rent shall be $45,345.00 per month for 5 months (plus applicable state and local taxes). The total estimated amount of rent to be charged for the use of the Leased Equipment based on the term specified in paragraph 2 shall be $226,725.00 (plus applicable state and local taxes).

      4.    <u>Security/Cleaning Deposit:</u> Upon the signing of this Agreement, Lessee shall pay to Lessor a Security/Cleaning Deposit of $30,000.00. Lessor shall retain the Security/Cleaning Deposit as security for the performance by Lessee of all obligations imposed by this Agreement. Lessor may, at its option, apply all or any portion of the Security Deposit with respect to any violation of this Agreement by Lessee, including cleaning and repair of equipment upon its return or pick up by Lessor. Any portion of the Security Deposit that has not been appropriated by the Lessor in accordance with the provisions of this Agreement must be returned to Lessee within thirty (30) days after the expiration of the term of this Agreement.

      5.    <u>Payments:</u>

A. Upon signing of this agreement, Lessee shall make the following payments:

| | | |
|---|---|---|
| 1. | Security/Cleaning Deposit | $30,000.00 |
| 2. | First Month's Rent for: | |
| | 48 FT. Kentucky Model Mobile Kitchen | |
| | 48 FT. K-283 Model Mobile Kitchen | |
| | 20' x 24' Compact Kitchen | |
| | 40 FT. Dishwashing Trailer | |
| | 36' x 10' Office/Greenroom Trailer | |
| | (2) OSHA Approved Aluminum Steps | $42,345.00 (plus any applicable sales tax) |
| 3. | First and Last Month's Rent for: | |
| | 8' x 20' Combination Walk-in Cooler/Freezer | |
| | 8' x 20' Walk-in Cooler | $6,000.00 (plus any applicable sales tax) |
| 4. | Additional Charges: | |
| | a. Round Trip Delivery/Return | $11,084.00 (plus any applicable sales tax) |
| | b. Technical Support | $2,500.00 (plus any applicable sales tax) |
| | c. (6) Anchor Installation for 36'x10' | $510.00 (plus any applicable sales tax) |
| | d. (6) Anchor Removal for 36'x10' | $210.00 (plus any applicable sales tax) |
| | e. Ins. Liability waiver for 36'x10' | $15.00 (plus any applicable sales tax) |
| | f. Ins. Property waiver for 36'x10' | $40.00 (plus any applicable sales tax) |
| | g. Block, Level, and Knockdown for the 36' x 10' Office/Green Room | $690.00 (plus any applicable sales tax) |

B. <u>Monthly Payments:</u> All monthly rental payments shall be made in advance of that month's rental usage, on the twenty-fifth (25th) day of each month. If a payment is made anytime after invoice due date, in addition to the monthly rent a late fee of four percent (4%) shall be imposed.

      6.    <u>Cancellation:</u> In the Event Lessee decides not to accept delivery of the Leased Equipment and notifies Lessor in writing, then Lessee shall receive a refund of its security deposit less any expenses incurred by Lessor. In addition Lessor shall be entitled to retain 2 month's rent as liquidated damages.

      7.    <u>Lessee's Option to Extend:</u> Lessee shall be entitled to extend the term of this lease pursuant to paragraph 2, for a period of up to 18 months, upon the following terms:

A. Lessee must notify Lessor in writing no later than 60 days prior to the expiration prior to the term of the lease. The monthly rental shall be $46,345.00 per month in the event that Lessee renews for a period of 3 months or less. The monthly rent shall be $45,345.00 per month in the event that Lessee renews for a period of more than 3 months.

8. **Use/Maintenance:** During the term of this Agreement, Lessee agrees to use the Leased Equipment for the ordinary and usual purpose for which it was designed, comply with and conform to all national, state, municipal laws and regulations, pay for permits, taxes, fees, fuel and utilities related to the operation of the Leased Equipment, keep the Leased Equipment in good condition, repair and working order, and not remove the Leased Equipment from the location delivered to by Lessor, without prior written consent of Lessor. Lessor agrees to reasonably make changes or modifications to only the mobile kitchens, compact kitchen, and dishwashing trailer collectively, not to exceed (four thousand) $4,000.00 in order to meet Atlantic City Board of Health requirements. Lessee agrees to pay for any changes or modifications in excess of (four thousand $4,000.00). Lessor agrees to perform the changes or modifications within a reasonable amount of time upon receipt of written notice from Lessee.

9. **Return of Leased Equipment:** At the expiration of the term of this Agreement, the Lessee must allow Lessor to pick-up the Leased Equipment at the place of original delivery. Lessee must surrender the Leased Equipment in the same condition as received, clean, ordinary wear and tear alone excepted. In the event the equipment is not returned clean, Lessor, may, at its option, apply all or any portion of the Security/Cleaning Deposit with respect to cleaning and repair of equipment.

10. **Indemnity:** Lessee agrees to indemnify and hold harmless of, from and against any and all loss, claims, damages, attorneys fees, expenses and liabilities arising out of the use of the Leased Equipment by Lessee or any agents, employees, invitees or any other individual or entity authorized by Lessee to use the Leased Equipment, not caused by the negligence of Lessor.

11. **Insurance:** Before taking possession of the Leased Equipment, Lessee must procure and pay for (a) insurance against loss, theft or damage to the Leased Equipment, for its full replacement value, and (b) public liability and property damage insurance. Public liability and property damage insurance shall be in the minimum amount of $1,000,000. Lessee shall be responsible for the payment of any deductibles and expenses associated with the insurance policies and coverage. All insurance shall be in a form and amount and with companies satisfactory to Lessor and shall contain an endorsement requiring 10 days notice to Lessor prior to cancellation. Lessee shall deliver the polices or copies of the polices or certificates of insurance to Lessor within 30 days of the delivery of the Equipment.

12. **Loss or Damage:** Lessee assumes and shall bear the entire risk of loss, theft, fire, destruction, or damage of or any part of Leased Equipment from any cause whatsoever excluding lessor negligence, normal wear and tear excluded, whether or not covered by insurance, and no such loss shall release Lessee of its obligations under this Agreement.

13. **Force Majeure:** If Lessor's ability to perform its obligations hereunder is limited, or prevented in whole or in part by any reason what so ever not within the control of Lessor including, without limitation, Acts of God, war invasion, acts of foreign enemy, hostilities (whether war be declared or not), strikes, and/or industrial dispute, delay on part of its suppliers, transportation delays, or by any law, regulation, order or other action by any public authority, shall be excused, discharged and released from performance to the extent such performance is so limited, delayed or prevented.

14. **Prohibition on Transfer of Lessee's Interest:** Lessee shall not permit any lien to attach to the Leased Equipment, nor sublease, rent, assign, grant a security interest or otherwise transfer Lessee's interest in the Leased Equipment or this Agreement without the prior, express written consent of the Lessor.

15.    <u>Title/Personal Property:</u> The Leased Equipment is, and shall remain at all times, the property of Lessor, and Lessee shall have no right, title or interest in the Leased Equipment except as expressly set forth in this Agreement. All additions or improvements to the Leased Equipment of any kind or nature must have the written approval of Lessor before being made by Lessee and shall become component parts of the Leased Equipment and title shall immediately vest in Lessor and be governed by the terms of this Agreement.

16.    <u>Condition of Leased Equipment:</u> Lessor does not warrant the fitness, merchantability, design, condition, capacity, suitability or performance of the Leased Equipment. Lessor rents the Leased Equipment to Lessee "as is" with all faults. Lessor represents that the equipment will be delivered in working order and will make any necessary repairs within a reasonable period of time, excluding "Miscellaneous Items", during the term of the lease, provided same are not caused by the negligence of the lessee. In the event that repairs are deemed to be needed during the term of the lease, Lessee must immediately notify Lessor for the consent of any repairs (via phone, fax or in writing) and Lessor shall make all the necessary arrangements for the repair of the Leased Equipment. Lessee shall not make any arrangements for any repairs or alterations to the leased equipment without the prior consent of Lessor. Lessor may elect to make necessary repairs caused by the negligence of the lessee at lessee's expense. Lessor will not pay for the repair of "Miscellaneous Items". "Miscellaneous Items" include: leaking faucets, clogged drain lines, clogged waste pipes, clogged burners, light bulbs, and hvac filters. Lessor represents that the "Miscellaneous Items" will be in proper working order upon delivery. Lessor shall not be liable for any loss or damage. Lessee does hereby expressly waive any and all claims and demands for loss, loss of profits or other alleged consequential damages against Lessor and Lessee does further agree to save and hold harmless Lessor against any and all such claims and demands.

17.    <u>Default:</u> Lessee shall be in default under this Agreement if Lessee:

(a)    Fails to make any payments under this Agreement within ten (10) days after the payment becomes due and payable, and written notice has also been given to Lessee.

(b)    Fails to perform or observe any of the material terms and conditions of this Agreement.

(c)    Becomes insolvent (however defined), ceases business, makes an assignment for the benefit of creditors or causes or suffers a petition for receiver or in bankruptcy to be filed by or against Lessee.

(d)    Commits or fails to commit any act that results in jeopardizing the material rights of Lessor or causes Lessor to reasonably deem itself insecure in its rights.

18.    <u>Remedies:</u> If Lessee is in default under this Agreement, Lessor shall have the right to exercise the following remedies provided however, that lessee shall be given ten (10) days notice by certified mail return receipt requested to cure the default:

(a)    Elect that the rental payments due be accelerated and the entire amount of rent become immediately due.

(b)    Terminate this Agreement.

(c)    Go on Lessee's property and retake the Leased Equipment without notice or legal process. Lessee waives all claims for damages and losses caused by the retaking by Lessor. Lessee agrees to pay all costs and expenses incurred by Lessor in retaking the Leased Equipment.

19. **Business Purpose:** Lessee applies to Lessor for rent of the Leased Equipment for commercial purposes and agrees that this Agreement is not to be construed as a consumer contract.

20. **Filing:** Lessee, upon request, agrees to execute any instrument necessary to the filing and recording of this agreement.

21. **Entire Agreement:** This Agreement contains the entire agreement between the parties relating to the Lessee's rental of the Leased Equipment. Any changes to the terms of this Agreement shall be in writing and signed by the Lessee and Lessor.

22. **Arbitration:** In the event that any dispute between the parties to this Agreement cannot be settled, the matter shall be submitted to binding arbitration. The arbitration shall be conducted in accordance with the rules of the American Arbitration Association, with the prevailing party to be awarded all costs of arbitration and reasonable attorneys fees. The arbitration shall be held in Suffolk County, New York. Any judgment upon an award may be entered in the State(s) and Count(ies) where the lessor and lessee do business.

23. **Jurisdiction/Venue:** This Agreement shall be construed in accordance with New York law.

24. **Notices:** Notices under this Lease shall be in writing and shall be sent to each party at its address or fax number set forth above or, in the event of a change in any address or fax number, then to such other address or fax number as to which notice of the change is given. Notices to Lessor shall be sent to the attention of Keith Futerman or to such other person as to whom notice is given. Notices to Lessee shall be sent to the attention of Michael Register or to such other person as to whom notice is given. Notice shall be deemed given on receipt.

25. **Miscellaneous:** Any failure of Lessor to require strict performance of the terms of this Agreement or any waiver by Lessor of any provision of this Agreement shall not be construed as a consent or waiver of any other breach of the same or any other provision. If any portion of this Agreement is deemed invalid, it shall not affect the rest of this Agreement. Lessee certifies that all credit information given to Lessor is true and correct and authorizes Lessor to investigate the credit worthiness of Lessee.

26. **Binding Effect:** This Agreement shall be binding upon Lessor only after an officer or authorized representative of Lessor signs it. A facsimile signature shall be as binding as an original signature.

In witness whereof, each party has caused this Agreement to be executed on the date indicated below:

**LESSEE:**

Nikki Beach Atlantic City, LLC

By: _Michael Register_

Its: _General Counsel_

Date: _4/18/05_

**LESSOR:**

Stewart's Mobile Concepts, Ltd.

By: _____

Its: _____

Date: _____

19.    **Business Purpose:** Lessee applies to Lessor for rent of the Leased Equipment for commercial purposes and agrees that this Agreement is not to be construed as a consumer contract.

20.    **Filing:** Lessee, upon request, agrees to execute any instrument necessary to the filing and recording of this agreement.

21.    **Entire Agreement:** This Agreement contains the entire agreement between the parties relating to the Lessee's rental of the Leased Equipment. Any changes to the terms of this Agreement shall be in writing and signed by the Lessee and Lessor.

22.    **Arbitration:** In the event that any dispute between the parties to this Agreement cannot be settled, the matter shall be submitted to binding arbitration. The arbitration shall be conducted in accordance with the rules of the American Arbitration Association, with the prevailing party to be awarded all costs of arbitration and reasonable attorneys fees. The arbitration shall be held in Suffolk County, New York. Any judgment upon an award may be entered in the State(s) and Count(ies) where the lessor and lessee do business.

23.    **Jurisdiction/Venue:** This Agreement shall be construed in accordance with New York law.

24.    **Notices:** Notices under this Lease shall be in writing and shall be sent to each party at its address or fax number set forth above or, in the event of a change in any address or fax number, then to such other address or fax number as to which notice of the change is given. Notices to Lessor shall be sent to the attention of Keith Futerman or to such other person as to whom notice is given. Notices to Lessee shall be sent to the attention of Michael Register or to such other person as to whom notice is given. Notice shall be deemed given on receipt.

25.    **Miscellaneous:** Any failure of Lessor to require strict performance of the terms of this Agreement or any waiver by Lessor of any provision of this Agreement shall not be construed as a consent or waiver of any other breach of the same or any other provision. If any portion of this Agreement is deemed invalid, it shall not affect the rest of this Agreement. Lessee certifies that all credit information given to Lessor is true and correct and authorizes Lessor to investigate the credit worthiness of Lessee.

26.    **Binding Effect:** This Agreement shall be binding upon Lessor only after an officer or authorized representative of Lessor signs it. A facsimile signature shall be as binding as an original signature.

In witness whereof, each party has caused this Agreement to be executed on the date indicated below:

**LESSEE:**
Nikki Beach Atlantic City, LLC
By: _Michael Register_          Date: _4/18/05_
Its: _General Counsel_

**LESSOR:**
Stewart's Mobile Concepts, Ltd.
By: _Keith Futerman_           Date: _4/18/05_
Its: _Director of Sales_

Page 5 of 5

# Fax Cover Sheet

## Stewart's Mobile Concepts, Ltd.
845 East Jericho Turnpike
Huntington Station, NY 11746
Phone (631) 351-6030 Fax (631) 351-1587
Web: www.stewartsmobile.com

To: _Michael Register_          Fax #: _305·534-7253_

From: _Keith Futterman_

# of Pages _3_ Including this page.

Special Notes:

_2nd Lease Invoice attached._

**Stewart's Mobile Concepts, Ltd.**
**845 East Jericho Turnpike**
**Huntington Station, NY 11746**
**P (631) 351-6030**
**F (631) 351-1587**

Invoice  to:                                    Lease  Invoice
    Nikki Beach Atlantic City, LLC              Invoice #:        702-05
    1 Ocean Drive                               Date:        5/12/05
    Miami Beach, FL 33139                       Job #:        702-05
                                                Purchase Order #:
Contact: Danielle Houser
Telephone #: (305) 538-1111
Fax #: (305) 534-8937

Deliver  to:    Resorts International
                Hotel & Casino                  Delivery Date:    approx. May 1, 2005
                1133 Boardwalk                  Pick-up Date:    Sept. 30, 2005
                Atlantic City, NJ 08401         Deliver Via:        Transporter

Terms: Payment Due 5/25/05

| ITEM # | DESCRIPTION | Amount |
|---|---|---|
| 1. | Mobile Kitchen 48' x 8' (K-283 Model) | |
| 2. | Mobile Kitchen 48' x 8' (Kentucky Model) | |
| 3. | Dishwashing Trailer 40' x 8' | |
|  | Ramp and Staircase systems for (2) kitchen trailers (Not ADA Compliant) | |
|  | - 2nd month lease payment Dates: 6/1/05 – 6/30/05 | $22,700.00 |
| 4. | 8' x 20' Combination Walk-in Cooler/Freezer | |
| 5. | 8' x 20' Walk-in Cooler | |
|  | -2nd month's lease payment Dates: 5/21/05 – 6/20/05 | $3,000.00 |
| 6. | 20' x 24' Compact Kitchen | |
|  | - 2nd month lease payment Dates: 6/1/05 – 6/30/05 | $19,000.00 |
| 7. | 36' x 10' Office/Greenroom Trailer (32 x 10 box size) | |
|  | - 2nd month's lease payment Dates: 5/21/05 – 6/20/05 | $600.00 |
|  | (2) OSHA Approved Aluminum Steps | $90.00 |
|  | Ins. Liability waiver (standard) | $15.00 |
|  | Ins. Property waiver (9 & 10 wide) | $40.00 |

                                    Sub Total        $45,445.00
                    6% (Atlantic City, NJ) Tax        $2,726.70
                                Balance  Due        $48,171.70

Duration of Usage: 5 Month minimum lease.

*Client responsible for all permits, licenses and fees.*

Payment not received by the 30th day after invoice date will accrue interest of 1.5% per month.

Page 1 of 2

**Michael Register**

| | |
|---|---|
| **From:** | keith@stewartsmobile.com |
| **Sent:** | Friday, April 08, 2005 1:57 AM |
| **To:** | timh@nikkimarina.com; michael@penrods.com; Mike Penrod |
| **Subject:** | Office/Green Room and Dry storage Trailers Quote and Floor Plans |

**Attachments:** Lease Quote-NikkiBeach2.pdf; 36x10moboffice.pdf; 32x8moboffice.pdf; 24x8moboffice.pdf

Tim, Mike, and Michael,

Please review/print/save the attached 4 PDF docs.  Please call with any questions.

Keith


Keith Futerman
Stewart's Mobile Concepts, Ltd.
845 East Jericho Turnpike
Huntington Station, NY 11746
Toll Free 800-919-9261
P 631-351-6030
F 631-351-1587
Cell 516-551-8865
Email: keith@stewartsmobile.com
"MOBILE KITCHEN RENTALS AND SUPPORT SERVICES FROM COAST TO COAST"
Website: http://www.stewartsmobile.com

4/10/2005

## Specifications

**Size**
- 24' Long (toe to toe, inches)
- 20' Box size
- 8' Wide
- 7' Ceiling height

**Interior Finish**
- Paneled walls
- Vinyl tile floors
- Gypsum ceiling

**Electric**
- Fluorescent ceiling lights
- Breaker panel

**Windows/Door**
- Horizontal slider windows
- Vision panel door with standard lock

**Heating and Cooling**
- Electric baseboard heat
- Thru-wall A/C Unit

**Exterior Finish/Frame**
- Abra main siding
- I-beam frame
- Standard drip rail gutters

Additional floor plans available. Floor plans and specifications may vary from those shown and are subject to in-store availability.



7' – 9"

20' – 0"



## Specifications

### Size
- 32' Long (including hitch bar)
- 28' Box size
- 8' Wide
- 7' Ceiling height

### Interior Finish
- Paneled walls
- Vinyl tile floors
- Gypsum ceiling
- Private office
- Wide open shelf savailable

### Furniture
- Two built-in desks with file cabinets
- One built-in plan table
- Overhead shelf

### Electric
- Fluorescent ceiling lights
- Breaker panel

### Windows/Doors
- Horizontal slider windows
- Two vision panel doors with standard locks

### Heating and Cooling
- Electric baseboard heat
- Thru-wall A/C unit

### Exterior Finish/Frame
- Aluminum siding
- I-Beam frame
- Standard drip rail gutters

Additional floor plans available. Floor plans and specifications may vary from floor shown and are subject to market availability.



## Specifications

**Size**
- 16' Long (including hitch)
- 8'0" Box size
- 10' Wide
- 8' Ceiling height

**Interior Finish**
- Paneled walls
- Vinyl tile floors
- 6'0 wall outlets
- Insulated
- Walls open shell available

**Furniture**
- Two built-in desks with file cabinets
- One built-in plan table
- Overhead shelf

**Electric**
- Fluorescent ceiling lights
- Breaker panel

**Windows/Doors**
- Insulated slider windows
- Two vision panel doors with standard locks

**Heating and Cooling**
- Central HVAC or thru-wall AC

**Exterior Finish/Frame**
- Aluminum siding
- I-beam frame
- Spring step rail system

Additional floor plans available. Floor plan and specifications may vary from those shown and are subject to in-stock availability.

32'-0"

08/17/05

3:55 PM

# Hilton Beach Atlantic City
## Vendor QuickReport
### All Transactions

| Type | Date | Num | Memo | Account | Clr | Split | Amount |
|------|------|-----|------|---------|-----|-------|--------|
| **Stewarts Mobile Concepts, LTD** | | | | | | | |
| Bill | 6/12/2005 | 702-05 | | 2000 · Accounts Payable | | 6172 · Trailer Rental - Kitchen | -48,171.70 |
| Bill | 6/12/2005 | 703-05 | | 2000 · Accounts Payable | | 6172 · Trailer Rental - Kitchen | -48,171.70 |
| Bill | 7/1/2005 | 704-05 | | 2000 · Accounts Payable | | 6172 · Trailer Rental - Kitchen | -48,171.70 |
| Bill | 7/1/2005 | | 3rd month | 2000 · Accounts Payable | | 6172 · Trailer Rental - Kitchen | -48,171.70 |
| Bill Pmt -Check | 7/5/2005 | 1266 | July rental of kitchens | 1018 · Disbursement Account 6160 | X | 2000 · Accounts Payable | -5,000.00 |
| Bill | 7/28/2005 | 706-05 | CHECK #   1266 | 2000 · Accounts Payable | | 6172 · Trailer Rental - Kitchen | -8,904.00 |
| Bill | 8/1/2005 | 705-05 | | 2000 · Accounts Payable | | 6172 · Trailer Rental - Kitchen | -44,991.70 |

1430.79.80

8/17/05 Sat

L-109 (7/03)

New Jersey Division of Revenue

## CERTIFICATE of CANCELLATION
### Limited Liability Company
( Title NJSA 42 )



FILED
JUL 11 2006
STATE TREASURER

This form may be used to cancel a Certificate of Formation of a Limited Liability Company on file with the Division of Revenue. Applicants must insure strict compliance with NJSA 42, the New Jersey Limited Liability Act, and insure that all applicable filing requirements are met.

1. Name of Limited Liability Company:

    Nikki Beach Atlantic City LLC

2. Business Entity Number:

    202-529-399/000

3. Date of formation:

    March 23, 2005

4. State of Formation (foreign entities only)


5. Effective date of cancellation:


6. Reasons for canceling the LLC:

    Closed for Business




The undersigned represent(s) that this filing complies with State law as detailed in NJSA 42 and that they are authorized to sign this form on behalf of the Limited Liability Company.


Signature:                                                    Date: 6/30/06

Name: John Michael Register



NJ Division of Revenue, PO Box 308, Trenton NJ 08646

**DEPARTMENT OF THE TREASURY**
Division of Revenue
Business Support Services, Commercial Recording
P.O. Box 308
Trenton, NJ 08646

07/20/2006

SHIP TO:

PENROD MANAGEMENT  GROUP
ONE OCEAN DRIVE
4TH FLOOR
MIAMI, FL 33139

Thank you for your recent work request. The following information summarizes all
work requests processed and the associated fees.

If your work was rejected, it is imperative that you include this form or a copy when
resubmitting corrected documents or if you are requesting a refund.
This will assist us in verifying payment and the original date the work request was
submitted.  Call us at (609) 292-9292 if you have any questions regarding this notice.

1. Customer Number:  427961
2. Account Number:
3. Session Number:   1707809
4. User ID:  8
5. Comments On Work Request:

6. Number of Rejected Jobs: 0

Method of Payment: Check
Check No:  3453                          Amount:      $100.00
Job 1 :                          **Job Completion Status: C  CLOSED (JOB OR SESSION)**
Session Number: 1707809
Work Description: FORMDT  CERTIFICATION OF AMENDMENT AND FORMATION
Job Number:  3214019
Filing Number:  600229364
Received Date:  20-JUL-06
Entity Name:  NIKKI BEACH ATLANTIC CITY, LLC
Comments On Job:

| FEE CODE | FEE DESCRIPTION | FEE | QTY | TOTAL |
|----------|----------------|-----|-----|-------|
| AMENDB | AMENDMENT LLC AND LP | 100.00 | 1 | $100.00 |
| | | | JOB TOTAL: | $100.00 |
| | | | COMPLETED JOB TOTAL: | $100.00 |

**OFFICIAL RECEIPT   *** T H I S   I S   N O T   A   B I L L ***
* Please retain a copy for your records to verify check and credit card billing.

# EXHIBIT Q

American Arbitration Association
*Dispute Resolution Services Worldwide*

Northeast Case Management Center
Catherine Shanks
Vice President
Christopher Frucasso, Yvonne L. Baghini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

# FAX

Date: October 25, 2007

To
Ryan Mulvaney
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

Fax Number: 973-622-5314


L.H. S. Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL 33173

Fax Number: 305-534-7253

From: Joyce A. Rapoza

Number of Pages: ( 2 )

Re: 13 1 18 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.


MESSAGE:

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

# AMERICAN ARBITRATION ASSOCIATION
## Notice of Hearing

October 25, 2007

VIA FACSIMILE

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

VIA FIRST CLASS MAIL

Michael Register Esq.
One Ocean Drive
Miami Beach, FL 33139

VIA FACSIMILE
L.H. S. Savoli
Savola LLC
8770 Sunset Drive, #443
Miami, FL 33173

Re: 13 118 02115 06
     Stewarts Mobile Concepts, Ltd.
     and
     Nikki Beach Atlantic City, LLC and
     Penrod Management Group, Inc.

PLEASE TAKE NOTICE that a hearing in the above-entitled arbitration will be held as follows:

Place:   Cynthia Rollings
        Beldock Levine & Hoffman LLP
        99 Park Avenue
        New York, NY 10016

Date:   December 03, 2007
Time:   10:00 AM Eastern Time

Date:   December 04, 2007
Time:   10:00 AM Eastern Time
Before: Cynthia Rollings

Please attend promptly with your witnesses and be prepared to present your proofs.

        Joyce A. Rapoza
        Case Manager
        401 431 4805

cc:     Cynthia Rollings, Esq.

# EXHIBIT R

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Northeast Case Management Center
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

# FAX

Date: October 26, 2007

To

Ryan Mulvaney
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

Fax Number: 973-622-5314

L.H. S. Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL 33173

Fax Number: 305-534-7253

From: Joyce A. Rapoza

Number of Pages: ( 2 )

Re: 13 118 02115 06
     Stewarts Mobile Concepts, Ltd.
     and
     Nikki Beach Atlantic City, LLC and
     Penrod Management Group, Inc.


MESSAGE: Via First Class Mail to Michael Register, Esq.

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS
ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR
OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE
PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY
NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS
FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED
ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

Case # 13 118 02115 06
Stewart's Mobile Concepts, Ltd.
and
Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

SCHEDULING ORDER #4

      Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA), a conference call was held on October 25, 2007. Appearing at the hearing was Ryan Mulvaney, attorney for claimant, and Steve Savola, attorney for respondent Penrod Management Group, Inc. After discussion, the following is now in effect:

1. Respondent agrees to stipulate that that it has produced to claimant all documents in its possession, custody or control related to the alter ego issue, such stipulation to be in form satisfactory to both parties no later than November 1, 2007.

2. Both parties shall serve their disclosure of witnesses as scheduled no later than November 1, 2007. Respondent expects to be in possession of additional documents from non-parties it expects to call as witnesses at the hearing by November 8, 2007. Respondent shall provide claimant copies of all such documents responsive to claimant's document request and all documents respondent may rely on at the hearing within five (5) business days of receipt of such documents by respondent.

3. Not later than November 28, 2007, the parties shall exchange copies of all exhibits to be offered, pre-marked for identification bound in a three hole punch notebook. On that same date, the parties shall serve and file pre-hearing briefs.

4. The hearing in this matter is re-scheduled to proceed on December 3 and December 4, 2007 at 10 am, as per separate notice by the AAA.

5. Documents to be filed or submitted outside the hearing shall be given to the AAA Case Administrator for transmittal to the arbitrator. Copies of such documents shall also be sent simultaneously to the opposing party. There shall be no direct or direct communication with the arbitrator except at scheduled conference calls and the oral hearing.

6. This order shall continue in effect unless and until amended by subsequent order.

Dated: October 25, 2007

                           Cynthia Rollings
                           Arbitrator

# EXHIBIT S

## Ryan Mulvaney

**From:**    Steve Savola [SteveSavola@NikkiBeach.com]
**Sent:**    Thursday, November 01, 2007 3:57 PM
**To:**      Ryan Mulvaney
**Subject:** Stewart's Mobile

Ryan

    Please find attached my witness list in the referenced matter. Any questions give me a call at 786-390-1297.

Steven Savola

# WITNESSES

1. Nicholas Fiadino
   NJ Division of Taxation
   One Port Center, Suite 200
   Camden, NJ 08103
2. Sebastian Norena
   151 East 50th Street
   New York, New York 10022
3. Andy Tsavos
   426 NE 82nd Street
   Miami, Fl 33138
4. Bruce Hanrahan
   3425 Collins Ave., #1007
   Miami Beach, Fl 33139
5. Michael Penrod
   241 Ft. Lauderdale Beach Blvd.
   Ft. Lauderdale, Fl 33301
6. Timothy Hughes
   11552 NW 43 Ter.
   Doral, Fl 33178
7. Michael Register
   1133 Mariana Ave.
   Coral Gables, fl 33134
8. John Paisano
   Atlantic City Heath Department
   130 Bacharach Blvd., #403
   Atlantic City, NJ
9. Representative of Paychex
   401 Route 73N.
   50 Lake Center Executive Park
   Suite 200
   Marlton, NJ 08053
10. Jack Penrod
    317 N Coconut Lane
    Miami Beach, Fl 33139

# EXHIBIT T

## Ryan Mulvaney

**From:** Ryan Mulvaney
**Sent:** Thursday, November 01, 2007 5:09 PM
**To:** 'SteveSavola@NikkiBeach.com'

Steve – thank you. Attached is Stewart's preliminary list. As you will see, there are certain additional witnesses who have not yet provided their availability for December 3rd and 4th. We hope to learn their availability within the next few days.

If you should have any questions, please do not hesitate to contact me. Thank you.

Ryan P. Mulvaney, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Newark Office:
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
Direct Telephone: (973) 565-2010
Facsimile: (973) 622-5314
Email: Rmulvaney@mdmc-law.com

Morristown Office:
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
Telephone: (973) 993-8100
Facsimile: (973) 425-0161
www.mdmc-law.com

# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

RYAN P. MULVANEY
Direct dial: (973) 565-2010
rmulvaney@mdmc-law.com

November 1, 2007

## VIA ELECTRONIC MAILING

L.H. Steven Savola, Esq.
Savola Law Firm, LLC
8770 Sunset Drive # 443
Miami, Florida 33173

> Re:    Stewart's Mobile Concepts, Ltd. v. Nikki Beach Atlantic City, LLC and
> Penrod Management Group, Inc.
> Case No.:    13-118-02115-06
> MDMC No.:    S0784-1001

Dear Mr. Savola:

This firm represents Claimant, Stewart's Mobile Concepts, Ltd. ("Stewart's"), in the matter referenced above. Pursuant to the arbitrator's Case Management Order, Stewart's identifies the following persons as proposed witnesses: (1) Mr. Keith Futerman, and (2) Mr. Jarid Futerman. Stewart's reserves its right to amend its proposed witness list as discovery and ongoing investigation continue, and because we are still awaiting confirmation from additional fact witnesses concerning their availability to appear on December 3 and 4, 2007, for arbitration. In an effort to comply with the arbitrator's Case Management Order, however, we provide the aforementioned preliminary list. Once we receive confirmation from the other fact witnesses, then we will amend our witness list.

If you should have any questions, please do not hesitate to contact us. Thank you.

Very truly yours,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

By:    /s/ Ryan P. Mulvaney

# EXHIBIT U

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
### ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

RYAN P. MULVANEY
Direct dial: (973) 565-2010
rmulvaney@mdmc-law.com

November 7, 2007

**VIA FEDERAL EXPRESS**

L.H. Steven Savola, Esq.
Savola Law Firm, LLC
8770 Sunset Drive # 443
Miami, Florida 33173

      Re:    Stewart's Mobile Concepts, Ltd. v. Nikki Beach Atlantic City, LLC and
                Penrod Management Group, Inc.
                Case No.:     13-118-02115-06
                MDMC No.:  S0784-1001

Dear Mr. Savola:

    This firm represents Claimant, Stewart's Mobile Concepts, Ltd. ("Claimant"), in the matter referenced above. Pursuant to Scheduling Order 4, by November 1, 2007, Respondent, Penrod Management Group, LLC ("Respondent") was required to stipulate in writing in a form satisfactory to both parties that it had produced to Claimant all documents in Respondent's possession, custody or control related to the alter ego issue. To date, we have not received Respondent's Stipulation. Please provide the Stipulation so that it may be reviewed and approved.

    If you should have any questions, please do not hesitate to contact us. Thank you.

    Very truly yours,

    McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

    RYAN P. MULVANEY

RPM/dl

NEW YORK, NEW YORK     DENVER, COLORADO     RIDGEWOOD, NEW JERSEY     MORRISTOWN, NEW JERSEY     PHILADELPHIA, PENNSYLVANIA

# EXHIBIT V

**Ryan Mulvaney**

| | |
|---|---|
| **From:** | Steve Savola [SteveSavola@NikkiBeach.com] |
| **Sent:** | Thursday, November 08, 2007 3:59 PM |
| **To:** | Ryan Mulvaney |
| **Subject:** | Stewart's Mobile |

Dear Ryan

    Please find attached a list of exhibits.

Steven Savola
General Counsel
Nikki Beach
One Ocean Drive
Miami Beach, FL  33139
305-538-1111 x137
fax: 305-534-7253

## LIST OF EXHIBITS

1. All documents forwarded in response to request for production.
2. Form 46869 for Nikki Beach Atlantic City LLC (payroll records).
3. Tax refund to Nikki Beach Atlantic City LLC dated 6.05.
4. Annual Life Hazard Use Registration Fee 6.7.05.
5. Life Hazard Use Certificate of Registration 6.7.07.
6. State of New Jersey Certificate of Authority for collection of taxes.
7. State of New Jersey Business Registration Certificate.
8. New Jersey Casino Hotel Alcoholic Beverage License.
9. New Jersey Casino Control Commission Petition for license.
10. All documents listed by the petitioner.
11. All State of New Jersey records pertaining to Nikki Beach Atlantic City LLC.

# EXHIBIT W

# McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

### ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

**FILE COPY**

RYAN P. MULVANEY
Direct dial: (973) 565-2010
rmulvaney@mdmc-law.com

November 20, 2007

## VIA FEDERAL EXPRESS

L.H. Steven Savola, Esq.
Savola Law Firm, LLC
8770 Sunset Drive # 443
Miami, Florida 33173

Re:  Stewart's Mobile Concepts, Ltd. v. Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.
Case No.:    13-118-02115-06
MDMC No.:   S0784-1001

Dear Mr. Savola:

This firm represents Claimant, Stewart's Mobile Concepts, Ltd. ("Claimant"), in the matter referenced above. Pursuant to Scheduling Order 4, by November 1, 2007, Respondent, Penrod Management Group, LLC ("Respondent") was required to stipulate in writing in a form satisfactory to both parties that it had produced to Claimant all documents in Respondent's possession, custody or control related to the alter ego issue. To date, we have not received Respondent's Stipulation. Please provide the Stipulation so that it may be reviewed and approved.

In addition, the Scheduling Order provides that Respondent was to produce documents that it, on November 8, 2007, received from third parties. Respondent was obligated to produce those documents to Claimant by no later than five days after Respondent's receipt of those documents. This is to confirm that Respondent has not produced documents to Claimant as set forth in the Scheduling Order.

If you should have any questions, please do not hesitate to contact us. Thank you.

Very truly yours,

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

*Ryan P. Mulvaney/oll*

RYAN P. MULVANEY

NEW YORK, NEW YORK      DENVER, COLORADO      RIDGEWOOD, NEW JERSEY      MORRISTOWN, NEW JERSEY      PHILADELPHIA, PENNSYLVANIA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

PENROD MANAGEMENT GROUP, Inc.

               Plaintiff-Petitioner,

v.

STEWART'S MOBILE CONCEPTS, LTD.,

               Defendant-Respondent.

CIVIL ACTION NO.:  07-CV-10649

---

## CIVIL ACTION – CERTIFICATION OF SERVICE

---

        I, Ben Zviti, am employed by the firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys for defendant, in the within matter.

        On December 10, 2007 I served true and accurate copies of the within **Opposition to the Order to Show Cause by Plaintiff-Petitioner Penrod Management Group, Inc.,** and this certification of service upon the following, by e-mail and depositing the same in a mailbox of the United States Postal Service, in accordance with the Federal Rules of Civil Procedure:

        James V. Marks, Esq.
        Attorney for Plaintiff
        195 Broadway, 24th Floor
        New York NY 10007
        Telephone: 212-513-3200
        Facsimile:  212-385-9010

        I HEREBY CERTIFY that all of the foregoing statements made by me are true. I am aware that if any of the foregoing statement made by me are willingly false, I am subject to punishment.

Date:  December 10, 2007



Ben Zviti