Attorneys for Defendant-Respondent
Stewart's Mobile Concepts, Ltd.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Penrod Management Group, Inc.<br><br>          Plaintiff-Petitioner,<br><br>    - v -<br><br>Stewart's Mobile Concepts, Ltd.<br><br>          Defendant-Respondent. | 07- CV – 10649<br><br>**STEWART'S MOBILE CONCEPTS, LTD ANSWER TO PENROD MANAGEMENT GROUP'S PETITION** |

Respondent, Stewart's Mobile Concepts, Ltd., ("Stewart's Mobile" or "Respondent"), by and through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of Answer to the Petitioner's, Penrod Management Group's ("Penrod Management's "), Petition, responds as follows:

## NATURE OF ACTION

1. The Respondent denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One of the Petition.

2. The Respondent denies each and every allegation contained in Paragraph Two of the Petition.

3. The Respondent denies each and every allegation contained in Paragraph Three of the Petition.

4. The Respondent denies each and every allegation contained in Paragraph Four of the Petition.

## THE PARTIES

5.  The Respondent denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Five of the Petition.

6.  The Respondent admits the allegations contained in Paragraph Six of the Petition.

## PERSONAL JURISDICTION AND VENUE

7.  The Respondent denies each and every allegation contained in Paragraph Seven of the Petition.

8.  The Respondent denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eight of the Petition.

## BACKGROUND

### A.    The Equipment Rental Agreement

9.  The Respondent admits the allegations contained in Paragraph Nine of the Petition.

10.  The Respondent denies that the allegations contained in Paragraph Ten of the Petition properly characterize the Agreement and respectfully refers the Court to the Agreement per se.

11. The Respondent denies that the emphasis added by the Petitioner to the quoted provision of the Agreement reflects a particular meaning intended by the parties and respectfully refers the Court to the complete Agreement as executed.

12. The Respondent denies each and every allegation contained in Paragraph Twelve of the Petition.

**B.    The Demand for Arbitration and Status of the Arbitral Proceedings**

13. The Respondent admits the allegations contained in Paragraph Thirteen of the Petition.

14. The Respondent admits the allegations contained in Paragraph Fourteen of the Petition.

15. The Respondent admits the allegations contained in Paragraph Fifteen of the Petition.

16. The Respondent admits the allegations contained in Paragraph Sixteen of the Petition.

17. The Respondent admits the allegations contained in Paragraph Seventeen of the Petition, but denies that this is the sole basis for compelling arbitration.

18. The Respondent denies each and every allegation contained in Paragraph Eighteen of the Petition.

19. The Respondent admits the allegations contained in Paragraph Nineteen of the Petition.

20. The Respondent denies the characterization set forth in Paragraph Twenty of the Petition and respectfully refers the Court to the opinion and order of the Arbitrator per se.

21. The Respondent denies each and every allegation contained in Paragraph Twenty-One of the Petition.

## CLAIMS FOR RELIEF

### COUNT I

22. The Repondent repeats and realleges each and every response set forth in Paragraphs One through Twenty-One of its Answer as if fully set forth at length herein.

23. The Respondent denies each and every allegation contained in Paragraph Twenty-Three of the Petition.

24. The Respondent denies each and every allegation contained in Paragraph Twenty-Four of the Petition.

WHEREFORE, Stewart's Mobile Concepts, Ltd., denies that Penrod Management Group, Inc., is entitled to any relief sought in its Petition and demands judgment dismissing the entire Petition with prejudice, in addition to attorneys' fees, litigation expenses, costs of suit and other such relief in favor of Stewart's Mobile Concepts, Ltd., and against Penrod Management Group, Inc., as the Court may deem just and proper.

## COUNT II

25. The Repondent repeats and realleges each and every response set forth in Paragraphs One through Twenty-Four of its Answer as if fully set forth at length herein.

26. The Respondent denies each and every allegation contained in Paragraph Twenty-Six of the Petition except admits that the New York arbitration is pending.

27. The Respondent denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Seven of the Petition.

28. The Respondent denies each and every allegation contained in Paragraph Twenty-Eight of the Petition.

WHEREFORE, Stewart's Mobile Concepts, Ltd., denies that Penrod Management Group, Inc., is entitled to any relief sought in its Petition and demands judgment dismissing the entire Petition with prejudice, in addition to attorneys' fees, litigation

expenses, costs of suit and other such relief in favor of Stewart's Mobile Concepts, Ltd., and against Penrod Management Group, Inc., as the Court may deem just and proper.

## COUNT III

29. The Repondent repeats and realleges each and every response set forth in Paragraphs One through Twenty-Eight of its Answer as if fully set forth at length herein.

30. The Respondent denies each and every allegation contained in Paragraph Thirty of the Petition.

31. The Respondent denies each and every allegation contained in Paragraph Thirty-One of the Petition.

32. The Respondent denies each and every allegation contained in Paragraph Thirty-Two of the Petition.

33. The Respondent denies each and every allegation contained in Paragraph Thirty-Three of the Petition.

WHEREFORE, Stewart's Mobile Concepts, Ltd., denies that Penrod Management Group, Inc., is entitled to any relief sought in its Petition and demands judgment dismissing the entire Petition with prejudice, in addition to attorneys' fees, litigation expenses, costs of suit and other such relief in favor of Stewart's Mobile Concepts, Ltd., and against Penrod Management Group, Inc., as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Penrod Management's Petition fails to state a claim against the Respondent upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Penrod Management's claims are barred by the doctrines of estoppel and laches.

## THIRD AFFIRMATIVE DEFENSE

Penrod Management's claims against the Respondent are barred or limited by the failure of Penrod Management to comply with statutory and/or contractual conditions precedent to bringing this action.

## FOURTH AFFIRMATIVE DEFENSE

Penrod Management's Petition is barred by the doctrine of unclean hands and superior equities.

## FIFTH AFFIRMATIVE DEFENSE

The claims and causes of action asserted in the Petition are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

The claims and causes of action asserted in the Petition are barred by public policy.

## SEVENTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the Petitioner's claims and causes of action and should remand the matter in dispute to the American Arbitration Association.

## RESERVATION OF RIGHTS

The Respondent reserves its right to amend its Answer to Penrod Management's Petition in order to assert additional affirmative defenses and counterclaims in the event the Court determines on the pending Order to Show Cause that it has jurisdiction to determine the issue of arbitrability.

WHEREFORE, Stewart's Mobile Concepts, Ltd., denies that Penrod Management Group, Inc., is entitled to any relief sought in its Petition and demands judgment dismissing the entire Petition with prejudice, in addition to attorneys' fees, litigation expenses, costs of suit and other such relief in favor of Stewart's Mobile Concepts, Ltd., and against Penrod Management Group, Inc., as the Court may deem just and proper.

Dated: New York, New York
December 21, 2007

McElroy, Deutsch, Mulvaney & Carpenter, LLP

Richard S. Mills
*Attorneys for Respondent*
*Stewart's Mobile Concepts, Ltd.*
88 Pine Street, 24th Floor
New York, New York 10005
*212.483.9490 (P)*
*212.483.9129 (F)*

To:    James V. Marks, Esq.
       Attorney for Plaintiff-Petitioner
       195 Broadway, 24th Floor
       New York NY 10007
       Telephone: 212-513-3200
       Facsimile:  212-385-9010