UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PENROD MANAGEMENT GROUP, INC.　　　　　Civil Action No.: 07-CV-10649

　　　　　　　　　Plaintiff-Petitioner,
- against -

STEWART'S MOBILE CONCEPTS, LTD.,

　　　　　　　　　Defendant-Respondent.

---

**MEMORANDUM OF LAW IN SUPPORT OF
PENROD MANAGEMENT GROUP INC.'s MOTION *IN LIMINE***

Plaintiff-Petitioner, Penrod Management Group ("PMG"), respectfully submits this memorandum of law in support of its motion *in limine* to (1) quash defendant-respondent Stewart Mobile Concepts, Ltd.'s ("SMC") trial subpoena *ad testificandum* dated May 16, 2008 (the "Trial Subpoena") directed to Jack Penrod ("Penrod") and (2) to preclude the admission of the Direct Examination Affidavit of Bob Hiss, the Accounts Receivable Manager for non-party Mr. John, Inc., sworn to on May 5, 2008 ("Hiss Aff.").

**BACKGROUND FACTS**

The sole issue to be resolved at trial is whether PMG is the alter-ego of Nikki Beach Atlantic City, LLC ("NBAC"). Declaration of Christine Tramontano ("Tramontano Dec.") at ¶ 4. SMC seeks to compel PMG, a non-signatory to an arbitration provision contained in an equipment rental agreement between SMC and NBAC, to participate in an arbitration concerning NBAC's alleged breach of the agreement. Ex. A to Tramontano Dec. SMC alleges that PMG should be compelled to arbitrate as the alter-ego of NBAC. Tramontano Dec. at ¶ 4. By Order dated February 16, 2008, this Court granted PMG's motion to stay the arbitration proceedings pending the resolution of the alter-ego issue in this Court. *Id.*

A.  **Jack Penrod Trial Subpoena**

On May 16, 2008, SMC issued the Trial Subpoena to compel the testimony of Jack Penrod at the upcoming trial before this Court.[1]  Ex. A to Declaration of Jack V. Penrod ("Penrod Dec."). Penrod, a resident of Florida, is the Chief Executive Officer and President of PMG. Penrod Dec. at ¶ 1. Penrod did not have any contact with SMC and was not responsible for the negotiation of the equipment rental agreement between SMC and NBAC. Penrod Dec. at ¶¶ 3 & 4. Moreover, Penrod was neither responsible for the formation or operation of NBAC, nor did he oversee the day-to-day management of NBAC. Penrod Dec. at ¶¶ 5 & 6. Penrod is currently out of the country on business and will remain out of the country during the tentatively scheduled trial dates. Penrod Dec. at ¶ 8.

Under these circumstances, PMG respectfully submits that SMC's attempt to compel the testimony of PMG's Chief Executive Officer and President, Jack Penrod is inappropriate and burdensome.

B.  **Direct Examination Affidavit of Mr. Bob Hiss**

SMC has offered in evidence the Direct Examination Affidavit of Bob Hiss, the Accounts Receivable Manager for non-party Mr. John, Inc. Tramontano Dec. at ¶ 6. Mr. Hiss's testimony contains no information concerning the organization of PMG or of NBAC. *See* Ex. D to Tramontano Dec. The Hiss Aff. does not address any elements of SMC's alter-ego claims. *Id.* Mr. Hiss has no knowledge of facts relevant to the elements of alter-ego, which SMC is required

---

[1]  SMC faxed counsel for PMG a courtesy copy of the subpoena. According to the cover letter enclosing the Subpoena, the trial subpoena "is being served on Mr. Jack Penrod". Mr. Penrod has been out of the country and will be out of the country until August. To date, Mr. Penrod has not been personally served. Penrod Dec. at ¶ 2.

to establish. *Id.* Therefore, the Hiss Aff. is irrelevant to the sole issue in this case and it should be precluded.[2]

## LEGAL ARGUMENT

I. **THE TRIAL SUBPOENA MUST BE QUASHED BECAUSE IT IMPOSES AN UNDUE BURDEN AND SEEKS DUPLICATIVE INFORMATION BEING OFFERED THROUGH OTHER WITNESSES WITH SUPERIOR KNOWLEDGE**

Rule 45(c)(1) of the Federal Rules of Civil Procedure protects persons improperly subject to subpoenas by expressly providing that:

> A party or attorney responsible for issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.

Fed. R. Civ. P. 45(c)(1).

Under Rule 45(c)(3)(A)(iv), the Court is authorized to quash a subpoena provided that "[o]n timely motion, the court by which a subpoena was issued shall quash or modify a subpoena if it (iv) subjects a person to *undue burden*." Fed. R. Civ. P. 45(c)(3)(A)(iv) (emphasis added). The Advisory Committee notes accompanying Rule 45 explain that it is "unduly burdensome to compel an adversary to attend trial as a witness if the adversary is known to have no personal knowledge of the matters in dispute, especially so if the adversary would be required to incur substantial travel burdens." Fed. R. Civ. P. 45, Advisory Committee's Note. *See Sneaker Circus, Inc. v. Carter*, 457 F. Supp 771, 794 n. 33 (E.D.N.Y. 1978) (finding it unnecessary to call the Ambassador or any of his deputies as a witness because any questions plaintiffs could ask were answered by the documents produced and by the testimony of other witnesses).

The standard set forth in Rule 45 is analagous to the standard for entering a protective order under Rule 26(c). Courts routinely recognize that before a party can obtain the testimony

---

[2] The Hiss Aff. makes reference to the following SMC Exhibits which should similarly be excluded from from admission in evidence: SMC Exhibits 14, 16, and 51. Tramontano Dec. at ¶ 7.

3

of a senior executive pursuant to Rule 45, the party must 1) first seek this information from subordinate employees having more direct knowledge of the relevant facts; and 2) establish that the senior executive possesses non-duplicative and unique knowledge to the matter in controversy. *See, e.g., Treppel v. Biovail Corp.*, No. 03 Civ. 3002 (PKL), 2006 WL 468314, at *1 (S.D.N.Y Feb. 28, 2006) (denying deposition of senior officers where plaintiff made no attempt to first depose any lower level executives); *Consol. Rail Corp. v. Primary Indus. Corp.*, No. 92 Civ. 4927 (PNL), 1993 WL 364471, at * 1 (S.D.N.Y. Sept. 10, 1993) (deferring the live depositions of the corporation's Chief Executive Officer and President, and two vice presidents, until defendant could demonstrate that the three executives had unique knowledge pertinent to the issues in the dispute).

Here, Penrod is the CEO and President of PMG. Penrod Dec. at ¶ 1. He did not have any contact with SMC and he was not responsible for negotiating the equipment rental agreement between SMC and NBAC. *Id.*. at ¶¶ 3 & 4. Indeed, Penrod was neither responsible for the formation or operation of NBAC, nor did he oversee the day-to-day management of NBAC. *Id.* at ¶¶ 5 & 6. Simply put, Penrod does not have direct knowledge of the matters in dispute. *Id.* at ¶ 7.

John Michael Register ("Mr. Register"), the Vice President of New Properties for PMG and General Counsel to PMG and NBAC, has the most direct knowledge concerning the facts relating to the formation and operation of NBAC. PMG produced the direct examination declaration of Mr. Register regarding the alter-ego allegations, and SMC will have the opportunity to cross-examine him at trial.[3] Tramontano Dec. at ¶ 5. Mr. Register is very knowledgeable on the business relationship between NBAC and PMG, and can testify as to the

---

[3] Likewise, in support of its allegations that PMG is the alter-ego of NBAC, SMC intends to offer excerpts from the transcript of the deposition testimony of Michael Penrod, the individual responsible for the day-to-day operations of NBAC.

formation, management, and handling of both corporations. *See generally*, Ex. C to Tramontano Dec. Mr. Register also is fully familiar with the relationship between NBAC and SMC. *See*, Ex. C to Tramontano Dec. at ¶¶ 22-27. Mr. Register has superior direct knowledge to Jack Penrod surrounding the transaction and dealings with SMC and NBAC.

The trial testimony of Penrod is not only unnecessary but presents an undue burden. Penrod is currently out of the country on business and will still be out of the country during the tentatively scheduled trial dates. Penrod Dec. at ¶ 8. Under these circumstances, Penrod should be protected from the annoyance, undue burden, and expense that would result from being compelled to testify, especially where the testimony of individuals with the most direct and relevant knowledge of the facts relevant to SMC's claims of alter-ego is already being offered.

The Court should, thus, quash the Trial Subpoena and preclude SMC from improperly seeking the unnecessary testimony of Penrod at trial.

## II. THE TESTIMONY OF BOB HISS MUST BE PRECLUDED BECAUSE IT IS IRRELEVANT AND PREJUDICIAL

### A. Mr. Hiss's Testimony Is Irrelevant To The Issue In This Litigation

Federal Rule of Evidence 401 provides:

> Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Pursuant to FRE 402, "evidence which is not relevant is not admissible." The Courts should not permit the introduction of irrelevant testimony at trial. *See Brown v. Ionescu,* No. 02 Civ. 1218(KNF), 2008 WL 123805, (S.D.N.Y. Jan. 11, 2008) (excluding irrelevant expert affidavit);

The germane issue in this case is whether PMG is the alter-ego of NBAC. Under New Jersey law[4], in order to state a claim for piercing the corporate veil under an alter-ego theory, a party must prove that:

1. One corporation is organized and operated as to make it a mere instrumentality of another corporation; and

2. The dominant corporation is using the subservient corporation to perpetrate fraud, to accomplish injustice, or to circumvent the law.

*See Bd. of Trs. v. Foodtown, Inc.*, 296 F.3d 164, 171 (3d Cir. 2002). The court will consider the following factors in determining whether to pierce the corporate veil:

1. Gross undercapitalization

2. Failure to observe corporate formalities

3. Non-payment of dividends

4. The insolvency of the debtor corporation at the time

5. Siphoning of finds of the corporation by the dominant stockholder

6. Non-functioning of other officers or directors

7. Absence of corporate records

8. And the fact that the corporation is merely a facade for the operations of the dominant stockholder or stockholders.

*Id.* at 172.

Mr. Hiss is the Accounts Receivable Manager for non-party Mr. John, Inc. Ex. D to Tramontano Dec. He does not purport to have knowledge of the transaction or dealings between SMC and NBAC. *See id.* To the contrary, Mr. Hiss's purported testimony relies exclusively on an agreement between Mr. John, Inc. and PMG, where PMG agreed to serve as the guarantor for

---

[4] New Jersey substantive law applies to plaintiff's alter-ego claim because New Jersey is the place of Nikki Beach's incorporation. Under New York choice of law principles, the law of the state of incorporation determines whether a court can disregard the corporate form under which an entity operates. *See, e.g., Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995).

NBAC. *See id.* The facts relating to the unique arrangement with Mr. John Inc. are wholly irrelevant to whether PMG is the alter-ego of NBAC. *See id.*

The crux of Mr. Hiss's testimony is that PMG applied for credit with Mr. John, PMG wire-transferred money to Mr. John for the initial down payment on an agreement, that Mr. John sent invoices to PMG and they became overdue, and that Mr. John was never contacted by PMG about the outstanding invoices. *See id.* Mr. Hiss' testimony has no tendency to prove any of the elements of alter-ego. *See id.*

Therefore, because the testimony of Mr. Hiss relates only to the Mr. John, Inc. transaction, it has absolutely no connection to whether PMG is NBAC's alter-ego, Mr. Hiss's testimony and accompanying exhibits should be excluded on grounds of irrelevancy.

### B.    Mr. Hiss's Testimony Should Be Excluded From Trial Because It Unfairly Prejudices PMG

Even if this Court were to hold that Mr. Hiss's testimony is relevant to the sole issue in this case, any such probative value of his testimony would be substantially outweighed by its prejudicial impact. Rule 403 provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In applying Rule 403, the test is whether the prejudicial effect outweighs the probative value of the evidence. Here, Mr. Hiss's testimony involves a transaction that is wholly unrelated to and involved facts significantly dissimilar to the transaction in dispute in the instant case. *See* Ex. D to Tramontano Dec. Accordingly, there is no probative value of Mr. Hiss's testimony. Instead, Mr. Hiss's testimony serves only to prejudice PMG by casting PMG in a bad light as an entity that defaults on its debts.

In sum, SMC should not be permitted to offer any testimony concerning a dissimilar transaction that has no bearing on any element relating to SMC's alter-ego allegations. Mr. Hiss's testimony must be excluded pursuant to FRE 403.

## CONCLUSION

For the foregoing reasons, Plaintiff-Petitioner Penrod Management Group respectfully requests that an Order be entered granting the motion to quash the Trial Subpoena directed to Jack Penrod pursuant to Fed. R. Civ. Pro. 45(c). In addition, Penrod Management Group seeks an Order granting that portion of its motion for an order *in limine* precluding the admission in evidence of the Hiss. Aff.

Dated: New York, New York
       June 3, 2008

>                                  HOLLAND & KNIGHT LLP
>                                  Attorneys for Plaintiff-Petitioner
>                                  Penrod Management Group
>
>                                  By: _____
>                                       Sean C. Sheely
>                                       Christine Tramontano
>                                  195 Broadway
>                                  New York, New York 10007
>                                  (212) 513-3200

Of Counsel:
L.H. Steven Savola, Esq. (*pro hac vice*)
Savola LLC Law Firm
8770 Sunset Drive, #443
Miami, FL 33173
(305) 279-6406

# 5360120_v5