McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
88 Pine Street
24th Floor
New York, New York 10005
Telephone: (212) 483-9490
Facsimile: (212) 483-9129
Attorneys for Defendant-Respondent,
Stewart's Mobile Concepts, Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PENROD MANAGEMENT GROUP, INC., <br><br> Plaintiff-Petitioner, <br><br> v. <br><br> STEWART'S MOBILE CONCEPTS, LTD., <br><br> Defendant-Respondent. | Civil Action No. 07-10649 <br><br><br><br> **CERTIFICATION OF COUNSEL IN SUPPORT OF THE MOTION <u>IN LIMINE</u> BY DEFENDANT-RESPONDENT, STEWART'S MOBILE CONCEPTS, LTD.** |

I, RYAN P. MULVANEY, hereby certify as follows:

1.  I am an attorney at law of the State of New Jersey, am admitted <u>pro hac vice</u> in this Court for purposes of this matter, and am associated with the Newark and Morristown, New Jersey offices of the law firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP. I am one of the attorneys responsible for handling this matter on behalf of Defendant-Respondent, Stewart's Mobile Concepts, Ltd. ("SMC"). As such, I have personal knowledge of the facts set forth herein.

2.  I make this certification in support of SMC's motion <u>in limine</u> to bar the introduction of certain evidence and testimony proffered by Plaintiff-Petitioner, Penrod Management Group, Inc. ("PMG"), in support of its defense that it and Nikki Beach Atlantic

City, LLC ("NBAC") are not the alter egos of each other for PMG's previous failure to produce or identify during discovery documents specifically related to its defense of SMC's alter ego claim in the currently pending but stayed proceedings in the American Arbitration Association (the "AAA") under Case Number 13-118-02115-06.

3. On September 20, 2006, I filed Demands for Arbitration on behalf of Stewart's Mobile, as Claimant, against NBAC and PMG, as Respondents.

4. On October 11, 2006, Michael Register, Esq., General Counsel to NBAC and PMG, sent a letter to the AAA and to my office indicating that NBAC was administratively terminated. Mr. Register also provided a copy of the Certificate of Cancellation to the AAA and to my office.

5. Attached hereto as Exhibit "A" is a true and accurate copy of Mr. Register's October 11, 2006, letter to the AAA and to my office, and the Certificate of Cancellation.

6. On October 25, 2006, the AAA issued an initial Order in which it indicated that it futilely attempted to contact Mr. Register to participate in the conference call.

7. Attached hereto as Exhibit "B" is a true and accurate copy of the October 25, 2006, Order from the AAA.

8. On October 30, 2006, Mr. Register sent another letter to the AAA and to my office indicating that Nikki Beach had been dissolved and that "no one will be representing the interests of Nikki Beach Atlantic City, LLC at the arbitration."

9. Attached hereto as Exhibit "C" is a true and accurate copy of Mr. Register's October 30, 2006, letter to the AAA and to my office.

10. Attached hereto as Exhibit "D" is a true and accurate copy of the AAA's letter to the parties scheduling the June 21, 2007, telephonic case management conference.

11. Attached hereto as Exhibit "E" is a true and accurate copy of the July 12, 2007, Order confirming the June 21, 2007, telephonic case management conference.

12. On July 6, 2007, in accordance with the June 21, 2007, preliminary hearing teleconference, I served Mr. Register with SMC's First Request for the Production of Documents directed to PMG and NBAC.

13. Attached hereto as Exhibit "F" is a true and accurate copy of SMC's First Request for the Production of Documents directed to PMG and NBAC.

14. Pursuant to the July 12, 2007, Order, discovery responses were due by no later than July 27, 2007.

15. PMG did not provide responses to SMC's First Request for the Production of Documents. Rather, at 3:01 P.M. on July 27, 2007, PMG filed with the AAA and served me with PMG's "Motion to Dismiss for Lack of Jurisdiction and/or Motion to Stay Production of Documents."

16. On August 6, 2007, I timely filed and served a brief and certification of counsel in opposition to PMG's motion to dismiss for lack of jurisdiction. In addition, I filed a cross-motion against PMG to compel the production of documents.

17. PMG did not file a reply in further support of its motion, or oppose SMC's cross-motion to compel discovery responses.

18. On August 16, 2007, Arbitrator Rollings issued a written opinion in which she denied PMG's motion to dismiss and/or to say discovery "pending discovery by [SMC] and without prejudice to renewal upon completion of discovery." In addition, Arbitrator Rollings granted SMC's unopposed cross-motion to compel the production of documents and specifically ordered that SMC was "entitled to limited discovery in furtherance of the alter ego claim."

19.     Attached hereto as Exhibit "G" is a true and accurate copy of Arbitrator Rollings' August 16, 2007, Opinion and Order.

20.     On August 20, 2007, the parties participated in a telephonic case management conference with Arbitrator Rollings. Pursuant to the August 20, 2007, telephonic case management conference, PMG was required to provide discovery responses by August 24, 2007. On September 10, 2007, the AAA issued an Order that confirmed the August 20, 2007, telephonic case management conference.

21.     Attached hereto as Exhibit "H" is a true and accurate copy of the September 10, 2007, Order, which confirmed the August 20, 2007, telephonic case management conference.

22.     On September 10, 2007, I contacted L.H. Steven Savola, Esq., PMG's arbitration counsel, regarding PMG's status of responding to SMC's document demands. Mr. Savola indicated that PMG unilaterally decided to respond to only six of SMC's thirty-four document demands. During the conversation, I indicated that although I would consider reducing the scope of the document demands (to eliminate at that time the breach of contract discovery to focus only on the alter ego issues pursuant to Arbitrator Rollings' Orders), PMG's selection of only six document demands to which to respond was unsatisfactory. Mr. Savola indicated that he would confer with PMG regarding responding to SMC's document demands.

23.     Attached hereto as Exhibit "I" is a true and accurate copy of a Telephone Record for File depicting the substance of my September 10, 2007, conversation with Mr. Savola. The notes were contemporaneously taken with my telephone conversation with Mr. Savola.

24.     Having not heard from Mr. Savola, on or about October 3, 2007, I again contacted Mr. Savola regarding the status of PMG's document production and responses. Mr. Savola indicated that he had not spoken to PMG's representatives regarding PMG's discovery responses.

4

25. Attached hereto as Exhibit "J" is a true and accurate copy of a Telephone Record for File depicting the substance of my October 2, 2007, conversation with Mr. Savola. The notes were contemporaneously taken with my telephone conversation with Mr. Savola.

26. On October 9, 2007, the parties participated in a telephonic case management conference with Arbitrator Rollings. During the telephonic case management conference, PMG was again ordered to, by October 10, 2007, provide responses to SMC's discovery requests. On October 9, 2007, the AAA issued an Order that confirmed the October 9, 2007, telephonic case management conference.

27. Attached hereto as Exhibit "K" is a true and accurate copy of the October 9, 2007, Order that confirmed the October 9, 2007, telephonic case management conference.

28. On October 10, 2007, I received and reviewed PMG's responses to discovery. In response to the alter-ego issue, PMG produced only a few documents and, in its cover letter, made reference to an alleged agreement with me to produce documents in response to only six of the thirty-four requests. As previously indicated, there was no such agreement.

29. Attached hereto as Exhibit "L" is a true and accurate copy of PMG's responses to SMC's First Request for the Production of Documents.

30. Immediately after receiving PMG's document demands, reference to an alleged agreement with me, and recognition that one of the documents produced to me was simply printed from a website the day before, I requested another telephonic case management conference with Arbitrator Rollings.

31. On October 25, 2007, the parties participated in a telephonic case management conference with Arbitrator Rollings. During the October 25, 2007, telephonic case management conference, I raised the issue of PMG's limited responses to SMC's document demands and the

issue regarding the alleged agreement. I indicated that I would accept from PMG a stipulation representing that it had produced all of the documents that it had in its possession, custody or control related to the alter-ego issue. Mr. Savola, on behalf of PMG, agreed to provide me with a stipulation reflecting that PMG had produced all of the documents that it had in its possession, custody or control related to the alter-ego issue by no later than November 1, 2007.

32. Also during the October 25, 2007, telephonic case management call, Mr. Savola represented that PMG expected to receive additional documents from non-party witnesses by November 8, 2007. Arbitrator Rollings therefore required PMG to produce those documents to me by no later than five business days from November 8, 2007. No such production was ever made by PMG.

33. Attached hereto as Exhibit "M" is a true and accurate copy of the October 26, 2007, Order that confirmed the October 25, 2007, telephonic case management conference, and PMG's agreement to stipulate that it had produced all of the documents that it had in its possession, custody or control by November 1, 2007; and confirmed the deadline by which PMG was required to produce the documents that it received from third parties.

34. On April 21, 2008, PMG served its proposed witness and exhibit lists.

35. Attached hereto as Exhibit "N" is a true and accurate copy of PMG's proposed exhibit list.

36. On May 22, 2008, PMG served the Direct Testimony Declaration of John Michael Register (the "Register Declaration").

37. Attached hereto as Exhibit "O" is a true and accurate copy of the Register Declaration.

38. Attached hereto as Exhibit "P" is a true and accurate copy of <u>Cordius Trust v.</u>

6

Kummerfield, 2008 WL 113664 (S.D.N.Y. Jan 11, 2008).

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

By: _____
Ryan P. Mulvaney

Dated: June 3, 2008