# EXHIBIT A



NIKKI BEACH

October 11, 2006

Joyce A. Rapoza
Case Manager
American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

      Re:   Stewart's Mobile Concepts

Dear Ms. Rapoza:

      We regret to inform you that Nikki Beach Atlantic, LLC has ceased all operations and has been administratively dissolved. Please find a certificate of cancellation enclosed.

      Thank you very much for your attention to this matter.

      Very truly yours,

      Michael Register, Esq.
      General Counsel
      Nikki Beach

LHSS/yp
cc:  Thomas P. Scrivo, Esq.
    McElroy, Deutsch, Mulvaney & Carpenter, LLP
    Three Gateway Center
    100 Mulberry Street
    Neward, NJ 07102-4079

**DEPARTMENT OF TREASURY**
Division of Revenue
Business Support Services, Commercial Recording
P.O. Box 308
Trenton, NJ 08646

07/20/2006

SHIP TO:

PENROD MANAGEMENT GROUP
ONE OCEAN DRIVE
4TH FLOOR
MIAMI, FL 33139

Thank you for your recent work request. The following information summarizes all work requests processed and the associated fees.

If your work was rejected, it is imperative that you include this form or a copy when resubmitting corrected documents or if you are requesting a refund.
This will assist us in verifying payment and the original date the work request was submitted. Call us at (609) 292-9292 if you have any questions regarding this notice.

1. Customer Number:  427961
2. Account Number:
3. Session Number:  1707809
4. User ID:  8
5. Comments On Work Request:

6. Number of Rejected Jobs: 0

Method of Payment: Check
Check No:  3453                    Amount:      $100.00
**Job 1 :**                        **Job Completion Status:  C  CLOSED (JOB OR SESSION)**
Session Number: 1707809
Work Description:  FORMDT   CERTIFICATION OF AMENDMENT AND FORMATION
Job Number:  3214019
Filing Number:  600229364
Received Date:  20-JUL-06
Entity Name:  NIKKI BEACH ATLANTIC CITY, LLC
Comments On Job:

| FEE CODE | FEE DESCRIPTION | FEE | QTY | TOTAL |
|----------|-----------------|-----|-----|-------|
| AMENDB | AMENDMENT LLC AND LP | 100.00 | 1 | $100.00 |
| | | | JOB TOTAL: | $100.00 |
| | | | COMPLETED JOB TOTAL: | $100.00 |

**OFFICIAL RECEIPT   *** T H I S  I S  N O T  A  B I L L *****
* Please retain a copy for your records to verify check and credit card billing.

L-109 (7/03)

New Jersey Division of Revenue

### CERTIFICATE of CANCELLATION

**Limited Liability Company**

( Title NJSA 42 )



FILED
JUL 11 2006
STATE TREASURER

This form may be used to cancel a Certificate of Formation of a Limited Liability Company on file with the Division of Revenue. Applicants must insure strict compliance with NJSA 42, the New Jersey Limited Liability Act, and insure that all applicable filing requirements are met.

1. Name of Limited Liability Company:

   Nikki Beach Atlantic City LLC

2. Business Entity Number:

   202-529-399/000

3. Date of formation:

   March 23, 2005

4. State of Formation (foreign entities only)

5. Effective date of cancellation:

6. Reasons for canceling the LLC:

   Closed for Business

The undersigned represent(s) that this filing complies with State law as detailed in NJSA 42 and that they are authorized to sign this form on behalf of the Limited Liability Company.

Signature:                                                          Date: 6/30/06

Name: John Michael Register

NJ Division of Revenue, PO Box 308, Trenton NJ 08646

# EXHIBIT B



American Arbitration Association
*Dispute Resolution Services Worldwide*

Northeast Case Management Center
Catherine Shanks
Vice President
Christopher Francesca, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866 293-4053 fautmile: 401-435-6529
internet: http://www.adr.org/

Date: October 25, 2006

**FAX**

To
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

Fax Number: 973-622-5314

From: Joyce A. Rapoza

Number of Pages: ( 3 )

Re: 13 118 02115 06
Stewarts Mobile Concepts, Ltd.
and
Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

MESSAGE:

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS
ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR
OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE
PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY
NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS
FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED
ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Northeast Care Management Center
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet. http://www.adr.org/

October 25, 2006

VIA FACSIMILE

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

VIA US MAIL/CERTIFIED MAIL

Michael Register Esq.                                 7005 2570 0001 5062 2673
One Ocean Drive
Miami Beach, FL 33139

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.

Dear Parties:

This will confirm a telephone call on October 12, 2006 with Ryan Mulvaney, wherein the following matters were discussed. As we were unable to reach Michael Register we assume Michael Register agrees to the following absent a response to the contrary on or before November 9, 2006.

- **Number of Arbitrators:** Based on the call and the Claimant's request, the Association will appoint one arbitrator to hear and determine this dispute.

- **Desired Qualification in an Arbitrator:** The Association is in the process of compiling a list of arbitrators taking into consideration the following qualifications to the extent possible.
    - **Attorney with experience in Contract Law, Commercial Lease Agreement and Transactions**

- **Locale:** The Claimant requested that New York, New York be the locale of the hearing in the above referenced matter.

- **Number of days of hearing:** The Claimant estimates that this matter will require approximately two days of hearing.

- **The checklist for conflicts shall be returned by November 9, 2006.**

In accordance with the Rules, if Respondent does not answer on or before November 9, 2006 we will assume that the claim is denied. If Respondent wishes to counterclaim, file the appropriate number of copies, together with the administrative fee, to the attention of the undersigned. A copy should be directly sent to Claimant.

The Association will require advance deposits once the arbitrator is appointed. These deposits are calculated on the number of days the parties have suggested will be necessary, in addition to the pre and post hearing time that the arbitrator may charge pursuant to the arbitrator's resume.

In order to expedite administration, please direct all further correspondence to the address listed above.

Please do not hesitate to contact the undersigned should you have a question.

Sincerely,

Joyce A. Rapoza
Case Manager
401 431 4805
RapozaJ@adr.org

Supervisor Information, Karen Fontaine, 401 431 4795, fontainek@adr.org

Encl.

# EXHIBIT C



NIKKI BEACH

October 30, 2006

Joyce A. Rapoza
Case Manager
American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

     Re:    Stewart's Mobile Concepts

Dear Ms. Rapoza:

     We are in receipt of your correspondence of October 25, 2006 in the above-captioned matter. We copy you with our last letter to you of October 11, 2006, and further advise that Nikki Beach Atlantic City, LLC has been dissolved and this matter is not an insurance claim. No one will be representing the interests of Nikki Beach Atlantic City, LLC. at the arbitration.

     Thank you very much for your attention to this matter.

     Very truly yours,

     Michael Register, Esq.
     General Counsel
     Nikki Beach

MR/yp
Thomas P. Scrivo, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Neward, NJ 07102-4079

# EXHIBIT D



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

# FAX

Date: June 15, 2007

To
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

Fax Number: 973-622-5314

From: Joyce A. Rapoza

Number of Pages: ( 5 )

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.

MESSAGE:

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

June 15, 2007

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

VIA FACSIMILE

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

VIA FIRST CLASS MAIL/CERTIFIED MAIL        7005 2570 0001 5062 2888

Michael Register Esq.
One Ocean Drive
Miami Beach, FL 33139

Re: 13 118 02115 06
     Stewarts Mobile Concepts, Ltd.
     and
     Nikki Beach Atlantic City, LLC and
     Penrod Management Group, Inc.

Dear Parties:

The Arbitrator set the preliminary hearing for June 21, 2007 at 11:00 AM Eastern Time. Enclosed is the Report of Preliminary Hearing and Scheduling Order which covers items to be discussed at the preliminary hearing and will be completed by the arbitrator.

At the conclusion of the preliminary hearing, the parties' representatives and the Case Manager will discuss the AAA's billing and deposit practices with regard to covering the arbitrator's anticipated fees and expenses for the entire proceeding. These deposits are typically due thirty days prior to the evidentiary hearings, but this may vary depending on the schedule specific to this case. We ask that the representatives discuss this with their clients prior to the conference so that any questions they may have can be addressed.

Please do not hesitate to contact the undersigned should you have a question.

Sincerely,

Joyce A. Rapoza
Case Manager
401 431 4805
RapozaJ@adr.org

*Supervisor Information: Karen Fontaine, 401 431 4798, fontainek@adr.org*

cc:     Cynthia Rollings, Esq.

# American Arbitration Association

Preliminary Hearing Scheduling Order # _____    Case # _____

## REPORT OF PRELIMINARY HEARING AND SCHEDULING ORDER

Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA), a preliminary hearing was held on _____ , before Arbitrator(s) _____ . Appearing at the hearing were _____ .

_____ .

By Agreement of the parties and Order of the Arbitrator(s), the following is now in effect.

1.  An additional preliminary hearing shall be held (check one):

    ⊔ At _____ on _____ , at _____ .m. before the Arbitrator(s), or

    ⊔ if needed, by mutual agreement later.

2.  Pursuant to the direction of the Arbitrator(s), all parties shall amend/specify claims and/ or counterclaims (monetary amounts) and file any motion to join additional parties by

    _____ .

3.  The parties shall file a stipulation of uncontested facts by _____ .

4.  a) Pursuant to the direction of the Arbitrator(s), claimant(s) shall serve and file a disclosure of all witnesses reasonably expected to be called by the claimant(s) on or before _____

    _____ .

    b) Pursuant to the direction of the Arbitrator(s), respondent(s) shall serve and file a disclosure of all witnesses reasonably expected to be called by the respondent(s) on or before _____

    _____ .

    c)  The disclosure of witnesses shall include the full name of each witness, a short summary of anticipated testimony, copies of any experts reports, and written C.V. of experts. If certain required information is not available, the disclosures shall so state. Each party shall be responsible for updating its disclosures as such information becomes available. The duty to

- 1 -

update this information continues up to and including the date that hearing(s) in this matter terminate.

    d) The parties shall make arrangements to schedule the attendance of witnesses so that the case can proceed with all due expedition and without any unnecessary delay.

    e) The party presenting evidence shall give notice to the other party the day before of the names of the witnesses who will be called to testify the next day and the order in which the witnesses will be called.

5. a) Not later than _____, the parties shall exchange copies of (or, when appropriate, make available for inspection) all exhibits to be offered and all schedules, summaries, diagrams and charts to be used at the hearing. Each proposes exhibit shall be premarked for identification using the following designations:

| PARTY | EXHIBIT # to EXHIBIT # | |
| --- | --- | --- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

    b) The parties shall attempt to agree upon and submit a jointly prepared consolidated and Comprehensive set of joint exhibits.

6. Hearings in this matter will commence before the Arbitrator(s) at _____ on _____ at _____.m. The parties estimate that this case will require _____ days of hearing time, inclusive of arguments.

7. Any and all documents to be filed with or submitted to the Arbitrator(s) outside the hearing

    a. shall be given to the AAA Case Administrator for transmittal to the Arbitrator(s).

    b. COPIES OF SAID DOCUMENTS SHALL ALSO BE SENT SIMULTANEOUSLY TO THE OPPOSING PARTY(S). There shall be *no* direct oral *or* written communication between the parties and the arbitrator(s), except at oral hearings.

8. On or before _____, each party shall serve and file a prehearing brief on all significant disputed issues, setting forth briefly the party's position and the supporting arguments and authorities.

9. a) **Form of Award:** (Circle one)

    1. Standard Award *awt*

    2. Reasoned Award *awt + plus analysis*

    3. Findings of fact and conclusions of law

- 2 -

b) **Court Reporter:** (Y) (N) _____

c) **Other:** _____

_____

_____

_____

10. Pursuant to the direction of the Arbitrator(s), any other preliminary matters not otherwise

provided for herein shall be raised by _____
<div align="center">(date)</div>

11. All deadlines stated herein will be strictly enforced. After such deadline, the parties may not file

such motions except with the permission of the Arbitrator(s), good cause having been shown.

12. This order shall continue in effect unless and until amended by subsequent order of the

Arbitrator(s).

Dated: _____ _____

Arbitrator's Signature

_____

Arbitrator's Signature

_____

Arbitrator's Signature

- 3 -

# EXHIBIT E

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

# FAX

Date:  July 12, 2007

To
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ  07102-4079

Fax Number:  973-622-5314

From:  Joyce A. Rapoza

Number of Pages:  (  7  )

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.

MESSAGE:

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

July 12, 2007

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

VIA FACSIMILE

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

VIA FIRST CLASS MAIL/CERTIFIED MAIL    7005 2570 0001 5062 2925

Michael Register Esq.
One Ocean Drive
Miami Beach, FL 33139

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.

Dear Parties:

This will confirm a preliminary hearing in the above matter was held on June 21, 2007. Enclosed please find the scheduling order established during the preliminary hearing.

The hearing has been scheduled for September 10, 2007. See Notice of hearing for new location.

This case will be administered by facilitating the exchange of appropriate written documents through the AAA. Please submit all correspondence to the undersigned for transmittal to the arbitrator, copying the other party.

Each party has been billed $1,250.00 as a deposit to cover the arbitrator's anticipated compensation and expenses for this matter. This amount was determined by the arbitrator and based on the overall case schedule that the parties arrived at during the Preliminary Hearing. As we discussed at the conclusion of the Preliminary Hearing, payment is to be received by the Association no later than August 10, 2007, which is thirty days prior to the first evidentiary hearing. You will be receiving an automatically generated invoice within two weeks and every thirty days thereafter, until the balance is paid. This will also confirm our discussion that we will be informing the arbitrator of the amount on deposit as of the due date, and if full deposits are not on hand the arbitrator may suspend this proceeding pending the parties' compliance with the rules.

Additionally, each party's invoice will reflect any applicable administrative fees due the Association.

You may also view case financial information, as well as make payments with a credit card online via AAA's WebFile.

If you have any questions, please do not hesitate to call.

Sincerely,

Joyce A. Rapoza
Case Manager
401 431 4805
RapozaJ@adr.org

*Supervisor Information: Karen Fontaine, 401 431 4798, fontainek@adr.org*

Encl.

cc:      Cynthia Rollings, Esq.

## AMERICAN ARBITRATION ASSOCIATION
### Notice of Hearing

July 12, 2007

VIA FACSIMILE

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

Michael Register Esq.
One Ocean Drive
Miami Beach, FL 33139

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.


PLEASE TAKE NOTICE that a hearing in the above-entitled arbitration will be held as follows:

Place:   Cynthia Rollings
       Beldock Levine & Hoffman LLP
       99 Park Avenue
       New York, NY 10016

Date:   September 10, 2007
Time:   10:00 AM Eastern Time
Before: Cynthia Rollings


Please attend promptly with your witnesses and be prepared to present your proofs.

         Joyce A. Rapoza
         Case Manager
         401 431 4805

NOTICE: The arbitrator has arranged her schedule and reserved the above date.. Therefore, every effort should be made to appear on the date scheduled. In the event that unforeseen circumstances make it impossible to attend the hearing as scheduled, a party requesting a postponement should obtain the agreement of the other party. If there is no mutual agreement, the arbitrator will make a determination. All requests for postponements must be communicated to the Case Manager, not the arbitrator. There should be no direct communication between the parties and the neutral arbitrator. In some instances, postponements are subject to cancellation fees by the arbitrator. Any party wishing a stenographic record must make arrangements directly with the stenographer and notify the other party of the arrangements in advance of the hearings.

cc:    Cynthia Rollings, Esq.

Case # 13 110 02115 06
Stewart's Mobile Concepts, Ltd.
and
Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

REPORT OF PRELIMINARY HEARING AND SCHEDULING ORDER


      Pursuant to the Commercial Arbitration Rules of the American
Arbitration Association (AAA), a preliminary hearing conference call
was held on June 21, 2007.  Appearing at the hearing was Brian
Mulvaney, attorney for claimant.  The Arbitrator was informed that
Michael Register, as representative of Nikki Beach Atlantic City, LLC
submitted a letter to the AAA advising that Nikki Beach Atlantic City
LLC has been dissolved and that no one will be representing the
interests of Nikki Beach Atlantic City LLC at the arbitration.  The
letter was subsequently provided to the Arbitrator.  After hearing
from the Claimant, the following is now in effect:

1. Claimant may serve a document demand on or before July 6, 2007.

2. Responsive documents shall be provided on or before July 27, 2007.

3. Claimant may serve an amended or supplemental Demand, including
joining any additional parties, on or before August 17, 2007.  The
Arbitrator notes that the Demand provided to the Arbitrator names
Penrod Management Group, Inc as the respondent.

4. In the event of an appearance by any party, Claimant may schedule
an additional preliminary hearing by notifying the AAA Case Manager.

5. The hearing in this matter scheduled to proceed at the American
Arbitration Association, 1633 Broadway, New York, New York on
September 10, 2007 at 10 am.

6. If Claimant elects to submit a prehearing brief, it shall be
transmitted to the AAA Case Manager on or before September 4, 2007,
for transmittal to the Arbitrator.  Copies of submissions shall also
be sent simultaneously to the opposing party.  There shall be no
direct oral or written communication between the parties and the
arbitrator, except at oral hearings.

7. Claimant requests a reasoned Award.

Dated: June 21, 2007


                                    Cynthia Rollings

#1

| STMT DATE | AMOUNT DUE |
|---|---|
| 07/12/2007 | 2500.00 |

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

950 Warren Avenue
East Providence, RI 02914

| CASE# |
|---|
| 13-116-02115-06 01 JORP-R |

Payment Due Upon Receipt

## INVOICE / STATEMENT

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark NJ 07102-4079

Representing Stewarts Mobile Concepts, Ltd.
Re: Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

Please Detach and Return with Payment to the Above Address          Please Indicate Case No. on check

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

950 Warren Avenue
East Providence, RI 02914

NAME    Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark NJ 07102-4079

Representing Stewarts Mobile Concepts, Ltd.
Re: Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|---|---|---|---|---|---|
| 07/12/2007 | 13-116-02115-06 01 JORP-R | 0.00 | 2750.00- | 5250.00 | 2500.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|---|---|---|---|---|---|
| 09/21/2006 | 9338938 | Initial Administrative Fee | 2750.00 | | |
| 09/25/2006 | 744124 | Payment recvd from : MCELROY, DEUTSCH, MULVANEY & CARPENTER, | | 2750.00 - | |
| 07/11/2007 | 9487952 | Your Share of the Neutral Compensation Deposit covering 1 day of Hearing | 750.00 | | |
| | | | | | 750.00 |
| 07/11/2007 | 9487955 | Case Service Fee | 1250.00 | | |
| | | | | | 1250.00 |
| 07/11/2007 | 9487958 | Your Share of the Neutral Compensation Deposit covering 4 hours of Study | 500.00 | | |
| | | | | | 500.00 |

**Remarks:** For any inquiry please call: 401-431-4805
This is a full statement showing all financial activity on this case.

| TOTAL BALANCE DUE | 2500.00 |
|---|---|

Please Indicate Case No. on check

| INVOICE SUMMARY: | | NET BILLED | NET PAID | NET DUE |
|---|---|---|---|---|
| | INITIAL/COUNTER-CLAIM FEES | 4000.00 | 2750.00 | 1250.00 |
| | HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 0.00 | 0.00 | 0.00 |
| | REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 |
| | NEUTRAL COMPENSATION/EXPENSES | 1250.00 | 0.00 | 1250.00 |

EIN: 13-0429745

American Arbitration Association
*Dispute Resolution Services Worldwide*

## CHARGE CARD AUTHORIZATION

*Please print or type*

For Central Office Use

Processed by: _____    Date: _____

Approval Code: _____

Submitted by: _____    Date: _____

Case No: _____

Party Name: _____

| Invoice# | Invoice Date | Amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

_____Visa        _____MasterCard        _____American Express

Amount Charged: $

*Account Holder Name:* _____

Card Number: _____

Expiration Date: _____

_____        _____
Signature                          Date

Address: _____ City, _____ State: _____

Zip Code: _____

# EXHIBIT F

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
### ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314



RYAN P. MULVANEY
Direct dial: (973) 565-2010
rmulvaney@mdmc-law.com

July 6, 2007

**VIA FEDERAL EXPRESS**

Michael Register, Esq.
Penrod Management Group, Inc.
1 Ocean Drive
Miami Beach, Florida 33139

   Re: <u>Stewart's Mobile Concepts, Ltd. v. Penrod Management Group, Inc., et al.</u>
     AAA No.:  13-118-02115-06
     MDMC No.: S0784-1001

Dear Mr. Register:

   This firm represents Plaintiff, Stewart's Mobile Concepts, Ltd. ("Plaintiff"), in the matter referenced above. Accompanying this correspondence is Plaintiff's First Request for the Production of Documents directed to Defendants Penrod Management Group, Inc. and Nikki Beach Atlantic City, LLC. Please be advised that, pursuant to the Arbitrator's Scheduling Order, Defendants' responses are due by no later than July 27, 2007.

   If you should have any questions, please do not hesitate to contact me. Thank you.

     Very truly yours,

     MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

     RYAN P. MULVANEY

Enclosures

NEW YORK, NEW YORK  DENVER, COLORADO  RIDGEWOOD, NEW JERSEY  MORRISTOWN, NEW JERSEY  PHILADELPHIA, PENNSYLVANIA

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
Telephone: (973) 622-7711
Facsimile: (973) 622-5314
Attorneys for Plaintiff,
Mr. John, Inc.

| | | |
|---|---|---|
| STEWART'S MOBILE CONCEPTS, LTD. | : | AMERICAN ARBITRATION ASSOCIATION |
| | : | Case No.: 13-118-02115-06 |
| Plaintiff, | : | |
| | : | |
| | : | **PLAINTIFF'S FIRST REQUEST FOR** |
| | : | **THE PRODUCTION OF DOCUMENTS** |
| NIKKI BEACH ATLANTIC CITY, | : | **DIRECTED TO DEFENDANTS** |
| LLC and PENROD MANAGEMENT | : | |
| GROUP, INC., | : | |
| | : | |
| Defendants. | : | |

TO:  Michael Register, Esq.
     Penrod Management Group, Inc.
     1 Ocean Drive
     Miami Beach, Florida 33139

PLEASE TAKE NOTICE that, pursuant to the Arbitrator's Scheduling Order, Plaintiff, Stewart's Mobile Concepts, Ltd., hereby requests that Defendants Penrod Management Group, Inc. and Nikki Beach Atlantic City, LLC respond to the following document requests by no later than July 27, 2007, in accordance with the Scheduling Order.

                              McElroy, Deutsch, Mulvaney &
                              Carpenter, LLP
                              Attorneys for Plaintiff,
                              Stewart's Mobile Concepts, Ltd.


Dated: July 6, 2007    By: _____
                          Ryan P. Mulvaney

## DEFINITIONS

These Definitions apply throughout these Document Demands.

1.    *"Person,"* as used herein, shall mean all individuals and entities, including but not limited to, natural persons, sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts and estates, governmental agencies and legal or investment advisors.

2.    *"You," "Your"* and *"Yourself"*, as used herein, shall mean the party to whom these demands are directed, the person answering these demands on their behalf, and any present or former officer, employee, agent, servant or representative.

3.    *"Plaintiff,"* as used herein, shall mean Stewart's Mobile Concepts, Ltd., and any of its agents, former agents, employees, former employees, representatives, former representatives, assignees and/or successors.

4.    *"Defendants,"* as used herein, shall mean Nikki Beach Atlantic City, LLC and Penrod Management Group, Inc., and any of their agents, former agents, employees, former employees, representatives, former representatives, assignees and/or successors, and any other person or entity acting on their behalf.

5.    *"Nikki Beach Atlantic City, LLC,"* as used herein, shall mean Defendant Nikki Beach Atlantic City, LLC, and any of its agents, former agents, employees, former employees, representatives, former representatives, assignees and/or successors, and any other person or entity acting on its behalf.

6.    *"Nikki Beach,"* as used herein, shall mean and refer to the trade name "Nikki Beach*."*

7.    *"Penrod Management,"* as used herein, shall mean Defendant Penrod Management Group, Inc., and any of its agents, former agents, employees, former employees, representatives, former representatives, assignees and/or successors, and any other person or entity acting on its behalf.

2

8.    *"Document,"* is used in the customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other matters however produced or reproduced in Your possession, custody or control, including without limitation, all writings, studies, analyses, tabulations, evaluations, reports, reviews, agreements, contracts, communications, letters, or other correspondence, messages, telegrams, telexes, facsimile transmittals, cables, memoranda, invoices, purchase orders, meeting minutes, sound recordings or transcripts of personal or telephone conversations, meetings, conferences, or interviews, telephone call records, desk calendars, appointment books, forecasts, accountant's work papers, drawings, graphs, charts, maps, diagrams, estimates, tables, indexes, pictures, photographs, films, phonograph records, tapes, microfilms, microfiches, charges, ledgers, accounts, call sheets, financial statements or reports, statistical or analytical records, minutes or records of boards of directors, committees or other meetings or conferences, reports or summaries of investigation, claims, opinions or reports of consultants or experts, appraisals, reports of summaries of negotiation, books, brochures, pamphlets, circulars, trade letters, press releases, newspaper magazine clippings, stenographic, hand-written or any other notes, notebooks, projections, court arbitration papers or pleadings, working papers, checks (front and back), check stubs or receipts, invoice vouchers, taped data sheets or data processing cards or discs, or any other written, recorded, transcribed, punched, taped, filed or graphed matter however produced or reproduced, and any other document writing or other data compilation, whatever the description, including but not limited to, any information contained in any computer or not yet printed out or in the memory units containing such data from which information can be obtained or transcended into reasonable usable form, and all drafts and non-identical copies of the foregoing.

9.    *"Correspondence,"* shall mean any letter, telegram, telex, notice, message, memorandum or other written communication or transcription of notes of the communication and includes all attachments and enclosures thereto.

10.   *"Communication,"* shall mean any written or oral transmission, information or opinion including any utterance, notation or statement of any nature whatsoever,

3

including but not limited to, documents and correspondence as defined above.

11. "*Party*" or "*Parties,*" shall mean those individuals and entities involved in this present action.

12. "*Date,*" shall mean the exact date, month and year if ascertainable, or, if not, the best approximation (including relationship to other events).

13. "*Identify,*" shall mean:

    a.    With respect to a "Person," that the answer shall state

        (i)    the person's full name;

        (ii)    the name of the person's last known employer;

        (iii)    the person's last known title, position or business;

        (iv)    the person's last known business telephone number and address; and

        (v)    the person's last known home telephone number and address.

    b.    With respect to a "Document," that the answer shall state

        (i)    the title, heading or caption of such document, if any;

        (ii)    the date appearing on such document; and if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

        (iii)    the name of the person who signed such document; and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

        (iv)    the name of the person to whom such document was addressed and the name of each person, other than such addressee, to whom such document or copy thereof was sent;

        (v)    the general nature or description of such document (i.e. whether it is a letter, memorandum, minutes of meeting, etc.) and

4

the number of pages of which it consists; and

(vi)     the physical location of the document and the name and address of its custodian or custodians.

c.    With respect to a "Conversation," that the answer shall state

(i)     the date of the conversation;

(ii)    the place of the conversation;

(iii)   the participants in the conversation, to include those who listened but said nothing;

(iv)   the witnesses, if any, of such conversation;

(v)    whether the conversation took place face to face or by telephone; and if by telephone, who initiated the call;

(vi)   the substance of the conversation, to include what was said by each participant; and

(vii)  whether any notes were taken of the conversation and if so, the precise location of all such notes and the identity of the custodian thereof.

d.    With respect to a "Meeting," that the answer shall state

(i)     the date or dates of the meeting;

(ii)    the place of the meeting;

(iii)   the persons attending the meeting;

(iv)   what was said and by whom at the meeting; and

(v)    whether any notes, minutes or other memoranda were made to record the proceedings of such meetings; and, if so, the precise location and identity of the custodian.

14.   "*Describe,*" requires a complete factual description of the following information in connection with any act, occurrence, omission or series of acts, occurrences or omissions.

(i)    identity of each and every person involved in the act, occurrence, omission or series of acts,

occurrences or omissions as provided in the definition of "Identify"; and

(ii) the date or dates of each and every act, omission or occurrence and a description of each and every document involved in the act, occurrence, omission or series of acts, occurrences or omissions, as provided in the definition of "Identify."

15. *"State the basis for"* or *"state the basis on which"* or *"set forth in complete and precise detail"* shall mean a statement of the complete factual and conceptual premises for the particular action, omission, default, recommendation, determination, or conclusion referred to in the request for discovery which utilized such term or its substantial equivalent. It shall include all factors considered by the person taking such action, including factors arising from consultations by him with others, either orally or in writing, or partly in each.

16. *"And"* as well as *"or"* shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the specification or response that which might otherwise be construed to be outside the scope. *"Each"* shall be construed to include the word "every" and "every" shall be construed to include the word "each." *"Any"* shall be construed to include the word "all" and "all" shall be construed to include the word "any."

17. Words used in the singular shall, where the context permits, be deemed to include the plural, and words used in the plural shall, where the context permits, be deemed to include the singular. The masculine gender shall, where the context permits, be deemed to include the feminine gender.

18. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within its scope all responses which might otherwise be construed to be outside its scope.

19. *"Agreement,"* shall mean the Equipment Rental Agreement for the provision of certain portable equipment and related services dated April 18, 2005, which forms the basis of this lawsuit.

20.  *"Demand,"* as used herein, shall mean the Demand for Arbitration filed by Plaintiff in this action.

21.  *"Action,"* as used herein, shall mean the action captioned "Stewart's Mobile Concepts, Ltd. v. Nikki Beach Atlantic City, LLC and Penrod Management Group, Inc.," pending in the American Arbitration Association under Case No. 13-118-02115-06.

22.  *"Name(s)"* shall mean all names, including aliases, maiden name(s) or former name(s) used, with or without legal proceedings, as well as all prior corporate or trade name(s).

23.  *"Address(es)"* shall mean current home and business address(es) and telephone number(s). All known and last-known addresses should be provided.

24.  *"Observation(s)"* shall mean anything sensed with the five (5) senses.

25.  *"Knowledge"* shall mean the awareness of, or information about, something gained through direct or indirect experience or association.

26.  *"Fact(s)"* shall mean occurrences and things personally witnessed including all things known or believed to be true by You or Your attorney(s), servant(s) or employees; include tangible things or physical places or condition and the existence, description, nature, custody, condition and location of any books, documents or other tangible things. If facts are not personally witnessed, please state the source of the knowledge or supposition. If facts are known or suspected through hearsay source(s), please identify the hearsay source(s).

27.  *"Statement"* shall mean a narration or summary of facts and/or opinion.

28.  *"Conversation(s)"* shall mean any verbal or non-verbal expression(s) or conduct; all sounds, utterances, noises, acts or movements made by anyone which were (are) sensed as having any meaning.

29.  *"Expert(s)"* shall mean an expert as defined by the Rules of Court in which this Action is pending, not limited to only

scientific experts but includes any expert who has rendered any opinion.

30. *"Opinion(s)"* shall mean judgment, appraisal or view formed in the mind. If lay opinion of named witnesses is known, such lay opinion should be provided.

31. *"Time(s)"* shall mean a definite period of duration, e.g. moment, second, minute, hour, date, year, season, etc.; the general idea of relation or fact of continuous or successive existence.

32. *"Immediate"* shall mean general time in relation to or directly preceding and following a fact or occurrence of continuous or successive existence.

33. *"Description(s)"* shall mean discourse intended to give a mental image(s) of something experienced; a descriptive statement or account of kind or character, especially as determined by any important feature(s) or circumstance(s).

34. *"Possession"* shall mean having or taking anything into control; something owned, occupied or controlled.

35. *"Contact(s)"* shall mean any direct or indirect person-to-person communication, oral or written, in person and/or through anyone or anything else.

## GENERAL INSTRUCTIONS

A.  All documents that respond, in whole or in part, to any of the following requests shall be produced in their entirety, including all attachments, riders, addendum, *etc.*

B.  If you do not have all the documents responsive to any request to produce, please so state and identify each person who you know or believe may have such documents.

C.  Each request for production of documents herein shall be deemed continuing so as to require prompt supplemental responses if you obtain or discover further documents between the time of responding to this request for the production of documents and the time of trial.

D.  If any requested document was, but is no longer, in your possession or subject to your control, state what disposition was made of it.

E.  If you claim a privilege as a ground for not responding in whole or in part to any document requested herein:

   (1)  Identify and describe each such document by date, author and recipient(s);

   (2)  State the privilege(s) asserted; and

   (3)  Describe both the factual basis and any and all documents constituting, referring to, relating to or otherwise evidencing your claim of privilege in sufficient detail so that the Court may adjudicate the validity of the claim.

F.  You shall produce the documents requested as they are kept in the usual course of business. If you consider that document is responsive to more than one request, you shall so indicate by placing appropriate paragraph numbers upon the document corresponding to which the document is deemed responsive.

G.  If the facts relating to your answer to any of these requests to produce were discovered, referred to, stated, or confirmed during the course of any conversation, set forth:

(1) The names and addresses of each person who participated in or overheard each such conversation;

(2) The date and time of each such conversation;

(3) The address at which each such conversation occurred (if any such conversation was by telephone, state the location from which each party to the conversation participated); and

(4) Set forth a summary of the substance of each such conversation making specific reference to each fact, which is relevant to each answer.

H. The singular herein shall be deemed to include the plural. Use of any gender shall be deemed to include all genders.

## DOCUMENTS REQUESTED

1.    Produce any and all documents that refer, reflect or relate to the negotiation of the Agreement at issue.

2.    Produce any and all documents that refer, reflect or relate to communication exchanged between Nikki Beach Atlantic City, LLC and Penrod Management regarding the Agreement at issue.

3.    Produce any and all documents that refer, reflect or relate to communication regarding the invoices that Plaintiff sent to Defendants.

4.    Produce any and all documents exchanged between Nikki Beach Atlantic City, LLC and Plaintiff regarding the Agreement at issue.

5.    Produce any and all documents exchanged between Penrod Management and Plaintiff regarding the Agreement at issue.

6.    Produce all contracts or agreements between Defendants and Plaintiff, including any and all additions, addendums, riders or other written materials that constitute or evidence an agreement between the same.

7.    Produce any and all correspondence, including any and all recorded conversations, between Defendants and Plaintiff.

8.    Produce any and all documents exchanged between Penrod Management and Nikki Beach Atlantic City, LLC regarding the invoices sent to Penrod from Plaintiff.

9.    Produce any and all documents that refer, reflect or relate to the incorporation of Nikki Beach Atlantic City, LLC.

10.   Produce any and all documents that refer, reflect or relate to the incorporation of Penrod Management.

11.   Any and all documents that identify, refer, reflect or relate to the corporate structure of Nikki Beach Atlantic City, LLC, including, but not limited to, the identification of officers, directors, employees and registered agents from its formation to present.

12.   Produce any and all documents that identify, refer, reflect or relate to the corporate structure of Penrod

11

Management, including, but not limited to, the identification of officers, directors, employees and registered agents from its formation to present.

13. Produce any and all documents that Defendants contend supports, evidences, embodies, relates or refers to any defense or claim that Defendants intend to proffer during this arbitration.

14. Produce any and all documents that refer, reflect or relate to wire transfers made by Penrod Management to Plaintiff related to the Agreement at issue and invoices from Plaintiff.

15. Produce any and all documents that identify, refer, reflect or relate to the owner and/or ownership of the "Nikki Beach" trade name.

16. Produce any and all documents that identify, refer, reflect or relate to the owner and/or ownership of Nikki Beach Atlantic City, LLC.

17. Produce any and all documents exchanged between Defendants and any third party concerning the Agreement at issue.

18. Produce any and all documents between Defendants and any third party concerning the Leased Equipment.

19. Produce any and all documents exchanged between Penrod Management and any financial institution, including Bank of America, that refer, reflect or relate to the instruction and/or authorization by Penrod Management to issue wire transfers to Plaintiff.

20. Produce any and all documents exchanged between Defendants and the City of Atlantic City, New Jersey regarding the formation and/or operation of the "Nikki Beach" bar in Atlantic City, New Jersey.

21. Produce any and all documents exchanged between Defendants and the Resorts International Hotel & Casino regarding the formation and/or operation of the "Nikki Beach" bar in Atlantic City, New Jersey.

22. Produce any and all of Nikki Beach Atlantic City, LLC's banking statements including, but not limited to, documents reflecting the opening of the account(s), withdrawal

and deposit tickets for all any and bank accounts, or any other accounts of similar character held in Nikki Beach Atlantic City, LLC's name from its formation to present.

23.   Produce  any  and  all  of  Penrod  Management's  banking statements including, but not limited to, documents reflecting the  opening  of  the  account(s),  withdrawal  and  deposit  tickets for all any and bank accounts, or any other accounts of similar character held in Penrod Management's name from 2003 to present.

24.   Produce any and all documents that refer, reflect, or relate to the financial condition of Nikki Beach Atlantic City, LLC from its formation to present, including but not limited to, communication  with  and  reports  prepared  by  accountants,  profit and  loss  statements,  trial  balances,  sales  reports,  and financial statements and reports.

25.   Produce any and all documents that refer, reflect, or relate to the financial condition of Penrod Management from 2003 to present, including but not limited to, communication with and reports  prepared  by  accountants,  profit  and  loss  statements, trial  balances,  sales  reports,  and  financial  statements  and reports.

26.   Produce  any  and  all  documents  that  refer,  reflect  or relate to any and all wire transfers made by Penrod Management to any third party regarding the "Nikki Beach" bar in Atlantic City, New Jersey.

27.   Produce any and all documents that refer, reflect or relate  to  any  capital  contributions,  acquisitions,  purchases, investments,  financing  and/or  funding  received  by  Nikki  Beach Atlantic City, LLC from Penrod Management or any other entity or individual.

28.   Produce any and all documents that refer, reflect or relate    to    Defendants'    duties,    obligations    and/or responsibilities related to negotiating the Agreement at issue.

29.   Produce any and all documents that refer, reflect or relate    to    Defendants'    duties,    obligations    and/or responsibilities related to operating or otherwise managing the "Nikki Beach" bar in Atlantic City, New Jersey.

30.   Produce  any  and  all  federal  and  state  income  tax returns  filed  by  Nikki  Beach  Atlantic  City,  LLC  from  its formation to present.

31.   Produce  any  and  all  federal  and  state  income  tax
returns filed by Penrod Management from 2003 to present.

32.   Produce any and all documents that refer, reflect or
relate  to  any  and  all  modifications  and/or  alterations  that
Defendants made  to  the  Leased Equipment  after  it  was delivered
by Plaintiff.

33.   Produce any and all documents that refer, reflect or
relate  to  Danielle  Houser's  employment  with  any  of  the
Defendants,  including,  but  not  limited  to,  W-2  forms,  employment
agreements, and payroll checks.

34.   Produce  any  and  all  documents  that  refer,  reflect  or
relate to any efforts by Defendants to pay or otherwise resolve
the outstanding invoices with Plaintiff.

# EXHIBIT G

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

# FAX

Date: August 16, 2007

To
Ryan P. Mulvaney
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

Fax Number: 973-622-5314

From: Joyce A. Rapoza

Number of Pages: ( 4 )

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.

MESSAGE: Please advise your email address. Thank you,

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

# AMERICAN ARBITRATION ASSOCIATION
## Notice of Conference Call

August 16, 2007

VIA EMAIL

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ  07102-4079

VIA FIRST CLASS MAIL

Michael Register Esq.
One Ocean Drive
Miami Beach, FL  33139

VIA EMAIL

L.H. S. Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL  33173

Re: 13 118 02115 06
　　　Stewarts Mobile Concepts, Ltd.
　　　and
　　　Nikki Beach Atlantic City, LLC and
　　　Penrod Management Group, Inc.


PLEASE TAKE NOTICE that a hearing in the above-entitled arbitration will be held as follows:

> Date:   August 20, 2007
> Time:   2:00 PM Eastern Time
> Before: Cynthia Rollings
>
> Via Conference Call (Conference America)
> Call in Number:  888-537-7715
> Pass Code:  60381620#
>
> Joyce A. Rapoza
> Case Manager
> 401 431 4805

cc:    Cynthia Rollings, Esq.

Motion by respondent Penrod Management Group, Inc. to dismiss the claim of Stewart's Mobile Concepts, Ltd. for lack of jurisdiction and/or to stay discovery is denied pending discovery by claimant and without prejudice to renewal upon completion of discovery. Claimant claims that Penrod Management Group, Inc. is the alter ego of respondent Nikki Beach Atlantic City, LLC. A corporation that is not a signatory to an arbitration agreement but is the alter ego of the signatory corporation can be compelled to arbitrate. *Pile Foundation Construction Company, Inc. v. E.W. Howell Co., Inc.*, 553 N.Y.S.2d 631 (1st Dept. 1990); *Smullyan v. Sibjet S.A.*, 607 N.Y.S.2d 316 (1st Dept. 1994); 5 N.Y. Jur. 2d, Arbitration and Award §75. Claimant is entitled to limited discovery in furtherance of its claim that Penrod Management Group, Inc. is the alter ego of respondent Nikki Beach Atlantic City, LLC. *Forum Insurance Company v. Texarkoma Transportation Co.*, 645 N.Y.S.2d 786 (1st Dept. 1996).

Claimant Stewart's Mobile Concepts, Ltd. cross-moves to compel respondents to provide documents in response to claimant's document demand. I have received no opposition to the cross motion from respondents. Having denied the motion to dismiss, having held that claimant is entitled to limited discovery in furtherance of its alter ego claim and having reviewed claimant's First Request for Production of Documents dated July 6, 2007, I would like to schedule a conference call as soon as possible for the parties to address the issue of what is the reasonable and appropriate scope of discovery. My focus will be to limit the number of requests set forth in claimant's First Request. In light of the prior scheduling order providing for production of documents on or before July 27, 2007, respondents should be prepared to make such production as may be agreed or directed at the conference call on an expedited basis.

## Joyce Rapoza

| | |
|---|---|
| From: | System Administrator |
| To: | mulvaney@mdmc-law.com |
| Sent: | Thursday, August 16, 2007 12:52 PM |
| Subject: | Undeliverable:RE: 13 118 2115 06 STEWARTS MOBILE CONCEPTS LTD. NIKKI BEACH ATLANTIC CITY, LLC AND PENROD MANAGEMENT GROUP, INC. |

Your message did not reach some or all of the intended recipients.

| | |
|---|---|
| Subject: | RE: 13 118 2115 06 STEWARTS MOBILE CONCEPTS LTD. NIKKI BEACH ATLANTIC CITY, LLC AND PENROD MANAGEMENT GROUP, INC. |
| Sent: | 8/16/2007 12:50 PM |

The following recipient(s) could not be reached:

mulvaney@mdmc-law.com on 8/16/2007 12:49 PM
The e-mail account does not exist at the organization this message was sent to. Check the e-mail address, or contact the recipient directly to find out the correct address.
&lt;clamail.mdmdom.com #5.1.1&gt;

1

# EXHIBIT H



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

# FAX

Date: September 10, 2007

To

Ryan Mulvaney
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

Fax Number: 973-622-5314

L.H. S. Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL 33173

Fax Number: 305-534-7253

From: Joyce A. Rapoza

Number of Pages: ( 8 )

Re: 13 118 02115 06
Stewarts Mobile Concepts, Ltd.
and
Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

MESSAGE:

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

September 10, 2007

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

VIA FACSIMILE

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

VIA FIRST CLASS MAIL

Michael Register Esq.
One Ocean Drive
Miami Beach, FL 33139

VIA FACSIMILE

L.H. S. Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL 33173

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.

Dear Parties:

This will confirm a preliminary hearing in the above matter was held on August 20, 2007. Enclosed please find the scheduling order established during the preliminary hearing.

The Association does not require a set of exhibits for our file.

The hearing has been set for November 19, 2007 and November 20, 2007, pursuant to the enclosed Notice of Hearing.

Each party has been billed $1,250.00 as a deposit to cover the arbitrator's anticipated compensation and expenses for this matter. This amount was determined by the arbitrator and based on the overall case schedule that the parties arrived at during the Preliminary Hearing. As we discussed at the conclusion of the Preliminary Hearing, payment is to be received by the Association no later than October 5, 2007. You will be receiving an automatically generated invoice within two weeks and every thirty days thereafter, until the balance is paid. This will also confirm our discussion that we will be informing the arbitrator of the amount on deposit as of the due date, and if full deposits are not on hand the arbitrator may suspend this proceeding pending the parties' compliance with the rules.

Additionally, each party's invoice will reflect any applicable administrative fees due the Association.

You may also view case financial information, as well as make payments with a credit card online via AAA's WebFile.

If you have any questions, please do not hesitate to call.

Sincerely,

Joyce A. Rapoza
Case Manager
401 431 4805
RapozaJ@adr.org

*Supervisor Information: Karen Fontaine, 401 431 4798, fontainek@adr.org*

Encl.

cc:        Cynthia Rollings, Esq.

Case # 13 118 02115 06
Stewart's Mobile Concepts, Ltd.
and
Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

REPORT OF PRELIMINARY HEARING AND SCHEDULING ORDER #2


    Pursuant to the Commercial Arbitration Rules of the American
Arbitration Association (AAA), a preliminary hearing conference call
was held on August 20, 2007. Appearing at the hearing was
Ryan Mulvaney, attorney for claimant, and Steve Savola, attorney for
respondent Penrod Management Group, Inc. After discussion with both
parties, the following is now in effect:

1. By August 24, 2007, the parties will discuss claimant's outstanding
First Request for Production of Documents in an attempt to agree on
production.

2. Respondent shall serve its request for documents by August 30,
2007.

3. Responsive documents shall be provided by both parties on or before
September 21, 2007.

4. Respondent shall serve its answer to the Demand by August 24, 2007.

5. Claimant may serve an amended Demand on or before October 3, 2007.
Respondent shall serve an amended answer, if any, by October 15, 2007.

6. A conference call is scheduled for October 9, 2007, to address any
disputes concerning documents. In the event there are no disputes,
the parties will timely notify the AAA Case Manager to cancel the
call.

7. The hearing in this matter is re-scheduled to proceed at the
American Arbitration Association, 1633 Broadway, New York, New York on
November 19 and November 20, 2007 at 10 am. Subject to further
agreement between the parties or discussion with the arbitrator, and
to the extent it is reasonable and efficient to do so, it is expected
that the first day of the hearing will address alter ego proof and
issues and the second day will address merits proof and issues.

8. Both parties shall serve and file a disclosure of all witnesses
reasonably expected to be called no later than November 1, 2007. The
disclosure of witnesses shall include the full name of each witness, a
short summary of anticipated testimony, and copies of expert reports
and written C.V. of experts, if any. The parties shall make
arrangements to schedule the attendance of witnesses so that the case
can proceed without unnecessary delay. The party presenting evidence

shall give notice to the other party of the order in which the witnesses will be called.

9.  Not later than November 12, 2007, the parties shall exchange copies of all exhibits to be offered, pre-marked for identification bound in a three hole punch notebook.  The parties shall attempt to agree upon and submit a jointly prepared consolidated set of joint exhibits.  On that same date, the parties shall serve and file pre-hearing briefs.

10.  Any documents to be filed with or submitted to the arbitrator outside the hearing shall be given to the AAA Case Administrator for transmittal to the arbitrator.  Copies of such documents shall also be sent simultaneously to the opposing party.  There shall be no direct or direct communication with the arbitrator except at scheduled conference calls and the oral hearing.

11. Form of award: Reasoned Award.

12. This order shall continue in effect unless and until amended by subsequent order of the arbitrator.

Dated: August 20, 2007

                              Cynthia Rollings
                              Arbitrator

# AMERICAN ARBITRATION ASSOCIATION
## Notice of Hearing

September 10, 2007

VIA FACSIMILE
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

VIA FIRST CLASS MAIL
Michael Register Esq.
One Ocean Drive
Miami Beach, FL 33139

VIA FACSIMILE
L.H. S. Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL 33173

Re: 13 118 02115 06
 Stewarts Mobile Concepts, Ltd.
 and
 Nikki Beach Atlantic City, LLC and
 Penrod Management Group, Inc.


PLEASE TAKE NOTICE that a hearing in the above-entitled arbitration will be held as follows:

Place: American Arbitration Association
 1633 Broadway, Floor 10
 New York, NY 10019

Date: November 19, 2007
Time: 10:00 AM Eastern Time

Date: November 20, 2007
Time: 10:00 AM Eastern Time
Before: Cynthia Rollings

Please attend promptly with your witnesses and be prepared to present your proofs.

 Joyce A. Rapoza
 Case Manager
 401 431 4805

NOTICE: The arbitrator has arranged her schedule and reserved the above dates. Therefore, every effort should be made to appear on the dates scheduled. In the event that unforeseen circumstances make it impossible to attend the hearing as scheduled, a party requesting a postponement should obtain the agreement of the other party. If there is no mutual agreement, the arbitrator will make a determination. All requests for postponements must be communicated to the Case Manager, not the arbitrator. There should be no direct communication between the parties and the neutral arbitrator. In some instances, postponements are subject to cancellation fees by the arbitrator. Any party wishing a stenographic record must make arrangements directly with the stenographer and notify the other party of the arrangements in advance of the hearings.

cc: Cynthia Rollings, Esq.

American Arbitration Association
*Dispute Resolution Services Worldwide*

950 Warren Avenue
East Providence, RI 02914

| STMT DATE | AMOUNT DUE |
| --- | --- |
| 08/20/2007 | 2500.00 |

| CASE# |
| --- |
| 13-118-02115-06 01 JORP-R |

Payment Due Upon Receipt

## INVOICE/STATEMENT

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark NJ 07102-4079

Representing Stewarts Mobile Concepts, Ltd.
Re: Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

---

Please Detach and Return with Payment to the Above Address          Please Indicate Case No. on check

American Arbitration Association
*Dispute Resolution Services Worldwide*

950 Warren Avenue
East Providence, RI 02914

NAME   Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark NJ 07102-4079

Representing Stewarts Mobile Concepts, Ltd.
Re: Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
| --- | --- | --- | --- | --- | --- |
| 08/20/2007 | 13-118-02115-06 01 JORP-R | 0.00 | 2750.00- | 5250.00 | 2500.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
| --- | --- | --- | --- | --- | --- |
| 09/21/2006 | 9338938 | Initial Administrative Fee | 2750.00 | | |
| 09/25/2006 | 744124 | Payment recvd from : MCELROY, DEUTSCH, MULVANEY & CARPENTER. | | 2750.00- | |
| 07/11/2007 | 9487952 | Your Share of the Neutral Compensation Deposit covering 1 day of Hearing | 750.00 | | |
| 07/11/2007 | 9487955 | Case Service Fee | 1250.00 | | 750.00 |
| 07/11/2007 | 9487958 | Your Share of the Neutral Compensation Deposit covering 4 hours of Study | 500.00 | | 1250.00 |
| | | | | | 500.00 |

**Remarks:**  For any inquiry please call: 401-431-4805
This is a full statement showing all financial activity on this case.

| TOTAL BALANCE DUE | 2500.00 |
| --- | --- |

Please Indicate Case No. on check

| INVOICE SUMMARY: | NET BILLED | NET PAID | NET DUE |
| --- | --- | --- | --- |
| INITIAL/COUNTER-CLAIM FEES | 4000.00 | 2750.00 | 1250.00 |
| HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 0.00 | 0.00 | 0.00 |
| REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 |
| NEUTRAL COMPENSATION/EXPENSES | 1250.00 | 0.00 | 1250.00  EIN: 13-0429745 |

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

## CHARGE CARD AUTHORIZATION

*Please print or type*

---

For Central Office Use

Processed by: _____    Date: _____

Approval Code: _____

Submitted by: _____    Date: _____

---

Case No: _____

Party Name: _____

**Invoice#**                    **Invoice Date**                    **Amount**

_____                    _____                    _____

_____                    _____                    _____

---

_____ Visa            _____ MasterCard            _____ American Express

Amount Charged: $

*Account Holder Name:* _____

**Card Number:** _____

**Expiration Date:** _____

_____            _____
Signature                                           Date

**Address:** _____  City, _____  State: _____

**Zip Code:** _____