McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
88 Pine Street
24th Floor
New York, New York 10005
Telephone: (212) 483-9490
Facsimile: (212) 483-9129
Attorneys for Defendant-Respondent,
Stewart's Mobile Concepts, Ltd.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PENROD MANAGEMENT GROUP, INC., | : | Civil Action No. 07-10649 |
| | : | |
| Plaintiff-Petitioner, | : | |
| | : | |
| v. | : | **CERTIFICATION OF COUNSEL IN** |
| | : | **SUPPORT OF THE MOTION IN LIMINE** |
| STEWART'S MOBILE CONCEPTS, LTD., | : | **BY DEFENDANT-RESPONDENT,** |
| | : | **STEWART'S MOBILE CONCEPTS, LTD.** |
| Defendant-Respondent. | : | |
| | : | |

I, RYAN P. MULVANEY, hereby certify as follows:

1.     I am an attorney at law of the State of New Jersey, am admitted pro hac vice in this Court for purposes of this matter, and am associated with the Newark and Morristown, New Jersey offices of the law firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP. I am one of the attorneys responsible for handling this matter on behalf of Defendant-Respondent, Stewart's Mobile Concepts, Ltd. ("SMC"). As such, I have personal knowledge of the facts set forth herein.

2.     I make this certification in support of SMC's motion in limine to bar the introduction of certain evidence and testimony proffered by Plaintiff-Petitioner, Penrod Management Group, Inc. ("PMG"), in support of its defense that it and Nikki Beach Atlantic

City, LLC ("NBAC") are not the alter egos of each other for PMG's previous failure to produce or identify during discovery documents specifically related to its defense of SMC's alter ego claim in the currently pending but stayed proceedings in the American Arbitration Association (the "AAA") under Case Number 13-118-02115-06.

3.      On September 20, 2006, I filed Demands for Arbitration on behalf of Stewart's Mobile, as Claimant, against NBAC and PMG, as Respondents.

4.      On October 11, 2006, Michael Register, Esq., General Counsel to NBAC and PMG, sent a letter to the AAA and to my office indicating that NBAC was administratively terminated.  Mr. Register also provided a copy of the Certificate of Cancellation to the AAA and to my office.

5.      Attached hereto as Exhibit "A" is a true and accurate copy of Mr. Register's October 11, 2006, letter to the AAA and to my office, and the Certificate of Cancellation.

6.      On October 25, 2006, the AAA issued an initial Order in which it indicated that it futilely attempted to contact Mr. Register to participate in the conference call.

7.      Attached hereto as Exhibit "B" is a true and accurate copy of the October 25, 2006, Order from the AAA.

8.      On October 30, 2006, Mr. Register sent another letter to the AAA and to my office indicating that Nikki Beach had been dissolved and that "no one will be representing the interests of Nikki Beach Atlantic City, LLC at the arbitration."

9.      Attached hereto as Exhibit "C" is a true and accurate copy of Mr. Register's October 30, 2006, letter to the AAA and to my office.

10.     Attached hereto as Exhibit "D" is a true and accurate copy of the AAA's letter to the parties scheduling the June 21, 2007, telephonic case management conference.

11.    Attached hereto as Exhibit "E" is a true and accurate copy of the July 12, 2007, Order confirming the June 21, 2007, telephonic case management conference.

12.    On July 6, 2007, in accordance with the June 21, 2007, preliminary hearing teleconference, I served Mr. Register with SMC's First Request for the Production of Documents directed to PMG and NBAC.

13.    Attached hereto as Exhibit "F" is a true and accurate copy of SMC's First Request for the Production of Documents directed to PMG and NBAC.

14.    Pursuant to the July 12, 2007, Order, discovery responses were due by no later than July 27, 2007.

15.    PMG did not provide responses to SMC's First Request for the Production of Documents. Rather, at 3:01 P.M. on July 27, 2007, PMG filed with the AAA and served me with PMG's "Motion to Dismiss for Lack of Jurisdiction and/or Motion to Stay Production of Documents."

16.    On August 6, 2007, I timely filed and served a brief and certification of counsel in opposition to PMG's motion to dismiss for lack of jurisdiction. In addition, I filed a cross-motion against PMG to compel the production of documents.

17.    PMG did not file a reply in further support of its motion, or oppose SMC's cross-motion to compel discovery responses.

18.    On August 16, 2007, Arbitrator Rollings issued a written opinion in which she denied PMG's motion to dismiss and/or to say discovery "pending discovery by [SMC] and without prejudice to renewal upon completion of discovery." In addition, Arbitrator Rollings granted SMC's unopposed cross-motion to compel the production of documents and specifically ordered that SMC was "entitled to limited discovery in furtherance of the alter ego claim."

19.     Attached hereto as Exhibit "G" is a true and accurate copy of Arbitrator Rollings' August 16, 2007, Opinion and Order.

20.     On August 20, 2007, the parties participated in a telephonic case management conference with Arbitrator Rollings.  Pursuant to the August 20, 2007, telephonic case management conference, PMG was required to provide discovery responses by August 24, 2007.  On September 10, 2007, the AAA issued an Order that confirmed the August 20, 2007, telephonic case management conference.

21.     Attached hereto as Exhibit "H" is a true and accurate copy of the September 10, 2007, Order, which confirmed the August 20, 2007, telephonic case management conference.

22.     On September 10, 2007, I contacted L.H. Steven Savola, Esq., PMG's arbitration counsel, regarding PMG's status of responding to SMC's document demands.  Mr. Savola indicated that PMG unilaterally decided to respond to only six of SMC's thirty-four document demands.  During the conversation, I indicated that although I would consider reducing the scope of the document demands (to eliminate at that time the breach of contract discovery to focus only on the alter ego issues pursuant to Arbitrator Rollings' Orders), PMG's selection of only six document demands to which to respond was unsatisfactory.  Mr. Savola indicated that he would confer with PMG regarding responding to SMC's document demands.

23.     Attached hereto as Exhibit "I" is a true and accurate copy of a Telephone Record for File depicting the substance of my September 10, 2007, conversation with Mr. Savola.  The notes were contemporaneously taken with my telephone conversation with Mr. Savola.

24.     Having not heard from Mr. Savola, on or about October 3, 2007, I again contacted Mr. Savola regarding the status of PMG's document production and responses.  Mr. Savola indicated that he had not spoken to PMG's representatives regarding PMG's discovery responses.

4

25.     Attached hereto as Exhibit "J" is a true and accurate copy of a Telephone Record for File depicting the substance of my October 2, 2007, conversation with Mr. Savola. The notes were contemporaneously taken with my telephone conversation with Mr. Savola.

26.     On October 9, 2007, the parties participated in a telephonic case management conference with Arbitrator Rollings. During the telephonic case management conference, PMG was again ordered to, by October 10, 2007, provide responses to SMC's discovery requests. On October 9, 2007, the AAA issued an Order that confirmed the October 9, 2007, telephonic case management conference.

27.     Attached hereto as Exhibit "K" is a true and accurate copy of the October 9, 2007, Order that confirmed the October 9, 2007, telephonic case management conference.

28.     On October 10, 2007, I received and reviewed PMG's responses to discovery. In response to the alter-ego issue, PMG produced only a few documents and, in its cover letter, made reference to an alleged agreement with me to produce documents in response to only six of the thirty-four requests. As previously indicated, there was no such agreement.

29.     Attached hereto as Exhibit "L" is a true and accurate copy of PMG's responses to SMC's First Request for the Production of Documents.

30.     Immediately after receiving PMG's document demands, reference to an alleged agreement with me, and recognition that one of the documents produced to me was simply printed from a website the day before, I requested another telephonic case management conference with Arbitrator Rollings.

31.     On October 25, 2007, the parties participated in a telephonic case management conference with Arbitrator Rollings. During the October 25, 2007, telephonic case management conference, I raised the issue of PMG's limited responses to SMC's document demands and the

issue regarding the alleged agreement.  I indicated that I would accept from PMG a stipulation representing that it had produced all of the documents that it had in its possession, custody or control related to the alter-ego issue.  Mr. Savola, on behalf of PMG, agreed to provide me with a stipulation reflecting that PMG had produced all of the documents that it had in its possession, custody or control related to the alter-ego issue by no later than November 1, 2007.

32.    Also during the October 25, 2007, telephonic case management call, Mr. Savola represented that PMG expected to receive additional documents from non-party witnesses by November 8, 2007.  Arbitrator Rollings therefore required PMG to produce those documents to me by no later than five business days from November 8, 2007.  No such production was ever made by PMG.

33.    Attached hereto as Exhibit "M" is a true and accurate copy of the October 26, 2007, Order that confirmed the October 25, 2007, telephonic case management conference, and PMG's agreement to stipulate that it had produced all of the documents that it had in its possession, custody or control by November 1, 2007; and confirmed the deadline by which PMG was required to produce the documents that it received from third parties.

34.    On April 21, 2008, PMG served its proposed witness and exhibit lists.

35.    Attached hereto as Exhibit "N" is a true and accurate copy of PMG's proposed exhibit list.

36.    On May 22, 2008, PMG served the Direct Testimony Declaration of John Michael Register (the "Register Declaration").

37.    Attached hereto as Exhibit "O" is a true and accurate copy of the Register Declaration.

38.    Attached hereto as Exhibit "P" is a true and accurate copy of <u>Cordius Trust v.</u>

Kummerfield, 2008 WL 113664 (S.D.N.Y. Jan 11, 2008).

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

By: _____
Ryan P. Mulvaney

Dated: June 3, 2008

# EXHIBIT A



NIKKI BEACH

October 11, 2006

Joyce A. Rapoza
Case Manager
American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

      Re:   Stewart's Mobile Concepts

Dear Ms. Rapoza:

     We regret to inform you that Nikki Beach Atlantic, LLC has ceased all operations and has been administratively dissolved. Please find a certificate of cancellation enclosed.

     Thank you very much for your attention to this matter.

     Very truly yours,

     Michael Register, Esq.
     General Counsel
     Nikki Beach

LHSS/yp
cc:  Thomas P. Scrivo, Esq.
    McElroy, Deutsch, Mulvaney & Carpenter, LLP
    Three Gateway Center
    100 Mulberry Street
    Neward, NJ 07102-4079

**DEPARTMENT OF TREASURY**
Division of Revenue
Business Support Services, Commercial Recording
P.O. Box 308
Trenton, NJ 08646

07/20/2006

SHIP TO:

PENROD MANAGEMENT GROUP
ONE OCEAN DRIVE
4TH FLOOR
MIAMI, FL 33139

Thank you for your recent work request. The following information summarizes all work requests processed and the associated fees.

If your work was rejected, it is imperative that you include this form or a copy when resubmitting corrected documents or if you are requesting a refund.
This will assist us in verifying payment and the original date the work request was submitted. Call us at (609) 292-9292 if you have any questions regarding this notice.

1. Customer Number:  427961
2. Account Number:
3. Session Number:  1707809
4. User ID:  8
5. Comments On Work Request:

6. Number of Rejected Jobs: 0

Method of Payment: Check
Check No: 3453                         Amount:      $100.00
**Job 1 :**                    **Job Completion Status:  C   CLOSED (JOB OR SESSION)**
Session Number: 1707809
Work Description: FORMDT  CERTIFICATION OF AMENDMENT AND FORMATION
Job Number:  3214019
Filing Number:  600229364
Received Date:  20-JUL-06
Entity Name:  NIKKI BEACH ATLANTIC CITY, LLC
Comments On Job:

| FEE CODE | FEE DESCRIPTION | FEE | QTY | TOTAL |
|---|---|---|---|---|
| AMENDB | AMENDMENT LLC AND LP | 100.00 | 1 | $100.00 |
| | | | JOB TOTAL: | $100.00 |
| | | | COMPLETED JOB TOTAL: | $100.00 |

OFFICIAL RECEIPT   *** T H I S   I S   N O T   A   B I L L ***
* Please retain a copy for your records to verify check and credit card billing.

*L-109 (7/03)*

New Jersey Division of Revenue

**CERTIFICATE of CANCELLATION**

**Limited Liability Company**

( Title NJSA 42 )



This form may be used to cancel a Certificate of Formation of a Limited Liability Company on file with the Division of Revenue. Applicants must insure strict compliance with NJSA 42, the New Jersey Limited Liability Act, and insure that all applicable filing requirements are met.

1. Name of Limited Liability Company:

   **Nikki Beach Atlantic City LLC**

2. Business Entity Number:

   **202-529-399/000**

3. Date of formation:

   **March 23, 2005**

4. State of Formation (foreign entities only)

5. Effective date of cancellation:

6. Reasons for canceling the LLC:

   **Closed for Business**

The undersigned represent(s) that this filing complies with State law as detailed in NJSA 42 and that they are authorized to sign this form on behalf of the Limited Liability Company.

Signature:                                                    Date: 6/30/06

Name: John Michael Register

NJ Division of Revenue, PO Box 308, Trenton NJ 08646

# EXHIBIT B



American Arbitration Association
*Dispute Resolution Services Worldwide*

Northeast Case Management Center
Catherine Shanks
Vice President
Christopher Francese, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone. 866 293-4053 fassmile: 401-435-6429
internet: http://www.adr.org/

Date: October 25, 2006

**FAX**

To
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

Fax Number: 973-622-5314

From: Joyce A. Rapoza

Number of Pages: ( 9 )

Re: 13 118 02115 06
Stewarts Mobile Concepts, Ltd.
and
Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

MESSSAGE:

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.



American Arbitration Association
*Dispute Resolution Services Worldwide*

Northeast Care Management Center
Catherine Shanks
Vice President
Christopher Francese, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet. http://www.adr.org/

October 25, 2006

VIA FACSIMILE

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

VIA US MAIL/CERTIFIED MAIL

Michael Register Esq.                          7005 2570 0001 5062 2673
One Ocean Drive
Miami Beach, FL 33139

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.

Dear Parties:

This will confirm a telephone call on October 12, 2006 with Ryan Mulvaney, wherein the following matters were discussed. As we were unable to reach Michael Register we assume Michael Register agrees to the following absent a response to the contrary on or before November 9, 2006.

- **Number of Arbitrators:** Based on the call and the Claimant's request, the Association will appoint one arbitrator to hear and determine this dispute.

- **Desired Qualification in an Arbitrator:** The Association is in the process of compiling a list of arbitrators taking into consideration the following qualifications to the extent possible.
  - **Attorney with experience in Contract Law, Commercial Lease Agreement and Transactions**

- **Locale:** The Claimant requested that New York, New York be the locale of the hearing in the above referenced matter.

- **Number of days of hearing:** The Claimant estimates that this matter will require approximately two days of hearing.

- **The checklist for conflicts shall be returned by November 9, 2006.**

In accordance with the Rules, if Respondent does not answer on or before November 9, 2006 we will assume that the claim is denied. If Respondent wishes to counterclaim, file the appropriate number of copies, together with the administrative fee, to the attention of the undersigned. A copy should be directly sent to Claimant.

The Association will require advance deposits once the arbitrator is appointed. These deposits are calculated on the number of days the parties have suggested will be necessary, in addition to the pre and post hearing time that the arbitrator may charge pursuant to the arbitrator's resume.

In order to expedite administration, please direct all further correspondence to the address listed above.

Please do not hesitate to contact the undersigned should you have a question.

Sincerely,

Joyce A. Rapoza
Case Manager
401 431 4805
RapozaJ@adr.org

Supervisor Information. Karen Fontaine, 401 431 4795, fontainek@adr.org

Encl.

# EXHIBIT C



NIKKI BEACH

October 30, 2006

Joyce A. Rapoza
Case Manager
American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

Re:    Stewart's Mobile Concepts

Dear Ms. Rapoza:

We are in receipt of your correspondence of October 25, 2006 in the above-captioned matter. We copy you with our last letter to you of October 11, 2006, and further advise that Nikki Beach Atlantic City, LLC has been dissolved and this matter is not an insurance claim. No one will be representing the interests of Nikki Beach Atlantic City, LLC. at the arbitration.

Thank you very much for your attention to this matter.

Very truly yours,

Michael Register, Esq.
General Counsel
Nikki Beach

MR/yp
Thomas P. Scrivo, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Neward, NJ 07102-4079

# EXHIBIT D



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
*Catherine Shanks*
*Vice President*
*Christopher Fracassa, Yvonne L. Baglini*
*Assistant Vice Presidents*

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

# FAX

Date: June 15, 2007

To
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

Fax Number: 973-622-5314

From: Joyce A. Rapoza

Number of Pages: ( 5 )

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.

MESSAGE:

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS
ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR
OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE
PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY
NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS
FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED
ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

June 15, 2007

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

VIA FACSIMILE

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

VIA FIRST CLASS MAIL/CERTIFIED MAIL          7005 2570 0001 5062 2888

Michael Register Esq.
One Ocean Drive
Miami Beach, FL 33139

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.

Dear Parties:

The Arbitrator set the preliminary hearing for June 21, 2007 at 11:00 AM Eastern Time. Enclosed is the Report of Preliminary Hearing and Scheduling Order which covers items to be discussed at the preliminary hearing and will be completed by the arbitrator.

At the conclusion of the preliminary hearing, the parties' representatives and the Case Manager will discuss the AAA's billing and deposit practices with regard to covering the arbitrator's anticipated fees and expenses for the entire proceeding. These deposits are typically due thirty days prior to the evidentiary hearings, but this may vary depending on the schedule specific to this case. We ask that the representatives discuss this with their clients prior to the conference so that any questions they may have can be addressed.

Please do not hesitate to contact the undersigned should you have a question.

Sincerely,

Joyce A. Rapoza
Case Manager
401 431 4805
RapozaJ@adr.org

*Supervisor Information: Karen Fontaine, 401 431 4798, fontainek@adr.org*

cc:     Cynthia Rollings, Esq.

# American Arbitration Association

Preliminary Hearing Scheduling Order # _____ Case # _____

## REPORT OF PRELIMINARY HEARING AND SCHEDULING ORDER

Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA), a preliminary hearing was held on _____,before Arbitrator(s) _____. Appearing at the hearing were _____.
_____.

By Agreement of the parties and Order of the Arbitrator(s), the following is now in effect.

1. An additional preliminary hearing shall be held (check one):
     ⌐ At _____ on _____, at _____.m. before the Arbitrator(s), or
     ⌐ if needed, by mutual agreement later.

2. Pursuant to the direction of the Arbitrator(s), all parties shall amend/specify claims and/or counterclaims (monetary amounts) and file any motion to join additional parties by _____.

3. The parties shall file a stipulation of uncontested facts by _____.

4. a) Pursuant to the direction of the Arbitrator(s), claimant(s) shall serve and file a disclosure of all witnesses reasonably expected to be called by the claimant(s) on or before _____
_____.

   b) Pursuant to the direction of the Arbitrator(s), respondent(s) shall serve and file a disclosure of all witnesses reasonably expected to be called by the respondent(s) on or before _____
_____.

   c) The disclosure of witnesses shall include the full name of each witness, a short summary of anticipated testimony, copies of any experts reports, and written C.V. of experts. If certain required information is not available, the disclosures shall so state. Each party shall be responsible for updating its disclosures as such information becomes available. The duty to

- 1-

update this information continues up to and including the date that hearing(s) in this matter terminate.

d) The parties shall make arrangements to schedule the attendance of witnesses so that the case can proceed with all due expedition and without any unnecessary delay.

e) The party presenting evidence shall give notice to the other party the day before of the names of the witnesses who will be called to testify the next day and the order in which the witnesses will be called.

5. a) Not later than _____, the parties shall exchange copies of (or, when appropriate, make available for inspection) all exhibits to be offered and all schedules, summaries, diagrams and charts to be used at the hearing. Each proposes exhibit shall be premarked for identification using the following designations:

| PARTY | EXHIBIT # to EXHIBIT # |
| --- | --- | --- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

b) The parties shall attempt to agree upon and submit a jointly prepared consolidated and Comprehensive set of joint exhibits.

6. Hearings in this matter will commence before the Arbitrator(s) at _____ on _____ at _____.m. The parties estimate that this case will require _____ days of hearing time, inclusive of arguments.

7. Any and all documents to be filed with or submitted to the Arbitrator(s) outside the hearing

    a. shall be given to the AAA Case Administrator for transmittal to the Arbitrator(s).

    b. COPIES OF SAID DOCUMENTS SHALL ALSO BE SENT SIMULTANEOUSLY TO THE OPPOSING PARTY(S). There shall be *no* direct oral *or* written communication between the parties and the arbitrator(s), except at oral hearings.

8. On or before _____, each party shall serve and file a prehearing brief on all significant disputed issues, setting forth briefly the party's position and the supporting arguments and authorities.

9. a) **Form of Award:** (Circle one)

    1. Standard Award *amt*

    2. Reasoned Award *amt + plus analysis*

    3. Findings of fact and conclusions of law

- 2 -

b) **Court Reporter:** (Y) (N) _____

c) **Other:** _____

_____

_____

_____

10. Pursuant to the direction of the Arbitrator(s), any other preliminary matters not otherwise provided for herein shall be raised by _____
(date)

11. All deadlines stated herein will be strictly enforced. After such deadline, the parties may not file such motions except with the permission of the Arbitrator(s), good cause having been shown.

12. This order shall continue in effect unless and until amended by subsequent order of the Arbitrator(s).

Dated: _____          _____

Arbitrator's Signature

_____

Arbitrator's Signature

_____

Arbitrator's Signature

- 3 -

# EXHIBIT E

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

# FAX

Date:  July 12, 2007

To
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ  07102-4079

Fax Number:  973-622-5314

From:  Joyce A. Rapoza

Number of Pages:  ( *7* )

Re: 13 118 02115 06
     Stewarts Mobile Concepts, Ltd.
     and
     Nikki Beach Atlantic City, LLC and
     Penrod Management Group, Inc.

MESSAGE:

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED.  IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE.  IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED.  IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

July 12, 2007

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

VIA FACSIMILE

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

VIA FIRST CLASS MAIL/CERTIFIED MAIL     7005 2570 0001 5062 2925

Michael Register Esq.
One Ocean Drive
Miami Beach, FL 33139

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.

Dear Parties:

This will confirm a preliminary hearing in the above matter was held on June 21, 2007. Enclosed please find the scheduling order established during the preliminary hearing.

The hearing has been scheduled for September 10, 2007. See Notice of hearing for new location.

This case will be administered by facilitating the exchange of appropriate written documents through the AAA. Please submit all correspondence to the undersigned for transmittal to the arbitrator, copying the other party.

Each party has been billed $1,250.00 as a deposit to cover the arbitrator's anticipated compensation and expenses for this matter. This amount was determined by the arbitrator and based on the overall case schedule that the parties arrived at during the Preliminary Hearing. As we discussed at the conclusion of the Preliminary Hearing, payment is to be received by the Association no later than August 10, 2007, which is thirty days prior to the first evidentiary hearing. You will be receiving an automatically generated invoice within two weeks and every thirty days thereafter, until the balance is paid. This will also confirm our discussion that we will be informing the arbitrator of the amount on deposit as of the due date, and if full deposits are not on hand the arbitrator may suspend this proceeding pending the parties' compliance with the rules.

Additionally, each party's invoice will reflect any applicable administrative fees due the Association.

You may also view case financial information, as well as make payments with a credit card online via AAA's WebFile.

If you have any questions, please do not hesitate to call.

Sincerely,

Joyce A. Rapoza
Case Manager
401 431 4805
RapozaJ@adr.org

*Supervisor Information: Karen Fontaine, 401 431 4798, fontainek@adr.org*

Encl.

cc:     Cynthia Rollings, Esq.

## AMERICAN ARBITRATION ASSOCIATION
### Notice of Hearing

July 12, 2007

VIA FACSIMILE

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ  07102-4079

Michael Register Esq.
One Ocean Drive
Miami Beach, FL  33139

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and.
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.

PLEASE TAKE NOTICE that a hearing in the above-entitled arbitration will be held as follows:

        Cynthia Rollings
Place:  Beldock Levine & Hoffman LLP
        99 Park Avenue
        New York, NY 10016

Date:    September 10, 2007
Time:   10:00 AM Eastern Time
Before: Cynthia Rollings

Please attend promptly with your witnesses and be prepared to present your proofs.

        Joyce A. Rapoza
        Case Manager
        401 431 4805

NOTICE: The arbitrator has arranged her schedule and reserved the above date.. Therefore, every effort should be made to appear on the date scheduled. In the event that unforeseen circumstances make it impossible to attend the hearing as scheduled, a party requesting a postponement should obtain the agreement of the other party. If there is no mutual agreement, the arbitrator will make a determination. All requests for postponements must be communicated to the Case Manager, not the arbitrator. There should be no direct communication between the parties and the neutral arbitrator. In some instances, postponements are subject to cancellation fees by the arbitrator. Any party wishing a stenographic record must make arrangements directly with the stenographer and notify the other party of the arrangements in advance of the hearings.

cc:   Cynthia Rollings, Esq.

Case # 13 110 02115 06
Stewart's Mobile Concepts, Ltd.
and
Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

REPORT OF PRELIMINARY HEARING AND SCHEDULING ORDER


        Pursuant to the Commercial Arbitration Rules of the American
Arbitration Association (AAA), a preliminary hearing conference call
was held on June 21, 2007.  Appearing at the hearing was Brian
Mulvaney, attorney for claimant.  The Arbitrator was informed that
Michael Register, as representative of Nikki Beach Atlantic City, LLC
submitted a letter to the AAA advising that Nikki Beach Atlantic City
LLC has been dissolved and that no one will be representing the
interests of Nikki Beach Atlantic City LLC at the arbitration.  The
letter was subsequently provided to the Arbitrator.  After hearing
from the Claimant, the following is now in effect:

1. Claimant may serve a document demand on or before July 6, 2007.

2. Responsive documents shall be provided on or before July 27, 2007.

3. Claimant may serve an amended or supplemental Demand, including
joining any additional parties, on or before August 17, 2007.  The
Arbitrator notes that the Demand provided to the Arbitrator names
Penrod Management Group, Inc as the respondent.

4. In the event of an appearance by any party, Claimant may schedule
an additional preliminary hearing by notifying the AAA Case Manager.

5. The hearing in this matter scheduled to proceed at the American
Arbitration Association, 1633 Broadway, New York, New York on
September 10, 2007 at 10 am.

6. If Claimant elects to submit a prehearing brief, it shall be
transmitted to the AAA Case Manager on or before September 4, 2007,
for transmittal to the Arbitrator.  Copies of submissions shall also
be sent simultaneously to the opposing party.  There shall be no
direct oral or written communication between the parties and the
arbitrator, except at oral hearings.

7. Claimant requests a reasoned Award.

Dated: June 21, 2007


                                    Cynthia Rollings

#1

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

950 Warren Avenue
East Providence, RI 02914

| STMT DATE | AMOUNT DUE |
|---|---|
| 07/12/2007 | 2500.00 |
| **CASE#** | |
| 13-118-02115 01 JORP-R | |

Payment Due Upon Receipt

## INVOICE/STATEMENT

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark NJ 07102-4079

Representing Stewarts Mobile Concepts, Ltd.
Re: Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

---

**Please Detach and Return with Payment to the Above Address    Please Indicate Case No. on check**

---

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

950 Warren Avenue
East Providence, RI 02914

NAME   Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark NJ 07102-4079

Representing Stewarts Mobile Concepts, Ltd.
Re: Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|---|---|---|---|---|---|
| 07/12/2007 | 13-118-02115-06 01 JORP-R | 0.00 | 2750.00- | 5250.00 | 2500.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|---|---|---|---|---|---|
| 09/21/2006 | 9338938 | Initial Administrative Fee | 2750.00 | | |
| 09/25/2006 | 744124 | Payment recvd from : MCELROY, DEUTSCH, MULVANEY & CARPENTER, | | 2750.00- | |
| 07/11/2007 | 9487952 | Your Share of the Neutral Compensation Deposit covering 1 day of Hearing | 750.00 | | |
| | | | | | 750.00 |
| 07/11/2007 | 9487955 | Case Service Fee | 1250.00 | | |
| | | | | | 1250.00 |
| 07/11/2007 | 9487958 | Your Share of the Neutral Compensation Deposit covering 4 hours of Study | 500.00 | | |
| | | | | | 500.00 |

**Remarks:** For any inquiry please call: 401-431-4805
This is a full statement showing all financial activity on this case.

**TOTAL BALANCE DUE**   2500.00
Please Indicate Case No. on check

| INVOICE SUMMARY: | | NET BILLED | NET PAID | NET DUE | |
|---|---|---|---|---|---|
| | INITIAL/COUNTER-CLAIM FEES | 4000.00 | 2750.00 | 1250.00 | |
| | HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 0.00 | 0.00 | 0.00 | |
| | REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 | |
| | NEUTRAL COMPENSATION/EXPENSES | 1250.00 | 0.00 | 1250.00 | EIN: 13-0429745 |



American Arbitration Association
*Dispute Resolution Services Worldwide*

## CHARGE CARD AUTHORIZATION

*Please print or type*

For Central Office Use

Processed by: _____     Date: _____

Approval Code: _____

Submitted by: _____     Date: _____

Case No: _____

Party Name: _____

**Invoice#**                **Invoice Date**                **Amount**

_____          _____          _____

_____          _____          _____

_____Visa          _____MasterCard          _____American Express

Amount Charged: $ _____

*Account Holder Name:* _____

Card Number: _____

Expiration Date: _____

_____          _____
Signature                              Date

Address: _____   City, _____   State: _____

Zip Code: _____

# EXHIBIT F

# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314



RYAN P. MULVANEY
Direct dial: (973) 565-2010
rmulvaney@mdmc-law.com

July 6, 2007

**VIA FEDERAL EXPRESS**

Michael Register, Esq.
Penrod Management Group, Inc.
1 Ocean Drive
Miami Beach, Florida 33139

      Re:    <u>Stewart's Mobile Concepts, Ltd. v. Penrod Management Group, Inc., et al.</u>
              AAA No.:      13-118-02115-06
              MDMC No.:   S0784-1001

Dear Mr. Register:

      This firm represents Plaintiff, Stewart's Mobile Concepts, Ltd. ("Plaintiff"), in the matter referenced above.  Accompanying this correspondence is Plaintiff's First Request for the Production of Documents directed to Defendants Penrod Management Group, Inc. and Nikki Beach Atlantic City, LLC.  Please be advised that, pursuant to the Arbitrator's Scheduling Order, Defendants' responses are due by no later than July 27, 2007.

      If you should have any questions, please do not hesitate to contact me.  Thank you.

      Very truly yours,

      McElroy, Deutsch, Mulvaney & Carpenter, LLP

      Ryan P. Mulvaney

Enclosures

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
Telephone: (973) 622-7711
Facsimile: (973) 622-5314
Attorneys for Plaintiff,
Mr. John, Inc.

| | |
|---|---|
| STEWART'S MOBILE CONCEPTS, LTD. | :   AMERICAN ARBITRATION ASSOCIATION |
| | :   Case No.: 13-118-02115-06 |
| Plaintiff, | : |
| | : |
| | :   **PLAINTIFF'S FIRST REQUEST FOR** |
| | :   **THE PRODUCTION OF DOCUMENTS** |
| NIKKI BEACH ATLANTIC CITY, | :   **DIRECTED TO DEFENDANTS** |
| LLC and PENROD MANAGEMENT | : |
| GROUP, INC., | : |
| | : |
| Defendants. | : |

TO:   Michael Register, Esq.
      Penrod Management Group, Inc.
      1 Ocean Drive
      Miami Beach, Florida 33139

PLEASE TAKE NOTICE that, pursuant to the Arbitrator's Scheduling Order, Plaintiff, Stewart's Mobile Concepts, Ltd., hereby requests that Defendants Penrod Management Group, Inc. and Nikki Beach Atlantic City, LLC respond to the following document requests by no later than July 27, 2007, in accordance with the Scheduling Order.

                                       McElroy, Deutsch, Mulvaney &
                                       Carpenter, LLP
                                       Attorneys for Plaintiff,
                                       Stewart's Mobile Concepts, Ltd.

Dated: July 6, 2007      By:   _____
                                     Ryan P. Mulvaney

## DEFINITIONS

These Definitions apply throughout these Document Demands.

1.  *"Person,"* as used herein, shall mean all individuals and entities, including but not limited to, natural persons, sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts and estates, governmental agencies and legal or investment advisors.

2.  *"You," "Your"* and *"Yourself"*, as used herein, shall mean the party to whom these demands are directed, the person answering these demands on their behalf, and any present or former officer, employee, agent, servant or representative.

3.  *"Plaintiff,"* as used herein, shall mean Stewart's Mobile Concepts, Ltd., and any of its agents, former agents, employees, former employees, representatives, former representatives, assignees and/or successors.

4.  *"Defendants,"* as used herein, shall mean Nikki Beach Atlantic City, LLC and Penrod Management Group, Inc., and any of their agents, former agents, employees, former employees, representatives, former representatives, assignees and/or successors, and any other person or entity acting on their behalf.

5.  *"Nikki Beach Atlantic City, LLC,"* as used herein, shall mean Defendant Nikki Beach Atlantic City, LLC, and any of its agents, former agents, employees, former employees, representatives, former representatives, assignees and/or successors, and any other person or entity acting on its behalf.

6.  *"Nikki Beach,"* as used herein, shall mean and refer to the trade name "Nikki Beach."

7.  *"Penrod Management,"* as used herein, shall mean Defendant Penrod Management Group, Inc., and any of its agents, former agents, employees, former employees, representatives, former representatives, assignees and/or successors, and any other person or entity acting on its behalf.

8.    *"Document,"* is used in the customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other matters however produced or reproduced in Your possession, custody or control, including without limitation, all writings, studies, analyses, tabulations, evaluations, reports, reviews, agreements, contracts, communications, letters, or other correspondence, messages, telegrams, telexes, facsimile transmittals, cables, memoranda, invoices, purchase orders, meeting minutes, sound recordings or transcripts of personal or telephone conversations, meetings, conferences, or interviews, telephone call records, desk calendars, appointment books, forecasts, accountant's work papers, drawings, graphs, charts, maps, diagrams, estimates, tables, indexes, pictures, photographs, films, phonograph records, tapes, microfilms, microfiches, charges, ledgers, accounts, call sheets, financial statements or reports, statistical or analytical records, minutes or records of boards of directors, committees or other meetings or conferences, reports or summaries of investigation, claims, opinions or reports of consultants or experts, appraisals, reports of summaries of negotiation, books, brochures, pamphlets, circulars, trade letters, press releases, newspaper magazine clippings, stenographic, hand-written or any other notes, notebooks, projections, court arbitration papers or pleadings, working papers, checks (front and back), check stubs or receipts, invoice vouchers, taped data sheets or data processing cards or discs, or any other written, recorded, transcribed, punched, taped, filed or graphed matter however produced or reproduced, and any other document writing or other data compilation, whatever the description, including but not limited to, any information contained in any computer or not yet printed out or in the memory units containing such data from which information can be obtained or transcended into reasonable usable form, and all drafts and non-identical copies of the foregoing.

9.    *"Correspondence,"* shall mean any letter, telegram, telex, notice, message, memorandum or other written communication or transcription of notes of the communication and includes all attachments and enclosures thereto.

10.   *"Communication,"* shall mean any written or oral transmission, information or opinion including any utterance, notation or statement of any nature whatsoever,

including but not limited to, documents and correspondence as defined above.

11. "*Party*" or "*Parties,*" shall mean those individuals and entities involved in this present action.

12. "*Date,*" shall mean the exact date, month and year if ascertainable, or, if not, the best approximation (including relationship to other events).

13. "*Identify,*" shall mean:

    a.    With respect to a "Person," that the answer shall state

        (i)       the person's full name;

        (ii)     the name of the person's last known employer;

        (iii)    the person's last known title, position or business;

        (iv)    the person's last known business telephone number and address; and

        (v)     the person's last known home telephone number and address.

    b.    With respect to a "Document," that the answer shall state

        (i)       the title, heading or caption of such document, if any;

        (ii)     the date appearing on such document; and if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

        (iii)    the name of the person who signed such document; and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

        (iv)    the name of the person to whom such document was addressed and the name of each person, other than such addressee, to whom such document or copy thereof was sent;

        (v)     the general nature or description of such document (i.e. whether it is a letter, memorandum, minutes of meeting, etc.) and

the number of pages of which it consists; and

(vi)    the physical location of the document and the name and address of its custodian or custodians.

c.    With respect to a "Conversation," that the answer shall state

(i)    the date of the conversation;

(ii)    the place of the conversation;

(iii)    the participants in the conversation, to include those who listened but said nothing;

(iv)    the witnesses, if any, of such conversation;

(v)    whether the conversation took place face to face or by telephone; and if by telephone, who initiated the call;

(vi)    the substance of the conversation, to include what was said by each participant; and

(vii)    whether any notes were taken of the conversation and if so, the precise location of all such notes and the identity of the custodian thereof.

d.    With respect to a "Meeting," that the answer shall state

(i)    the date or dates of the meeting;

(ii)    the place of the meeting;

(iii)    the persons attending the meeting;

(iv)    what was said and by whom at the meeting; and

(v)    whether any notes, minutes or other memoranda were made to record the proceedings of such meetings; and, if so, the precise location and identity of the custodian.

14.    "*Describe*," requires a complete factual description of the following information in connection with any act, occurrence, omission or series of acts, occurrences or omissions.

(i)    identity of each and every person involved in the act, occurrence, omission or series of acts,

occurrences or omissions as provided in the definition of "Identify"; and

(ii) the date or dates of each and every act, omission or occurrence and a description of each and every document involved in the act, occurrence, omission or series of acts, occurrences or omissions, as provided in the definition of "Identify."

15. "*State the basis for*" or "*state the basis on which*" or "*set forth in complete and precise detail*" shall mean a statement of the complete factual and conceptual premises for the particular action, omission, default, recommendation, determination, or conclusion referred to in the request for discovery which utilized such term or its substantial equivalent. It shall include all factors considered by the person taking such action, including factors arising from consultations by him with others, either orally or in writing, or partly in each.

16. "*And*" as well as "*or*" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the specification or response that which might otherwise be construed to be outside the scope. "*Each*" shall be construed to include the word "every" and "every" shall be construed to include the word "each." "*Any*" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

17. Words used in the singular shall, where the context permits, be deemed to include the plural, and words used in the plural shall, where the context permits, be deemed to include the singular. The masculine gender shall, where the context permits, be deemed to include the feminine gender.

18. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within its scope all responses which might otherwise be construed to be outside its scope.

19. "*Agreement,*" shall mean the Equipment Rental Agreement for the provision of certain portable equipment and related services dated April 18, 2005, which forms the basis of this lawsuit.

20.   *"Demand,"* as used herein, shall mean the Demand for Arbitration filed by Plaintiff in this action.

21.   *"Action,"* as used herein, shall mean the action captioned "Stewart's Mobile Concepts, Ltd. v. Nikki Beach Atlantic City, LLC and Penrod Management Group, Inc.," pending in the American Arbitration Association under Case No. 13-118-02115-06.

22.   *"Name(s)"* shall mean all names, including aliases, maiden name(s) or former name(s) used, with or without legal proceedings, as well as all prior corporate or trade name(s).

23.   *"Address(es)"* shall mean current home and business address(es) and telephone number(s). All known and last-known addresses should be provided.

24.   *"Observation(s)"* shall mean anything sensed with the five (5) senses.

25.   *"Knowledge"* shall mean the awareness of, or information about, something gained through direct or indirect experience or association.

26.   *"Fact(s)"* shall mean occurrences and things personally witnessed including all things known or believed to be true by You or Your attorney(s), servant(s) or employees; include tangible things or physical places or condition and the existence, description, nature, custody, condition and location of any books, documents or other tangible things. If facts are not personally witnessed, please state the source of the knowledge or supposition. If facts are known or suspected through hearsay source(s), please identify the hearsay source(s).

27.   *"Statement"* shall mean a narration or summary of facts and/or opinion.

28.   *"Conversation(s)"* shall mean any verbal or non-verbal expression(s) or conduct; all sounds, utterances, noises, acts or movements made by anyone which were (are) sensed as having any meaning.

29.   *"Expert(s)"* shall mean an expert as defined by the Rules of Court in which this Action is pending, not limited to only

scientific experts but includes any expert who has rendered any opinion.

30. *"Opinion(s)"* shall mean judgment, appraisal or view formed in the mind. If lay opinion of named witnesses is known, such lay opinion should be provided.

31. *"Time(s)"* shall mean a definite period of duration, e.g. moment, second, minute, hour, date, year, season, etc.; the general idea of relation or fact of continuous or successive existence.

32. *"Immediate"* shall mean general time in relation to or directly preceding and following a fact or occurrence of continuous or successive existence.

33. *"Description(s)"* shall mean discourse intended to give a mental image(s) of something experienced; a descriptive statement or account of kind or character, especially as determined by any important feature(s) or circumstance(s).

34. *"Possession"* shall mean having or taking anything into control; something owned, occupied or controlled.

35. *"Contact(s)"* shall mean any direct or indirect person-to-person communication, oral or written, in person and/or through anyone or anything else.

## GENERAL INSTRUCTIONS

A.  All documents that respond, in whole or in part, to any of the following requests shall be produced in their entirety, including all attachments, riders, addendum, *etc.*

B.  If you do not have all the documents responsive to any request to produce, please so state and identify each person who you know or believe may have such documents.

C.  Each request for production of documents herein shall be deemed continuing so as to require prompt supplemental responses if you obtain or discover further documents between the time of responding to this request for the production of documents and the time of trial.

D.  If any requested document was, but is no longer, in your possession or subject to your control, state what disposition was made of it.

E.  If you claim a privilege as a ground for not responding in whole or in part to any document requested herein:

  (1)  Identify and describe each such document by date, author and recipient(s);

  (2)  State the privilege(s) asserted; and

  (3)  Describe both the factual basis and any and all documents constituting, referring to, relating to or otherwise evidencing your claim of privilege in sufficient detail so that the Court may adjudicate the validity of the claim.

F.  You shall produce the documents requested as they are kept in the usual course of business. If you consider that document is responsive to more than one request, you shall so indicate by placing appropriate paragraph numbers upon the document corresponding to which the document is deemed responsive.

G.  If the facts relating to your answer to any of these requests to produce were discovered, referred to, stated, or confirmed during the course of any conversation, set forth:

(1)    The names and addresses of each person who participated in or overheard each such conversation;

(2)    The date and time of each such conversation;

(3)    The address at which each such conversation occurred (if any such conversation was by telephone, state the location from which each party to the conversation participated); and

(4)    Set forth a summary of the substance of each such conversation making specific reference to each fact, which is relevant to each answer.

H.    The singular herein shall be deemed to include the plural. Use of any gender shall be deemed to include all genders.

## DOCUMENTS REQUESTED

1.    Produce any and all documents that refer, reflect or relate to the negotiation of the Agreement at issue.

2.    Produce any and all documents that refer, reflect or relate to communication exchanged between Nikki Beach Atlantic City, LLC and Penrod Management regarding the Agreement at issue.

3.    Produce any and all documents that refer, reflect or relate to communication regarding the invoices that Plaintiff sent to Defendants.

4.    Produce any and all documents exchanged between Nikki Beach Atlantic City, LLC and Plaintiff regarding the Agreement at issue.

5.    Produce any and all documents exchanged between Penrod Management and Plaintiff regarding the Agreement at issue.

6.    Produce all contracts or agreements between Defendants and Plaintiff, including any and all additions, addendums, riders or other written materials that constitute or evidence an agreement between the same.

7.    Produce any and all correspondence, including any and all recorded conversations, between Defendants and Plaintiff.

8.    Produce any and all documents exchanged between Penrod Management and Nikki Beach Atlantic City, LLC regarding the invoices sent to Penrod from Plaintiff.

9.    Produce any and all documents that refer, reflect or relate to the incorporation of Nikki Beach Atlantic City, LLC.

10.   Produce any and all documents that refer, reflect or relate to the incorporation of Penrod Management.

11.   Any and all documents that identify, refer, reflect or relate to the corporate structure of Nikki Beach Atlantic City, LLC, including, but not limited to, the identification of officers, directors, employees and registered agents from its formation to present.

12.   Produce any and all documents that identify, refer, reflect or relate to the corporate structure of Penrod

Management, including, but not limited to, the identification of officers, directors, employees and registered agents from its formation to present.

13. Produce any and all documents that Defendants contend supports, evidences, embodies, relates or refers to any defense or claim that Defendants intend to proffer during this arbitration.

14. Produce any and all documents that refer, reflect or relate to wire transfers made by Penrod Management to Plaintiff related to the Agreement at issue and invoices from Plaintiff.

15. Produce any and all documents that identify, refer, reflect or relate to the owner and/or ownership of the "Nikki Beach" trade name.

16. Produce any and all documents that identify, refer, reflect or relate to the owner and/or ownership of Nikki Beach Atlantic City, LLC.

17. Produce any and all documents exchanged between Defendants and any third party concerning the Agreement at issue.

18. Produce any and all documents between Defendants and any third party concerning the Leased Equipment.

19. Produce any and all documents exchanged between Penrod Management and any financial institution, including Bank of America, that refer, reflect or relate to the instruction and/or authorization by Penrod Management to issue wire transfers to Plaintiff.

20. Produce any and all documents exchanged between Defendants and the City of Atlantic City, New Jersey regarding the formation and/or operation of the "Nikki Beach" bar in Atlantic City, New Jersey.

21. Produce any and all documents exchanged between Defendants and the Resorts International Hotel & Casino regarding the formation and/or operation of the "Nikki Beach" bar in Atlantic City, New Jersey.

22. Produce any and all of Nikki Beach Atlantic City, LLC's banking statements including, but not limited to, documents reflecting the opening of the account(s), withdrawal

and deposit tickets for all any and bank accounts, or any other accounts of similar character held in Nikki Beach Atlantic City, LLC's name from its formation to present.

23.    Produce any and all of Penrod Management's banking statements including, but not limited to, documents reflecting the opening of the account(s), withdrawal and deposit tickets for all any and bank accounts, or any other accounts of similar character held in Penrod Management's name from 2003 to present.

24.    Produce any and all documents that refer, reflect, or relate to the financial condition of Nikki Beach Atlantic City, LLC from its formation to present, including but not limited to, communication with and reports prepared by accountants, profit and loss statements, trial balances, sales reports, and financial statements and reports.

25.    Produce any and all documents that refer, reflect, or relate to the financial condition of Penrod Management from 2003 to present, including but not limited to, communication with and reports prepared by accountants, profit and loss statements, trial balances, sales reports, and financial statements and reports.

26.    Produce any and all documents that refer, reflect or relate to any and all wire transfers made by Penrod Management to any third party regarding the "Nikki Beach" bar in Atlantic City, New Jersey.

27.    Produce any and all documents that refer, reflect or relate to any capital contributions, acquisitions, purchases, investments, financing and/or funding received by Nikki Beach Atlantic City, LLC from Penrod Management or any other entity or individual.

28.    Produce any and all documents that refer, reflect or relate to Defendants' duties, obligations and/or responsibilities related to negotiating the Agreement at issue.

29.    Produce any and all documents that refer, reflect or relate to Defendants' duties, obligations and/or responsibilities related to operating or otherwise managing the "Nikki Beach" bar in Atlantic City, New Jersey.

30.    Produce any and all federal and state income tax returns filed by Nikki Beach Atlantic City, LLC from its formation to present.

31.   Produce  any  and  all  federal  and  state  income  tax returns filed by Penrod Management from 2003 to present.

32.   Produce any and all documents that refer, reflect or relate  to  any  and  all  modifications  and/or  alterations  that Defendants made  to  the  Leased  Equipment  after  it  was  delivered by Plaintiff.

33.   Produce any and all documents that refer, reflect or relate  to  Danielle  Houser's  employment  with  any  of  the Defendants,  including,  but  not  limited  to,  W-2  forms,  employment agreements, and payroll checks.

34.   Produce  any  and  all  documents  that  refer,  reflect  or relate to any efforts by Defendants to pay or otherwise resolve the outstanding invoices with Plaintiff.

# EXHIBIT G



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

# FAX

Date:  August 16, 2007

To
Ryan P. Mulvaney
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ  07102-4079

Fax Number:  973-622-5314

From:  Joyce A. Rapoza

Number of Pages:  ( 4 )

Re: 13 118 02115 06
      Stewarts Mobile Concepts, Ltd.
      and
      Nikki Beach Atlantic City, LLC and
      Penrod Management Group, Inc.

MESSAGE:  Please advise your email address.  Thank you,

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS
ADDRESSED.  IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR
OTHERWISE EXEMPT FROM DISCLOSURE.  IF YOU ARE NOT THE INTENDED RECIPIENT OR THE
PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY
NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED.  IF YOU HAVE RECEIVED THIS
FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED
ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

## AMERICAN ARBITRATION ASSOCIATION
### Notice of Conference Call

August 16, 2007

VIA EMAIL

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

VIA FIRST CLASS MAIL

Michael Register Esq.
One Ocean Drive
Miami Beach, FL 33139

VIA EMAIL

L.H. S. Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL 33173

Re: 13 118 02115 06
     Stewarts Mobile Concepts, Ltd.
     and
     Nikki Beach Atlantic City, LLC and
     Penrod Management Group, Inc.

PLEASE TAKE NOTICE that a hearing in the above-entitled arbitration will be held as follows:

     Date:   August 20, 2007
     Time:   2:00 PM Eastern Time
     Before: Cynthia Rollings

     Via Conference Call (Conference America)
     Call in Number: 888-537-7715
     Pass Code: 60381620#

     Joyce A. Rapoza
     Case Manager
     401 431 4805

cc:    Cynthia Rollings, Esq.

Motion by respondent Penrod Management Group, Inc. to dismiss the claim of Stewart's Mobile Concepts, Ltd. for lack of jurisdiction and/or to stay discovery is denied pending discovery by claimant and without prejudice to renewal upon completion of discovery. Claimant claims that Penrod Management Group, Inc. is the alter ego of respondent Nikki Beach Atlantic City, LLC. A corporation that is not a signatory to an arbitration agreement but is the alter ego of the signatory corporation can be compelled to arbitrate. *Pile Foundation Construction Company, Inc. v. E.W. Howell Co., Inc.*, 553 N.Y.S.2d 631 (1st Dept. 1990); *Smullyan v. Sibjet S.A.*, 607 N.Y.S.2d 316 (1st Dept. 1994); 5 N.Y. Jur. 2d, Arbitration and Award §75. Claimant is entitled to limited discovery in furtherance of its claim that Penrod Management Group, Inc. is the alter ego of respondent Nikki Beach Atlantic City, LLC. *Forum Insurance Company v. Texarkoma Transportation Co.*, 645 N.Y.S.2d 786 (1st Dept. 1996).

Claimant Stewart's Mobile Concepts, Ltd. cross-moves to compel respondents to provide documents in response to claimant's document demand. I have received no opposition to the cross motion from respondents. Having denied the motion to dismiss, having held that claimant is entitled to limited discovery in furtherance of its alter ego claim and having reviewed claimant's First Request for Production of Documents dated July 6, 2007, I would like to schedule a conference call as soon as possible for the parties to address the issue of what is the reasonable and appropriate scope of discovery. My focus will be to limit the number of requests set forth in claimant's First Request. In light of the prior scheduling order providing for production of documents on or before July 27, 2007, respondents should be prepared to make such production as may be agreed or directed at the conference call on an expedited basis.

## Joyce Rapoza

| | |
|---|---|
| **From:** | System Administrator |
| **To:** | mulvaney@mdmc-law.com |
| **Sent:** | Thursday, August 16, 2007 12:52 PM |
| **Subject:** | Undeliverable:RE: 13 118 2115 06 STEWARTS MOBILE CONCEPTS LTD. NIKKI BEACH ATLANTIC CITY, LLC AND PENROD MANAGEMENT GROUP, INC. |

Your message did not reach some or all of the intended recipients.

    Subject:     RE: 13 118 2115 06 STEWARTS MOBILE CONCEPTS LTD. NIKKI BEACH ATLANTIC CITY, LLC AND PENROD MANAGEMENT GROUP, INC.
    Sent:       8/16/2007 12:50 PM

The following recipient(s) could not be reached:

    mulvaney@mdmc-law.com on 8/16/2007 12:49 PM
        The e-mail account does not exist at the organization this message was sent to.  Check the e-mail address, or contact the recipient directly to find out the correct address.
        <ciamail.mdmdom.com #5.1.1>

1

# EXHIBIT H



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

# FAX

Date:  September 10, 2007

To

Ryan Mulvaney
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ  07102-4079

Fax Number:  973-622-5314

L.H. S. Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL  33173

Fax Number:  305-534-7253

From:  Joyce A. Rapoza

Number of Pages:  ( 8 )

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.

MESSAGE:

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED.  IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE.  IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED.  IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
*Vice President*
Christopher Fracassa, Yvonne L. Baglini
*Assistant Vice Presidents*

September 10, 2007

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

VIA FACSIMILE

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

VIA FIRST CLASS MAIL

Michael Register Esq.
One Ocean Drive
Miami Beach, FL 33139

VIA FACSIMILE

L.H. S. Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL 33173

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.

Dear Parties:

This will confirm a preliminary hearing in the above matter was held on August 20, 2007. Enclosed please find the scheduling order established during the preliminary hearing.

The Association does not require a set of exhibits for our file.

The hearing has been set for November 19, 2007 and November 20, 2007, pursuant to the enclosed Notice of Hearing.

Each party has been billed $1,250.00 as a deposit to cover the arbitrator's anticipated compensation and expenses for this matter. This amount was determined by the arbitrator and based on the overall case schedule that the parties arrived at during the Preliminary Hearing. As we discussed at the conclusion of the Preliminary Hearing, payment is to be received by the Association no later than October 5, 2007. You will be receiving an automatically generated invoice within two weeks and every thirty days thereafter, until the balance is paid. This will also confirm our discussion that we will be informing the arbitrator of the amount on deposit as of the due date, and if full deposits are not on hand the arbitrator may suspend this proceeding pending the parties' compliance with the rules.

Additionally, each party's invoice will reflect any applicable administrative fees due the Association.

You may also view case financial information, as well as make payments with a credit card online via AAA's WebFile.

If you have any questions, please do not hesitate to call.

Sincerely,

Joyce A. Rapoza
Case Manager
401 431 4805
RapozaJ@adr.org

*Supervisor Information: Karen Fontaine, 401 431 4798, fontainek@adr.org*

Encl.

cc:     Cynthia Rollings, Esq.

Case # 13 118 02115 06
Stewart's Mobile Concepts, Ltd.
and
Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

REPORT OF PRELIMINARY HEARING AND SCHEDULING ORDER #2


      Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA), a preliminary hearing conference call was held on August 20, 2007. Appearing at the hearing was Ryan Mulvaney, attorney for claimant, and Steve Savola, attorney for respondent Penrod Management Group, Inc. After discussion with both parties, the following is now in effect:

1. By August 24, 2007, the parties will discuss claimant's outstanding First Request for Production of Documents in an attempt to agree on production.

2. Respondent shall serve its request for documents by August 30, 2007.

3. Responsive documents shall be provided by both parties on or before September 21, 2007.

4. Respondent shall serve its answer to the Demand by August 24, 2007.

5. Claimant may serve an amended Demand on or before October 3, 2007. Respondent shall serve an amended answer, if any, by October 15, 2007.

6. A conference call is scheduled for October 9, 2007, to address any disputes concerning documents. In the event there are no disputes, the parties will timely notify the AAA Case Manager to cancel the call.

7. The hearing in this matter is re-scheduled to proceed at the American Arbitration Association, 1633 Broadway, New York, New York on November 19 and November 20, 2007 at 10 am. Subject to further agreement between the parties or discussion with the arbitrator, and to the extent it is reasonable and efficient to do so, it is expected that the first day of the hearing will address alter ego proof and issues and the second day will address merits proof and issues.

8. Both parties shall serve and file a disclosure of all witnesses reasonably expected to be called no later than November 1, 2007. The disclosure of witnesses shall include the full name of each witness, a short summary of anticipated testimony, and copies of expert reports and written C.V. of experts, if any. The parties shall make arrangements to schedule the attendance of witnesses so that the case can proceed without unnecessary delay. The party presenting evidence

shall give notice to the other party of the order in which the witnesses will be called.

9.    Not later than November 12, 2007, the parties shall exchange copies of all exhibits to be offered, pre-marked for identification bound in a three hole punch notebook.    The parties shall attempt to agree upon and submit a jointly prepared consolidated set of joint exhibits.    On that same date, the parties shall serve and file pre-hearing briefs.

10.    Any documents to be filed with or submitted to the arbitrator outside the hearing shall be given to the AAA Case Administrator for transmittal to the arbitrator.    Copies of such documents shall also be sent simultaneously to the opposing party.    There shall be no direct or direct communication with the arbitrator except at scheduled conference calls and the oral hearing.

11. Form of award: Reasoned Award.

12. This order shall continue in effect unless and until amended by subsequent order of the arbitrator.

Dated: August 20, 2007


                          Cynthia Rollings
                          Arbitrator

# AMERICAN ARBITRATION ASSOCIATION
## Notice of Hearing

September 10, 2007

VIA FACSIMILE
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

VIA FIRST CLASS MAIL
Michael Register Esq.
One Ocean Drive
Miami Beach, FL 33139

VIA FACSIMILE
L.H. S. Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL 33173

Re: 13 118 02115 06
     Stewarts Mobile Concepts, Ltd.
     and
     Nikki Beach Atlantic City, LLC and
     Penrod Management Group, Inc.


PLEASE TAKE NOTICE that a hearing in the above-entitled arbitration will be held as follows:

Place:   American Arbitration Association
         1633 Broadway, Floor 10
         New York, NY 10019

Date:   November 19, 2007
Time:   10:00 AM Eastern Time

Date:   November 20, 2007
Time:   10:00 AM Eastern Time
Before: Cynthia Rollings

Please attend promptly with your witnesses and be prepared to present your proofs.

          Joyce A. Rapoza
          Case Manager
          401 431 4805

NOTICE: The arbitrator has arranged her schedule and reserved the above dates. Therefore, every effort should be made to appear on the dates scheduled. In the event that unforeseen circumstances make it impossible to attend the hearing as scheduled, a party requesting a postponement should obtain the agreement of the other party. If there is no mutual agreement, the arbitrator will make a determination. All requests for postponements must be communicated to the Case Manager, not the arbitrator. There should be no direct communication between the parties and the neutral arbitrator. In some instances, postponements are subject to cancellation fees by the arbitrator. Any party wishing a stenographic record must make arrangements directly with the stenographer and notify the other party of the arrangements in advance of the hearings.

cc:     Cynthia Rollings, Esq.

American Arbitration Association
*Dispute Resolution Services Worldwide*

950 Warren Avenue
East Providence, RI 02914

#1

| STMT DATE | AMOUNT DUE |
|-----------|-----------|
| 08/20/2007 | 2500.00 |

| CASE# |
|-------|
| 13-118-02115-06 01 JORP-R |

Payment Due Upon Receipt

## INVOICE/STATEMENT

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark NJ 07102-4079

Representing Stewarts Mobile Concepts, Ltd.
Re: Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

---

**Please Detach and Return with Payment to the Above Address        Please Indicate Case No. on check**

American Arbitration Association
*Dispute Resolution Services Worldwide*

950 Warren Avenue
East Providence, RI 02914

NAME   Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark NJ 07102-4079

Representing Stewarts Mobile Concepts, Ltd.
Re: Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|-----------|-------|------------------|-----------------|-------------|-------------------|
| 08/20/2007 | 13-118-02115-06 01 JORP-R | 0.00 | 2750.00- | 5250.00 | 2500.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|------|------|-------------|--------|---------|---------|
| 09/21/2006 | 9338938 | Initial Administrative Fee | 2750.00 | | |
| 09/25/2006 | 744124 | Payment recvd from : MCELROY, DEUTSCH, MULVANEY & CARPENTER. | | 2750.00- | |
| 07/11/2007 | 9487952 | Your Share of the Neutral Compensation Deposit covering 1 day of Hearing | 750.00 | | |
| 07/11/2007 | 9487955 | Case Service Fee | 1250.00 | | 750.00 |
| 07/11/2007 | 9487958 | Your Share of the Neutral Compensation Deposit covering 4 hours of Study | 500.00 | | 1250.00 |
| | | | | | 500.00 |

**Remarks:**  For any inquiry please call: 401-431-4805
This is a full statement showing all financial activity on this case.

| TOTAL BALANCE DUE | 2500.00 |
|-------------------|---------|

Please Indicate Case No. on check

| INVOICE SUMMARY: | NET BILLED | NET PAID | NET DUE |
|-------------------|-----------|----------|---------|
| INITIAL/COUNTER-CLAIM FEES | 4000.00 | 2750.00 | 1250.00 |
| HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 0.00 | 0.00 | 0.00 |
| REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 |
| NEUTRAL COMPENSATION/EXPENSES | 1250.00 | 0.00 | 1250.00   EIN: 13-0429745 |



American Arbitration Association
*Dispute Resolution Services Worldwide*

## CHARGE CARD AUTHORIZATION

*Please print or type*

| For Central Office Use |
| --- |

Processed by: _____  Date: _____

Approval Code: _____

Submitted by: _____  Date: _____

Case No: _____

Party Name: _____

**Invoice#**                **Invoice Date**                **Amount**

_____          _____          _____

_____          _____          _____

_____Visa          _____MasterCard          _____American Express

Amount Charged: $ _____

*Account Holder Name:* _____

**Card Number:** _____

**Expiration Date:** _____

_____
Signature                              Date

**Address:** _____ **City,** _____ **State:** _____

**Zip Code:** _____

# EXHIBIT I

## TELEPHONE RECORD FOR FILE

Date: _____ 9/10 _____

Time: _____ 11:00 _____

Client: _____ Case: _____

Call (from) (to): S. Sanola _____ Tel. No.: _____

- 2, 5, 8, 10, 12, 27,  will provide

- 70+ demands
    ⟶ may reduce
    ⟶ not 6

# EXHIBIT J

## TELEPHONE RECORD FOR FILE

Date: _10/3/07_

Time: _3:30_

Client: _____ Case: _Schwartz Mobile_

Call (from)/(to): _S. Savola_ Tel. No.: _____

Will call me tomorrow

Hasn't spoken to clients re: reso./doce

# EXHIBIT K

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

# FAX

Date:  October 9, 2007

To
Ryan Mulvaney
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ  07102-4079

L.H. S. Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL  33173

Fax Number:  305-534-7253

From:  Joyce A. Rapoza

Number of Pages:  ( *4* )

Re: 13 118 02115 06
     Stewarts Mobile Concepts, Ltd.
     and
     Nikki Beach Atlantic City, LLC and
     Penrod Management Group, Inc.


MESSAGE:


THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED.  IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE.  IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED.  IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

October 9, 2007

VIA FACSIMILE

Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079

Michael Register Esq.
One Ocean Drive
Miami Beach, FL 33139

L.H. S. Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL 33173

Re: 13 118 02115 06
    Stewarts Mobile Concepts, Ltd.
    and
    Nikki Beach Atlantic City, LLC and
    Penrod Management Group, Inc.

Dear Parties:

This will confirm a Conference Call in the above matter was held on October 9, 2007. Enclosed please find Preliminary Hearing and Scheduling Order #3.

Please do not hesitate to contact the undersigned should you have a question.

Sincerely,

Joyce A. Rapoza
Case Manager
401 431 4805
RapozaJ@adr.org

*Supervisor Information: Karen Fontaine, 401 431 4798, fontainek@adr.org*

cc:   Cynthia Rollings, Esq.

Case # 13 118 02115 06
Stewart's Mobile Concepts, Ltd.
and
Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

REPORT OF PRELIMINARY HEARING AND SCHEDULING ORDER #3


     Pursuant to the Commercial Arbitration Rules of the American
Arbitration Association (AAA), a conference call was held on October
9, 2007.  Appearing at the hearing was Ryan Mulvaney, attorney for
claimant, and Steve Savola, attorney for respondent Penrod Management
Group, Inc.  After discussion with both parties, the following is now
in effect:

1. Respondent shall serve responsive documents by overnight mail today
October 9, 2007.

2. Claimant may serve an amended Demand on or before October 18, 2007.
Respondent shall serve an amended answer, if any, by October 28, 2007.

3. A conference call is scheduled for October 24, 2007, at 10 am to
address any outstanding issues concerning documents.  In the event
there are no disputes, the parties will timely notify the AAA Case
Manager to cancel the call.

4. The schedule set forth in scheduling order #2 dated August 20, 2007
remains otherwise in effect as follows:

5. Both parties shall serve and file a disclosure of all witnesses
reasonably expected to be called no later than November 1, 2007.

6. Not later than November 12, 2007, the parties shall exchange copies
of all exhibits to be offered, pre-marked for identification bound in
a three hole punch notebook.

7. The hearing in this matter is scheduled to proceed at the American
Arbitration Association, 1633 Broadway, New York, New York on November
19 and November 20, 2007 at 10 am.

8.   Any documents to be filed with or submitted to the arbitrator
outside the hearing shall be given to the AAA Case Administrator for
transmittal to the arbitrator.  Copies of such documents shall also be
sent simultaneously to the opposing party.  There shall be no direct
or direct communication with the arbitrator except at scheduled
conference calls and the oral hearing.

9. This order shall continue in effect unless and until amended by
subsequent order of the arbitrator.

Dated: October 9, 2007

                          Cynthia Rollings
                          Arbitrator

# EXHIBIT L

**RECEIVED** OCT 1 0 2007

# SAVOLA LLC
## LAW FIRM

L. H. STEVEN SAVOLA*

---

### 8770 SUNSET DR. # 443 - MIAMI, FLORIDA 33173
### (786) 390-1297

Ryan P. Mulvaney
Three Gateway Center
100 Mulberry Street
Newark, New Jersey
07102-4079

10.9.07

Dear Mr. Mulvaney

RE: Stewart's Mobile

Please find enclosed documents in response to your Requests for Production agreed to in our telephone conversation of 9.10.07.

2. Attached
3. None
8. Attached
10. Attached
12. Attached
27. Attached

Should you have any questions, please do not hesitate to contact me.

Sincerely Yours

L. H. Steven Savola

*LICENSED TO PRACTICE LAW IN THE STATE OF FLORIDA, UNITED STATES DISTRICT COURT FOR THE SOUTHERN AND MIDDLE DISTRICTS OF FLORIDA AND THE UNITED STATES COURT OF FEDERAL CLAIMS.



| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |

**Previous on List**   **Next on List**   **Return To List**

No Events   No Name History

[ Entity Name Search ]

## Detail by Entity Name

### Florida Profit Corporation

PENROD MANAGEMENT GROUP, INC.

### Filing Information

**Document Number** P01000104533
**FEI Number** 651151495
**Date Filed** 10/29/2001
**State** FL
**Status** ACTIVE

### Principal Address

1 OCEAN DRIVE
4TH FLOOR
MIAMI BEACH FL 33139 US

Changed 05/11/2005

### Mailing Address

1 OCEAN DRIVE
4TH FLOOR
MIAMI BEACH FL 33139 US

Changed 05/11/2005

### Registered Agent Name & Address

BONITATIBUS, PETER
1300 NORTH FEDERAL HWY
202
BOCA RATON FL 33432

Address Changed: 03/25/2002

### Officer/Director Detail

### Name & Address

Title P

PENROD, JACK
317 COCONUT LANE
MIAMI BEACH FL 33139

### Annual Reports

**Report Year Filed Date**
**2005**     05/11/2005
**2006**     07/28/2006
**2007**     08/02/2007

## Document Images

08/02/2007 -- ANNUAL REPORT

07/28/2006 -- ANNUAL REPORT

05/11/2005 -- ANNUAL REPORT

05/04/2004 -- ANNUAL REPORT

05/07/2003 -- ANNUAL REPORT

03/25/2002 -- ANNUAL REPORT

10/29/2001 -- Domestic Profit

**Note:** This is not official record. See documents if question or conflict.



New Jersey Department of Labor
and Workforce Development
Division of Employer Accounts
PO Box 397
Trenton, New Jersey 08625-0397

09/02/2005

NOTICE OF SUBJECTIVITY TO THE N.J. UNEMPLOYMENT COMPENSATION LAW

YOUR PERMANENT EMPLOYER ID. NO.  0-202-529-399/000-00

NIKKI BEACH ATLANTIC CITY, LLC
NIKKI BEACH-PENROD'S ELBO ROOM

17 GORDON'S ALLEY
ATLANTIC CITY, NJ 08401

| | |
|---|---|
| FINANCING METHOD | Contributory |
| DISABILITY PLAN | State Plan |
| DATE EMPL. LIAB. BEGINS | 04/01/2005 |
| SUBJECT STATUS ATTAINED DATE | 06/01/2005 |
| DATE WORKER LIABILITY BEGINS | 06/02/2005 |
| EMPLOYER U.C. RATE | 2.4825 |
| EMPLOYER WORKFORCE RATE | 0.1175 |
| EMPLOYER HEALTH CARE RATE | 0.200 |
| EMPLOYER T.D. RATE | 0.500 |
| WORKER U.C. RATE | 0.3825 |
| WORKER WORKFORCE RATE | 0.0425 |
| WORKER HEALTH CARE RATE | 0.000 |
| WORKER T.D. RATE | 0.500 |

Based on available information, we have  determined  that you are an employer subject to the N.J. Unemployment Compensation  Law  Under Section  19 (h) 1.

Your permanent Employer ID number is shown above and should be used on all correspondence with this office.

You are responsible for remitting worker contributions beginning with the date as shown above.  Failure to make proper deductions from payments to employees does not relieve you, the employer, of this liability. Contributions/Wage Reporting Reports will be mailed to you in the near future.  Submit with remittance on or before the due dates shown on the report(s).

This determination is final 15 days after the date of this notice as prescribed in New Jersey Administrative Code 12 16-22.  If you disagree with this determination, you must file a written request for a hearing within 15 days after the date of this notice, directed to the Chief Auditor, sent to the attention of the Hearer of Contested Cases.

Under separate cover, we are forwarding additional informational materials, including information on employer and worker contributions to the Workforce Development Fund and Health Care Fund.

The Supervisor of
Status Determinations

Ph: 609-633-6400
Ext. 2206



**State of New Jersey**
Department of Labor and Workforce Development
Office of Special Compensation Funds
CN 399
Trenton, New Jersey 08625-0399

# IMPORTANT NOTICE TO EMPLOYERS

## COMPULSORY WORKERS' COMPENSATION INSURANCE

### As an employer subject to the New Jersey Unemployment Compensation Law (N.J.S.A. 43:21-1 et seq.), you are required to provide workers' compensation or employer's liability insurance coverage.

The New Jersey Workers' Compensation Law (N.J.S.A. 34:15-7 et seq.) requires that every employer, except the state, a municipality, county or school district shall make sufficient provision for the complete payment of any obligation which it may incur to an injured employee or his dependents by one of the two methods described below.

### Insurance Through Authorized Carrier

Every employer not operating as a "self-insurer", as described below, must obtain and maintain a policy of workers' compensation or employer's liability insurance covering its employees through a stock company or mutual association authorized to write such insurance in New Jersey.

If you have not already done so, you should immediately contact your insurance broker or agent to obtain workers' compensation or employer's liability insurance for your employees.

### Self-Insurance

Any employer desiring to carry its own workers' compensation or employer's liability insurance ("self-insurer") may make application to the Commissioner of Insurance showing its financial ability to pay compensation and the permanence of the business. The Commissioner of Insurance, where its deemed appropriate may also require the establishment of a reserve fund by the employer or the posting of a surety bond for the purpose of discharging its liability under the statute.

If you are interested in self-insurance, you should write for additional information and an application to: Department of Insurance, CN-325, Trenton, New Jersey 08625-0325.

### FAILURE TO PROVIDE INSURANCE

Any employer who fails to provide workers' compensation or employer's liability insurance as required by the law shall be guilty of a disorderly persons offense and, where such failure is willful, a crime of the fourth degree. Further, an assessment of up to $1,000.00 will be levied when such failure exceeds 20 days, and an additional assessment of up to $1,000.00 will be levied for each period of 10 days thereafter.

Where the employer is a corporation, the president, secretary, and the treasurer thereof who are actively engaged in the corporate business shall be liable for failure to secure the required insurance.

Questions concerning this notice should be directed, in writing, to the Office of Special Compensation Funds, at the address shown above. <u>Do not direct such questions to the Employer Status Section, Division of Employer Accounts.</u>

SCF-500A (R 10-04)



**STATE OF NEW JERSEY**
**DEPARTMENT OF COMMUNITY AFFAIRS**
**DIVISION OF FIRE SAFETY**

## LIFE HAZARD USE CERTIFICATE OF REGISTRATION

ISSUED:     04/25/06

OWNER NO:     F-202529399

REGISTRATION NO:     0102-41554-034-01

NIKKI BEACH ATLANTIC CITY LLC
157 S CHALFONTE
ATLANTIC CITY NJ 08401

RENDEZVOUS TOWER HOTEL ROOMS
1133 BOARDWALK
ATLANTIC CITY NJ

BUILDING HEIGHT:                              NUMBER OF STORIES:

USE TYPE CODE:    BH02     DESCRIPTION:    HOTELS, MOTELS AND RETREAT LODGING
                                           FACILITIES WHICH EXCEED FIVE STOR-
                                           IES, AND WHICH HAVE 100 ROOMS OR
                                           MORE, WITH ANY INTERIOR EXIT-WAYS.

LEA CODE:   0102001

THE LAW REQUIRES THAT THIS CERTIFICATE OF REGISTRATION BE POSTED IN A CONSPICUOUS
LOCATION IN THE REGISTERED PREMISES BUT ONLY UPON SUBSEQUENT RECEIPT OF A CERTIFICATE
OF INSPECTION.

THIS CERTIFICATE IS NOT TRANSFERRABLE. IN THE CASE OF ANY TRANSFER OF TITLE, IT SHALL BE THE
DUTY OF THE NEW OWNER(S) TO FILE WITH THE COMMISSIONER WITHIN THIRTY DAYS OF SUCH
TRANSFER AN APPLICATION FOR A NEW CERTIFICATE OF REGISTRATION. IN THE CASE OF ANY CHANGE
IN INFORMATION PROVIDED ON THE REGISTRATION APPLICATION FORM, IT SHALL BE THE DUTY OF THE
OWNER TO NOTIFY THE DEPARTMENT OF COMMUNITY AFFAIRS WITHIN THIRTY DAYS OF SUCH CHANGE.

FAILURE TO COMPLY WITH THESE REQUIREMENTS CONSTITUTES A VIOLATION OF P.L. 1983, c.383
OF THE LAWS OF NEW JERSEY AND SUBJECTS THE PARTY SO VIOLATING TO THE PENALTIES THEREIN.

COMMISSIONER OF COMMUNITY AFFAIRS
SUSAN BASS LEVIN

Taxpayer Identification# 202-529-399/000                    03/23/05

Dear Business Representative:

Congratulations! You are now registered with the New Jersey Division of Revenue.

Use the Taxpayer Identification Number listed above on all correspondence with the Divisions of Revenue and Taxation, as well as with the Department of Labor (if the business is subject to unemployment withholdings). Your tax returns and payments will be filed under this number, and you will be able to access information about your account by referencing it.

Additionally, please note that State law requires all contractors and subcontractors with Public agencies to provide proof of their registration with the Division of Revenue. The law also amended Section 92 of the Casino Control Act, which deals with the casino service industry.

We have attached a Proof of Registration Certificate for your use. To comply with the law, if you are currently under contract or entering into a contract with a State agency, you must provide a copy of the certificate to the contracting agency.

If you have any questions or require more information, feel free to call our Registration Hotline at (609)292-1730.

I wish you continued success in your business endeavors.

Sincerely,

John E. Tully, CPA
Director

---

## STATE OF NEW JERSEY
## BUSINESS REGISTRATION CERTIFICATE

DEPARTMENT OF TREASURY/
DIVISION OF REVENUE
PO BOX 252
TRENTON, N J 08646-0252

TAXPAYER NAME:

**NIKKI BEACH ATLANTIC CITY, LLC**

TRADE NAME:

NIKKI BEACH-PENROD'S ELBO ROOM

ADDRESS:

**1133 BOARDWALK
ATLANTIC CITY NJ 08401**

SEQUENCE NUMBER:

**1136875**

EFFECTIVE DATE:

**03/04/05**

ISSUANCE DATE:

**03/23/05**

Director

FORM-BRC(08-01)

This Certificate is NOT assignable or transferable. It must be conspicuously displayed at above address.

# Nikki Beach Atlantic City
## A/P Aging Summary
### As of November 28, 2005

| | Current | 1 - 30 | 31 - 60 | 61 - 90 | > 90 | TOTAL |
|---|---|---|---|---|---|---|
| Adv Comp | 0.00 | 2,713.07 | 2,713.07 | 0.00 | 0.00 | 5,426.14 |
| Atlantic City Electric | 0.00 | 0.00 | 309.51 | 211.90 | 0.00 | 521.41 |
| Big Picture Productions | 0.00 | 0.00 | 0.00 | 0.00 | 1,500.00 | 1,500.00 |
| Black Tiger Company Inc | 0.00 | 0.00 | 0.00 | 1,313.06 | 9,189.06 | 10,502.12 |
| Boardwalk Belle | 0.00 | 0.00 | 0.00 | 171.48 | 0.00 | 171.48 |
| Bruce Hanrahan | 0.00 | 0.00 | 0.00 | 1,014.51 | 0.00 | 1,014.51 |
| Bunzl | 0.00 | 0.00 | 1,200.23 | 0.00 | 42,374.96 | 43,575.19 |
| City of Atlantic City | 0.00 | 0.00 | 0.00 | -1,945.11 | 0.00 | -1,945.11 |
| Comcast | 0.00 | 0.00 | 404.98 | 227.82 | 0.00 | 632.80 |
| Conectiv Power Delivery | 0.00 | 0.00 | 0.00 | 476.18 | 0.00 | 476.18 |
| Creative Solutions & Print | 0.00 | 0.00 | 0.00 | 0.00 | 1,715.00 | 1,715.00 |
| Ecolab | 0.00 | 0.00 | 0.00 | 0.00 | 6,937.38 | 6,937.38 |
| Fairfield INN Marriiot | 0.00 | 0.00 | 235.98 | 7,543.80 | 4,061.82 | 11,841.60 |
| Family Sun Productions | 0.00 | 0.00 | 0.00 | 0.00 | 306.96 | 306.96 |
| Herzog Family LLC | 0.00 | 0.00 | 2,150.00 | 0.00 | 0.00 | 2,150.00 |
| Just Four Wheels, Inc. | 0.00 | 0.00 | 0.00 | 6,095.71 | 6,153.85 | 12,249.56 |
| Kramer Beverage Co | 0.00 | 0.00 | 1,437.50 | -374.50 | -80.00 | 983.00 |
| Light Action | 0.00 | 0.00 | 0.00 | 0.00 | 9,441.23 | 9,441.23 |
| Magic Disposal Inc. | 0.00 | 0.00 | 0.00 | 4,730.00 | 10,494.00 | 15,224.00 |
| Michael Alba | 0.00 | 0.00 | 4,000.00 | 0.00 | 0.00 | 4,000.00 |
| Mr. John | 0.00 | 0.00 | 0.00 | 0.00 | 90,502.71 | 90,502.71 |
| New Jersey Division of Taxation | 0.00 | 0.00 | 6,600.54 | 21,965.49 | 0.00 | 28,566.03 |
| Orange 32, Inc | 0.00 | 0.00 | 1,568.00 | 0.00 | 0.00 | 1,568.00 |
| ParTech | 0.00 | 0.00 | 0.00 | 0.00 | 6,600.00 | 6,600.00 |
| Pepsi Bottling Group | 0.00 | 0.00 | 0.00 | 3,255.00 | 7,174.92 | 10,429.92 |
| Plant Dynamics | 0.00 | 0.00 | 2,500.00 | 0.00 | 0.00 | 2,500.00 |
| Pro Systems, LLC. | 0.00 | 0.00 | 0.00 | 0.00 | 4,510.30 | 4,510.30 |
| Russell Ried | 0.00 | 0.00 | 0.00 | 0.00 | 2,549.90 | 2,549.90 |
| Sandson & Delucry, LLC. | 0.00 | 0.00 | 198.58 | 0.00 | 92,893.71 | 93,092.29 |
| Sapphire Logistics Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 7,375.00 | 7,375.00 |
| Scott Silver | 0.00 | 0.00 | 0.00 | 0.00 | 4,051.25 | 4,051.25 |
| Seashore Fruit & Produce Co.,INC. | 0.00 | 0.00 | 0.00 | 1,771.30 | 3,873.19 | 5,644.49 |
| Southern Maryland Sanitation | 0.00 | 0.00 | 0.00 | 22,836.24 | 0.00 | 22,836.24 |
| Standard Funding Corp | 0.00 | 36,963.30 | 36,963.30 | 36,963.30 | 0.00 | 110,889.90 |
| Stewarts Mobile Concepts, LTD | 0.00 | 0.00 | 0.00 | 0.00 | 163,410.80 | 163,410.80 |
| US Foodservice | 0.00 | 0.00 | 0.00 | 839.37 | 8,780.56 | 9,619.93 |
| Wildwood Linen Supply | 0.00 | 0.00 | 249.30 | 1,776.74 | 2,202.75 | 4,228.79 |
| TOTAL | 0.00 | 39,676.37 | 60,530.99 | 108,872.29 | 486,019.35 | 695,099.00 |



# MOBILE KITCHEN RENTALS

**SPECIAL EVENTS · CONCESSIONS · KITCHEN RENOVATIONS · TOURS · EMERGENCY SITUATIONS**

## PRICING

**Mobile Kitchen Rental Rates:**

Small Mobile Kitchens  24' to 28' units

$3,600 Per Week
$7,000 Per Month
$6,000 Per Month (3-6 months)
$5,500 Per Month (6 months +)

Medium Mobile Kitchens 36' to 40' units

$4,500 Per Week
$7,500 Per Month
$7,000 Per Month (3-6 months)
$6,500 Per Month (6 months +)

Large Mobile Kitchens 48' to 53' units

$5,000 Per Week
$8,500 Per Month (up to 6 months)
$8,000 Per Month (6 months +)

Please call for longer term rates

Recommended kitchen size depends on the difficulty of your menu and the volume of meals to be served. Please call and let our experts help you in selecting the best kitchen to suit your needs.

**Round Trip Delivery/Return**
  $1.50 per mile

**Technical Staff** also available for stand by as needed. Please call for rates.

You will need to supply Electricity, LP Gas Supply, FreshWater Supply and Waste Water Removal.

**Support Trailer Rental Rates:**
Food Preparation Trailers (48' x 8' or 53' x 8' units available)
  $5,500 - $6,500 Per Month depending upon unit selected

Dishwashing Trailer (40' x 8' unit)
  $6,000 Per Month

**Round Trip Delivery/Return**
  $1.50 per mile

All trailers require a refundable security/cleaning deposit.

**Please call for pricing on any of the following rentals:**
Walk-in Refrigerators and Freezers, Mobile Showers, Mobile Bathrooms, Generators, and Dining Facilities.

**845 East Jericho Turnpike · Huntington Station, New York 11746**
**Phone (800) 919-9261   New York Area (631) 351-6030    Fax (631) 351-1587**
**Website: www.stewartsmobile.com**

## 40 FOOT KITCHEN Self Contained





**Specifications**

**Size**
- 24' Long (including hitch)
- 20' Box size
- 8' Wide
- 7' Ceiling height

**Interior Finish**
- Paneled walls
- Vinyl tile floors
- Gypsum ceiling

**Electric**
- Fluorescent ceiling lights
- Breaker panel

**Windows/Door**
- Horizontal slider windows
- Vision panel door with standard lock

**Heating and Cooling**
- Electric baseboard heat
- Thru-wall AC Unit

**Exterior Finish/Frame**
- Alter nam siding
- I-beam frame
- Standard drip rail gutters

Additional floor plans available. Floor plans and specifications may vary from those shown and are subject to in-stock availability.

## Specifications

**Size**
- 32' long (including hitch)
- 28' box size
- 8' wide
- 7' ceiling height

**Interior Finish**
- Paneled walls
- Vinyl tile floors
- Drop ceiling

**Furniture**
- Two built-in desks with file cabinets
- One built-in plan table
- Overhead shelf

**Electric**
- Fluorescent ceiling lights
- Breaker panel

**Windows/Doors**
- Horizontal slider windows
- Two vision panel doors with standard locks

**Heating and Cooling**
- Electric baseboard heat
- Thru-wall AC unit

**Exterior Finish/Frame**
- Aluminum siding
- I beam frame
- Standard drip rail gutters

Additional floor plans available. Floor plans and specifications may vary from floor shown and are subject to in-stock availability.



**Specifications**

*Size*

- 36' Long (including hitch)
- 8'6" Box size
- 10' Wide
- 8' Ceiling height

*Interior Finish*

- Paneled walls
- Vinyl tile floors
- Open office
- Private office
- Wide open shelf

**Furniture**

- Two built-in desks with file cabinets
- One built-in plan table
- Overhead shelf

*Electric*

- Fluorescent ceiling lights
- Exhaust fans

**Windows/Doors**

- Horizontal slider windows
- Two steam panel doors with standard locks

*Heating and Cooling*

- Central HVAC or thru-wall A/C

*Exterior Finish/Frame*

- Aluminum siding
- I-beam frame
- Standard drop rail gutters

Additional floor plans available. Floor plans and specifications are subject to change from those shown and are subject to availability.

# Stewart's Mobile Concepts, Ltd.
### 845 East Jericho Turnpike
### Huntington Station, NY 11746
### P (631) 351-6030
### F (631) 351-1587

| | | |
|---|---|---|
| Invoice to: | **Lease Invoice** | |
| Nikki Beach Atlantic City, LLC | Invoice #: | 701-05 |
| 1 Ocean Drive | Date: | 4/6/05 |
| Miami Beach, FL 33139 | Job #: | 701-05 |
| | Purchase Order #: | |

Contact: Danielle Houser
Telephone #: (305) 538-1111
Fax #: (305) 534-8937

| | | | |
|---|---|---|---|
| Deliver to: | Resorts International | Delivery Date: | approx. May 1, 2005 |
| | Hotel & Casino | Pick-up Date: | Sept. 30, 2005 |
| | 1133 Boardwalk | Deliver Via: | Transporter |
| | Atlantic City, NJ 08401 | | |

Terms: NET DUE UPON RECEIPT OF INVOICE

| ITEM # | DESCRIPTION | LEASE RATE |
|---|---|---|
| 1. | Mobile Kitchen 48' x 8' (K-283 Model) | |
| 2. | Mobile Kitchen 48' x 8' (Kentucky Model) | |
| 3. | Dishwashing Trailer 40' x 8' | |
| | Ramp and Staircase systems for (2) kitchen trailers (Not ADA Compliant) | |
| | - 1st month lease payment Dates: 5/1/05 – 5/31/05 | $22,700.00 |
| | Round-trip Delivery and Return for items 1, 2, 3 (Atlantic City, NJ) | $7,000.00 |
| | Technical Support | $2,500.00 |
| | | |
| 4. | 8' x 20' Combination Walk-in Cooler/Freezer | |
| 5. | 8' x 20' Walk-in Cooler- 1st and last month's lease payments | |
| | Dates: 4/21/05 – 5/20/05 and 8/21/05 - 9/20/05 | $6,000.00 |
| | Round-trip Delivery and Return for items 4, 5 (Atlantic City, NJ) | $3,332.00 |
| | | |
| 6. | 20' x 24' Compact Kitchen | |
| | - 1st month lease payment Dates: 5/1/05 – 5/31/05 | |
| | Also Included: Round-trip Delivery/Return, (1) set of steps | |
| | and Technical Support | $19,000.00 |
| | | |
| 7. | 36' x 10' Office/Greenroom Trailer (32 x 10 box size) | |
| | - 1st month's lease payment  Dates: 4/21/05 – 5/20/05 | $600.00 |
| | Round-trip Delivery and Return | $752.00 |
| | Block, Level, and Knockdown | $690.00 |
| | (2) OSHA Approved Aluminum Steps | |
| | - 1st month's lease payment  Dates: 4/21/05 – 5/20/05 | $45.00 |
| | (6) Anchor Installation (per anchor) @ $95.00 each | $510.00 |
| | (6) Anchor Removal (per anchor) @ $35.00 each | $210.00 |
| | Ins. Liability waiver (standard) | $15.00 |
| | Ins. Property waiver (9 & 10 wide) | $40.00 |

| | |
|---|---|
| Sub Total | $63,394.00 |
| 6% (Atlantic City, NJ) Tax | $3,803.64 |
| Total | $67,197.64 |

Page 1 of 2

|  | |
|---|---|
| Security/Cleaning Deposit (Refundable) | $30,000.00 |
| Balance Due | $97,197.64 |

Duration of Usage: 5 Month minimum lease.

Clarifications:
1. Delivery is based on clear access to site for truck and unit to truck set unit. Delivery dates and times subject to permitting process, weather and holiday restrictions. Waiting time due to customer delay assessed after first half hour.
2. Anchor Removal does not include Asphalt Repair.
3. Block and level consists of dry stacked block set on grade, single tier. Prices based on firm, level site.

You will need to provide potable water, gray water removal, electricity, LP Gas supply connections and any appropriate site preparations, footings, steps, ramps, and decking unless specifically stated.

*Client responsible for all permits, licenses and fees.*

Payment not received by the 30th day after invoice date will accrue interest of 1.5% per month.

**Mail Remittance to:**
Stewart's Mobile Concepts, Ltd.
845 East Jericho Turnpike
Huntington Station, NY 11746

**Wire Transfer of Funds Information:**
Chase Bank
55 West Jericho Turnpike
Huntington Station, NY 11746
Phone (631) 549-3927
Account Name- Stewart's Mobile Concepts, Ltd.
Bank ABA Routing # 021000021
Account # 829500111265

Your bank will have the proper forms for you to do the transfer.

# Stewart's Mobile Concepts, Ltd.
**845 East Jericho Turnpike**
**Huntington Station, NY 11746**
**P (631) 351-6030**
**F (631) 351-1587**
**www.stewartsmobile.com**

## Lease Quote

**DATE:** April 7, 2005

**TO:**    Tim Hughes                            **Telephone #:** (954) 602-8750
           Nikki Beach Atlantic City, LLC           **Fax #:** (954) 602-8757
           1 Ocean Drive
           Miami Beach, FL 33139

**From:** Keith Futerman
            Director of Sales

**RE:**    Office Trailer and Dry Storage Trailer Lease Quotes
         Expiration of Offering: May 6, 2005

Thank you for inquiring into our lease program. The following will detail our offering:

| DESCRIPTION | (5 Month LEASE RATE) |
|---|---|
| **(Option 1)** 20 x 8 Storage Trailer (16 x 8 box size) per enclosed floorplan | $300.00 per month |
| Delivery Freight | $270.00 |
| Block and Level | $250.00 |
| Knockdown | $195.00 |
| Return Frieght | $270.00 |
| | |
| OSHA Approved Aluminum Steps | $45.00 per month |
| (4) Anchor Installation (per anchor) | $95.00 each |
| (4) Anchor Removal (per anchor) | $35.00 each |
| Ins. Liability waiver (standard) | $15.00 |
| Ins. Property waiver (8 wide) | $25.00 |
| | |
| **(Option 2)** 32 x 8 Office/Greenroom Trailer (28 x 8 box size) per enclosed floorplan | $420.00 per month |
| Delivery Freight | $270.00 |
| Block and Level | $315.00 |
| Knockdown | $250.00 |
| Return Frieght | $270.00 |
| | |
| (2) OSHA Approved Aluminum Steps | $45.00 per month |
| (4) Anchor Installation (per anchor) | $95.00 each |
| (4) Anchor Removal (per anchor) | $35.00 each |
| Ins. Liability waiver (standard) | $15.00 |
| Ins. Property waiver (8 wide) | $25.00 |

**(Option 3)** 36 x 10 Office/Greenroom Trailer (32 x 10 box size)   $600.00 per month
per enclosed floorplan

| | |
|---|---|
| Delivery Freight | $376.00 |
| Block and Level | $375.00 |
| Knockdown | $315.00 |
| Return Frieght | $376.00 |

| | |
|---|---|
| (2) OSHA Approved Aluminum Steps | $45.00 per month |
| (6) Anchor Installation (per anchor) @ $95.00 each | $510.00 Total |
| (6) Anchor Removal (per anchor) @ $35.00 each | $210.00 Total |
| Ins. Liability waiver (standard) | $15.00 |
| Ins. Property waiver (9 & 10 wide) | $40.00 |

*Above pricing does not include any applicable Atlantic City, NJ taxes.*

**Clarifications:**
1. Delivery is based on clear access to site for truck and unit to truck set unit. Delivery dates and times subject to permiting process, weather and holidy restrictions. Waiting time due to customer delay assessed after first half hour.
2. Anchor Removal does not include Asphalt Repair.
3. Block and level consists of dry stacked block set on grade, single tier. Prices based on firm, level site.
4. I will___ will not____ require a bathroom. Please be unit specific.

**Duration of Usage:** 5-month minimum     **Start Date:** April 18, 2005

Permits, footings, steps, site preparation, electrical and plumbing connections are not included in the quoted price unless specifically stated.

Guarantee: Equipment reserved on first money received basis and subject to availability. Client responsible for all permits, licenses and fees.

## Stewart's Mobile Concepts, Ltd.
## EQUIPMENT RENTAL AGREEMENT

### LESSEE

FULL LEGAL NAME OF LESSEE:    Nikki Beach Atlantic City, LLC

BILLING ADDRESS:    1 Ocean Drive
Miami Beach, FL 33139

EQUIPMENT DELIVERY LOCATION: Resorts International Hotel & Casino
1133 Boardwalk
Atlantic City, NJ 08401

PHONE: (305) 538-1111                FAX: (305) 534-8937

### LESSOR

STEWART'S MOBILE CONCEPTS, Ltd.
845 East Jericho Turnpike
Huntington Station, NY  11746
Phone: (631) 351-6030   Fax: (631) 351-1587

In Consideration of the covenants and conditions contained herein, Stewart's Mobile Concepts, Ltd. ("Lessor") and Nikki Beach Atlantic City, LLC ("Lessee") agree as follows:

1.    **Leased Equipment:** Lessor agrees to lease and Lessee agrees to accept the following leased equipment; hereafter collectively referred to as the "Leased Equipment" or the "Equipment".

| QUANTITY | EQUIPMENT DESCRIPTION |
| --- | --- |
| 1 | 48 FT. Kentucky Model Mobile Kitchen |
| 1 | 48 FT. K-283 Model Mobile Kitchen |
| 1 | 20' x 24' Compact Kitchen |
| 1 | 40 FT. Dishwashing Trailer |
| 1 | 8' x 20' Combination Walk-in Cooler/Freezer |
| 1 | 8' x 20' Walk-in Cooler |
| 1 | 36' x 10' Office/Greenroom Trailer |
| 2 | Ramp & Staircase Systems for (2) kitchen trailers (Not ADA Compliant) |

2.    **Term:** 5 month minimum, commencing upon delivery of the 48 FT. Kentucky Model Mobile Kitchen on or about May 2, 2005, the 48 FT. K-283 Model Mobile Kitchen on or

about May 6, 2005, the 20' x 24' Compact Kitchen on or about May 2, 2005, the 40 FT. Dishwashing Trailer, 36' x 10' Office/Greenroom Trailer, 8' x 20' Combination Walk-in Cooler/Freezer, and 8' x 20' Walk-in Cooler on or about April 28, 2005 to the Location indicated above. The lease will expire September 30, 2005.

    3.    Rent: Rent shall be $45,345.00 per month for 5 months (plus applicable state and local taxes). The total estimated amount of rent to be charged for the use of the Leased Equipment based on the term specified in paragraph 2 shall be $226,725.00 (plus applicable state and local taxes).

    4.    Security/Cleaning Deposit: Upon the signing of this Agreement, Lessee shall pay to Lessor a Security/Cleaning Deposit of $30,000.00. Lessor shall retain the Security/Cleaning Deposit as security for the performance by Lessee of all obligations imposed by this Agreement. Lessor may, at its option, apply all or any portion of the Security Deposit with respect to any violation of this Agreement by Lessee, including cleaning and repair of equipment upon its return or pick up by Lessor. Any portion of the Security Deposit that has not been appropriated by the Lessor in accordance with the provisions of this Agreement must be returned to Lessee within thirty (30) days after the expiration of the term of this Agreement.

    5.    Payments:

A. Upon signing of this agreement, Lessee shall make the following payments:

| | | |
|---|---|---|
| 1. | Security/Cleaning Deposit | $30,000.00 |
| 2. | First Month's Rent for: | |
| | 48 FT. Kentucky Model Mobile Kitchen | |
| | 48 FT. K-283 Model Mobile Kitchen | |
| | 20' x 24' Compact Kitchen | |
| | 40 FT. Dishwashing Trailer | |
| | 36' x 10' Office/Greenroom Trailer | |
| | (2) OSHA Approved Aluminum Steps | $42,345.00 (plus any applicable sales tax) |
| 3. | First and Last Month's Rent for: | |
| | 8' x 20' Combination Walk-in Cooler/Freezer | |
| | 8' x 20' Walk-in Cooler | $6,000.00 (plus any applicable sales tax) |
| 4. | Additional Charges: | |
| | a. Round Trip Delivery/Return | $11,084.00 (plus any applicable sales tax) |
| | b. Technical Support | $2,500.00 (plus any applicable sales tax) |
| | c. (6) Anchor Installation for 36'x10' | $510.00 (plus any applicable sales tax) |
| | d. (6) Anchor Removal for 36'x10' | $210.00 (plus any applicable sales tax) |
| | e. Ins. Liability waiver for 36'x10' | $15.00 (plus any applicable sales tax) |
| | f. Ins. Property waiver for 36'x10' | $40.00 (plus any applicable sales tax) |
| | g. Block, Level, and Knockdown for the 36' x 10' Office/Green Room | $690.00 (plus any applicable sales tax) |

B. Monthly Payments: All monthly rental payments shall be made in advance of that month's rental usage, on the twenty-fifth (25th) day of each month. If a payment is made anytime after invoice due date, in addition to the monthly rent a late fee of four percent (4%) shall be imposed.

    6.    Cancellation: In the Event Lessee decides not to accept delivery of the Leased Equipment and notifies Lessor in writing, then Lessee shall receive a refund of its security deposit less any expenses incurred by Lessor. In addition Lessor shall be entitled to retain 2 month's rent as liquidated damages.

    7.    Lessee's Option to Extend: Lessee shall be entitled to extend the term of this lease pursuant to paragraph 2, for a period of up to 18 months, upon the following terms:

A. Lessee must notify Lessor in writing no later than 60 days prior to the expiration prior to the term of the lease. The monthly rental shall be $46,345.00 per month in the event that Lessee renews for a period of 3 months or less. The monthly rent shall be $45,345.00 per month in the event that Lessee renews for a period of more than 3 months.

8.    **Use/Maintenance:** During the term of this Agreement, Lessee agrees to use the Leased Equipment for the ordinary and usual purpose for which it was designed, comply with and conform to all national, state, municipal laws and regulations, pay for permits, taxes, fees, fuel and utilities related to the operation of the Leased Equipment, keep the Leased Equipment in good condition, repair and working order, and not remove the Leased Equipment from the location delivered to by Lessor, without prior written consent of Lessor. Lessor agrees to reasonably make changes or modifications to only the mobile kitchens, compact kitchen, and dishwashing trailer collectively, not to exceed (four thousand) $4,000.00 in order to meet Atlantic City Board of Health requirements. Lessee agrees to pay for any changes or modifications in excess of (four thousand $4,000.00). Lessor agrees to perform the changes or modifications within a reasonable amount of time upon receipt of written notice from Lessee.

9.    **Return of Leased Equipment:** At the expiration of the term of this Agreement, the Lessee must allow Lessor to pick-up the Leased Equipment at the place of original delivery. Lessee must surrender the Leased Equipment in the same condition as received, clean, ordinary wear and tear alone excepted. In the event the equipment is not returned clean, Lessor, may, at its option, apply all or any portion of the Security/Cleaning Deposit with respect to cleaning and repair of equipment.

10.    **Indemnity:** Lessee agrees to indemnify and hold harmless of, from and against any and all loss, claims, damages, attorneys fees, expenses and liabilities arising out of the use of the Leased Equipment by Lessee or any agents, employees, invitees or any other individual or entity authorized by Lessee to use the Leased Equipment, not caused by the negligence of Lessor.

11.    **Insurance:** Before taking possession of the Leased Equipment, Lessee must procure and pay for (a) insurance against loss, theft or damage to the Leased Equipment, for its full replacement value, and (b) public liability and property damage insurance. Public liability and property damage insurance shall be in the minimum amount of $1,000,000. Lessee shall be responsible for the payment of any deductibles and expenses associated with the insurance policies and coverage. All insurance shall be in a form and amount and with companies satisfactory to Lessor and shall contain an endorsement requiring 10 days notice to Lessor prior to cancellation. Lessee shall deliver the polices or copies of the polices or certificates of insurance to Lessor within 30 days of the delivery of the Equipment.

12.    **Loss or Damage:** Lessee assumes and shall bear the entire risk of loss, theft, fire, destruction, or damage of or any part of Leased Equipment from any cause whatsoever excluding lessor negligence, normal wear and tear excluded, whether or not covered by insurance, and no such loss shall release Lessee of its obligations under this Agreement.

13.    **Force Majeure:** If Lessor's ability to perform its obligations hereunder is limited, or prevented in whole or in part by any reason what so ever not within the control of Lessor including, without limitation, Acts of God, war invasion, acts of foreign enemy, hostilities (whether war be declared or not), strikes, and/or industrial dispute, delay on part of its suppliers, transportation delays, or by any law, regulation, order or other action by any public authority, shall be excused, discharged and released from performance to the extent such performance is so limited, delayed or prevented.

14.    **Prohibition on Transfer of Lessee's Interest:** Lessee shall not permit any lien to attach to the Leased Equipment, nor sublease, rent, assign, grant a security interest or otherwise transfer Lessee's interest in the Leased Equipment or this Agreement without the prior, express written consent of the Lessor.

15.    **Title/Personal Property:** The Leased Equipment is, and shall remain at all times, the property of Lessor, and Lessee shall have no right, title or interest in the Leased Equipment except as expressly set forth in this Agreement. All additions or improvements to the Leased Equipment of any kind or nature must have the written approval of Lessor before being made by Lessee and shall become component parts of the Leased Equipment and title shall immediately vest in Lessor and be governed by the terms of this Agreement.

16.    **Condition of Leased Equipment:** Lessor does not warrant the fitness, merchantability, design, condition, capacity, suitability or performance of the Leased Equipment. Lessor rents the Leased Equipment to Lessee "as is" with all faults. Lessor represents that the equipment will be delivered in working order and will make any necessary repairs within a reasonable period of time, excluding "Miscellaneous Items", during the term of the lease, provided same are not caused by the negligence of the lessee. In the event that repairs are deemed to be needed during the term of the lease, Lessee must immediately notify Lessor for the consent of any repairs (via phone, fax or in writing) and Lessor shall make all the necessary arrangements for the repair of the Leased Equipment. Lessee shall not make any arrangements for any repairs or alterations to the leased equipment without the prior consent of Lessor. Lessor may elect to make necessary repairs caused by the negligence of the lessee at lessee's expense. Lessor will not pay for the repair of "Miscellaneous Items". "Miscellaneous Items" include: leaking faucets, clogged drain lines, clogged waste pipes, clogged burners, light bulbs, and hvac filters. Lessor represents that the "Miscellaneous Items" will be in proper working order upon delivery. Lessor shall not be liable for any loss or damage. Lessee does hereby expressly waive any and all claims and demands for loss, loss of profits or other alleged consequential damages against Lessor and Lessee does further agree to save and hold harmless Lessor against any and all such claims and demands.

17.    **Default:** Lessee shall be in default under this Agreement if Lessee:

(a)    Fails to make any payments under this Agreement within ten (10) days after the payment becomes due and payable, and written notice has also been given to Lessee.

(b)    Fails to perform or observe any of the material terms and conditions of this Agreement.

(c)    Becomes insolvent (however defined), ceases business, makes an assignment for the benefit of creditors or causes or suffers a petition for receiver or in bankruptcy to be filed by or against Lessee.

(d)    Commits or fails to commit any act that results in jeopardizing the material rights of Lessor or causes Lessor to reasonably deem itself insecure in its rights.

18.    **Remedies:** If Lessee is in default under this Agreement, Lessor shall have the right to exercise the following remedies provided however, that lessee shall be given ten (10) days notice by certified mail return receipt requested to cure the default:

(a)    Elect that the rental payments due be accelerated and the entire amount of rent become immediately due.

(b)    Terminate this Agreement.

(c)    Go on Lessee's property and retake the Leased Equipment without notice or legal process. Lessee waives all claims for damages and losses caused by the retaking by Lessor. Lessee agrees to pay all costs and expenses incurred by Lessor in retaking the Leased Equipment.

19.    **Business Purpose:** Lessee applies to Lessor for rent of the Leased Equipment for commercial purposes and agrees that this Agreement is not to be construed as a consumer contract.

20.    **Filing:** Lessee, upon request, agrees to execute any instrument necessary to the filing and recording of this agreement.

21.    **Entire Agreement:** This Agreement contains the entire agreement between the parties relating to the Lessee's rental of the Leased Equipment. Any changes to the terms of this Agreement shall be in writing and signed by the Lessee and Lessor.

22.    **Arbitration:** In the event that any dispute between the parties to this Agreement cannot be settled, the matter shall be submitted to binding arbitration. The arbitration shall be conducted in accordance with the rules of the American Arbitration Association, with the prevailing party to be awarded all costs of arbitration and reasonable attorneys fees. The arbitration shall be held in Suffolk County, New York. Any judgment upon an award may be entered in the State(s) and Count(ies) where the lessor and lessee do business.

23.    **Jurisdiction/Venue:** This Agreement shall be construed in accordance with New York law.

24.    **Notices:** Notices under this Lease shall be in writing and shall be sent to each party at its address or fax number set forth above or, in the event of a change in any address or fax number, then to such other address or fax number as to which notice of the change is given. Notices to Lessor shall be sent to the attention of Keith Futerman or to such other person as to whom notice is given. Notices to Lessee shall be sent to the attention of Michael Register or to such other person as to whom notice is given. Notice shall be deemed given on receipt.

25.    **Miscellaneous:** Any failure of Lessor to require strict performance of the terms of this Agreement or any waiver by Lessor of any provision of this Agreement shall not be construed as a consent or waiver of any other breach of the same or any other provision. If any portion of this Agreement is deemed invalid, it shall not affect the rest of this Agreement. Lessee certifies that all credit information given to Lessor is true and correct and authorizes Lessor to investigate the credit worthiness of Lessee.

26.    **Binding Effect:** This Agreement shall be binding upon Lessor only after an officer or authorized representative of Lessor signs it. A facsimile signature shall be as binding as an original signature.

In witness whereof, each party has caused this Agreement to be executed on the date indicated below:

**LESSEE:**
Nikki Beach Atlantic City, LLC
By: _Michael Register_                    Date: _4/18/05_
Its: _General Counsel_


**LESSOR:**
Stewart's Mobile Concepts, Ltd.          Date: _____
By: _____
Its: _____

19. **Business Purpose:** Lessee applies to Lessor for rent of the Leased Equipment for commercial purposes and agrees that this Agreement is not to be construed as a consumer contract.

20. **Filing:** Lessee, upon request, agrees to execute any instrument necessary to the filing and recording of this agreement.

21. **Entire Agreement:** This Agreement contains the entire agreement between the parties relating to the Lessee's rental of the Leased Equipment. Any changes to the terms of this Agreement shall be in writing and signed by the Lessee and Lessor.

22. **Arbitration:** In the event that any dispute between the parties to this Agreement cannot be settled, the matter shall be submitted to binding arbitration. The arbitration shall be conducted in accordance with the rules of the American Arbitration Association, with the prevailing party to be awarded all costs of arbitration and reasonable attorneys fees. The arbitration shall be held in Suffolk County, New York. Any judgment upon an award may be entered in the State(s) and County(ies) where the lessor and lessee do business.

23. **Jurisdiction/Venue:** This Agreement shall be construed in accordance with New York law.

24. **Notices:** Notices under this Lease shall be in writing and shall be sent to each party at its address or fax number set forth above or, in the event of a change in any address or fax number, then to such other address or fax number as to which notice of the change is given. Notices to Lessor shall be sent to the attention of Keith Futerman or to such other person as to whom notice is given. Notices to Lessee shall be sent to the attention of Michael Register or to such other person as to whom notice is given. Notice shall be deemed given on receipt.

25. **Miscellaneous:** Any failure of Lessor to require strict performance of the terms of this Agreement or any waiver by Lessor of any provision of this Agreement shall not be construed as a consent or waiver of any other breach of the same or any other provision. If any portion of this Agreement is deemed invalid, it shall not affect the rest of this Agreement. Lessee certifies that all credit information given to Lessor is true and correct and authorizes Lessor to investigate the credit worthiness of Lessee.

26. **Binding Effect:** This Agreement shall be binding upon Lessor only after an officer or authorized representative of Lessor signs it. A facsimile signature shall be as binding as an original signature.

In witness whereof, each party has caused this Agreement to be executed on the date indicated below:

LESSEE:
Nikki Beach Atlantic City, LLC
By: _____    Date: 4/18/05
Its: General Counsel

LESSOR:
Stewart's Mobile Concepts, Ltd.
By: _____    Date: 4/18/05
Its: Director of Sales

Page 5 of 5

# Fax Cover Sheet

## Stewart's Mobile Concepts, Ltd.
845 East Jericho Turnpike
Huntington Station, NY 11746
Phone (631) 351-6030 Fax (631) 351-1587
Web: www.stewartsmobile.com

To: _Michael Register_

From: _Keith Futterman_

Fax #: _305·534-7253_

# of Pages _3_ Including this page.

Special Notes:

_2nd Lease Invoice attached._

# Stewart's Mobile Concepts, Ltd.
## 845 East Jericho Turnpike
## Huntington Station, NY 11746
## P (631) 351-6030
## F (631) 351-1587

**Invoice to:**
Nikki Beach Atlantic City, LLC
1 Ocean Drive
Miami Beach, FL 33139

**Lease Invoice**
| | |
|---|---|
| Invoice #: | 702-05 |
| Date: | 5/12/05 |
| Job #: | 702-05 |
| Purchase Order #: | |

Contact: Danielle Houser
Telephone #: (305) 538-1111
Fax #: (305) 534-8937

**Deliver to:**   Resorts International
Hotel & Casino
1133 Boardwalk
Atlantic City, NJ 08401

| | |
|---|---|
| Delivery Date: | approx. May 1, 2005 |
| Pick-up Date: | Sept. 30, 2005 |
| Deliver Via: | Transporter |

**Terms: Payment Due 5/25/05**

| ITEM # | DESCRIPTION | Amount |
|---|---|---|
| 1. | Mobile Kitchen 48' x 8' (K-283 Model) | |
| 2. | Mobile Kitchen 48' x 8' (Kentucky Model) | |
| 3. | Dishwashing Trailer 40' x 8' | |
| | Ramp and Staircase systems for (2) kitchen trailers (Not ADA Compliant) | |
| | - 2nd month lease payment Dates: 6/1/05 – 6/30/05 | $22,700.00 |
| 4. | 8' x 20' Combination Walk-in Cooler/Freezer | |
| 5. | 8' x 20' Walk-in Cooler | |
| | -2nd month's lease payment Dates: 5/21/05 – 6/20/05 | $3,000.00 |
| 6. | 20' x 24' Compact Kitchen | |
| | - 2nd month lease payment Dates: 6/1/05 – 6/30/05 | $19,000.00 |
| 7. | 36' x 10' Office/Greenroom Trailer (32 x 10 box size) | |
| | - 2nd month's lease payment Dates: 5/21/05 – 6/20/05 | $600.00 |
| | (2) OSHA Approved Aluminum Steps | $90.00 |
| | Ins. Liability waiver (standard) | $15.00 |
| | Ins. Property waiver (9 & 10 wide) | $40.00 |

| | | |
|---|---|---|
| | Sub Total | $45,445.00 |
| | 6% (Atlantic City, NJ) Tax | $2,726.70 |
| | **Balance Due** | **$48,171.70** |

Duration of Usage: 5 Month minimum lease.

*Client responsible for all permits, licenses and fees.*

Payment not received by the 30th day after invoice date will accrue interest of 1.5% per month.

Page 1 of 2

## Michael Register

| | |
|---|---|
| **From:** | keith@stewartsmobile.com |
| **Sent:** | Friday, April 08, 2005 1:57 AM |
| **To:** | timh@nikkimarina.com; michael@penrods.com; Mike Penrod |
| **Subject:** | Office/Green Room and Dry storage Trailers Quote and Floor Plans |
| **Attachments:** | Lease Quote-NikkiBeach2.pdf; 36x10moboffice.pdf; 32x8moboffice.pdf; 24x8moboffice.pdf |

Tim, Mike, and Michael,

Please review/print/save the attached 4 PDF docs.  Please call with any questions.

Keith


Keith Futerman
Stewart's Mobile Concepts, Ltd.
845 East Jericho Turnpike
Huntington Station, NY 11746
Toll Free 800-919-9261
P 631-351-6030
F 631-351-1587
Cell 516-551-8865
Email: keith@stewartsmobile.com
"MOBILE KITCHEN RENTALS AND SUPPORT SERVICES FROM COAST TO COAST"
Website: http://www.stewartsmobile.com

## Specifications

### Size
- 24' Long (including hitch)
- 20' Box size
- 8' Wide
- 7' Ceiling height

### Interior Finish
- Paneled walls
- Vinyl tile floors
- Gypsum ceiling

### Electric
- Fluorescent ceiling lights
- Breaker panel

### Windows/Door
- Horizontal slider windows
- Vision panel door with standard lock

### Heating and Cooling
- Electric baseboard heat
- Thru-wall AC unit

### Exterior Finish Frame
- After traut siding
- I Beam frame
- Standard drip rail gutters

7' - 9"

20' - 0"

Additional floor plans available. Floor plans and specifications may vary from those shown and are subject to in-stock availability.

8'-0"

28'-0"

FILE

CLOSET

FILE

FILE

## Specifications

### Size
- 32' Long (including hitch)
- 28' Box size
- 8' Wide
- 7' Ceiling height

### Interior Finish
- Paneled walls
- Vinyl tile floors
- 6% foam ceiling
- Private office
- Wide open shelvs available

### Furniture
- Two built-in desks with file cabinets
- One built-in plan table
- Overhead shelf

### Electric
- Fluorescent ceiling lights
- Breaker panel

### Windows/Doors
- Horizontal sider windows
- Two vision panel doors with standard locks

### Heating and Cooling
- Electric baseboard heat
- Thru-wall A/C unit

### Exterior Finish/Frame
- Aluminum siding
- I Beam frame
- Standard drip rail gutters

Additional floor plans available. Floor plans and specifications may vary from those shown and are subject to in-stock availability.



**Specifications**

*Size*
- 36' Long (including hitch)
- 12' Box size
- 10' Wide
- 8' Ceiling height

*Interior Finish*
- Paneled walls
- Vinyl tile floors
- 3/4 pound ceiling
- Private office
- Wide open studio available

*Furniture*
- Two built-in desks with five cabinets
- One built-in plan table
- Overhead shelf

*Electric*
- Fluorescent ceiling lights
- Breaker panel

*Windows/Doors*
- Horizontal slider windows
- Two vision panel doors with standard locks

*Heating and Cooling*
- Combi HVAC or thru-wall AC

*Exterior Finish/Frame*
- Aluminum siding
- I-beam frame
- Standard drop rail axles

Additional floor plans available. Floor plan and specifications may vary from those shown and are subject to in-stock availability.

08/17/05

## Hilton Beach Atlantic City
## Vendor QuickReport
### All Transactions

| Type | Date | Num | Memo | Account | Clr | Split | Amount |
|---|---|---|---|---|---|---|---|
| **Stewarts Mobile Concepts, LTD** | | | | | | | |
| Bill | 5/12/2005 | 702-05 | | 2000 · Accounts Payable | | 6172 · Trailer Rental - Kitchen | -48,171.70 |
| Bill | 6/12/2005 | 703-05 | | 2000 · Accounts Payable | | 6172 · Trailer Rental - Kitchen | -48,171.70 |
| Bill | 7/1/2005 | 704-05 | | 2000 · Accounts Payable | | 6172 · Trailer Rental - Kitchen | -48,171.70 |
| Bill | 7/5/2005 | 1266 | 3rd month | 1018 · Disbursement Account 6180 | X | 2000 · Accounts Payable | -5,000.00 |
| Bill Pmt -Check | 7/29/2005 | 706-05 | CHECK # 1266 | 2000 · Accounts Payable | | 6172 · Trailer Rental - Kitchen | -8,904.00 |
| Bill | 8/1/2005 | 705-05 | July rental of kitchens | 2000 · Accounts Payable | | 6172 · Trailer Rental - Kitchen | -44,991.70 |

L-109 (7/03)

New Jersey Division of Revenue

## CERTIFICATE of CANCELLATION
### Limited Liability Company
( Title NJSA 42 )



This form may be used to cancel a Certificate of Formation of a Limited Liability Company on file with the Division of Revenue. Applicants must insure strict compliance with NJSA 42, the New Jersey Limited Liability Act, and insure that all applicable filing requirements are met.

1. Name of Limited Liability Company:

   Nikki Beach Atlantic City LLC

2. Business Entity Number:

   202-529-399/000

3. Date of formation:

   March 23, 2005

4. State of Formation (foreign entities only)


5. Effective date of cancellation:


6. Reasons for canceling the LLC:
   Closed for Business




The undersigned represent(s) that this filing complies with State law as detailed in NJSA 42 and that they are authorized to sign this form on behalf of the Limited Liability Company.


Signature:                                          Date: 6/30/06

Name: John Michael Register


NJ Division of Revenue, PO Box 308, Trenton NJ 08646

DEPARTMENT OF TREASURY
Division of Revenue
Business Support Services, Commercial Recording
P.O. Box 308
Trenton, NJ  08646

07/20/2006

SHIP TO:

PENROD MANAGEMENT  GROUP
ONE OCEAN DRIVE
4TH FLOOR
MIAMI, FL 33139

Thank you for your recent work request. The following information summarizes all work requests processed and the associated fees.

If your work was rejected, it is imperative that you include this form or a copy when resubmitting corrected documents or if you are requesting a refund.
This will assist us in verifying payment and the original date the work request was submitted.  Call us at (609) 292-9292 if you have any questions regarding this notice.

---

1. Customer Number:  427961
2. Account Number:
3. Session Number:   1707809
4. User ID: 8
5. Comments On Work Request:

6. Number of Rejected Jobs: 0

---

Method of Payment: Check
Check No:  3453                           Amount:      $100.00
**Job 1 :**                    **Job Completion Status: C  CLOSED (JOB OR SESSION)**
Session Number: 1707809
Work Description: FORMDT   CERTIFICATION OF AMENDMENT AND FORMATION
Job Number:  3214019
Filing Number:  600229364
Received Date:  20-JUL-06
Entity Name:  NIKKI BEACH ATLANTIC CITY, LLC
Comments On Job:

| FEE CODE | FEE DESCRIPTION | FEE | QTY | TOTAL |
|----------|-----------------|-----|-----|-------|
| AMENDB | AMENDMENT LLC AND LP | 100.00 | 1 | $100.00 |
| | | | JOB TOTAL: | $100.00 |

COMPLETED JOB TOTAL:    $100.00

**OFFICIAL RECEIPT  *** T H I S   I S   N O T   A   B I L L ***
* Please retain a copy for your records to verify check and credit card billing.                    Page 1 of   1

# EXHIBIT M



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

# FAX

Date:  October 26, 2007

To

Ryan Mulvaney
Thomas Scrivo, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ  07102-4079

Fax Number:  973-622-5314

L.H. S. Savola
Savola LLC
8770 Sunset Drive, #443
Miami, FL  33173

Fax Number:  305-534-7253

From:  Joyce A. Rapoza

Number of Pages:  ( 2 )

Re: 13 118 02115 06
   Stewarts Mobile Concepts, Ltd.
   and
   Nikki Beach Atlantic City, LLC and
   Penrod Management Group, Inc.


MESSAGE:  Via First Class Mail to Michael Register, Esq.

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS
ADDRESSED.  IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR
OTHERWISE EXEMPT FROM DISCLOSURE.  IF YOU ARE NOT THE INTENDED RECIPIENT OR THE
PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY
NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED.  IF YOU HAVE RECEIVED THIS
FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED
ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

Case # 13 118 02115 06
Stewart's Mobile Concepts, Ltd.
and
Nikki Beach Atlantic City, LLC and
Penrod Management Group, Inc.

SCHEDULING ORDER #4

    Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA), a conference call was held on October 25, 2007. Appearing at the hearing was Ryan Mulvaney, attorney for claimant, and Steve Savola, attorney for respondent Penrod Management Group, Inc. After discussion, the following is now in effect:

1. Respondent agrees to stipulate that that it has produced to claimant all documents in its possession, custody or control related to the alter ego issue, such stipulation to be in form satisfactory to both parties no later than November 1, 2007.

2. Both parties shall serve their disclosure of witnesses as scheduled no later than November 1, 2007. Respondent expects to be in possession of additional documents from non-parties it expects to call as witnesses at the hearing by November 8, 2007. Respondent shall provide claimant copies of all such documents responsive to claimant's document request and all documents respondent may rely on at the hearing within five (5) business days of receipt of such documents by respondent.

3. Not later than November 28, 2007, the parties shall exchange copies of all exhibits to be offered, pre-marked for identification bound in a three hole punch notebook. On that same date, the parties shall serve and file pre-hearing briefs.

4. The hearing in this matter is re-scheduled to proceed on December 3 and December 4, 2007 at 10 am, as per separate notice by the AAA.

5. Documents to be filed or submitted outside the hearing shall be given to the AAA Case Administrator for transmittal to the arbitrator. Copies of such documents shall also be sent simultaneously to the opposing party. There shall be no direct or direct communication with the arbitrator except at scheduled conference calls and the oral hearing.

6. This order shall continue in effect unless and until amended by subsequent order.

Dated: October 25, 2007


                                     Cynthia Rollings
                                     Arbitrator

# EXHIBIT N

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PENROD MANAGEMENT GROUP, INC.

               Plaintiff-Petitioner,

        - against -

STEWART'S MOBILE CONCEPTS, LTD.,

             Defendant-Respondent.

Civil Action No.: 07-10649 (JGK/DFE)

**LIST OF PROPOSED EXHIBITS
OF PLAINTIFF-PETITIONER
PENROD MANAGEMENT GROUP**

      Pursuant to the schedule set forth by the Hon. Douglas F. Eaton, U.S.M.J., as amended by agreement of the parties, following is Plaintiff-Petitioner Penrod Management Group's list of exhibits that may be offered in evidence at the hearing commencing on June 9, 2008 before Judge Eaton:

A. Nikki Beach Atlantic City, LLC Petition to the New Jersey Casino Control Commission

B. State of New Jersey, Division of Taxation, Certificate of Authority to collect New Jersey Sales & Use Tax issued to Nikki Beach Atlantic City, LLC

C. State of New Jersey, Department of Treasury/Division of Revenue, Business Registration Certificate issued to Nikki Beach Atlantic City, LLC

D. New Jersey Department of Labor and Workforce Development, Division of Employer Accounts Notice of Subjectivity to New Jersey Unemployment Compensation Law issued to Nikki Beach Atlantic City, LLC

E. E-mail Correspondence and Attachments relating to the Equipment Rental Negotiation between Stewart's Mobile Concepts, Ltd. and Nikki Beach Atlantic City, LLC

F. Equipment Rental Agreement between Stewart's Mobile Concepts, Ltd. and Nikki Beach Atlantic City, LLC

G.  Equipment Rental Invoice issued from Stewart's Mobile Concepts, Ltd. to Nikki Beach Atlantic City, LLC

H.  State of New Jersey, Casino Control Commission, Casino Hotel Alcoholic Beverage License issued to Nikki Beach Atlantic City, LLC

I.  United States Department of Treasury/Internal Revenue Service, Statement of Adjustment and Refund Check issued to Nikki Beach Atlantic City, LLC

J.  State of New Jersey, Casino Department of Community Affairs, Division of Fire Safety, Life Hazard Use Certificate of Registration issued to Nikki Beach Atlantic City, LLC

K.  New Jersey Division of Revenue Certificate of Cancellation issued to Nikki Beach Atlantic City, LLC

L.  Nikki Beach Atlantic City, LLC Statement of Profit & Loss

M.  Nikki Beach Atlantic City, LLC Vendor Report for Stewart's Mobile Concepts, Ltd.

N.  Nikki Beach Atlantic City, LLC Employee Payroll Records

Dated:  New York, New York
        April 21, 2008

HOLLAND & KNIGHT LLP
Attorneys for Plaintiff-Petitioner Penrod
Management Group

By: _____
        Sean C. Sheely
        Christine Tramontano
195 Broadway
New York, New York  10007
(212) 513-3200

Of Counsel:
L.H. Steven Savola, Esq. (*pro hac vice*)
Savola LLC Law Firm
8770 Sunset Drive, #443
Miami, FL 33173
 (305) 279-6406
# 5277013_v1

# EXHIBIT A



Sandson & DeLucry, LLC
17 Gordon's Alley
Atlantic City, New Jersey 08401
609-344-7009

| | |
|---|---|
| IN THE MATTER OF THE JOINT PETITION OF RESORTS INTERNATIONAL HOTEL, INC. AND NIKKI BEACH ATLANTIC CITY, LLC FOR A DECLARATION AND ORDER ESTABLISHING A RELATED FACILITY PURSUANT TO N.J.S.A. 5:12-84 AND EXPANDING THE CHAB PREMISES PURSUANT TO N.J.S.A. 5:12-103 | STATE OF NEW JERSEY CASINO CONTROL COMMISSION<br><br>Petition Reference No.<br><br><br>PETITION |

**To:    The Honorable Chair and Commissioners**
**of the New Jersey Casino Control Commission**

     The Petitioners Resorts International Hotel, Inc. ("Resorts") and Nikki Beach Atlantic City, LLC ("NBAC") (collectively, the "Petitioners") respectfully petition the New Jersey Casino Control Commission (the "Commission") for a Declaration and Order to establish the beach areas fronting Resorts as a "related facility" pursuant to N.J.S.A. 5:12-84. Petitioners also seek a Declaration and Order to expand Resorts' casino hotel alcoholic beverage licensed premises (the "CHAB Premises") to allow the operation of NBAC's restaurant and entertainment facilities on the proposed related facility pursuant to N.J.S.A. 5:12-103, and for such ancillary relief as the Commission may determine is needed. In accordance with the requirements set forth by N.J.A.C. 19:40-3.1 *et seq.*, Petitioners hereby state the following:

**I.    The Petitioners, Facts and Circumstances**

     1.    Resorts is a corporation organized and existing under the laws of the State of New Jersey and maintains its principal place of business at 1100 Boardwalk, Atlantic City, NJ 08401. Resorts is the holder of a plenary Casino License and Operation Certificate. Resorts was also the successful bidder at Atlantic City's February 17, 2005 auction of four (4) year leases for those certain beachfront lots identified as Beach Lots 32, 33, 34 and 35 on the Map of Beach Lease Lots prepared by the City of Atlantic City (collectively, the "Beach Lots"). The Beach Lots are located generally south of the Boardwalk opposite the Resorts-owned real property fronting the Boardwalk in Blocks 59 and 60 of the Atlantic City Tax Map.

     2.    NBAC is a newly-formed limited liability company duly organized under the laws of the State of New Jersey. A copy of NBAC's Certificate of Incorporation is attached as **Exhibit "A"** hereto. NBAC's sole member and owner is Penrod Management Group, Inc. ("Penrod"). NBAC will maintain a business address at the Resorts Casino Hotel complex, 1133 Boardwalk, Atlantic City, New Jersey 08401.

     3.    On September 14, 2004, Resorts executed a Lease Agreement (the "Lease") with Penrod; which as amended and restated will be assigned to NBAC. Pursuant to the Lease,

Resorts will sublet the Beach Lots to NBAC, and also lease NBAC storage space within the Resorts hotel complex. A copy of the Lease is attached hereto, incorporated herein by reference, and marked as Exhibit "B".

4. More specifically, NBAC seeks to develop, operate, manage, and maintain the Beach Lots as a first-class facility, featuring two uniquely attractive restaurant, bar, and entertainment operations: an upscale restaurant with full service menu, sixty (60) seat bar, and a variety of entertainment options (hereinafter, "Nikki Beach"); and a more casual restaurant establishment, serving a more traditional beach menu and offering a full service bar (hereinafter, "Penrod's Elbo Room" and collectively with Nikki Beach, the "Facility"). Between Nikki Beach and Penrod's Elbo Room will be an open beach area in which NBAC will host a concert series and other larger-scale events. NBAC will operate both components of the Facility.

5. Attached as **Exhibit "C"** is a reduced-size plan of the Facility. Nikki Beach will feature a creative, global menu featuring cuisine such as fresh sushi, Grilled Angus Sirloin Steak, Mediterranean Chopped Salad, fancy desserts, and a daily Champagne Brunch. Nikki Beach proposes to use fine china, glass, and silverware to complement the upscale, luxury theme and service. Entertainment will include disc jockeys, fashion shows, modeling events, and other interactive entertainment, *i.e.* Nikki dancers and theatrical performers. Nikki Beach's proposed operational hours are 9am – 5am, seven (7) days a week; but it is understood that the City currently limits the hours of operation in accordance with the provisions of its standard beach lot lease.

6. Penrod's Elbo Room will be located on the beach generally Northward of Nikki Beach. Penrod's Elbo Room will offer a more casual atmosphere, featuring a menu consisting of hamburgers, cheese-steaks, hot dogs, and french-fries. Penrod's Elbo Room proposes to use paper plates and plastic flatware and glasses to complement the casual atmosphere. Entertainment will include live bands and disc jockeys, offering classic rock, top 40's, and other dance music. Weekly events will include pageants and modeling searches. NBAC also proposes to offer a concert series to take place on weekends and holidays. The concert area shall consist of approximately 26,000 square feet. There will be an admission charge for the concerts, during which there will be limited food and cocktail service. Penrod's Elbo Room's proposed operational hours are twenty-four (24) hours a day, seven (7) days a week; subject again to the City's regulation of operational hours pursuant to its standard beach lot lease.

7. The Facility will have security staff present at all hours of operation, and the perimeter of the Facility will be secured with attractive, temporary fencing. Both Nikki Beach and Penrod's Elbo Room will maintain permanent, locked storage facilities on-site for alcoholic beverages at the Facility, and Nikki Beach and Penrod's Elbo Room will each purchase alcoholic, alcoholic-related, and other goods directly from approved distributors and will dispense such alcoholic beverages in accordance with CHAB standards.

8.    The Commission's Division of Licensing has advised Petitioners to seek a ruling from the Commission concerning the designation and status of the Facility for purposes of licensure. Petitioners now seek a declaration and ruling from the Commission as follows:

(1) Designating the Facility as a "related facility" or exempt facility for purposes of licensure; and,

(2) Expanding the CHAB Premises to allow for the operation of the Facility, and establishing terms, conditions, and restrictions to govern the Facility and the CHAB Premises, as expanded.

## II.    The Facility is a "Related Facility" Pursuant to <u>N.J.S.A.</u> 5:12-84.

9.    Effective June 2, 1977, the New Jersey Legislature enacted P.L. 1977, c.110, otherwise known as the Casino Control Act, codified at <u>N.J.S.A.</u> 5:12-1 *et seq.* (the "Act"). To ensure the public's confidence and trust in legalized gambling, the Legislature created, among other things, an expansive administrative process designed to extend strict State regulation to all casino licensees, related service industries, and most employees, officers, and agents thereof. <u>N.J.S.A.</u> 5:12-1(6); <u>N.J.S.A.</u> 5:12-50. By way of the Act, the Legislature vested great authority in the Commission to effectuate and implement the prescriptions and purposes of the Act and to preserve the public's confidence and trust in legalized gambling through a thorough and strict licensure and registration process. <u>N.J.S.A.</u> 5:12-63, 64.

10.    At issue is the status of the Facility for purposes of licensure; more specifically, Petitioners request that the Commission designate the Facility as either a related facility or exempt facility for purposes of licensure. Because of the non-gaming, purely entertainment and retail nature of Nikki Beach and Penrod's Elbo Room, NBAC's Lease Agreement with Resorts, and the Facility's proximate location to the casino hotel, Petitioners respectfully submit that the Facility is a related facility for purposes of licensure.

11.    The Facility is of course clearly not a casino. <u>N.J.S.A.</u> 5:12-6 defines the word "casino" to mean "[o]ne or more locations or rooms in a casino hotel facility that have been approved by the [C]ommission for the conduct of casino gaming … ." <u>N.J.S.A.</u> 5:12-22 defines "gaming" to mean "[t]he dealing, operating, carrying on, conducting, maintaining or exposing for pay of any game." The Facility, as designed, will provide non-gaming entertainment, retail, and food and beverage service. Because the Facility is not a casino, it must fall within one of the following designations for purposes of licensure: an approved hotel or facility; related facility; or exempt facility that is outside of the jurisdiction of the Act and this Commission.

12.    The Facility is not an approved hotel. <u>N.J.S.A.</u> 5:12-27 defines the phrase "approved hotel" as follows:

"A single building, or two or more buildings which are physically connected in a manner deemed appropriate by the [C]ommission and which are operated as one casino-hotel facility under the provisions of the "Casino Control Act" … located within the limits of the city of Atlantic City as said limits were defined as of November 2, 1976, and

containing not fewer than the number of sleeping units required by section 83 of P.L.1977, c.110 (C.5:12-83), each of which sleeping units shall: a. be at least 325 square feet measured to the center of perimeter walls, including bathroom and closet space and excluding hallways, balconies and lounges; b. contain private bathroom facilities; and c. be held available and used regularly for the lodging of tourists and convention guests. "

N.J.S.A. 5:12-83 establishes many additional requirements to assist the Commission in determining whether or not a facility is an approved hotel. Suffice to say, the Facility exhibits none of the characteristics of a hotel.

13.    The Facility is not an exempt facility, which falls outside the jurisdiction of the Act and the Commission. The Facility is physically proximate to Resorts' casino hotel and is directly opposite Resorts' Boardwalk Frontage. The Facility is also subleased by NBAC from the casino licensee Resorts, which relationship brings the Facility within the jurisdiction of the Act and Commission. While the Facility does not expect to sell any gaming related goods or services, Nikki Beach and Penrod's Elbo Room do intend to draw business from customers patronizing the nearby casino facilities as well as from visitors to Atlantic City seeking shopping, dining, and non-casino entertainment.

14.    The Facility is most aptly described as a "related facility" for purposes of licensure. Although the Act does not specifically define the phrase "related facility," Petitioners respectfully submit that the Facility is within the jurisdiction of the Act and, therefore, subject to the Commission's authority pursuant to N.J.S.A. 5:12-84. A unique attraction in Atlantic City, the Facility will offer themed dining, entertainment facilities, and distinctive bars, which are categorically non-gaming in nature. Although proximate to a casino hotel and subject to a sublease agreement with a casino licensee, the Facility will be a free-standing improvement that is physically separate from the casino hotel. The Facility will closely resemble an upscale beach restaurant and bar as well as a casual restaurant and bar with the benefit of a venue for beach-side concerts. The Beach Lots are leasehold interests of the casino licensee subleased to a non-gaming casino service industry; and the Facility is categorically non-gaming in nature and structurally independent from the casino hotel. The Facility is properly designated as a related facility and, therefore, subject to the Commission's jurisdiction.

WHEREFORE, Petitioners respectfully request the Commission to issue a Declaration and Order designating the Facility as a related facility for purposes of licensure.

**III.    Petitioners Seek to Expand the CHAB Premises and Operate the Facility, and Petitioners Also Seek a Determination With Respect to the Process, Terms, and Conditions the Commission Shall Require and Expect Concerning The Use, Transportation, Service, Disposal, and Treatment of Alcoholic Beverages to be Dispensed At the Facility Pursuant to N.J.S.A. 5:12-103 and N.J.A.C. 19:50-1.5A.**

15.    N.J.S.A. 5:12-103 provides that the Commission is vested with exclusive jurisdiction and authority to grant any license for alcoholic beverages in, on, or about premises licensed as part of a casino hotel. Additionally, N.J.S.A. 5:12-103 states the following:

"Notwithstanding any provision to the contrary, the Commission may promulgate any regulations and special rulings and findings as may be necessary for the proper enforcement, regulation, and control of alcoholic beverages in casino hotels when the Commission finds that the uniqueness of casino operations and the public interest require that such regulations, rulings, and findings are appropriate."

16.     N.J.A.C. 19:50-1.1 through 5.8 are the regulations pertaining to the issuance of CHAB licenses.  Specifically, N.J.A.C. 19:50-1.4 classifies locations authorized for purposes of CHAB licensure; N.J.A.C. 19:50-1.5 provides the standards applicable for CHAB licensure; and, N.J.A.C. 19:50-1.5A prescribes the process by which an entity may apply for CHAB licensure.

17.     Petitioners respectfully request to expand Resort's CHAB Premises so that the Facility is deemed a part of the CHAB Premises, allowing NBAC to be granted CHAB licensure for the operations described in Paragraphs 4-7 above.

18.     Should the Commission accept Petitioners' position and find that the Facility is a related facility for purposes of licensure, Petitioners seek permission to expand Resorts' CHAB Premises to the Facility, and Petitioners request a determination from the Commission with regard to the process, terms, and conditions respecting CHAB licensure for NBAC. Petitioners ask the Commission to find that NBAC may seek CHAB licensure upon the filing of a completed application for a non-gaming casino service industry license.

**WHEREFORE,** Petitioners respectfully request the Commission to issue a Declaration and Order expanding the CHAB Premises to the Facility; and detailing the terms, conditions, and other CHAB licensure requirements respecting NBAC's right to apply in its own right for CHAB licensure to operate the Facility.

Respectfully submitted,

**For Petitioner Resorts International Hotel, Inc.:**

Dated: March **11** 2005.

Nicholas R. Amato
Sr. Vice President &
General Counsel

**For Petitioner Nikki Beach Atlantic City, LLC:**

Dated: March 21 2005

Mark H. Sandson, Esquire
Sandson & DeLucry, LLC

EXHIBIT "A"



DIVISION OF REVENUE    FAX:009-364-6700          Mar  7 2006  11:38    P. 07
                                                 Mar  4 2006      16

*New Jersey Department of Treasury*
*Division of Commercial Recording*
*Certificate of Formation, Limited Liability Company*

L-100 NJSA 42 (2/94)

This form may be used to record the formation of a Limited Liability Company under and by virtue of New Jersey State law. Applicants must insure strict compliance with NJSA 42, the New Jersey Limited Liability Company Act, and insure that all applicable filing requirements are met. Applicants are advised o seek out private legal assistance before submitting filings to the Secretary's office.

1. Name of Limited Liability Company: **Nikki Beach Atlantic City, LLC**

2. The purpose for which this Limited Liability Company is organized is:  **All uses permitted by law.**

3. Date of formation:         **Upon Filing**

4. Registered Agent Name & Address (must be in NJ):

> **Mark Sandson**
> **17 Gordon's Alley**
> **Atlantic City, NJ 08401**

*LLC*

FILED

MAR  4 2005

STATE TREASURER

5. Dissolution date:  **Perpetual**

6. Other provisions (list below or attach to certificate):

> **Managed by members:**
>
> **Penrod Management Group, Inc.**
> **Ocean One Drive**
> **Miami Beach, FL 33139**

The undersigned represent(s) that this Limited Liability Company has one or more members, and that this filing complies with requirements detailed in NJSA 42. The undersigned hereby attest(s) that they are authorized to sign this certificate on behalf of the Limited Liability Company.

*B___ E. Hubbard*

**March 4, 2005**

Name
Bruce Hubbard - Authorized Person
President - Hubbard, Inc.
D/B/A  Hubco Incorporation Services

S1523792
J2883492

0600229364



# Internal Revenue Service
### DEPARTMENT OF THE TREASURY

The Digital Daily

| | |

## Federal Tax ID / EIN

This is your provisional Employer Identification Number:

**20-2529399**

Today's Date is: March 21, 2005 GMT

You will receive a confirmation letter in U.S. mail within fifteen days.

The letter will also contain useful tax information for your business or organization.

If you have input any of the information on your application in error, please wait seven days and contact the EIN Toll Free area at 1-800-829-4933, Monday - Friday, 7:30am - 5:30pm. If you do not want to call, please make corrections on the letter you receive confirming your EIN and return it to the IRS.

If you are going to complete other on-line applications that require your Employer Identification Number(EIN) you can copy it by performing the following steps:

1)  Use your mouse to highlight your EIN (blue number on top of page) by moving your pointer on top of the number.
2)  Press the Ctrl key at the same time pressing the C key.

Once you copy your EIN you can paste it in the appropriate place by pressing the Ctrl key at the same time pressing the V key.

You may click on the buttons below for different print options or to fill out another Form SS-4.

Review and Print Form SS-4        Fill Out Another Form SS-4

Click here to return to the Internet Employer Identification Number landing (start) page.

# New Jersey Division of Revenue
# Online Business Registration Service

Congratulations!  You have completed the registration process.
Please note your Filer ID and confirmation number for your records and future use.

**FILER ID: 202529399     Confirmation #: CN313245627 for Corp Number: 060022936**

Your information will be posted to our production system within twenty-four hours.
Thank you for using our Business Filing and Registration Service.  Best wishes for your business endeavor.

You indicated you would be collecting  NJ Sales Tax.  Below is your Sales Tax Temporary Certi
Please use your PRINT key to make a copy.

### New Jersey Division of Taxation
### Sales Tax Temporary Certificate of Authority

The person, partnership, or corporation named below is hereby temporarily authorized to collect sales pursuant to the New Jersey Sales and Use Tax Act.

This authorization is good ONLY for the named business at the location specified herein, and only for

**Business ID:** 202529399
**Business Name:** NIKKI_BEACH_ATLANTIC_CITY,_LLC
**Trade Name:** NIKKI_BEACH_PENROD_S_ELBO_ROOM
**Business Location: Street:** 1133_BOARDWALK
**City:** ATLANTIC_CITY                    **State: NJ Zip:** 08401 - 0000

**Valid through date:** 4/4/2005

## Other Services and Information

As a new registrant you may be interested in learning about other services New Jersey offers to the business community. Review the list of service programs below and click on the selections that interest you. We will send you an e-mail with information about and hyperlinks to the service programs. Where applicable, we will attached program-related forms and instructions.

☐ **Small Business Registration** - Vendors can use the Small Business Vendor Registration Form to be added to the State listing of vendors eligible to participate in New Jersey Set-Aside Program.

# EXHIBIT "B"

Lease is circulating for signing and will be provided as a supplement when fully executed.

EXHIBIT "C"



# EXHIBIT B

## STATE OF NEW JERSEY
### DEPARTMENT OF THE TREASURY
### DIVISION OF TAXATION
### SALES TAX COLLECTION SCHEDULE

**RATE: 6%**   EFFECTIVE JULY 1, 1992

| Amount of Sale | Tax to be Collected | Amount of Sale | Tax to be Collected |
|---|---|---|---|
| $0.01 to $0.10 | None | $6.11 to $6.22 | $0.37 |
| 0.11 to 0.22 | $0.01 | 6.23 to 6.38 | .38 |
| 0.23 to 0.38 | .02 | 6.39 to 6.56 | .39 |
| 0.39 to 0.56 | .03 | 6.57 to 6.72 | .40 |
| 0.57 to 0.72 | .04 | 6.73 to 6.88 | .41 |
| 0.73 to 0.88 | .05 | 6.89 to 7.10 | .42 |
| 0.89 to 1.10 | .06 | 7.11 to 7.22 | .43 |
| 1.11 to 1.22 | .07 | 7.23 to 7.38 | .44 |
| 1.23 to 1.38 | .08 | 7.39 to 7.56 | .45 |
| 1.39 to 1.56 | .09 | 7.57 to 7.72 | .46 |
| 1.57 to 1.72 | .10 | 7.73 to 7.88 | .47 |
| 1.73 to 1.88 | .11 | 7.89 to 8.10 | .48 |
| 1.89 to 2.10 | .12 | 8.11 to 8.22 | .49 |
| 2.11 to 2.22 | .13 | 8.23 to 8.38 | .50 |
| 2.23 to 2.38 | .14 | 8.39 to 8.56 | .51 |
| 2.39 to 2.56 | .15 | 8.57 to 8.72 | .52 |
| 2.57 to 2.72 | .16 | 8.73 to 8.88 | .53 |
| 2.73 to 2.88 | .17 | 8.89 to 9.10 | .54 |
| 2.89 to 3.10 | .18 | 9.11 to 9.22 | .55 |
| 3.11 to 3.22 | .19 | 9.23 to 9.38 | .56 |
| 3.23 to 3.38 | .20 | 9.39 to 9.56 | .57 |
| 3.39 to 3.56 | .21 | 9.57 to 9.72 | .58 |
| 3.57 to 3.72 | .22 | 9.73 to 9.88 | .59 |
| 3.73 to 3.88 | .23 | 9.89 to 10.10 | .60 |
| 3.89 to 4.10 | .24 | Over $10 | .60* |
| 4.11 to 4.22 | .25 | Over $20 | 1.20* |
| 4.23 to 4.38 | .26 | Over $30 | 1.80* |
| 4.39 to 4.56 | .27 | Over $40 | 2.40* |
| 4.57 to 4.72 | .28 | Over $50 | 3.00* |
| 4.73 to 4.88 | .29 | Over $60 | 3.60* |
| 4.89 to 5.10 | .30 | Over $70 | 4.20* |
| 5.11 to 5.22 | .31 | Over $80 | 4.80* |
| 5.23 to 5.38 | .32 | Over $90 | 5.40* |
| 5.39 to 5.56 | .33 | Over $100 | 6.00* |
| 5.57 to 5.72 | .34 | Over $200 | 12.00* |
| 5.73 to 5.88 | .35 | Over $300 | 18.00* |
| 5.89 to 6.10 | .36 | Over $400 | 24.00* |

*On amounts above $10.00, the tax shall be $0.06 on each full dollar of the amount of sale, plus the tax on each part of a dollar in excess of a full dollar in accordance with the above formula.

ST-75 (11-97)

**NOTICE:** The enclosed N.J. State Sales Tax Certificate of Authority (CA-1) is a permit to:
- Collect N.J. State Sales Tax
- Issue N.J. Resale Certificates (ST-3)
- Issue N.J. Exempt Use Certificates (ST-4)

You **must** have a valid N.J. Sales Tax Certificate to collect Sales Tax or issue certificates.
If you are **not** subject to collect N.J. Sales Tax but need to issue Resale or Exempt Use Certificates, you can request to be placed on a "Non-reporting Basis". Call or write the Division to obtain the proper forms (ST-6205) at.
State of New Jersey  Division of Taxation  P O Box 252  Trenton, N.J. 08646-0252  (609) 292-1730.
This Certificate of Authority (CA-1) must be displayed at your place of business.



## STATE OF NEW JERSEY
## Certificate of Authority

DIVISION OF TAXATION
TRENTON, N J 08695

The person, partnership or corporation named below is hereby authorized to collect
**NEW JERSEY SALES & USE TAX**

pursuant to **N.J.S.A. 54:32B-1 ET SEQ.**

This authorization is good ONLY for the named person at the location specified herein.
This authorization is null and void if any change of ownership or address is effected

*Robert K. Thompson*
Director, Division of Taxation

NIKKI BEACH ATLANTIC CITY, LLC
NIKKI BEACH-PENROD'S ELBO ROOM
1133 BOARDWALK
ATLANTIC CITY NJ  08401

Tax Registration No : 202-529-399/000
Tax Effective Date: 05-01-05
Document Locator No.: I0000214917
Date Issued: 03-23-05

This Certificate is NOT assignable or transferable.  It must be conspicuously displayed at above address.

PLAINTIFF'S EXHIBIT
B
ALL-STATE LEGAL®

# EXHIBIT C

Taxpayer Identification# **202-529-399/000**                    **03/23/05**

Dear Business Representative:

Congratulations! You are now registered with the New Jersey Division of Revenue.

Use the Taxpayer Identification Number listed above on all correspondence with the Divisions of Revenue and Taxation, as well as with the Department of Labor (if the business is subject to unemployment withholdings). Your tax returns and payments will be filed under this number, and you will be able to access information about your account by referencing it.

Additionally, please note that State law requires all contractors and subcontractors with Public agencies to provide proof of their registration with the Division of Revenue. The law also amended Section 92 of the Casino Control Act, which deals with the casino service industry.

We have attached a Proof of Registration Certificate for your use. To comply with the law, if you are currently under contract or entering into a contract with a State agency, you must provide a copy of the certificate to the contracting agency.

If you have any questions or require more information, feel free to call our Registration Hotline at (609)292-1730.

I wish you continued success in your business endeavors.

Sincerely,

John E. Tully, CPA
Director

---

**STATE OF NEW JERSEY**
**BUSINESS REGISTRATION CERTIFICATE**

DEPARTMENT OF TREASURY/
DIVISION OF REVENUE
PO BOX 252
TRENTON, N J 08646-0252

TAXPAYER NAME:

**NIKKI BEACH ATLANTIC CITY, LLC**

ADDRESS:

**1133 BOARDWALK**
**ATLANTIC CITY NJ 08401**
EFFECTIVE DATE:

**03/04/05**

TRADE NAME:

**NIKKI BEACH-PENROD'S ELBO ROOM**

SEQUENCE NUMBER:

**1136875**

ISSUANCE DATE:

**03/23/05**

Director

FORM-BPC(08-01)    This Certificate is NOT assignable or transferable. It must be conspicuously displayed at above address

PLAINTIFF'S
EXHIBIT

_C_

# EXHIBIT D



New Jersey Department of Labor
and Workforce Development
Division of Employer Accounts
PO Box 397
Trenton, New Jersey 08625-0397

09/02/2005

NOTICE OF SUBJECTIVITY TO THE N.J. UNEMPLOYMENT COMPENSATION LAW

YOUR PERMANENT EMPLOYER ID. NO.  0-202-529-399/000-00

NIKKI BEACH ATLANTIC CITY, LLC
NIKKI BEACH-PENROD'S ELBO ROOM
17 GORDON'S ALLEY
ATLANTIC CITY, NJ 08401

| | |
|---|---|
| FINANCING METHOD | Contributory |
| DISABILITY PLAN | State Plan |
| DATE EMPL. LIAB. BEGINS | 04/01/2005 |
| SUBJECT STATUS ATTAINED DATE | 06/01/2005 |
| DATE WORKER LIABILITY BEGINS | 06/02/2005 |
| EMPLOYER U.C. RATE | 2.4825 |
| EMPLOYER WORKFORCE RATE | 0.1175 |
| EMPLOYER HEALTH CARE RATE | 0.200 |
| EMPLOYER T.D. RATE | 0.500 |
| WORKER U.C. RATE | 0.3825 |
| WORKER WORKFORCE RATE | 0.0425 |
| WORKER HEALTH CARE RATE | 0.000 |
| WORKER T.D. RATE | 0.500 |

Based on available information, we have  determined  that you are an employer subject to the N.J. Unemployment Compensation Law Under Section 19 (h) 1.

Your permanent Employer ID number is shown above and should be used on all correspondence with this office.

You are responsible for remitting worker contributions beginning with the date as shown above.  Failure to make proper deductions from payments to employees does not relieve you, the employer, of this liability. Contributions/Wage Reporting Reports will be mailed to you in the near future.  Submit with remittance on or before the due dates shown on the report(s).

This determination is final 15 days after the date of this notice as prescribed in New Jersey Administrative Code 12 16-22.  If you disagree with this determination, you must file a written request for a hearing within 15 days after the date of this notice, directed to the Chief Auditor, sent to the attention of the Hearer of Contested Cases.

Under separate cover, we are forwarding additional informational materials, including information on employer and worker contributions to the Workforce Development Fund and Health Care Fund.

The Supervisor of
Status Determinations

Ph: 609-633-6400
Ext. 2206


PLAINTIFF'S
EXHIBIT
D

# The New Jersey Department of Labor and Workforce Development

## (To be posted in a conspicuous place)

## Your employer is subject to the New Jersey Unemployment Compensation and Temporary Disability Benefits Laws.

### Unemployment Insurance

Benefits are payable to workers who lose their jobs or who are working less than full time because of a lack of full-time work and who meet the eligibility requirements of the law.

If you become totally or partially unemployed, file a claim for unemployment insurance benefits as soon as possible. You may file your claim by telephoning a Reemployment Call Center, or if you meet certain requirements, via the Internet at **www.njuifile.net**. There are three Reemployment Call Centers that serve areas of the state based on residential ZIP codes. Before you call, please have available your Social Security number and the complete name and address of each employer that you worked for during the past 18 months.

| | | |
|---|---|---|
| Union City Call Center | *(serves northeast NJ)* | (201) 601-4100 |
| Freehold Call Center | *(serves northwest & central NJ)* | (732) 761-2020 |
| Cumberland Call Center | *(serves southern NJ)* | (856) 507-2340 |

### Disability Insurance

Benefits are payable to eligible workers for disabilities (including pregnancy) not compensable under the Workers' Compensation Law, from either an employer-provided private plan or the New Jersey State Plan.

### Private Plan*

An employer may provide disability insurance coverage under a Private Plan, but the consent of a majority of the workers is required, if the workers are to share in its cost. If you become disabled, request your employer to supply you with the proper form to be used in claiming benefits under the Private Plan.

### New Jersey State Plan*

If you are covered under the New Jersey State Plan and become disabled, obtain Form DS-1, "Claim for Disability Benefits," from your employer, any One-Stop Career Center, or by contacting the Division of Temporary Disability Insurance, PO Box 387, Trenton, New Jersey 08625-0387 (telephone 609-292-7060). Or you can obtain a form through our website at **www.nj.gov/labor**. Go to Benefits, Temporary Disability.

**Important:** Complete and mail all forms promptly. You may lose some or all of your benefits if you file your claim more than 30 days after the start of your disability.

*\* If you no longer have a job with your last employer upon recovery from a period of disability, you should file for unemployment benefits. You may be entitled to an unemployment insurance claim based on wages earned before your disability began.*

### Financing of Programs

These programs are financed by a payroll tax paid by employers and workers. Your employer is authorized to deduct the worker contributions (tax) from your wages. These deductions must be noted on your pay envelope, paycheck or on some other form of notice. The amount of taxable wages changes from year to year.

The deduction may be allocated at varying rates to the Unemployment Insurance Trust Fund, the Health Care Subsidy Fund, and the Workforce Development / Supplemental Workforce Funds. Workers covered by the State Plan for disability insurance contribute to the Temporary Disability Benefits Trust Fund. If an approved Private Plan is non-contributory, no contributions can be deducted from workers' wages for disability insurance.

Your employer also pays contributions which are based in part on their employment experience.

Enforced by:
New Jersey
Department of Labor and Workforce Development
Unemployment & Disability Insurance
PO Box 058
Trenton, New Jersey 08625-0058



NEW JERSEY DEPARTMENT OF

LWD

LABOR AND WORKFORCE DEVELOPMENT
n j . g o v / l a b o r

Additional copies of this poster or any other required posters may be obtained by contacting the New Jersey Department of Labor and Workforce Development, Office of Constituent Relations, PO Box 110, Trenton, New Jersey 08625-0110, (609) 777-3200.

New Jersey Department of Labor and Workforce Development is an equal opportunity employer with equal opportunity programs. Auxiliary aids and services are available upon request to individuals with disabilities.

If you need this document in braille or large print, call (609) 292-7162. TTY users can contact this department through New Jersey Relay: 7-1-1.

PR-1 (R-7-05)

# EXHIBIT E

Office Green Room and Dry storage Trailers Quote and Floor Plans                    Page 1 of 1

Michael Register

From:        keith@stewartsmobile.com
Sent:        Friday, April 08, 2005 1:57 AM
To:          tmh@nikkimarina.com; michael@penrods.com; Mike Penrod
Subject:     Office/Green Room and Dry storage Trailers Quote and Floor Plans
Attachments: Lease Quote-NikkiBeach2.pdf; 36x10moboffice.pdf; 32x8moboffice.pdf; 24x8moboffice.pdf

Tim, Mike, and Michael,

Please review/print/save the attached 4 PDF docs.  Please call with any questions

Keith


Keith Futerman
Stewart's Mobile Concepts, Ltd.
945 East Jericho Turnpike
Huntington Station, NY 11746
Toll Free 800-919-9261
P 631-351-6030
F 631-351-1787
Cell 516 551-8865
Email: keith@stewartsmobile.com
"MOBILE KITCHEN RENTALS AND SUPPORT SERVICES FROM COAST TO COAST"
website: http://www.stewartsmobile.com



PLAINTIFF'S
EXHIBIT
E
ALL-STATE LEGAL®





# EXHIBIT F

# Stewart's Mobile Concepts, Ltd.
## EQUIPMENT RENTAL AGREEMENT

## LESSEE

FULL LEGAL NAME OF LESSEE:     Nikki Beach Atlantic City, LLC

BILLING ADDRESS:               1 Ocean Drive
                               Miami Beach, FL 33139

EQUIPMENT DELIVERY LOCATION: Resorts International Hotel & Casino
                             1133 Boardwalk
                             Atlantic City, NJ 08401

PHONE: (305) 538-1111                    FAX: (305) 534-8937

## LESSOR

STEWART'S MOBILE CONCEPTS, Ltd.
840 East Jericho Turnpike
Huntington Station, NY  11746
Phone: (631) 351-6030   Fax: (631) 351-1587

In Consideration of the covenants and conditions contained herein, Stewart's Mobile Concepts, Ltd. ("Lessor") and Nikki Beach Atlantic City, LLC ("Lessee") agree as follows:

1.     **Leased Equipment:** Lessor agrees to lease and Lessee agrees to accept the following leased equipment; hereafter collectively referred to as the "Leased Equipment" or the "Equipment".

| QUANTITY | EQUIPMENT DESCRIPTION |
|---|---|
| 1 | 48 FT. Kentucky Model Mobile Kitchen |
| 1 | 48 FT. K-283 Model Mobile Kitchen |
| 1 | 20' x 24' Compact Kitchen |
| 1 | 40 FT. Dishwashing Trailer |
| 1 | 8' x 20' Combination Walk-in Cooler/Freezer |
| 1 | 8' x 20' Walk-in Cooler |
| 1 | 36' x 10' Office/Greenroom Trailer |
| 2 | Ramp & Staircase Systems for (2) kitchen trailers (Not ADA Compliant) |

2.     **Term:** 5 month minimum, commencing upon delivery of the 48 FT. Kentucky Model Mobile Kitchen on or about May 2, 2005, the 48 FT. K-283 Model Mobile Kitchen on or

Page 1 of 5

PLAINTIFF'S EXHIBIT

F

ALL-STATE LEGAL®

about May 6, 2005, the 20' x 24' Compact Kitchen on or about May 2, 2005, the 40 FT. Dishwashing Trailer, 36' x 10' Office/Greenroom Trailer, 8' x 20' Combination Walk-in Cooler/Freezer, and 8' x 20' Walk-in Cooler on or about April 28, 2005 to the Location indicated above. The lease will expire September 30, 2005.

3.    **Rent:** Rent shall be **$45,345.00** per month for 5 months (plus applicable state and local taxes). The total estimated amount of rent to be charged for the use of the Leased Equipment based on the term specified in paragraph 2 shall be **$226,725.00** (plus applicable state and local taxes).

4.    **Security/Cleaning Deposit:** Upon the signing of this Agreement, Lessee shall pay to Lessor a Security/Cleaning Deposit of **$30,000.00**. Lessor shall retain the Security/Cleaning Deposit as security for the performance by Lessee of all obligations imposed by this Agreement. Lessor may, at its option, apply all or any portion of the Security Deposit with respect to any violation of this Agreement by Lessee, including cleaning and repair of equipment upon its return or pick up by Lessor. Any portion of the Security Deposit that has not been appropriated by the Lessor in accordance with the provisions of this Agreement must be returned to Lessee within thirty (30) days after the expiration of the term of this Agreement.

5.    **Payments:**
A.  Upon signing of this agreement, Lessee shall make the following payments:
    1.   Security/Cleaning Deposit          $30,000.00
    2.   First Month's Rent for:
         48 FT. Kentucky Model Mobile Kitchen
         48 FT. K-283 Model Mobile Kitchen
         20' x 24' Compact Kitchen
         40 FT. Dishwashing Trailer
         36' x 10' Office/Greenroom Trailer
         (2) OSHA Approved Aluminum Steps    $42,345.00 (plus any applicable sales tax)
    3.   First and Last Month's Rent for:
         8' x 20' Combination Walk-in Cooler/Freezer
         8' x 20' Walk-in Cooler             $6,000.00 (plus any applicable sales tax)
    4.   Additional Charges:
         a.  Round Trip Delivery/Return      $11,084.00 (plus any applicable sales tax)
         b.  Technical Support               $2,500.00 (plus any applicable sales tax)
         c.  (6) Anchor Installation for 36'x10'    $510.00 (plus any applicable sales tax)
         d.  (6) Anchor Removal for 36'x10'  $210.00 (plus any applicable sales tax)
         e.  Ins. Liability waiver for 36'x10'      $15.00 (plus any applicable sales tax)
         f.  Ins. Property waiver for 36'x10'       $40.00 (plus any applicable sales tax)
         g.  Block, Level, and Knockdown
             for the 36' x 10' Office/Green Room   $690.00 (plus any applicable sales tax)

B.  **Monthly Payments:** All monthly rental payments shall be made in advance of that month's rental usage, on the twenty-fifth (25th) day of each month. If a payment is made anytime after invoice due date, in addition to the monthly rent a late fee of four percent (4%) shall be imposed.

6.    **Cancellation:** In the Event Lessee decides not to accept delivery of the Leased Equipment and notifies Lessor in writing, then Lessee shall receive a refund of its security deposit less any expenses incurred by Lessor. In addition Lessor shall be entitled to retain 2 month's rent as liquidated damages.

7.    **Lessee's Option to Extend:** Lessee shall be entitled to extend the term of this lease pursuant to paragraph 2, for a period of up to 18 months, upon the following terms:

A. Lessee must notify Lessor in writing no later than 60 days prior to the expiration prior to the term of the lease. The monthly rental shall be $46,345.00 per month in the event that Lessee renews for a period of 3 months or less. The monthly rent shall be $45,345.00 per month in the event that Lessee renews for a period of more than 3 months.

8. **Use/Maintenance:** During the term of this Agreement, Lessee agrees to use the Leased Equipment for the ordinary and usual purpose for which it was designed, comply with and conform to all national, state, municipal laws and regulations, pay for permits, taxes, fees, fuel and utilities related to the operation of the Leased Equipment, keep the Leased Equipment in good condition, repair and working order, and not remove the Leased Equipment from the location delivered to by Lessor, without prior written consent of Lessor. Lessor agrees to reasonably make changes or modifications to only the mobile kitchens, compact kitchen, and dishwashing trailer collectively, not to exceed (four thousand) $4,000.00 in order to meet Atlantic City Board of Health requirements. Lessee agrees to pay for any changes or modifications in excess of (four thousand $4,000.00). Lessor agrees to perform the changes or modifications within a reasonable amount of time upon receipt of written notice from Lessee.

9. **Return of Leased Equipment:** At the expiration of the term of this Agreement, the Lessee must allow Lessor to pick-up the Leased Equipment at the place of original delivery. Lessee must surrender the Leased Equipment in the same condition as received, clean, ordinary wear and tear alone excepted. In the event the equipment is not returned clean, Lessor, may, at its option, apply all or any portion of the Security/Cleaning Deposit with respect to cleaning and repair of equipment.

10. **Indemnity:** Lessee agrees to indemnify and hold harmless of, from and against any and all loss, claims, damages, attorneys fees, expenses and liabilities arising out of the use of the Leased Equipment by Lessee or any agents, employees, invitees or any other individual or entity authorized by Lessee to use the Leased Equipment, not caused by the negligence of Lessor.

11. **Insurance:** Before taking possession of the Leased Equipment, Lessee must procure and pay for (a) insurance against loss, theft or damage to the Leased Equipment, for its full replacement value, and (b) public liability and property damage insurance. Public liability and property damage insurance shall be in the minimum amount of $1,000,000. Lessee shall be responsible for the payment of any deductibles and expenses associated with the insurance policies and coverage. All insurance shall be in a form and amount and with companies satisfactory to Lessor and shall contain an endorsement requiring 10 days notice to Lessor prior to cancellation. Lessee shall deliver the polices or copies of the polices or certificates of insurance to Lessor within 30 days of the delivery of the Equipment.

12. **Loss or Damage:** Lessee assumes and shall bear the entire risk of loss, theft, fire, destruction, or damage of or any part of Leased Equipment from any cause whatsoever excluding lessor negligence, normal wear and tear excluded, whether or not covered by insurance, and no such loss shall release Lessee of its obligations under this Agreement.

13. **Force Majeure:** If Lessor's ability to perform its obligations hereunder is limited, or prevented in whole or in part by any reason what so ever not within the control of Lessor including, without limitation, Acts of God, war invasion, acts of foreign enemy, hostilities (whether war be declared or not), strikes, and/or industrial dispute, delay on part of its suppliers, transportation delays, or by any law, regulation, order or other action by any public authority, shall be excused, discharged and released from performance to the extent such performance is so limited, delayed or prevented.

14. **Prohibition on Transfer of Lessee's Interest:** Lessee shall not permit any lien to attach to the Leased Equipment, nor sublease, rent, assign, grant a security interest or otherwise transfer Lessee's interest in the Leased Equipment or this Agreement without the prior, express written consent of the Lessor.

Page 3 of 5

15.    **Title/Personal Property:**  The Leased Equipment is, and shall remain at all times, the property of Lessor, and Lessee shall have no right, title or interest in the Leased Equipment except as expressly set forth in this Agreement.  All additions or improvements to the Leased Equipment of any kind or nature must have the written approval of Lessor before being made by Lessee and shall become component parts of the Leased Equipment and title shall immediately vest in Lessor and be governed by the terms of this Agreement.

16.    **Condition of Leased Equipment:**  Lessor does not warrant the fitness, merchantability, design, condition, capacity, suitability or performance of the Leased Equipment.  Lessor rents the Leased Equipment to Lessee "as is" with all faults.  Lessor represents that the equipment will be delivered in working order and will make any necessary repairs within a reasonable period of time, excluding "Miscellaneous Items", during the term of the lease, provided same are not caused by the negligence of the lessee. In the event that repairs are deemed to be needed during the term of the lease, Lessee must immediately notify Lessor for the consent of any repairs (via phone, fax or in writing) and Lessor shall make all the necessary arrangements for the repair of the Leased Equipment. Lessee shall not make any arrangements for any repairs or alterations to the leased equipment without the prior consent of Lessor. Lessor may elect to make necessary repairs caused by the negligence of the lessee at lessee's expense. Lessor will not pay for the repair of "Miscellaneous Items". "Miscellaneous Items" include: leaking faucets, clogged drain lines, clogged waste pipes, clogged burners, light bulbs, and hvac filters. Lessor represents that the "Miscellaneous Items" will be in proper working order upon delivery. Lessor shall not be liable for any loss or damage. Lessee does hereby expressly waive any and all claims and demands for loss, loss of profits or other alleged consequential damages against Lessor and Lessee does further agree to save and hold harmless Lessor against any and all such claims and demands.

17.    **Default:**  Lessee shall be in default under this Agreement if Lessee:

   (a)    Fails to make any payments under this Agreement within ten (10) days after the payment becomes due and payable, and written notice has also been given to Lessee.

   (b)    Fails to perform or observe any of the material terms and conditions of this Agreement.

   (c)    Becomes insolvent (however defined), ceases business, makes an assignment for the benefit of creditors or causes or suffers a petition for receiver or in bankruptcy to be filed by or against Lessee.

   (d)    Commits or fails to commit any act that results in jeopardizing the material rights of Lessor or causes Lessor to reasonably deem itself insecure in its rights.

18.    **Remedies:**  If Lessee is in default under this Agreement, Lessor shall have the right to exercise the following remedies provided however, that lessee shall be given ten (10) days notice by certified mail return receipt requested to cure the default:

   (a)    Elect that the rental payments due be accelerated and the entire amount of rent become immediately due.

   (b)    Terminate this Agreement.

   (c)    Go on Lessee's property and retake the Leased Equipment without notice or legal process.  Lessee waives all claims for damages and losses caused by the retaking by Lessor.  Lessee agrees to pay all costs and expenses incurred by Lessor in retaking the Leased Equipment.

19.     **Business Purpose:** Lessee applies to Lessor for rent of the Leased Equipment for commercial purposes and agrees that this Agreement is not to be construed as a consumer contract.

20.     **Filing:** Lessee, upon request, agrees to execute any instrument necessary to the filing and recording of this agreement.

21.     **Entire Agreement:** This Agreement contains the entire agreement between the parties relating to the Lessee's rental of the Leased Equipment. Any changes to the terms of this Agreement shall be in writing and signed by the Lessee and Lessor.

22.     **Arbitration:** In the event that any dispute between the parties to this Agreement cannot be settled, the matter shall be submitted to binding arbitration. The arbitration shall be conducted in accordance with the rules of the American Arbitration Association, with the prevailing party to be awarded all costs of arbitration and reasonable attorneys fees. The arbitration shall be held in Suffolk County, New York. Any judgment upon an award may be entered in the State(s) and Count(ies) where the lessor and lessee do business.

23.     **Jurisdiction/Venue:** This Agreement shall be construed in accordance with New York law.

24.     **Notices:** Notices under this Lease shall be in writing and shall be sent to each party at its address or fax number set forth above or, in the event of a change in any address or fax number, then to such other address or fax number as to which notice of the change is given. Notices to Lessor shall be sent to the attention of Keith Futerman or to such other person as to whom notice is given. Notices to Lessee shall be sent to the attention of Michael Register or to such other person as to whom notice is given. Notice shall be deemed given on receipt.

25.     **Miscellaneous:** Any failure of Lessor to require strict performance of the terms of this Agreement or any waiver by Lessor of any provision of this Agreement shall not be construed as a consent or waiver of any other breach of the same or any other provision. If any portion of this Agreement is deemed invalid, it shall not affect the rest of this Agreement. Lessee certifies that all credit information given to Lessor is true and correct and authorizes Lessor to investigate the credit worthiness of Lessee.

26.     **Binding Effect:** This Agreement shall be binding upon Lessor only after an officer or authorized representative of Lessor signs it. A facsimile signature shall be as binding as an original signature.

In witness whereof, each party has caused this Agreement to be executed on the date indicated below:

LESSEE:

Nikki Beach Atlantic City, LLC

By: _Michael Register_

Its: _General Counsel_

Date: 4/18/05

LESSOR:

Stewart's Mobile Concepts, Ltd.

By: _____

Its: _____

Date: _____

19. **Business Purpose:** Lessee applies to Lessor for rent of the Leased Equipment for commercial purposes and agrees that this Agreement is not to be construed as a consumer contract.

20. **Filing:** Lessee, upon request, agrees to execute any instrument necessary to the filing and recording of this agreement.

21. **Entire Agreement:** This Agreement contains the entire agreement between the parties relating to the Lessee's rental of the Leased Equipment. Any changes to the terms of this Agreement shall be in writing and signed by the Lessee and Lessor.

22. **Arbitration:** In the event that any dispute between the parties to this Agreement cannot be settled, the matter shall be submitted to binding arbitration. The arbitration shall be conducted in accordance with the rules of the American Arbitration Association, with the prevailing party to be awarded all costs of arbitration and reasonable attorneys fees. The arbitration shall be held in Suffolk County, New York. Any judgment upon an award may be entered in the State(s) and Count(ies) where the lessor and lessee do business.

23. **Jurisdiction/Venue:** This Agreement shall be construed in accordance with New York law.

24. **Notices:** Notices under this Lease shall be in writing and shall be sent to each party at its address or fax number set forth above or, in the event of a change in any address or fax number, then to such other address or fax number as to which notice of the change is given. Notices to Lessor shall be sent to the attention of Keith Futerman or to such other person as to whom notice is given. Notices to Lessee shall be sent to the attention of Michael Register or to such other person as to whom notice is given. Notice shall be deemed given on receipt.

25. **Miscellaneous:** Any failure of Lessor to require strict performance of the terms of this Agreement or any waiver by Lessor of any provision of this Agreement shall not be construed as a consent or waiver of any other breach of the same or any other provision. If any portion of this Agreement is deemed invalid, it shall not affect the rest of this Agreement. Lessee certifies that all credit information given to Lessor is true and correct and authorizes Lessor to investigate the credit worthiness of Lessee.

26. **Binding Effect:** This Agreement shall be binding upon Lessor only after an officer or authorized representative of Lessor signs it. A facsimile signature shall be as binding as an original signature.

In witness whereof, each party has caused this Agreement to be executed on the date indicated below.

LESSEE:
Hollywood Beach Atlantic City, LLC
By: _Michael Register_
Its: _General Counsel_

Date: _4/18/05_

LESSOR:
Stewart's Mobile Concepts, Ltd.
By: _Keith Futerman_
Its: _Director of Sales_

Date: _4/18/05_

# EXHIBIT G

05/10/2004  09:24    631-351-1587                                PAGE  01

# Fax Cover Sheet

## Stewart's Mobile Concepts, Ltd.
545 East Jericho Turnpike
Huntington Station, NY 11746
Phone (631) 351-6030 Fax (631) 351-1587
Web: www.stewartsmoblie.com

To: _Michael Register_

From: _Keith Futerman_

Fax #: _305-534-7253_

# of Pages _3_ including this page.

Special Notes:

_2nd Lease Invoice attached._



PLAINTIFF'S
EXHIBIT
G
ALL-STATE LEGAL®

MAY 05 2005  08:35    631-351-1587                                                            P.05  05

# Stewart's Mobile Concepts, Ltd.
## 843 East Jericho Turnpike
## Huntington Station, NY 11746
## P (631) 351-6030
## F (631) 351-1587

Invoice to:
Nikki Beach Atlantic City, LLC
1 Ocean Drive
Miami Beach, FL 33139

Contact: Danielle Houser
Telephone #: (305) 538-1111
Fax #: (305) 534-8937

Deliver to:  Resorts International
Hotel & Casino
1133 Boardwalk
Atlantic City, NJ 08401

**Lease Invoice**

| | |
|---|---|
| Invoice #: | 702-05 |
| Date: | 5/12/05 |
| Job #: | 702-05 |
| Purchase Order #: | |

| | |
|---|---|
| Delivery Date: | approx. May 1, 2005 |
| Pick-up Date: | Sept 30, 2005 |
| Deliver Via: | Transporter |

Terms: Payment Due 5/25/05

| ITEM # | DESCRIPTION | Amount |
|---|---|---|
| 1. | Mobile Kitchen 48' x 8' (K-283 Model) | |
| 2. | Mobile Kitchen 48' x 8' (Kentucky Model) | |
| 3. | Dishwashing Trailer 40' x 8' | |
| | Ramp and Staircase systems for (2) kitchen trailers (Not ADA Compliant) | |
| | - 2nd month lease payment Dates: 6/1/05 – 6/30/05 | $22,700.00 |
| 4. | 8' x 20' Combination Walk-in Cooler/Freezer | |
| 5. | 8' x 20' Walk-in Cooler | |
| | -2nd month's lease payment Dates: 5/21/05 – 6/20/05 | $3,000.00 |
| 6. | 20' x 24' Compact Kitchen | |
| | - 2nd month lease payment Dates: 6/1/05 – 6/30/05 | $19,000.00 |
| 7. | 56' x 10' Office/Greenroom Trailer (32 x 10 box size) | |
| | - 2nd month's lease payment Dates: 5/21/05 – 6/20/05 | $600.00 |
| | (2) OSHA Approved Aluminum Steps | $90.00 |
| | Ins. Liability waiver (standard) | $15.00 |
| | Ins. Property waiver (9 & 10 wide) | $40.00 |

| | |
|---|---|
| Sub Total | $45,445.00 |
| 6% (Atlantic City, NJ) Tax | $2,726.70 |
| **Balance Due** | **$48,171.70** |

Duration of Usage: 5 Month minimum lease.

*Client responsible for all permits, licenses and fees.*

Payment not received by the 30th day after invoice date will accrue interest of 1.5% per month.

Page 1 of 2

# EXHIBIT H

PLAINTIFF'S
EXHIBIT

H



# State of New Jersey

## CASINO CONTROL COMMISSION

### NIKKI BEACH ATLANTIC CITY, LLC

d/b/a Nikki Beach

### ID NO. 3333-01-052-001

on this 23rd day of May 2005, having established the qualifications set forth in the Casino Control Act, N.J.S.A. 5:12-1 et seq. and the regulations of this Commission, N.J.A.C. 19:40-1 et seq. is hereby issued a

## CASINO HOTEL ALCOHOLIC BEVERAGE LICENSE

for its approved location on Beach Lots 33 and 34 in front of Resorts Atlantic City and its alcoholic beverage storage location within Resorts Atlantic City authorizing the serving, sale, dispensing, consumption and/or storage of alcoholic beverages within the location(s) and for the specific activities set forth on the attached page, pursuant to N.J.S.A. 5:12-103(g) and N.J.A.C. 19:50-1 et seq.

CHRISTOPHER D. STORCELLA, DIRECTOR
DIVISION OF LICENSING

This license expires on May 31, 2009

N⁰ 812 CHABC

## NIKKI BEACH ATLANTIC CITY, LLC
### d/b/a Nikki Beach

## CASINO HOTEL ALCOHOLIC BEVERAGE LICENSE
### May 23, 2005 TO May 31, 2009

Areas Authorized to Serve, Sell, Dispense, Consume and/or Store
Alcoholic Beverages Pursuant to N.J.S.A. 5:12-103(g)

Beach Lots 33 and 34

NIKKI BEACH CLUB                                        II

TURO ROOM                                              II

CONCERT VENUE                                          II

Resorts Atlantic City
STORAGE AREA                                           V

AUTHORIZED TO SERVE, SELL AND STORE ALCOHOLIC
BEVERAGES FOR ON-PREMISES CONSUMPTION.

# EXHIBIT I

Department of the Treasury
Internal Revenue Service
CINCINNATI, OH 45999-0038

For assistance, call:
1-800-829-0115

**Notice Number:** CP210
**Date:** October 10, 2005

**Taxpayer Identification Number:**
20-2529399
**Tax Form:** 941
**Tax Period:** June 30, 2005

IRS USE ONLY

NIKKI BEACH ATLANTIC CITY LLC
% PENROD MANAGEMENT GROUP INC
17 GORDONS ALY
ATLANTIC CITY    NJ    08401-7406172

| Amount of Refund |
|---|
| $393.61 |

38135-200-32665-5

## Statement of Adjustment to Your Account

Balance Due on Account Before Adjustment                    $.00

Adjustment Computation

Tax - Decrease                              $391.80

Interest Allowed                            $1.81
Net Adjustment Credit                                        $393.61

Overpayment                                                 $393.61

Interest allowed must be reported as income on your next income tax return.

## Status of Your Account - Refund

We'll refund your overpayment (plus interest when applicable), if you owe no other taxes or have no other debts the law requires us to collect.

## Status of Your Account (Exam)

This notice isn't the result of an examination of your return.  We notify a taxpayer when we select his her return for examination.

For tax forms, instructions and information visit **www.irs.gov** .  (Access to this site will not provide you with your specific taxpayer account information.)



**United States Treasury**    A 389,284,059

Check No.



10 11 05  93    AUSTIN, TEXAS                2307 15158900
2307 15158900 20091700 I01 2NIKK CNCNATIF-941 REF

Pay to
the order of

NIKKI BEACH ATLANTIC CITY LLC      06/05
% PENROD MANAGEMENT GROUP INC      00
17 GORDONS ALY                            $****393*61
ATLANTIC CITY NJ  08401-7406



VOID AFTER ONE YEAR
001



1.81  INTEREST

# EXHIBIT J



**STATE OF NEW JERSEY**
**DEPARTMENT OF COMMUNITY AFFAIRS**
**DIVISION OF FIRE SAFETY**



PLAINTIFF'S
EXHIBIT
J

## LIFE HAZARD USE CERTIFICATE OF REGISTRATION

ISSUED:    04/25/06

OWNER NO:    F-202529399

REGISTRATION NO:    0102-41554-034-01

NIKKI BEACH ATLANTIC CITY LLC
137 S CHALFONTE
ATLANTIC CITY NJ 08401

RENDEZVOUS TOWER HOTEL ROOMS
1133 BOARDWALK
ATLANTIC CITY NJ

BUILDING HEIGHT:

NUMBER OF STORIES:

USE TYPE CODE:    RH02    DESCRIPTION:    HOTELS, MOTELS AND RETREAT LODGING FACILITIES WHICH EXCEED FIVE STORIES, AND WHICH HAVE 100 ROOMS OR MORE, WITH ANY INTERIOR EXIT-WAYS.

LHA ID NO:    0102001

THE LAW REQUIRES THAT THIS CERTIFICATE OF REGISTRATION BE POSTED IN A CONSPICUOUS LOCATION IN THE REGISTERED PREMISES BUT ONLY UPON SUBSEQUENT RECEIPT OF A CERTIFICATE OF INSPECTION.

THIS CERTIFICATE IS NOT TRANSFERRABLE. IN THE CASE OF ANY TRANSFER OF TITLE, IT SHALL BE THE DUTY OF THE NEW OWNER(S) TO FILE WITH THE COMMISSIONER WITHIN THIRTY DAYS OF SUCH TRANSFER AN APPLICATION FOR A NEW CERTIFICATE OF REGISTRATION. IN THE CASE OF ANY CHANGE IN INFORMATION PROVIDED ON THE REGISTRATION APPLICATION FORM, IT SHALL BE THE DUTY OF THE OWNER TO NOTIFY THE DEPARTMENT OF COMMUNITY AFFAIRS WITHIN THIRTY DAYS OF SUCH CHANGE.

FAILURE TO COMPLY WITH THESE REQUIREMENTS CONSTITUTES A VIOLATION OF P.L. 1983, c.383 OF THE LAWS OF NEW JERSEY AND SUBJECTS THE PARTY SO VIOLATING TO THE PENALTIES THEREIN.

COMMISSIONER OF COMMUNITY AFFAIRS
SUSAN BASS LEVIN

STATE OF NEW JERSEY
DEPARTMENT OF COMMUNITY AFFAIRS
DIVISION OF FIRE SAFETY

FIRST NOTICE

NOTICE OF ANNUAL LIFE HAZARD USE REGISTRATION FEE

OWNER NUMBER: F-2C2529399

BILL FILED UNDER: C1C2-41554-G36-C1

OWNER NAME AND ADDRESS
NIKKI BEACH ATLANTIC CITY LLC
157 S CHALFONTE
ATLANTIC CITY, NJ 08401

BLDG /USE/BUS. NAME AND ADDRESS:
NIKKI BEACH - RESORTS
1133 BOARDWALK
ATLANTIC CITY, NJ

ANNUAL BILL DATE: C6/07/05
ISSUED: C6/07/05

REGISTRATION ENCLOSED:          3

PAYMENT DUE  07/07/05

PAY THIS AMOUNT: $   5,700.00

*MAKE CHECK PAYABLE TO 'NJ DIVISION OF FIRE SAFETY'*
*(PLEASE INCLUDE OWNER NUMBER ON CHECK)*
* RETURN THIS PORTION WITH CHECK TO INSURE PROPER RECORDING *       XY

---

| | REGISTRATION NUMBER | USE CODE | FEE | CHARGE |
|---|---|---|---|---|
| THE ABOVE BUILDING/USE/BUSINESS IS REGIS- | C1C2-41554-036-C1 | C1C1 | 2850 | 2,850.00 |
| TERED WITH THE NEW JERSEY DIVISION OF FIRE | C1C2-41554-035-C1 | C1C1 | 2850 | 1,425.00 |
| SAFETY IN ACCORDANCE WITH THE UNIFORM FIRE | C1C2-41554-034-C1 | C1C1 | 2850 | 1,425.00 |

SAFETY ACT (P.L. 1983, c.383) N.J.S.A. 52:27D-192 et seq.

PURSUANT TO SUBSECTION 10e OF THIS ACT, YOU ARE   REQUIRED  TO PAY THE ABOVE STATED ANNUAL FEE. PLEASE RETURN THE DETACHABLE PAYMENT STUB ALONG WITH YOUR CHECK MADE PAYABLE TO THE 'NJ DIVISION OF FIRE SAFETY' AND INCLUDE OWNER NUMBER ON CHECK

YOUR COOPERATION IN MAKING TIMELY PAYMENT WILL BE APPRECIATED.

IF YOU HAVE ANY QUESTIONS
TELEPHONE: (609) 633-6144

DIVISION OF FIRE SAFETY
PO BOX 809
TRENTON, NJ 08625-0809

COMMISSIONER, DEPARTMENT OF COMMUNITY AFFAIRS
BY:   GEORGE A. MILLER, CHIEF
   BUREAU OF FIRE CODE ENFORCEMENT

TOTAL CHARGES DUE: $  5,700.00

DFS-RE-026-0893          * KEEP THIS PORTION FOR YOUR RECORDS *          PAGE  1  OF  1
OWNER COPY



**STATE OF NEW JERSEY**
**DEPARTMENT OF COMMUNITY AFFAIRS**
**DIVISION OF FIRE SAFETY**

### LIFE HAZARD USE CERTIFICATE OF REGISTRATION

ISSUED:     06/07/05

OWNER NO:     F-202529399

REGISTRATION NO:     0102-41554-036-G1

NIKKI BEACH ATLANTIC CITY LLC
757 S CHALFONTE
ATLANTIC CITY NJ 08401

NIKKI BEACH - RESORTS
1133 BOARDWALK
ATLANTIC CITY NJ

BUILDING HEIGHT:                                  NUMBER OF STORIES:

USE TYPE CODE:     CIC1     DESCRIPTION:     EATING AND/OR DRINKING ESTABLISH-
                                             MENTS WITH A MAXIMUM PERMITTED OC-
                                             CUPANCY OF 1,000 OR MORE PERSONS.

LEA CODE:   0102CC1

THE LAW REQUIRES THAT THIS CERTIFICATE OF REGISTRATION BE POSTED IN A CONSPICUOUS LOCATION IN THE REGISTERED PREMISES BUT ONLY UPON SUBSEQUENT RECEIPT OF A CERTIFICATE OF INSPECTION.

THIS CERTIFICATE IS NOT TRANSFERRABLE. IN THE CASE OF ANY TRANSFER OF TITLE, IT SHALL BE THE DUTY OF THE NEW OWNER(S) TO FILE WITH THE COMMISSIONER WITHIN THIRTY DAYS OF SUCH TRANSFER AN APPLICATION FOR A NEW CERTIFICATE OF REGISTRATION. IN THE CASE OF ANY CHANGE IN INFORMATION PROVIDED ON THE REGISTRATION APPLICATION FORM, IT SHALL BE THE DUTY OF THE OWNER TO NOTIFY THE DEPARTMENT OF COMMUNITY AFFAIRS WITHIN THIRTY DAYS OF SUCH CHANGE.

FAILURE TO COMPLY WITH THESE REQUIREMENTS CONSTITUTES A VIOLATION OF P.L. 1983, c.383 OF THE LAWS OF NEW JERSEY AND SUBJECTS THE PARTY SO VIOLATING TO THE PENALTIES THEREIN.

COMMISSIONER OF COMMUNITY AFFAIRS
SUSAN BASS LEVIN





**STATE OF NEW JERSEY**
**DEPARTMENT OF COMMUNITY AFFAIRS**
**DIVISION OF FIRE SAFETY**

## LIFE HAZARD USE CERTIFICATE OF REGISTRATION

ISSUED:  06/07/05

OWNER NO:  F-202529399

REGISTRATION NO:  0102-41554-034-01

NIKKI BEACH ATLANTIC CITY LLC
TSP S CHALFONTE
ATLANTIC CITY NJ 08401

NIKKI BEACH - ELEO ROOM
1133 BOARDWALK
ATLANTIC CITY NJ

BUILDING HEIGHT:                              NUMBER OF STORIES:

USE TYPE CODE:    C101      DESCRIPTION:    EATING AND/OR DRINKING ESTABLISH-
MENTS WITH A MAXIMUM PERMITTED OC-
CUPANCY OF 1,000 OR MORE PERSONS.

L&A CODE:  0102801

THE LAW REQUIRES THAT THIS CERTIFICATE OF REGISTRATION BE POSTED IN A CONSPICUOUS
LOCATION IN THE REGISTERED PREMISES BUT ONLY UPON SUBSEQUENT RECEIPT OF A CERTIFICATE
OF INSPECTION.

THIS CERTIFICATE IS NOT TRANSFERRABLE. IN THE CASE OF ANY TRANSFER OF TITLE, IT SHALL BE THE
DUTY OF THE NEW OWNER(S) TO FILE WITH THE COMMISSIONER WITHIN THIRTY DAYS OF SUCH
TRANSFER AN APPLICATION FOR A NEW CERTIFICATE OF REGISTRATION. IN THE CASE OF ANY CHANGE
IN INFORMATION PROVIDED ON THE REGISTRATION APPLICATION FORM. IT SHALL BE THE DUTY OF THE
OWNER TO NOTIFY THE DEPARTMENT OF COMMUNITY AFFAIRS WITHIN THIRTY DAYS OF SUCH CHANGE.

FAILURE TO COMPLY WITH THESE REQUIREMENTS CONSTITUTES A VIOLATION OF P.L. 1983, c.383
OF THE LAWS OF NEW JERSEY AND SUBJECTS THE PARTY SO VIOLATING TO THE PENALTIES THEREIN.

COMMISSIONER OF COMMUNITY AFFAIRS
SUSAN BASS LEVIN

OWNER COPY



**STATE OF NEW JERSEY**
**DEPARTMENT OF COMMUNITY AFFAIRS**
**DIVISION OF FIRE SAFETY**

## LIFE HAZARD USE CERTIFICATE OF REGISTRATION

ISSUED:    06/07/05

OWNER NO:    F-202529399

REGISTRATION NO:    0102-41554-035-01

NIKKI BEACH ATLANTIC CITY LLC          NIKKI BEACH - CONCERT AREA
157 S CHALFONTE                        1133 BOARDWALK
ATLANTIC CITY NJ 08401                 ATLANTIC CITY NJ

BUILDING HEIGHT:                       NUMBER OF STORIES:

USE TYPE CODE:    0101    DESCRIPTION:    EATING AND/OR DRINKING ESTABLISH-
                                         MENTS WITH A MAXIMUM PERMITTED OC-
                                         CUPANCY OF 1,000 OR MORE PERSONS.

LEA CODE:    01020C1

THE LAW REQUIRES THAT THIS CERTIFICATE OF REGISTRATION BE POSTED IN A CONSPICUOUS
LOCATION IN THE REGISTERED PREMISES BUT ONLY UPON SUBSEQUENT RECEIPT OF A CERTIFICATE
OF INSPECTION.

THIS CERTIFICATE IS NOT TRANSFERRABLE. IN THE CASE OF ANY TRANSFER OF TITLE, IT SHALL BE THE
DUTY OF THE NEW OWNER(S) TO FILE WITH THE COMMISSIONER WITHIN THIRTY DAYS OF SUCH
TRANSFER AN APPLICATION FOR A NEW CERTIFICATE OF REGISTRATION. IN THE CASE OF ANY CHANGE
IN INFORMATION PROVIDED ON THE REGISTRATION APPLICATION FORM, IT SHALL BE THE DUTY OF THE
OWNER TO NOTIFY THE DEPARTMENT OF COMMUNITY AFFAIRS WITHIN THIRTY DAYS OF SUCH CHANGE.

FAILURE TO COMPLY WITH THESE REQUIREMENTS CONSTITUTES A VIOLATION OF P.L. 1983, c.383
OF THE LAWS OF NEW JERSEY AND SUBJECTS THE PARTY SO VIOLATING TO THE PENALTIES THEREIN.

COMMISSIONER OF COMMUNITY AFFAIRS
SUSAN BASS LEVIN

# EXHIBIT K

L-109 (7/03)

New Jersey Division of Revenue

## CERTIFICATE of CANCELLATION
### Limited Liability Company
( Title NJSA 42 )



FILED
JUL 11 2006
STATE TREASURER

This form may be used to cancel a Certificate of Formation of a Limited Liability Company on file with the Division of Revenue. Applicants must insure strict compliance with NJSA 42, the New Jersey Limited Liability Act, and insure that all applicable filing requirements are met.

1. Name of Limited Liability Company:

   Nikki Beach Atlantic City LLC

2. Business Entity Number:

   202-529-399/000

3. Date of formation:

   March 23, 2005

4. State of Formation (foreign entities only)


5. Effective date of cancellation:


6. Reasons for canceling the LLC:

   Closed for Business




The undersigned represent(s) that this filing complies with State law as detailed in NJSA 42 and that they are authorized to sign this form on behalf of the Limited Liability Company.


Signature:                                            Date: 6/30/06

Name: John Michael Register


NJ Division of Revenue, PO Box 308, Trenton NJ 08646

PLAINTIFF'S
EXHIBIT
K
ALL-STATE LEGAL®

# EXHIBIT L

12/05/05
Accrual Basis

# Nikki Beach Atlantic City
## Profit & Loss
### January 1 through December 5, 2005

|  | Jan 1 - Dec 5, 05 |
|---|---|
| 8650 · Employee Housing | |
| 8651 · Housing Reimbursement | 40,532.96 |
| Total 8000 · Administrative | -4,303.30 |
|  | 177,178.17 |
|  | |
| 9000 · Repairs & Maintainance | |
| 9100 · Building Repairs | |
| 9300 · Supplies | 8,059.73 |
| 9400 · Plumbing | -35.00 |
| 9410 · Gas & Fuel | 429.03 |
| 9750 · Ground Maintenance | 1,565.53 |
| Total 9000 · Repairs & Maintainance | 614.94 |
|  | 10,634.23 |
|  | |
| 8196 · Fixed Expenses | |
| 8200 · Insurance | |
| 8210 · Liability Insurance | |
| 8215 · Excess Liability | 367,853.17 |
| 8220 · Health Insurance | 40,026.49 |
| 8230 · Personal Property | 1,137.96 |
| 8240 · Work Comp | 20,000.00 |
| Total 8200 · Insurance | 36,792.68 |
|  | 465,810.30 |
|  | |
| 8260 · Interest Expense | |
| 6215 · Late Charges | 163.72 |
| Total 8260 · Interest Expense | 163.72 |
|  | |
| 8380 · Other Taxes | 136.99 |
| Total 8196 · Fixed Expenses | 466,111.01 |
|  | |
| 9999 · Management Fees | 63,201.85 |
| Total Expense | 2,791,217.33 |
|  | |
| Net Ordinary Income | -1,565,942.78 |
|  | |
| Net Income | -1,565,942.78 |



PLAINTIFF'S EXHIBIT
ALL-STATE LEGAL®
L

1:42 PM
12/05/05
Accrual Basis

# Nikki Beach Atlantic City
## Profit & Loss
### January 1 through December 5, 2005

|  | Jan 1 - Dec 5, 05 |
|---|---|
| 6280 · Promoters & Contract Services | |
| 6350 · T&E - Misc | 30,310.56 |
| 6366 · T&E - Entertainment | 54,117.11 |
| 6370 · T&E - Meals | 959.75 |
| 6380 · T&E - Travel | 3,716.91 |
| 6630 · Postage and Delivery | 67,706.17 |
| 8180 · Dues & Subscriptions | 107.30 |
| 8182 · Internet | |
| Total 8180 · Dues & Subscriptions | 1,361.51 |
|  | 1,361.51 |
| | |
| Total 6000 · Marketing & Advertising | |
|  | 200,244.47 |
| | |
| 6240 · Music and Entertainment | |
| 6245 · Bands | |
| 6246 · Entertainers | 6,500.00 |
| 6247 · Fashion Show | 9,200.00 |
| 6248 · Dancers | 6,485.66 |
| 6249 · Dance Consultant | 23,785.00 |
| 7150 · DJ's | 5,488.57 |
| 7151 · Models | 46,315.00 |
| 7152 · contests | 10,590.00 |
| 7270 · Small Equipment Music & Ent | 2,200.00 |
| 7420 · Ascap & BMI | 5,201.87 |
| 6240 · Music and Entertainment - Other | 2,662.50 |
| Total 6240 · Music and Entertainment | 3,500.00 |
|  | 121,928.60 |
| | |
| 6390 · Utilities | |
| 6340 · Telephone | |
| 8340 · Gas and Electric | 1,249.06 |
| 8350 · Waste Removal | 2,795.00 |
| Total 6390 · Utilities | 19,163.40 |
|  | 23,207.46 |
| | |
| 6700 · Special Event | |
| 6705 · Labor | |
| 6710 · Production Company | 52,610.27 |
| 6721 · Lighting | 5,538.50 |
| 6722 · Audio | 46,014.00 |
| 6723 · Stage | 144,818.52 |
| 6760 · Rentals | 24,076.00 |
| Total 6700 · Special Event | 34,113.97 |
|  | 307,171.26 |
| | |
| 8000 · Administrative | |
| 8070 · Postage | |
| 8100 · Credit Card Commissions | 65.40 |
| 8110 · Data Processing | 10,879.37 |
| 8150 · internet | 5,593.29 |
| 8280 · Legal & Professional | 2,416.56 |
| 8287 · Bad Debts | 114,891.04 |
| 8300 · Office Supplies | 512.82 |
| 8355 · Computer Software Expense | 28.94 |
| 8590 · Bank Charges | 3,600.00 |
|  | 2,961.09 |

# Nikki Beach Atlantic City
## Profit & Loss
### January 1 through December 5, 2005

|  | Jan 1 - Dec 5, 05 |
|---|---|
| 5520 · Uniforms Reimbursement |  |
| 6030 · Marketing | -492.47 |
| 6031 · Background Checks | 16,589.00 |
| 6032 · Employee Testing | 1,800.00 |
| 5250 · Payroll Expense - Other | 750.00 |
| **Total 5250 · Payroll Expense** | 11,026.88 |
|  | 765,754.28 |
|  |  |
| 5325 · Operating Expenses |  |
| 5150 · Ice |  |
| 5190 · Smallwares-Food | 350.00 |
| 5191 · Glassware | 2,785.54 |
| 5192 · Silverware | 21,988.87 |
| 5193 · China | 1,229.99 |
| 5194 · Bar Supplies | 8,534.32 |
| 5195 · Smallwares-Bar | 9,139.77 |
| 5197 · Cleaning Supplies | 423.13 |
| 5198 · Tongs and Utensils | 12,364.85 |
| 5210 · Guest Supplies | 141.04 |
| 5215 · Cash Register Supplies | 1,490.49 |
| 5219 · Equipment Purchases | 9,960.00 |
| 5220 · Leased Equipment | 16,753.75 |
| 5221 · Tables & Chairs | 5,363.17 |
| 5222 · Laundry | 13,952.57 |
| 5223 · Operating Equipment | 3,657.61 |
| 5225 · Small Kitchen Equipment | 14,025.15 |
| 5228 · Dish Washing Expenses | 9,741.97 |
| 5260 · Furniture | 2,706.17 |
| 5500 · Cash Over/Short | 1,510.99 |
| 5530 · Linen | -558.04 |
| 5540 · Menu's & Printing | 3,775.48 |
| 5556 · Sterno/Propane | 200.00 |
| 5620 · Permits & Licenses | 2,557.01 |
| 6169 · Equipment Removal | 6,281.00 |
| 6170 · Equipment Rental | 79,350.00 |
| 6171 · Trailer Rental - Restrooms | 11,150.27 |
| 6172 · Trailer Rental - Kitchen | 108,202.71 |
| 6300 · Outside Security | 265,608.44 |
| 6360 · Decorations | 23,830.67 |
| 6362 · Paper Goods | 3,119.58 |
| 6550 · Office Supplies | 13,566.71 |
| **Total 5325 · Operating Expenses** | 2,582.79 |
|  | 655,786.00 |
|  |  |
| 6000 · Marketing & Advertising |  |
| 6111 · Photo's & Tapes |  |
| 6135 · Street Marketing | 3,231.70 |
| 6150 · Promotional Cost | 3,800.00 |
| 6200 · Radio | 17,889.81 |
| 6220 · TV/Movies | 4,400.00 |
| 6250 · Banners, Signs & Posters | 424.00 |
| 6260 · Printing and Reproduction | 889.55 |
|  | 11,330.10 |

1:42 PM
12/05/05
Accrual Basis

# Nikki Beach Atlantic City
## Profit & Loss
### January 1 through December 5, 2005

| | Jan 1 - Dec 5, 05 |
|---|---|
| 5105 · Cost of Sale Champagne Nikki | 54,840.00 |
| 5115 · Cost of Sales Beer Nikki | |
|   5101 · Draft Beer Nikki | |
|   5103 · Domestic Beer Nikki | 777.50 |
|   5104 · Import Beer Nikki | 21,762.40 |
|   5115 · Cost of Sales Beer Nikki - Other | 40,456.50 |
| Total 5115 · Cost of Sales Beer Nikki | 0.00 |
| | 62,996.40 |
| 5117 · Cost of Sales Liquor Nikki | |
|   5107 · Call Nikki | |
|   5108 · Premium Nikki | 84,704.78 |
|   5117 · Cost of Sales Liquor Nikki - Other | 70,624.13 |
| Total 5117 · Cost of Sales Liquor Nikki | -4,182.00 |
| | 151,146.91 |
| 5118 · Promo Credit | |
| 5200 · Co2 | -641.58 |
| 5100 · Cost of Sales Beverage Nikki - Other | 874.00 |
| Total 5100 · Cost of Sales Beverage Nikki | -5,593.66 |
| | 283,443.53 |
| Total COGS | 355,672.12 |
| Gross Profit | 1,225,274.55 |
| Expense | |
|   5250 · Payroll Expense | |
|     6033 · Recruiting | |
|     contract labor | 39.81 |
|     5270 · servers Assistants | 0.00 |
|     5275 · Maintenance | 22,251.07 |
|     5280 · Administration | 27,514.42 |
|     5290 · Managers Salary | 28,979.36 |
|     5291 · Waiters | 149,979.73 |
|     5293 · Host/Hostess | 27,871.28 |
|       5310 · Host/Hostess Contract | |
|       5293 · Host/Hostess - Other | 905.90 |
|     Total 5293 · Host/Hostess | 28,668.36 |
| | 29,574.26 |
|     5294 · Cooks | |
|     5341 · Bartenders | 51,631.26 |
|     5343 · Barbacks | 44,402.30 |
|     5344 · Security | 34,274.84 |
|     5400 · Payroll Taxes | 215,183.04 |
|       5401 · SS | |
|       5402 · Medicare | 50,231.88 |
|       5403 · Federal | 11,753.76 |
|       5404 · NJ State | 0.00 |
|       5405 · SUI DBL | 0.00 |
|       5406 · FUTA | 24,558.92 |
|       5400 · Payroll Taxes - Other | 4,735.84 |
|     Total 5400 · Payroll Taxes | 13,099.10 |
| | 104,379.50 |

1:42 PM
12/05/05
Accrual Basis

# Nikki Beach Atlantic City
## Profit & Loss
### January 1 through December 5, 2005

|  | Jan 1 - Dec 5, 05 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| **4000 · Sales** | |
| 4002 · Sales Beverage Nikki | 1,215,491.36 |
| 4004 · Non Alcoholic Bev Nikki | 26,365.27 |
| 4009 · Cover Charges Nikki Beach | 96,815.10 |
| 4010 · Sales Food Nikki | 85,082.00 |
| 4011 · Food Allowance Nikki | -5,002.50 |
| 4021 · Beverage Allowance Nikki | -28,673.57 |
| 4060 · Sales-Beverages Elbo | 188,212.07 |
| 4062 · Cover Charges Elbo | 6,348.21 |
| 4112 · Misc | -3,691.32 |
| **Total 4000 · Sales** | 1,580,946.62 |
|  | |
| **4950 · Other Income** | |
| 4955 · Interest Income | 0.05 |
| **Total 4950 · Other Income** | 0.05 |
|  | |
| **Total Income** | 1,580,946.67 |
|  | |
| **Cost of Goods Sold** | |
| **5000 · Cost of Sales Food** | |
| 5051 · Produce | 4,566.60 |
| 5052 · Poultry | 2,711.74 |
| 5053 · Meat | 4,550.36 |
| 5054 · Bread & Rolls | 269.88 |
| 5055 · Canned & Dry | 1,971.05 |
| 5057 · Seafood | 5,253.33 |
| 5058 · Dairy | 1,073.16 |
| 5063 · Sushi | 7,197.80 |
| 5065 · Production Cost | 1,836.36 |
| 5072 · Chips & Snacks | 78.77 |
| 5000 · Cost of Sales Food - Other | 502.75 |
| **Total 5000 · Cost of Sales Food** | 30,011.80 |
|  | |
| **5050 · Cost Sales Non-Alcoholic Nikki** | |
| 5071 · Canned Soda Nikki | 2,520.82 |
| 5073 · Bottled Water Nikki | 8,418.46 |
| 5109 · Bag in Box Soda | 3,235.25 |
| 5110 · Juices Nikki | 5,300.10 |
| 5111 · Garnish Nikki | 10,201.62 |
| 5113 · Mixes Nikki | 12,231.89 |
| 5050 · Cost Sales Non-Alcoholic Nikki - Other | 68.65 |
| **Total 5050 · Cost Sales Non-Alcoholic Nikki** | 41,976.79 |
|  | |
| **5080 · Cost Sales Non-Alcoholic Elbo** | |
| 5084 · Iced Tea Elbo | 240.00 |
| **Total 5080 · Cost Sales Non-Alcoholic Elbo** | 240.00 |
|  | |
| **5100 · Cost of Sales Beverage Nikki** | |
| 5102 · Cost of Sale Wine Nikki | 19,821.46 |

12:07 PM
11/28/05

# Nikki Beach Atlantic City
## A/P Aging Summary
### As of November 28, 2005

| | Current | 1 - 30 | 31 - 60 | 61 - 90 | > 90 | TOTAL |
|---|---|---|---|---|---|---|
| Adv Comp | 0.00 | 2,713.07 | 2,713.07 | 0.00 | 0.00 | 5,426.14 |
| Atlantic City Electric | 0.00 | 0.00 | 309.51 | 211.90 | 0.00 | 521.41 |
| Big Picture Productions | 0.00 | 0.00 | 0.00 | 0.00 | 1,500.00 | 1,500.00 |
| Black Tiger Company Inc | 0.00 | 0.00 | 0.00 | 1,313.06 | 9,189.06 | 10,502.12 |
| Boardwalk Belle | 0.00 | 0.00 | 0.00 | 171.48 | 0.00 | 171.48 |
| Bruce Hanrahan | 0.00 | 0.00 | 0.00 | 1,014.51 | 0.00 | 1,014.51 |
| Bunzl | 0.00 | 0.00 | 1,200.23 | 0.00 | 42,374.96 | 43,575.19 |
| City of Atlantic City | 0.00 | 0.00 | 0.00 | -1,945.11 | 0.00 | -1,945.11 |
| Comcast | 0.00 | 0.00 | 404.98 | 227.82 | 0.00 | 632.80 |
| Conectiv Power Delivery | 0.00 | 0.00 | 0.00 | 476.18 | 0.00 | 476.18 |
| Creative Solutions & Print | 0.00 | 0.00 | 0.00 | 0.00 | 1,715.00 | 1,715.00 |
| Ecolab | 0.00 | 0.00 | 235.98 | 7,543.80 | 6,937.38 | 6,937.38 |
| Fairfield INN Marriiot | 0.00 | 0.00 | 0.00 | 0.00 | 4,061.82 | 11,841.60 |
| Family Sun Productions | 0.00 | 0.00 | 2,150.00 | 0.00 | 306.96 | 306.96 |
| Herzog Family LLC | 0.00 | 0.00 | 0.00 | 6,095.71 | 0.00 | 2,150.00 |
| Just Four Wheels, Inc. | 0.00 | 0.00 | 1,437.50 | -374.50 | 6,153.85 | 12,249.56 |
| Kramer Beverage Co | 0.00 | 0.00 | 0.00 | 0.00 | -80.00 | 983.00 |
| Light Action | 0.00 | 0.00 | 0.00 | 4,730.00 | 9,441.23 | 9,441.23 |
| Magic Disposal Inc. | 0.00 | 0.00 | 4,000.00 | 0.00 | 10,494.00 | 15,224.00 |
| Michael Alba | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,000.00 |
| Mr. John | 0.00 | 0.00 | 6,600.54 | 21,965.49 | 90,502.71 | 90,502.71 |
| New Jersey Division of Taxation | 0.00 | 0.00 | 1,568.00 | 0.00 | 0.00 | 28,566.03 |
| Orange 32, Inc | 0.00 | 0.00 | 0.00 | 0.00 | 6,600.00 | 1,568.00 |
| ParTech | 0.00 | 0.00 | 2,500.00 | 3,255.00 | 7,174.92 | 6,600.00 |
| Pepsi Bottling Group | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10,429.92 |
| Plant Dynamics | 0.00 | 0.00 | 0.00 | 0.00 | 4,510.30 | 2,500.00 |
| Pro Systems, LLC. | 0.00 | 0.00 | 0.00 | 0.00 | 2,549.90 | 4,510.30 |
| Russell Ried | 0.00 | 0.00 | 198.58 | 0.00 | 92,893.71 | 2,549.90 |
| Sandson & Delucry, LLC. | 0.00 | 0.00 | 0.00 | 0.00 | 7,375.00 | 93,092.29 |
| Sapphire Logistics Inc. | 0.00 | 0.00 | 0.00 | 0.00 | 4,051.25 | 7,375.00 |
| Scott Silver | 0.00 | 0.00 | 0.00 | 1,771.30 | 3,873.19 | 4,051.25 |
| Seashore Fruit & Produce Co.,INC. | 0.00 | 36,963.30 | 36,963.30 | 22,836.24 | 0.00 | 5,644.49 |
| Southern Maryland Sanitation | 0.00 | 0.00 | 0.00 | 36,963.30 | 0.00 | 22,836.24 |
| Standard Funding Corp | 0.00 | 0.00 | 0.00 | 0.00 | 163,410.80 | 110,889.90 |
| Stewarts Mobile Concepts, LTD | 0.00 | 0.00 | 249.30 | 839.37 | 8,780.56 | 163,410.80 |
| US Foodservice | 0.00 | 0.00 | | 1,776.74 | 2,202.75 | 9,619.93 |
| Wildwood Linen Supply | | | | | | 4,228.79 |
| TOTAL | 0.00 | 39,676.37 | 60,530.99 | 108,872.29 | 486,019.35 | 695,099.00 |

# EXHIBIT M

Vendor QuickReport
All Transactions

| Type | Date | Num | Memo | Account | Clr | Split | Amount |
|------|------|-----|------|---------|-----|-------|--------|
| **Stewarts Mobile Concepts, LTD** | | | | | | | |
| Bill | 5/12/2005 | /02-05 | | 2000 · Accounts Payable | | 6172 · Trailer Rental - Kitchen | -48,171.70 |
| Bill | 6/12/2005 | /03-05 | | 2000 · Accounts Payable | | 6172 · Trailer Rental - Kitchen | -48,171.70 |
| Bill | 7/1/2005 | /04-05 | 3rd month | 2000 · Accounts Payable | | 6172 · Trailer Rental - Kitchen | -48,171.70 |
| Bill Pmt -Check | 7/5/2005 | 1266 | July rental of kitchens | 1018 · Disbursement Account 6180 | X | 2000 · Accounts Payable | -5,000.00 |
| Bill | 7/28/2005 | 706-05 | CHECK #    1266 | 2000 · Accounts Payable | | 6172 · Trailer Rental- Kitchen | -8,904.00 |
| Bill | 8/1/2005 | 705-05 | | 2000 · Accounts Payable | | 6172 · Trailer Rental - Kitchen | -44,991.70 |



PLAINTIFF'S
EXHIBIT

M

# EXHIBIT N

No. 68969

MIAMI BEACH ATLANTIC CITY LLC

FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05

YEAR TO DATE REPORT

PAGE 3

RUN DATE 12/31/05

| EMPLOYEE NAME & NUMBER | EARNINGS TOTAL COMP | SOC SEC MEDICARE | FEDERAL | STATE | LOCAL | DISA/SUI | VOLUNTARY DEDUCTIONS & OTHER ADJUSTMENTS 1 CASH TIPS / 6 HOUSING | 2 CHARGETIPS / 7 MISC DED | 3 GARN EE | 4 GARN PAY | 5 UNIFORM / CHK SVE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ICAROL1,PAMELA 315 | 611.55 611.55 | 37.92 8.87 | 48.18 | 9.18 NJ | | 3.07 NJDBL 2.60 NJSUI | | | | | |
| BLV,ALEXANDRA 230 | 285.18 482.51 | 29.91 6.99 | 27.71 | 7.24 NJ | | 2.42 NJDBL 2.05 NJSUI | 1 | | | | |
| CORA,JASON 251 | 6005.00 6005.00 | 372.32 87.08 | 704.45 | 105.00 NJ | | 30.05 NJDBL 25.53 NJSUI | 1 | 6.20 | 2 | 211.13 | |
| CORA,JORDAN C 179 | 5606.43 5606.43 | 347.61 81.31 | 811.23 | 129.59 NJ | | 28.04 NJDBL 23.83 NJSUI | | | | | |
| EKSEVA,OLESYA 350 | | | 23.48 | 6.37 NJ | PLAINTIFF'S EXHIBIT 2 | | | | | | |
| LEBBETTO,TRAIN 157 | 275.73 510.63 | 32.17 7.52 | | | | | | | | | |
| LER,KIM M 67 | 38.90 38.90 | 1.92 0.45 | | 0.46 NJ | | 0.15 NJDBL 0.13 NJSUI | | | | | |
| MAI-BEY,YARU 214 | | | | | | | | | | | |
| DALOBE,MARISSA 40 | | | | | | | | | | | |
| TOLINI,JESSICA A 171 | 172.53 172.53 | 10.70 2.51 | 0.83 | 2.59 NJ | | 0.86 NJDBL 0.73 NJSUI | | | | | |
| AGUMA,JOSEPH 284 | 472.50 472.50 | 29.30 6.86 | 26.85 | 7.09 NJ | | 2.36 NJDBL 2.01 NJSUI | | | | | |
| EA,SHERRI 210 | | | | | | | | | | | |
| HLEY,SHAPIRO 242 | 835.17 3608.68 | 190.28 44.49 | 322.07 | 50.34 NJ | | 15.34 NJDBL 13.04 NJSUI | 1 | 2.52 | 2 | 1560.17 15.18 | |
| ILA,SONIA 254 | 8075.20 8075.20 | 500.65 117.08 | 736.92 | 137.99 NJ | | 40.39 NJDBL 34.32 NJSUI | | 683.34 7 | 2 | 240.39 | |
| EJ,HECTOR 319 | 390.00 390.00 | 24.18 5.66 | 32.06 | 5.65 NJ | | 1.95 NJDBL 1.66 NJSUI | | | | | |

MIAMI BEACH ATLANTIC CITY LLC

%-6869   NIKKI BEACH ATLANTIC CITY LLC

FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05

YEAR TO DATE REPORT

PAGE 2

| PLAYER NAME / ID NUMBER | EARNINGS TOTAL EARNINGS / TOTAL COMP | SOC SEC MEDICARE | FEDERAL | STATE | LOCAL | DBL/SUI | 1 CASH TIPS / 6 HOUSING | 2 CHARGE TIPS / 7 MISC DED | 3 GARN EE | 4 GARN PAY | 5 UNIFORM / 10 CHRG SVE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| KARIC,MARILU M 81 | 219.95 / 417.95 | 25.92 / 6.06 | 16.92 | 4.83 NJ | | 2.69 NJDBL / 1.77 NJSUI | | | | | |
| KEH JR,STANLEY T 193 | 508.93 / 508.93 | 36.51 / 8.54 | 34.00 | 7.97 NJ | | 2.94 NJDBL / 2.51 NJSUI | 2 | 198.00 | | | |
| LENTN,CAROL 324 | 1553.10 / 1553.10 | 96.31 / 22.52 | 135.90 | 23.30 NJ | | 7.77 NJDBL / 6.61 NJSUI | 2 | 145.62 | | | 12.00 |
| ABARA,DANYELLE 334 | 139.06 / 284.67 | 17.65 / 4.13 | 26.18 | 4.27 NJ | | 1.42 NJDBL / 1.21 NJSUI | | | | | |
| PRRISO,JOSE OMAR 272 | 353.26 / 434.27 | 26.92 / 6.29 | 40.61 | 6.51 NJ | | 2.17 NJDBL / 1.85 NJSUI | 2 75.00 / 8.65 | 6.01 | | | |
| 292 | 2525.19 / 3687.60 | 225.53 / 52.73 | 380.02 | 61.59 NJ | | 18.19 NJDBL / 15.45 NJSUI | | | | | |
| SELICE,CATHERINE 248 | 1420.93 / 1420.93 | 809.07 / 209.05 | 2264.61 | 323.09 NJ | | 72.15 NJDBL / 61.30 NJSUI | 6 740.00 / 855.90 | 371.41 | | | 34.00 |
| UEI,JASON 212 | 457.26 / 848.65 | 52.61 / 12.31 | 51.32 | 12.73 NJ | | 4.24 NJDBL / 3.60 NJSUI | 2 193.32 | 198.07 | | | |
| YOMA,AGUSTIN 290 | 2263.66 / 3334.66 | 206.74 / 48.35 | 284.89 | 50.60 NJ | | 16.68 NJDBL / 14.17 NJSUI | 2 | 1091.62 | | | |
| ZAVAN,SIMONA 232 | 183.67 / 465.42 | | 48.26 | 5.82 NJ | | 2.33 NJDBL / 1.97 NJSUI | 2 200.00 | 81.75 | | | 13.00 |
| DUSITH,CARL 208 | 7563.93 / 7563.93 | 468.99 / 109.67 | 659.42 | 116.59 NJ | | 37.82 NJDBL / 32.15 NJSUI | | | | | |
| LMONT,DANIEL 256 | 6230.79 / 6230.79 | 386.28 / 90.36 | 881.82 | 110.61 NJ | | 31.14 NJDBL / 26.46 NJSUI | | | | | |
| ROMAN,LINDSAY M 82 | 30.90 / 30.90 | 1.92 / 0.45 | | 0.18 NJ | | 0.15 NJDBL / 0.13 NJSUI | | | | | |
| ST,BRANDY L 24 | 4496.63 / 1959.42 | 79.50 / 14.56 | 72.10 | 15.06 NJ | | 5.01 NJDBL / 4.27 NJSUI | 1217.40 | 283.39 | | | |
| F,NASSAW 226 | 4458.53 / 4458.53 | 276.45 / 64.60 | 517.14 | 72.79 NJ | | 22.30 NJDBL / 18.95 NJSUI | 2 | | | | |

NIKKI BEACH ATLANTIC CITY LLC

**YEAR TO DATE REPORT**

PAGE 3

FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05

RUN DATE 12/31/05

| PLAYER NAME D NUMBER | EARNINGS TOTAL COMP | SOC SEC / SOC SEC MEDICARE | FEDERAL | STATE | LOCAL | DBL/SUI | 1 CASH TIPS / 6 HOUSING | 2 CHARGE TIPS / 7 MISC DED | 3 GARN EE | 4 GARN PAY | 5 UNIFORM / 10 CHK/SVE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Y.,JUSTIN 341 | 4935.00 4935.00 | 305.99 71.56 | 579.79 | 80.18 NJ | | 24.69 NJDBL 20.97 NJSUI | | | | | |
| LECCI,KERRY 250 | 103.95 103.95 | 6.44 1.51 | 2.60 | 1.56 NJ | | 0.52 NJDBL 0.44 NJSUI | | | | | |
| RICH,JANNIE 303 | 7087.00 7227.88 | 440.13 104.52 | 863.09 | 115.55 NJ | | 35.15 NJDBL 30.73 NJSUI | | 2 140.88 | | | |
| SHOP,ALLISON 260 | 2078.31 3421.14 | 212.11 49.63 | 318.61 | 52.49 NJ | | 17.11 NJDBL 14.53 NJSUI 1 | 5.00 2 | 537.83 | | | |
| SHOP,RACHELLE D 38 | 127.10 127.10 | 7.68 1.84 | | 0.76 NJ | | 0.63 NJDBL 0.54 NJSUI | | | | | |
| ACKRELL ,ECSTASY 216 | 441.00 441.00 | 27.36 6.40 | 22.86 | 6.61 NJ | | 2.20 NJDBL 1.87 NJSUI | | | | | |
| EDAU,OLEG 360 | 1004.46 1444.85 | | 127.30 | 19.64 NJ | | 7.22 NJDBL 6.15 NJSUI | 2 | 439.59 | | | |
| MILLA,LIZ T 117 | 321.13 768.49 | 47.65 11.14 | 39.77 | 11.51 NJ | | 3.84 NJDBL 3.27 NJSUI 1 | 142.53 2 | 304.83 | | | |
| SONICA,DANIELA I 97 | 182.15 207.15 | 12.84 3.00 | 4.85 | 3.11 NJ | | 1.03 NJDBL 0.88 NJSUI | 2 | 20.00 | | | |
| STIC,BASHELL 333 | 931.50 931.50 | 57.75 13.52 | 75.63 | 13.90 NJ | | 4.66 NJDBL 3.97 NJSUI | | | | | |
| MRES,AMY 221 | 208.50 208.50 | 12.93 3.03 | 10.65 | 3.13 NJ | | 1.04 NJDBL 0.89 NJSUI | | | | | |
| WACH,BRILLIE 256 | 2049.90 2049.90 | 127.09 29.72 | 192.18 | 30.76 NJ | | 10.26 NJDBL 8.74 NJSUI | | | | | |
| WOON,CALVIN 350 | 1504.50 1504.50 | 93.28 21.82 | 134.98 | 22.57 NJ | | 7.53 NJDBL 6.40 NJSUI | | | | | |
| BRINGTON,ANITA C 200 | 381.30 381.30 | 23.64 5.53 | | 0.73 NJ | | 1.90 NJDBL 1.63 NJSUI | | | | | |

6869    NIKKI BEACH ATLANTIC CITY LLC

NIKKI BEACH ATLANTIC CITY LLC

FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05

**YEAR TO DATE REPORT**

PAGE 4

| EMPLOYEE NAME ID NUMBER | EARNINGS | | TAX WITHHOLDINGS | | | | | VOLUNTARY DEDUCTIONS & OTHER ADJUSTMENTS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | EARNINGS TOTAL COMP | SOC SEC MEDICARE | FEDERAL | STATE | LOCAL | DBA/SUI | 1 CASH TIPS 6 HOUSING | 2 CHARGE TIPS 7 MISC DED | 3 GARN EE | 4 GARN PAY | 5 UNIFORM 10 CHK/SVE | |
| UDUICKNESS,KENTON 304 | 3478.00 3478.00 | 215.64 50.44 | 624.45 | 116.97 NJ | | 17.39 NJDBL 14.78 NJSUI | 1 | | | | | |
| UTTMANN,JKMI 348 | 1260.00 1260.00 | 78.13 18.28 | 121.70 | 18.91 NJ | | 6.30 NJDBL 5.36 NJSUI | | | | | | |
| ILLOCK,TIANA N 86 | | | | | | | | | | | | |
| UNO,TRACY L 23 | 256.71 549.76 | 34.09 7.97 | 32.50 | 8.24 NJ | | 2.74 NJDBL 2.33 NJSUI | 1 | 188.69 | 2 94.36 | | | |
| RO,JASON N 29 | 412.06 1591.04 | 73.95 17.31 | 34.72 | 14.72 NJ | | 5.97 NJDBL 5.08 NJSUI | 1 | 315.00 | 2 465.98 | | | |
| ODINA ,EKATERINA 33A | | | | | | | | | | | | |
| RO,EVELYN 135 | 343.65 343.65 | 21.32 4.99 | 13.50 | 4.29 NJ | | 1.72 NJDBL 1.46 NJSUI | 1 | | | | | |
| DIXOU,DANIELLE A 95 | 113.30 113.30 | 7.03 1.66 | | 1.70 NJ | | 0.56 NJDBL 0.48 NJSUI | | | | | | |
| GRITA,DAVID 71 | 1371.26 4589.52 | 290.75 68.00 | 245.87 | 60.06 NJ | | 23.45 NJDBL 19.92 NJSUI | 1 | 735.78 | 2 2581.96 | | 5 | 13.00 |
| WPBELL,BRAY L 144 | 1323.83 1323.83 | 82.08 19.20 | 153.36 | 22.02 NJ | | 6.62 NJDBL 5.63 NJSUI | | | | | | |
| PPO,ADRIANNA 279 | 2207.65 4891.36 | 303.24 70.93 | 510.38 | 77.01 NJ | | 24.45 NJDBL 20.78 NJSUI | 1 | 355.00 | 2 2320.71 | | 5 | 10.00 |
| NEELARIO,ROSA MARIA 257 | | | | | | | | | | | | |
| NIELLA,AUTUMN 33 | 971.71 3560.69 | 220.77 51.62 | 206.92 | 48.50 NJ | | 17.00 NJDBL 15.14 NJSUI | 1 | 1244.54 | 2 1344.44 | | 5 | 10.00 |
| RROCHANSO,NIXOLAS 331 | | | | | | | | | | | | |
| APPELL,THEDA R 76 | 1294.81 2167.69 | 134.40 31.45 | 159.29 | 33.06 NJ | | 10.82 NJDBL 9.21 NJSUI | | | 873.08 | | | |

6869    NIKKI BEACH ATLANTIC CITY LLC

RUN DATE 12/31/05

NIKKI BEACH ATLANTIC CITY LLC

**YEAR TO DATE REPORT**

FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05

PAGE 5

| EMPLOYEE NAME & NUMBER | EARNINGS | | TAX WITHHOLDINGS | | | | | VOLUNTARY DEDUCTIONS & OTHER ADJUSTMENTS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | EARNINGS | TOTAL COMP | SOC SEC / MEDICARE | FEDERAL | STATE | LOCAL | DOL/SUI | 1 CASH TIPS / 6 HOUSING | 2 CHAR&TIPS / 7 MISC DED | 3 GARN EE | 4 GARN PAY | 5 UNIFORM / 10 CHK/SVE |
| RYERSON,MICHELLE A 174 | 15346.17 15422.01 | | 956.21 223.69 | 2047.61 | 307.47 NJ | | 77.04 NJDBL 65.62 NJSUI | | | | | |
| EMODY,YUSUF 310 | 36.05 36.05 | | 2.24 0.52 | | 0.54 NJ | | 0.18 NJDBL 0.15 NJSUI | | 2    75.84 | | | |
| IRBERTO,JAYNE 245 | | | | | | | | | | | | |
| EMMY,MARIE L 151 | 664.08 664.08 | | 41.18 9.63 | 50.84 | 9.97 NJ | | 3.33 NJDBL 2.82 NJSUI | | | | | |
| LATRELLA,KATRINA L 106 | 985.44 1216.07 | | 75.40 17.62 | 56.07 | 18.23 NJ | | 6.06 NJDBL 5.18 NJSUI | 1    341.88 | 2    288.75 | | | |
| LE,ROBERT 373 | 1507.50 1507.50 | | 93.47 21.86 | 111.50 | 21.81 NJ | | 7.55 NJDBL 6.41 NJSUI | | | | | |
| WFORT JR,WILLIAM S 182 | 1642.50 1642.50 | | 101.84 23.82 | 128.63 | 23.57 NJ | | 8.21 NJDBL 6.99 NJSUI | | | 3    822.72 | | |
| HHH,HHH 179 | 359.48 359.48 | | 22.29 5.21 | | | | 1.79 NJDBL 1.53 NJSUI | | | | | |
| ATL,FHROHH 15 | 248.15 468.14 | | 29.03 6.80 | | 3.37 NJ | | 2.34 NJDBL 1.99 NJSUI | 1    97.12 | 2    122.83 | | | |
| DUER,TIM W 106 | | | | | | | | | | | | |
| ORIGWI,MAUREEN 72 | | | | | | | | | | | | |
| NLER,ZACHARY 313 | | | | | | | | | | | | |
| APLIN,PATRICK 343 | | | | | | | | | | | | |
| KOEN,ROBERT 264 | | | | | | | | | | | | |
| SOSRUU,JAMES 270 | 3904.35 3315.48 | | 329.54 77.08 | 564.30 | 83.95 NJ | | 26.58 NJDBL 22.60 NJSUI | | 2    1371.13 | | | 5    13.00 |

6869    NIKKI BEACH ATLANTIC CITY LLC

25-6869     NIKKI BEACH ATLANTIC CITY LLC     FOR YEAR TO DATE MONTHS THROUGH 12/31/05     YEAR TO DATE REPORT     PAGE 6

| EMPLOYEE NAME & NUMBER | EARNINGS TOTAL COMP | SOC SEC MEDICARE | FEDERAL | STATE | LOCAL | DELL/SEX | 1 CASH TIPS / 6 HOUSING | 2 CHARGE TIPS / 7 MISC DED | 3 ERNN EE | 4 GROH PAY | 5 UNIFORM /AO CHK/ SYE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ZENAVINSKI,CHRISTINA D 172 | | | | | | | | | | | |
| ZENAVINSKI,MADELYN M 96 | | | | | | | | | | | |
| WHITE,TINA L 35 | 583.68 1531.73 | 94.99 22.21 | 89.07 | 18.71 NJ | 7.66 NJDBL 6.51 NJSUI | 1 | 573.76 | 2 374.29 | | | |
| WHEELS,BRUCE 295 | 382.50 382.50 | 23.72 5.56 | 22.95 | 5.74 NJ | 1.91 NJDBL 1.63 NJSUI | | | | | | |
| WICKED,MARIA 184 | | | | | | | | | | | |
| WELLA,EVELYN 336 | 2516.43 2516.43 | 156.03 36.40 | 211.51 | 37.76 NJ | 12.60 NJDBL 10.69 NJSUI | 6 851.10 | | 3 63.93 | | | |
| WIS ,JOE 274 | 8755.65 8755.65 | 542.67 126.99 | 1178.43 | 159.98 NJ | 43.78 NJDBL 37.22 NJSUI | | | | | | |
| WIS,CORNELL B 57 | | | | | | | | | | | |
| WIS,DAMON A 123 | 3254.35 4072.27 | 252.49 59.05 | 395.09 | 61.92 NJ | 20.36 NJDBL 17.30 NJSUI | 2 806.58 | | | | | |
| WASON,NIKKI L 93 | 992.63 3855.20 | 239.04 55.91 | 255.19 | 54.23 NJ | 19.26 NJDBL 16.38 NJSUI | 1 1185.94 | 2 1686.63 255.23 | | | | |
| WARNE,RENEE S 78 | 208.11 326.79 | 28.86 4.74 | 17.38 | 4.90 NJ | 1.63 NJDBL 1.39 NJSUI | 1 31.27 | 2 87.41 | | | | |
| WARD,KIMBERLY 354 | | | | | | | | | | | |
| PP OF CHILD SUP. SERV 367 | | | | | | | | | | 4 570.39 | | |
| WARSE,MATTHEW S 94 | 386.49 592.75 | 36.75 8.59 | 30.69 | 8.88 NJ | 2.96 NJDBL 2.52 NJSUI | | 166.44 | 2 39.82 | | | 5 20.00 |

25-6869     NIKKI BEACH ATLANTIC CITY LLC

RUN DATE 12/31/05

NIKKI BEACH ATLANTIC CITY LLC

FOR YEAR TO DATE PAYMENTS THROUGH 12/31/05

YEAR TO DATE REPORT

PAGE: 7

| EMPLOYEE NAME & NUMBER | EARNINGS TOTAL COMP / TOTAL COMP | SOC SEC / MEDICARE | FEDERAL | STATE | LOCAL | SDI/SUI | 1 CASH TIPS / 6 HOUSING | 2 CHARGETIPS / 7 MISC DED | 3 EARN EX | 4 &NOR PAY / 5 UNIFORM / 0 CDN/SVE |
|---|---|---|---|---|---|---|---|---|---|---|
| STRAUS,SARAH 305 | 404.53 / 238.81 | 145.01 / 33.91 | 239.03 | 41.68 NJ | | 11.69 NJDBL / 9.95 NJSUI | 1 475.00 | 2 1459.28 | | |
| VLIN,DAVE C 185 | 4540.93 / 4540.93 | 282.04 / 65.97 | 474.50 | 75.33 NJ | | 22.25 NJDBL / 19.33 NJSUI | | | | |
| CABLO,MICHAEL A 20 | 613.20 / 944.10 | 58.53 / 13.69 | 49.70 | 14.15 NJ | | 4.72 NJDBL / 4.02 NJSUI | 1 242.70 | 2 / 7 | | |
| COBSON,MICHELLE L 68 | 187.15 / 507.15 | 27.75 / 2.46 | | 0.66 NJ | | 0.85 NJDBL / 0.72 NJSUI | 1 320.00 | 2 | | |
| GREISING,ALANA LOUI 18 | 456.39 / 1475.65 | 91.49 / 21.39 | 69.55 | 18.98 NJ | | 7.38 NJDBL / 6.28 NJSUI | 1 427.11 | 2 592.15 | | |
| MARIA,DANIELLE S 51 | 2835.45 / 2835.45 | 175.80 / 41.12 | 336.69 | 46.74 NJ | | 14.18 NJDBL / 12.05 NJSUI | 1 | 2 | | |
| MARTINE,JESSICA LEIG 30 | 2469.37 / 2469.37 | 232.25 | | 34.05 NJ | | 12.36 NJDBL / 10.51 NJSUI | | | | |
| KERN,JOHN 252 | 5921.25 / 5921.25 | 367.15 / 85.80 | 679.39 | 93.28 NJ | | 29.62 NJDBL / 25.19 NJSUI | | | | |
| MCKEVA,MULTANA 347 | 30.90 / 30.90 | 1.92 / 0.45 | | 0.46 NJ | | 0.15 NJDBL / 0.13 NJSUI | | | | |
| HAZID,ERNEST 285 | 30.90 / 30.90 | 1.92 / 0.45 | | 0.46 NJ | | 0.15 NJDBL / 0.13 NJSUI | | | | |
| USHERY,MICHAEL O 41 | 1385.37 / 5215.90 | 323.40 / 75.63 | 601.86 | 85.99 NJ | | 26.09 NJDBL / 22.17 NJSUI | 1 1179.30 | 2 2651.23 / 4.33 | | |
| VET,CATHERINE ANNI 43 | 30.90 / 30.90 | 1.92 / 0.45 | | 0.46 NJ | | 0.15 NJDBL / 0.13 NJSUI | | | | |
| MARY,BRIDGEY 77 | | | | | | | | | | |
| MAJ,NICOLAS L 66 | | | | | | | | | | |
| FREY,ELIZABETH 162 | | | | | | | | | | |

NIKKI BEACH ATLANTIC CITY LLC

RUN DATE 12/31/05

25-8869    KIKI BEACH ATLANTIC CITY LLC

FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05

YEAR TO DATE REPORT

PAGE 6

| EMPLOYEE NAME AND NUMBER | EARNINGS | TOTAL COMP | SOC SEC | MEDICARE | FEDERAL | STATE | LOCAL | SUI/SDI | 1 CASH TIPS / 6 HOUSING | 2 CIGARETTIPS / 7 MISC DED | 3 GARN FEE | 4 GARN PAY | 5 UNIFORM / 10 CRU/SVE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| URSHAN,KIMBERLY A 196 | 1890.18 | 1890.18 | 117.19 | 27.42 | 117.68 | 25.26 NJ | | 9.45 NJDBL / 8.04 NJSUI | 1 | 125.00 | 166.72 | | |
| EISENHAUER,TIMOTHY 113 | 1321.50 | 1611.22 | 100.02 | 23.39 | | | | 4.07 NJDBL / 6.86 NJSUI | 2 | 1081.96 | 3555.46 | | |
| LLER,ERIC A 61 | 2035.21 | 2797.81 | 173.46 | 40.57 | 214.68 | 42.56 NJ | | 13.98 NJDBL / 11.90 NJSUI | | | | | |
| LLIS,CAMILLE K 101 | 334.75 | 334.75 | 20.26 | 4.85 | 22.56 | 5.02 NJ | | 1.67 NJDBL / 1.42 NJSUI | 2 | 762.60 | | | |
| SSLER,HEATHER D 80 | | | | | | | | | | | | | |
| PANGELISTA,ROMAN 273 | 234.33 | 234.33 | 14.52 | 3.40 | 9.32 | 3.51 NJ | | 1.17 NJDBL / 1.00 NJSUI | | | | | |
| ALZONE,ANDREA M 111 | 1321.99 | 6759.41 | 419.09 | 98.00 | 765.10 | 116.18 NJ | 1 | 33.78 NJDBL / 28.73 NJSUI | 2 | 125.00 | | | |
| NZDILLARD,ALAINA 335 | 3449.07 | 3459.69 | | | 379.98 | 52.25 NJ | 1 | 17.29 NJDBL / 14.72 NJSUI | 2 | 5.00 | 5.61 | | |
| ENNATT,FENISON 150 | 11705.43 | 11705.43 | 725.99 | 169.80 | 1651.26 | 233.89 NJ | 1 | 56.55 NJDBL / 49.70 NJSUI | | | | | |
| UMZA,CONNIE 343 | 640.51 | 640.51 | 39.72 | 9.29 | 38.56 | 9.60 NJ | | 3.20 NJDBL / 2.73 NJSUI | 7 | | 9.00 | | |
| DRAWANTI,KIMBERLEY C 40 | 553.78 | 1012.93 | 62.80 | 14.68 | 25.78 | 15.21 NJ | 1 | 5.07 NJDBL / 4.30 NJSUI | 2 | 348.00 | 111.15 | | |
| .ANNEDY,SEAN P 104 | 33.48 | 33.48 | 2.08 | 0.49 | | | | 0.17 NJDBL / 0.14 NJSUI | | | | | |
| .DOD,JESSICA M 69 | | | | | | 0.50 NJ | | | 2 | 734.53 | 527.65 | | 13.00 |
| JMSEER,DEREK 247 | 769.24 | 769.24 | 47.70 | 11.16 | 86.34 | 11.54 NJ | | 3.84 NJDBL / 3.26 NJSUI | 3 | 324.00 | | | |
| ROD,DRULEL 267 | 1366.97 | 2101.50 | 130.32 | 30.49 | 186.15 | 31.99 NJ | | 10.53 NJDBL / 8.94 NJSUI | | | | | |

s-8869    NIKKI BEACH ATLANTIC CITY LLC    FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05    YEAR TO DATE REPORT    PAGE    6

| PLAYER NAME & NUMBER | EARNINGS TOTAL COMP | SOC SEC MEDICARE | FEDERAL | STATE | LOCAL | SUI/SUI | 1 CASH TIPS 6 HOUSING | 2 CHARGETIPS 7 MISC DED | 3 GARN EE | 4 GARN PAY | 5 UNIFORM 10 CHK/SVE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ALER.,JOAQUIN J 118 | 849.26 1874.01 | 66.59 15.57 | 64.09 | 16.10 NJ | | 5.37 NJSBL 4.56 NJSUI | 2 | 2 224.75 | | | |
| EDERICK,FRANK 49 | 625.71 1756.70 | 108.92 25.47 | 240.69 | 39.11 NJ | | 8.79 NJSBL 7.45 NJSUI | 1 528.00 2 | 2 602.99 | | | |
| RRS,RICHARD 238 | 530.20 780.63 | 45.41 11.33 | 42.58 | 11.72 NJ | | 3.90 NJSBL 3.31 NJSUI | 1 99.64 2 | 2 150.79 | | | |
| .LIES,ELIZABETH C 99 | 1314.62 1314.62 | 81.51 19.06 | 120.10 | 19.73 NJ | | 6.57 NJSBL 5.58 NJSUI | 1 | | | | |
| ML,SHAWN 305 | 3225.90 3225.90 | 200.02 46.80 | 344.17 | 52.98 NJ | | 16.14 NJSBL 13.71 NJSUI | | | | | |
| YER,JASON 275 | 2812.50 2812.50 | 174.39 40.80 | 296.94 | 43.23 NJ | | 14.07 NJSBL 11.96 NJSUI | | | | | |
| YER.,JANEDUS 276 | | | | | | | | | | | |
| (TAKEBO),JAYMA 116. | 233.60 929.59 | 57.63 13.48 | 88.50 | 14.70 NJ | | 4.66 NJSBL 3.95 NJSUI | 1 17.68 2 | 2 679.31 | | | |
| GZALEZ,DIANA M 90 | | | | | | | | | | | |
| GZALEZ,MARIA I 98 | | | | | | | | | | | |
| GZALEZ,MILAGRO 130 | 3905.20 3905.20 | 242.12 56.63 | | | | 19.54 NJSBL 16.60 NJSUI | | | | | |
| Z.EVELYN 344 | 270.00 270.00 | 16.74 3.92 | 12.30 | 4.06 NJ | | 1.36 NJSBL 1.14 NJSUI | | | | | |
| GZL,JESSICA A 53 | 46.53 321.60 | 19.95 4.67 | 13.57 | 3.99 NJ | | 1.61 NJSBL 1.36 NJSUI | 1 230.00 2 | 45.07 | | | |
| ANNA,LETGNANUE 52 | 739.75 2122.27 | 131.90 30.85 | 104.41 | 27.69 NJ | | 10.64 NJSBL 9.05 NJSUI | 1 690.54 2 | 2 696.98 | | | |
| .UZE,NICOLE L 22 | 718.41 1771.34 | 109.81 25.69 | 89.22 | 25.59 NJ | | 8.86 NJSBL 7.52 NJSUI | 1 521.00 2 | 531.93 7 2.50 | | | 5 18.00 |

i-8869    NIKKI BEACH ATLANTIC CITY LLC    RUN DATE 12/31/05

75-6869    NIKKI BEACH ATLANTIC CITY LLC

**YEAR TO DATE REPORT**

FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05

PAGE 10

|  | EARNINGS | | TAX WITHHOLDINGS | | | | VOLUNTARY DEDUCTIONS & OTHER ADJUSTMENTS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| EMPLOYEE NAME & NUMBER | EARNINGS TOTAL COMP | SOC SEC MEDICARE | PERSONAL | STATE | LOCAL | DBL/SDI | 1 CASH TIPS 6 HOUSING | 2 CHARGE TIPS 7 MISC DED | 3 GARN EE | 4 GARN PAY | 5 UNIFORM 10 CHK/SVE |
| ACOSTA,ELLIO A 121 | 5543.89 / 5628.11 | 348.96 / 81.82 | 477.90 | 93.58 NJ | | 28.16 NJDBL / 23.94 NJSUI | 1 84.72 | 2 | | | |
| DEATON,LATASHA N 44 | 319.79 / 960.61 | 53.64 / 8.53 | | 3.90 NJ | | 2.93 NJDBL / 2.50 NJSUI | 1 535.96 | 2 104.86 / 10.10 | | | |
| HERRERA,JON K 26 | | | | | | | | | | | |
| LEATHER,PETE M 13 | 119.34 / 179.34 | 11.12 / 2.60 | 4.41 | 2.70 NJ | | 0.50 NJDBL / 0.78 NJSUI | 1 60.00 | 7 | 3 21.09 | | |
| GUTIERREZ,BENITO 201 | 1011.50 / 1011.50 | 62.72 / 14.67 | 17.11 | 16.39 NJ | | 5.06 NJDBL / 4.30 NJSUI | 1 | | | | |
| WILTON JR.,WILLIAM J 54 | 836.17 / 3013.96 | 186.88 / 43.70 | 142.36 | 39.76 NJ | | 15.08 NJDBL / 12.83 NJSUI | 1 1210.79 | 2 967.04 | | | |
| WEBTON,ANTHONY 327 | 1957.50 / 1965.40 | 121.85 / 28.49 | 156.71 | 29.51 NJ | | 9.86 NJDBL / 8.37 NJSUI | 2 535.96 | | | | |
| WEBTON,MARYOTTA 364 | 152.00 / 152.00 | 9.42 / 2.20 | 10.10 | 2.28 NJ | | 0.76 NJDBL / 0.65 NJSUI | 2 | 7.90 | | | |
| GRAHAM,BRUCE I 1 | 25383.27 / 25383.27 | 1573.71 / 368.00 | 3120.40 | 534.97 NJ | | 124.50 NJDBL / 105.82 NJSUI | | | | | |
| AVEY,ALFRED D 125 | 58.50 / 58.50 | 3.63 / 0.85 | 0.85 | 0.87 NJ | | 0.29 NJDBL / 0.25 NJSUI | | | | | |
| OTHAWAY,DORTAE T 131 | 1223.22 / 1223.22 | 75.85 / 17.75 | 91.63 | 18.36 NJ | | 6.11 NJDBL / 5.19 NJSUI | | | 3 | | |
| AYES-YOUNG,FRANK 199 | 4203.93 / 4203.93 | 260.55 / 60.95 | 390.51 | 63.03 NJ | | 21.03 NJDBL / 17.85 NJSUI | | | | | |
| MAY,RICK 285 | | | | | | | | | | | |
| RAMIREZ,JOSE 218 | | | | | | | | | | | |
| PFER,JERNELLE P 65 | | | | | | | | | | | 5 12.50 |

```
5-6669                    NIKKI BEACH ATLANTIC CITY LLC
```

NIKKI BEACH ATLANTIC CITY LLC

FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05

YEAR TO DATE REPORT

| PLAYER NAME / ID NUMBER | EARNINGS | | TAX WITHHOLDINGS | | | | | VOLUNTARY DEDUCTIONS & OTHER ADJUSTMENTS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | TOTAL EARNINGS | SOC SEC COMP | SOC SEC MEDICARE | FEDERAL | STATE | LOCAL | DBL/SUI | 1 CASH TIPS / 6 HOUSING | 2 CHARGETIPS / 7 MISC DED | 3 GARN EE | 4 GARN PAY | 5 UNIFORM / 10 CHG/SVE |
| BO-GRAVEL,AMY C 114 | 2293.12 2377.34 | 147.38 34.47 | 199.83 | 36.50 NJ | | 11.68 NJDBL 10.13 NJSUI | 2 | 84.22 | | | |
| CHRISTINE E 158 | 30.90 30.90 | 1.92 0.45 | | 0.46 NJ | | 0.15 NJDBL 0.13 NJSUI | | | | | |
| LIEN,REBECCA L 11 | 30.90 30.90 | 1.92 0.45 | | 0.18 NJ | | 0.15 NJDBL 0.13 NJSUI | | | | | |
| USTER-BELL,CANDICE 303 | 203.59 203.59 | 12.62 2.95 | 12.00 | 3.06 NJ | | 1.02 NJDBL 0.87 NJSUI | | | | | |
| WOHL,KASH 321 | | | | | | | | | | | |
| GHES,MARIE 340 | 3225.00 3225.00 | 199.96 46.77 | 357.24 | 52.74 NJ | | 16.13 NJDBL 13.72 NJSUI | | | | | |
| GHES,TIMOTHY RYAN 165 | 25197.00 25197.00 | 1562.21 365.45 | 4490.97 | 880.82 NJ | | 124.60 NJDBL 105.90 NJSUI | | | | | |
| TCHISON,LOREN 262 | 2578.07 6003.12 | 372.21 87.06 | 719.53 | 97.55 NJ | | 30.02 NJDBL 25.52 NJSUI | 1 1703.90 660.00 | 2 1721.15 | | | |
| YAM,JASMINE M 86 | 328.78 698.93 | 43.33 10.13 | 35.44 | 10.48 NJ | | 3.50 NJDBL 2.98 NJSUI | 6 1 165.20 | 2 203.95 | | | |
| CONELLI,KELLY A 37 | | | | | | | 1 | | | | 5 18.00 |
| ABNYA,JOSEPHA 312 | 61.80 178.16 | 11.05 2.58 | 12.72 | 2.67 NJ | | 0.89 NJDBL 0.76 NJSUI | | 2 116.36 | | | |
| VORSKI,KALIVAN C 190 | 250.59 250.59 | 16.16 3.78 | 15.86 | 3.51 NJ | | 1.30 NJDBL 1.10 NJSUI | | | | | |
| DIXON,MARCHESE 269 | 186.95 186.95 | 11.59 2.71 | 8.50 | 2.81 NJ | | 0.94 NJDBL 0.80 NJSUI | | | | | |
| DIXON-SIMAS,LAWR 308 | 46.35 52.02 | 3.23 0.75 | 0.11 | 0.78 NJ | | 0.26 NJDBL 0.22 NJSUI | | 5.67 | | | |
| NKING,JAMES 140 | 9461.43 9461.43 | 586.62 137.19 | 817.47 | 149.10 NJ | | 47.33 NJDBL 40.23 NJSUI | 2 | | | | |

```
5-6669          NIKKI BEACH ATLANTIC CITY LLC
```

PAGE X1

PAGE X1 28.00

RUN DATE 12/31/05

95-6869  NIKKI BEACH ATLANTIC CITY LLC

FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05

# YEAR TO DATE REPORT

PAGE 12

| EMPLOYEE NAME & NUMBER | EARNINGS — EARNINGS / TOTAL COMP | SOC SEC / MEDICARE | FEDERAL | STATE | LOCAL | DBL/SUI | 1 CASH TIPS / 6 HOUSING | 2 CHARGE TIPS / 7 MISC DED | 3 GARN EE | 4 GARN PAY | 5 UNIFORM / 10 CHK/SVE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DKINS, MATHEW 143 | 2152.50 / 2152.50 | 133.46 / 31.22 | | | | 10.77 NJDBL 9.17 NJSUI | | | | | |
| HOLMES, SUZANNE M 100 | 373.53 / 474.56 | 29.42 / 6.88 | 119.64 | 4.46 NJ | | 2.37 NJDBL 2.02 NJSUI | 63.48 | 37.55 | | | |
| HANSON, BRETT 129. | 276.00 / 276.00 | 17.12 / 4.00 | 4.50 | 3.28 NJ | | 1.38 NJDBL 1.17 NJSUI | | | | | |
| HANSON, ANTOINETTE 355 | | | | | | | | | | | |
| HANSON, ARNOLD 239 | 688.15 / 688.15 | 42.67 / 9.99 | 6.69 | 6.43 NJ | | 3.44 NJDBL 2.94 NJSUI | | | | | |
| HNSON, JOHN M 133 | | | | | | | | | | | |
| HNSON, MICHEAL 236 | 4534.23 / 4534.23 | 281.13 / 65.76 | 504.73 | 77.12 NJ | | 22.68 NJDBL 19.28 NJSUI | | | | | |
| HNSON, RONALD 223 | | | | | | | | | | | |
| BLOW, BRIDGET C 192 | 699.34 / 2702.23 | 167.55 / 39.16 | 220.75 | 40.83 NJ | | 13.52 NJDBL 11.47 NJSUI | 1 | 2 1070.10 | | | |
| BANOVA, ELENA 325 | 2393.58 / 3404.22 | | 298.42 | 43.19 NJ | | 17.42 NJDBL 14.80 NJSUI | 932.79 2 | 2 1133.64 | | | 5 10.00 |
| DYKOVA, ANNA 345 | 1309.25 / 2127.13 | 194.98 | 20.73 NJ | | 10.65 NJDBL 9.04 NJSUI | | | | | |
| EYS, CALVIN L 146 | 3641.43 / 3641.43 | 225.77 / 52.81 | 225.21 | 56.55 NJ | | 18.20 NJDBL 15.49 NJSUI | | 2 817.80 | | | |
| PLEY, RUSS D 132 | | | | | | | | | | | |
| ZINSKI, LUCAS 62 | 2845.71 / 3806.35 | 240.94 / 56.36 | 291.13 | 55.44 NJ | | 19.43 NJDBL 16.51 NJSUI | | 2 1040.64 | | | |
| ONE, DARREN C 147 | | | | | | | | | | | |

5-6869    NIKKI BEACH ATLANTIC CITY LLC

YEAR TO DATE REPORT

FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05

NIKKI BEACH ATLANTIC CITY LLC

5-6869

| PLAYERS NAME ID NUMBER | EARNINGS EARNINGS TOTAL COMP | SOC SEC MEDICARE | TAX WITHHOLDINGS FEDERAL | STATE | LOCAL | DBL/SUI | VOLUNTARY DEDUCTIONS & OTHER ADJUSTMENTS 1 CASH TIPS 6 HOUSING | 2 CHARGETIPS 7 MISC DED | 3 GARN EE | 4 GARN PAY | 5 UNIFORM RD CHK/SVE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| RM,ANGELA L 73 | 697.10 4328.11 | 302.43 70.75 | 361.00 | 68.83 NJ | | 24.40 NJDBL 20.74 NJSUI | 1 1064.59 6 | 2 3286.42 7 57.28 | | | |
| WELLA,LAUREN M 91 | 212.00 431.97 | 26.77 6.27 | 17.47 | 6.47 NJ | | 2.17 NJDBL 1.85 NJSUI | 1 73.08 | 2 146.09 7 | | | |
| GONOSA,ELIZABETH 228 | 255.99 342.77 | 21.25 4.97 | 13.91 | 5.14 NJ | | 1.72 NJDBL 1.46 NJSUI | 2 | 2 86.78 | | | |
| HAY,GERALD E 8 | 86.80 590.25 | 36.60 8.56 | 41.50 | 8.03 NJ | | 2.95 NJDBL 2.51 NJSUI | 1 243.67 | 2 259.78 | | | |
| ROBERTSON,JAMES 211 | 1620.90 1620.90 | 100.49 23.50 | | | | | | | | | |
| ROBERTSON,JAMES M 140 | 30.90 30.90 | 1.92 0.45 | | | | 0.15 NJDBL 0.13 NJSUI | | | | | |
| APPLIN,DEVORAH D 175 | 588.54 1765.05 | 109.45 25.60 | 161.59 | 27.49 NJ | | 8.82 NJDBL 7.50 NJSUI | 1 409.75 | 2 766.76 | | | |
| MEENCE,ALLISON M 105 | 321.11 699.39 | 43.35 10.13 | 9.38 | 7.36 NJ | | 3.49 NJDBL 2.97 NJSUI | 1 215.48 | 2 162.80 | | | |
| ASON,TIMOTHY J 204 | 615.46 913.65 | 55.66 13.25 | 42.41 | 13.69 NJ | | 4.56 NJDBL 3.88 NJSUI | 2 290.19 | 2 | | | |
| E,ATU 56 | | | | | | | | | 3 160.00 | | |
| MCE,BRIAN 311 | 2071.13 2971.13 | 128.41 30.03 | 194.94 | 31.07 NJ | | 10.36 NJDBL 8.82 NJSUI | | | | | |
| VES,DOROTHEA 259 | 331.42 366.46 | 22.72 5.32 | 17.55 | 5.50 NJ | | 1.83 NJDBL 1.56 NJSUI | 2 155.00 | 2 55.06 | | | |
| CHON,MARISLAW 169 | 1454.45 1929.28 | 119.60 27.97 | 157.80 | 28.96 NJ | | 9.66 NJDBL 8.20 NJSUI | | | | | |
| FFE,DEVON M 124 | 8598.83 8598.83 | 533.11 124.67 | 1467.84 | 239.68 NJ | | 43.02 NJDBL 36.56 NJSUI | | 2 319.72 | | | 5 12.00 |
| AMID,LUIS 240 | | | | | | | | | | | |

PAGE 13

5-6869   NIKKI BEACH ATLANTIC CITY LLC

25-6869    NIKKI BEACH ATLANTIC CITY LLC    FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05

# YEAR TO DATE REPORT

PAGE 14

| EMPLOYEE NAME / ID NUMBER | EARNINGS | | TAX WITHHOLDINGS | | | | VOLUNTARY DEDUCTIONS & OTHER ADJUSTMENTS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | EARNINGS/TOTAL COMP | SOC SEC/MEDICARE | FEDERAL | STATE | LOCAL | DBL/SUI | 1 CASH TIPS/6 HOUSING | 2 CHARGE TIPS/7 MISC DED | 3 GARN EE | 4 GARN PAY | 5 UNIFORM/80 CHK/SVE |
| NOAH,FALYN L 110 | 649.05 / 692.90 | 54.74 / 12.81 | 9.18 | 8.26 NJ | | 4.41 NJDBL / 3.75 NJSUI | 1 / 6 | 1981.05 | | | |
| NOAH,MEDEDES R 25 | 241.71 / 367.56 | 22.79 / 5.32 | 3.90 | 5.52 NJ | | 1.83 NJDBL / 1.56 NJSUI | 2 | 125.85 | | | |
| NG,JESSICA 369 | 299.54 / 853.33 | 52.91 / 12.37 | 43.47 | 10.62 NJ | | 4.27 NJDBL / 3.64 NJSUI | 1 | 500.00 | 53.79 / 10.73 | | |
| IPEZ,PABLO 372 | 1920.00 / 1920.00 | 119.05 / 27.65 | 150.51 | 27.26 NJ | | 9.61 NJDBL / 8.16 NJSUI | 1 / 7 | | | | |
| RERE,JEFFREY R 16 | 144.30 / 144.30 | 8.95 / 2.09 | 0.05 | 2.16 NJ | | 0.72 NJDBL / 0.61 NJSUI | | | | | |
| MELANO,JOSEPH 219 | 1909.80 / 2576.57 | 159.79 / 37.37 | 221.94 | 38.65 NJ | | 12.83 NJDBL / 10.96 NJSUI | 2 | 667.09 | | | |
| PYEZA-NONNAS,CHRISTI 167 | | 1.92 / 0.45 | | 0.18 NJ | | 0.15 NJDBL / 0.13 NJSUI | | | | | |
| ORS,JOHN 307 | 30.98 / 30.98 | | | | | | | | | | 32.64 |
| MANA,KRISTINE 79 | | | | | | | | | | | |
| LIOWDO,EMMA 202 | 481.63 / 1725.90 | 106.89 / 25.00 | 160.60 | 26.61 NJ | | 8.62 NJDBL / 7.31 NJSUI | 1 / 2 | 796.51 | | | |
| QUIEZRA,MICHAEL H 189 | 516.19 / 502.54 | 36.13 / 8.45 | 34.75 | 8.74 NJ | | 2.91 NJDBL / 2.48 NJSUI | 1 | 66.35 | | | |
| RANDINO,CARLA 251 | | | | | | | | | | | |
| RCHIWE,SIMA 7 | 759.70 / 1611.96 | 100.18 / 23.43 | 116.87 | 23.18 NJ | | 8.08 NJDBL / 6.87 NJSUI | 1 / 2 | 371.26 | | | 5 |
| RIZHES,ROBERT T 3 | 10384.68 / 10384.68 | 643.80 / 150.60 | 1510.44 | 239.76 NJ | | 51.96 NJDBL / 44.16 NJSUI | 2 / 2 | 1241.06 | | | 475.00 / 46.00 |
| SLIEGAWA,NATALIA 326 | 2235.48 / 3476.54 | | 329.42 | 47.90 NJ | | 17.29 NJDBL / 14.78 NJSUI | | | | | |

NIKKI BEACH ATLANTIC CITY LLC

FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05

# YEAR TO DATE REPORT

PAGE  15

| PLAYER NAME ID NUMBER | EARNINGS | | TAX WITHHOLDINGS | | | | | VOLUNTARY DEDUCTIONS & OTHER ADJUSTMENTS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | TOTAL EARNINGS | TOTAL COMP | SOC SEC / MEDICARE | FEDERAL | STATE | LOCAL | SDI/SUI | 1 CASH TIPS / 6 HOUSING | 2 CHARGETIPS / 7 MISC DED | 3 GARN EE | 4 GARN PAY | 5 UNIFORM DD CHG/ SVE |
| SKLIAR,IANA 350 | 1457.95 | 2478.90 | | 221.24 | 32.32 NJ | | 12.40 NJDBL / 10.53 NJSUI | | 2  1021.92 | | | |
| ZZONE,DONNA 39 | 223.20 | 356.29 | 22.09 / 5.17 | 17.19 | 5.33 NJ | | 1.78 NJDBL / 1.52 NJSUI | 1  56.85 | 2  76.24 | | | |
| DEWITT,ELIZABETH 88 | 360.50 | 360.50 | 22.35 / 5.23 | 18.64 | 5.40 NJ | | 1.80 NJDBL / 1.53 NJSUI | | | | | |
| AXON,MARK C 46 | 831.10 | 3299.49 | 204.53 / 47.85 | 30.53 | 30.85 NJ | | 16.48 NJDBL / 14.02 NJSUI | 1  790.00 | 2  1678.31 | | | |
| DIMA,RACHEL L 64 | | | | | | | | | | | | |
| DKIFF,AARON 271 | 2228.40 | 2370.06 | 146.94 / 34.37 | 311.17 | 47.80 NJ | | 11.84 NJDBL / 10.07 NJSUI | 1  141.66 | | | | |
| ILE,SCOTT A 31 | 164.90 | 248.37 | 15.41 / 3.60 | | 1.85 NJ | | 1.24 NJDBL / 1.05 NJSUI | 1  66.35 | 2  17.12 | | | |
| LION,JANA 220 | 121.03 | 121.03 | 7.50 / 1.76 | 2.11 | 1.81 NJ | | 0.60 NJDBL / 0.52 NJSUI | | | | | |
| NIEZ,TAMICA 217 | 194.45 | 289.66 | 17.97 / 4.20 | 7.39 | 4.34 NJ | | 1.44 NJDBL / 1.24 NJSUI | 1  13.92 | 2  81.29 | | | |
| NDIKI,VALERIE N 100 | 504.05 | 504.05 | 31.26 / 7.30 | 16.66 | 6.99 NJ | | 2.52 NJDBL / 2.14 NJSUI | | | | | |
| RISHI,SINA 70 | 1233.99 | 4590.25 | 284.61 / 66.57 | 465.61 | 73.16 NJ | | 22.95 NJDBL / 19.50 NJSUI | 1  927.44 | 2  2429.42 | | | 5  13.00 |
| LITARU,ROSEMARY 89 | 666.61 | 2407.29 | 182.97 / 35.76 | 228.01 | 37.73 NJ | | 12.31 NJDBL / 10.47 NJSUI | 1  650.11 | 2  1160.57 | | | |
| LSTEIN,MATTHEN 253 | 5811.43 | 5811.43 | 316.91 / 74.13 | 651.69 | 93.47 NJ | | 25.56 NJDBL / 21.74 NJSUI | | | | | |
| LONE,SEAN 227 | 515.02 | 594.86 | 36.24 / 8.46 | 23.79 | 8.77 NJ | | 2.92 NJDBL / 2.49 NJSUI | | 2  69.84 | | | |
| NL,JOSEPH D 149 | 1653.93 | 1653.93 | 102.54 / 23.99 | 148.50 | 25.11 NJ | | 8.28 NJDBL / 7.03 NJSUI | | | | | |

5-6869

5-6869    NIKKI BEACH ATLANTIC CITY LLC

RUN DATE 12/31/05

NIKKI BEACH ATLANTIC CITY LLC

**YEAR TO DATE REPORT**

FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05

PAGE 16

| EMPLOYEE NAME / ID NUMBER | EARNINGS TOTAL COMP | SOC SEC MEDICARE | TAX WITHHOLDINGS FEDERAL | STATE | LOCAL | DBL/SUI | 1 CASH TIPS / 6 HOUSING | 2 CHARGETIPS / 7 MISC DED | 3 GARN EE | 4 GARN PAY | 5 UNIFORM / 10 CRK/SHE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MTFABRE,JILLIAN N 190 | 68993.64 7480.71 | 463.80 108.47 | 1133.77 | 157.68 NJ | | 37.41 NJDBL 31.00 NJSUI | 1 259.47 6 200.00 | 2 321.60 | | 4 1529.00 | |
| RENG,GUILLERMO 55 | 149.85 149.85 | 9.30 2.17 | | 1.39 NJ | | 0.74 NJDBL 0.64 NJSUI | | | | 4 243.00 | |
| RTOW,SHAWN P 17 | 435.76 1243.33 | 77.09 18.04 | | 1.91 NJ | | 6.20 NJDBL 5.29 NJSUI | 1 561.82 | 2 242.75 | | 4 832.00 | |
| NER,ERIC 266 | 127.50 127.50 | 7.91 1.85 | 7.65 | 1.51 NJ | | 0.64 NJDBL 0.54 NJSUI | | | | 4 40.40 | |
| VANNED,DONNA 128 | 433.65 433.65 | 26.89 6.29 | | 3.03 NJ | | 2.17 NJDBL 1.85 NJSUI | | | | 4 456.00 | |
| RDELLI,GINA 63 | | | | | | | | | 3 48.22 | 4 1404.00 | |
| LSON,LAURA 201 | 332.50 332.50 | 20.52 4.82 | 17.95 | 4.99 NJ | | 1.66 NJDBL 1.41 NJSUI | | | | 4 600.00 | |
| CHELSON,SHERITA 125 | 30.90 30.90 | 1.92 0.45 | | 0.46 NJ | | 0.15 NJDBL 0.13 NJSUI | | | | | 5 13.00 |

NIKKI BEACH ATLANTIC CITY LLC

NIKKI BEACH ATLANTIC CITY LLC

FOR YEAR TO DATE AMOUNTS THROUGH 12/11/05

# YEAR TO DATE REPORT

%-6869

| PLOYEE NAME & NUMBER | EARNINGS | | TAX WITHHOLDINGS | | | | VOLUNTARY DEDUCTIONS & OTHER ADJUSTMENTS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | EARNINGS TOTAL COMP | SOC SEC MEDICARE | FEDERAL | STATE | LOCAL | DIS/SUI | 1 CASH TIPS 6 HOUSING | 2 CHARG TIPS 7 MISC DED | 3 GARN EE | 4 GARN PAY | 5 UNIFORM 0 CRV SVE |
| 1 FAMILY SUPPORT PAYM 391 | | | | | | | | | | 4 168.00 | |
| 1 FAMILY SUPPORT PAYM 352 | | | | | | | | | | 4 50.00 | |
| 1 FAMILY SUPPORT PAYM 353 | | | | | | | | | | 4 | |
| FAMILY SUPPORT PAYM 365 | | | | | | | | | | 4 108.00 | |
| FAMILY SUPPORT PAYM 366 | | | | | | | | | | 4 1299.69 | |
| OMAA,SAMANTHA 152 | 182.90 182.90 | 11.34 2.65 | 3.95 | 2.17 NJ | | 0.91 NJDBL 0.28 NJSUI | | | | | |
| REHA,SEBASTIAN 6 | 15304.60 15304.60 | 963.84 223.00 | 2038.60 | 290.80 NJ | | 77.00 NJDBL 65.40 NJSUI | | | | | |
| RSE,AIME 357 | 1492.50 1492.50 | 92.54 21.65 | 180.32 | 24.09 NJ | | 7.46 NJDBL 6.35 NJSUI | | | | | |
| YVDAS,JUAN ANTONIO 375 | 699.00 699.00 | 43.34 10.14 | 39.10 | 9.62 NJ | | 3.50 NJDBL 2.97 NJSUI | | | | | |
| NYIRI,MARIE J 9 | 30.90 30.90 | 1.52 0.45 | | 0.46 NJ | | 0.15 NJDBL 0.13 NJSUI | | | | | |
| ELER,TASHIDA. 320 | | | | | | | | | | | |
| MZICLH,JAN N 203 | 1096.66 4140.13 | 296.71 60.02 | 305.26 | 59.01 NJ | | 20.68 NJDBL 17.58 NJSUI | 1 1121.05 | 2 1920.42 | | | |
| MAUCH,CARL M 177 | 386.90 386.90 | 19.78 4.62 | 1.10 | 3.17 NJ | | 1.60 NJDBL 1.36 NJSUI | | | | | |
| REZ,TASHA 154 | | | | | | | | | | | |
| FRESH,ROZE 166 | 56.65 56.65 | 3.51 0.82 | 20.00 | 0.85 NJ | | 0.28 NJDBL 0.24 NJSUI | | | | | 5 34.00 |

s-8869    NIKKI BEACH ATLANTIC CITY LLC

YEAR TO DATE REPORT

FOR YEAR TO DATE .MONTHS THROUGH 12/31/05

PAGE    10

| EMPLOYEE NAME & NUMBER | EARNINGS TOTAL | EARNINGS TOTAL COMP | SOC SEC MEDICARE | FEDERAL | STATE | LOCAL | DED/TAX | 1 CASH TIPS 6 HOUSING | 2 CHARGETIPS 7 MISC DED | 3 GARN EE | 4 GARN PAY | 5 UNIFORM 10 CHRG SVC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CORI,CRISTIAN P 153 | 1633.36 1639.61 | 101.66 23.78 | 105.52 | 22.98 NJ | | 8.20 NJDBL 6.90 NJSUI | 2 | | | | |
| MERFA,DIANA B 21 | 283.11 729.85 | 45.25 10.58 | 47.30 | 10.95 NJ | | 3.64 NJDBL 3.11 NJSUI | 2 | 345.00 | 181.74 | | |
| LILLO,ALEJANDRA D 107 | 946.48 2055.43 | 127.44 29.81 | 146.05 | 30.84 NJ | | 18.28 NJDBL 8.76 NJSUI | 2 | 403.23 | 705.72 | | |
| LIRA,ALEEYA 361 | | | | | | | | | | | |
| LIRA,YAHET 137 | 399.30 399.30 | 24.77 5.80 | 17.12 | 5.59 NJ | | 1.99 NJDBL 1.69 NJSUI | | | | | |
| LK,THOMAS 346 | 4447.50 4447.50 | 275.78 64.50 | 500.65 | 69.06 NJ | | 22.26 NJDBL 18.90 NJSUI | | | | | |
| P,ANDU 59 | 2207.51 2926.99 | 181.48 42.44 | 85.69 | 34.90 NJ | | 14.63 NJDBL 12.45 NJSUI | 2 | 719.08 | | | |
| MC,LEWIS 135 | 204.15 204.15 | 12.66 2.97 | | | | 1.02 NJDBL 0.87 NJSUI | | | | | |
| ESWA,CLARENCE 366 | 2295.00 2295.00 | 142.30 33.29 | 220.51 | 34.44 NJ | | 11.49 NJDBL 9.76 NJSUI | | | | | |
| JEETI,MARK A 206 | 36.05 36.05 | 2.24 0.52 | | 0.54 NJ | | 0.18 NJDBL 0.15 NJSUI | | | | | |
| LE,BRON 235 | 6003.93 6003.93 | 372.29 87.07 | 663.26 | 92.72 NJ | | 30.01 NJDBL 25.55 NJSUI | 1 | | | | |
| NCH,JESSICA 36 | 804.53 1694.69 | 105.08 24.59 | 101.57 | 25.41 NJ | | 8.40 NJDBL 7.20 NJSUI | 1 | 530.50 | 359.66 2.16 | | |
| EBA,WILLIAM A 180 | | | | | | | | | | | |
| MOKES,JOSE 317 | 5480.00 5480.00 | 401.79 93.97 | 793.94 | 105.63 NJ | | 32.48 NJDBL 27.54 NJSUI | | | | 1462.16 | |
| NITERO,MIGUEL 222 | 11394.25 12402.07 | 768.53 179.63 | 1608.41 | 342.86 NJ | | 62.01 NJDBL 52.71 NJSUI | 6 | 600.10 | 1007.02 | 3 | |

NIKKI BEACH ATLANTIC CITY LLC

FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05

YEAR TO DATE REPORT    PAGE 19

| PAYEE NAME / ID NUMBER | EARNINGS / TOTAL COMP | SOC SEC / MEDICARE | FEDERAL | STATE | LOCAL | DBL/SUI | 1 CASH TIPS / 6 HOUSING | 2 CHARGE TIPS / 7 MISC DED | 3 GARN EE | 4 GARN PAY | 5 UNIFORM / 00 CHK/SVE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| LIU,DAVID 287 | 150.00 / 150.00 | 9.30 / 2.18 | 9.90 | 2.25 NJ | | 0.75 NJDBL / 0.64 NJSUI | | | | | |
| MOD,NICOLE L 04 | 30.90 / 30.90 | 1.92 / 0.45 | | | | 0.15 NJDBL / 0.13 NJSUI | | | | | |
| STREFO,CARLOS 371 | 4484.56 / 4484.56 | 278.06 / 65.05 | 578.26 | 83.07 NJ | | 22.40 NJDBL / 19.08 NJSUI | 1 1500.31 | 2 1732.88 | | | 5 80.00 |
| QUINE,EDWARD A 173 | 1295.79 / 4326.96 | 280.79 / 65.69 | | | | 22.65 NJDBL / 19.26 NJSUI | | | | | |
| BERTS,ARTHUR O 122 | 591.69 / 591.69 | 33.39 / 7.82 | 39.45 | 8.08 NJ | | 2.71 NJDBL / 2.30 NJSUI | | | | | |
| BERTS,LAMAR 312 | | | | | | | | | | | |
| QUIBEZ,LESLIE A 155 | 494.00 / 528.40 | 32.26 / 7.57 | 13.39 | 6.78 NJ | | 2.66 NJDBL / 2.25 NJSUI | 2 | 2 34.40 | | | |
| QUIBEZ,WALTER G 209 | 17211.64 / 17211.64 | 1052.05 / 249.59 | 1265.59 | 282.96 NJ | | 86.12 NJDBL / 73.19 NJSUI | | 3 | | | |
| MANO,VALARIE 280 | 1384.46 / 2014.05 | 124.87 / 29.20 | 144.97 | 30.20 NJ | | 10.06 NJDBL / 8.57 NJSUI | 1 208.10 | 2 421.59 | 3 766.16 | | |
| OREY,DANIEL M 45 | | | | | | | | | | | |
| SAOO,MEREDA I 4 | 15348.84 / 15355.70 | 952.00 / 222.74 | 1976.69 | 285.84 NJ | | 76.75 NJDBL / 65.32 NJSUI | 1 | 2 6.86 | | | |
| SERNAUN,CHAV 286 | 6153.04 / 6320.92 | 391.89 / 91.64 | 979.45 | 132.51 NJ | | 31.62 NJDBL / 26.85 NJSUI | 1 38.23 | 2 128.85 | | | |
| SREN,ANDREN 286 | 150.00 / 150.00 | 9.30 / 2.18 | 9.90 | 2.25 NJ | | 0.75 NJDBL / 0.64 NJSUI | | | | | |
| IZ,JESSICA M 104 | 399.38 / 724.03 | 44.89 / 10.50 | 12.42 | 8.03 NJ | | 3.61 NJDBL / 3.07 NJSUI | 49.92 | 274.73 | | | |
| LAURA,LUISA 160 | 1129.35 / 1129.35 | 70.02 / 16.38 | 45.32 | 14.64 NJ | | 5.65 NJDBL / 4.79 NJSUI | | | | | |

5-6869

NIKKI BEACH ATLANTIC CITY LLC

NIKKI BEACH ATLANTIC CITY LLC

**YEAR TO DATE REPORT**

FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05

PAGE 20

| EMPLOYEE NAME & NUMBER | EARNINGS TAXABLE TOTAL / OTHER | SOC SEC MEDICARE | FEDERAL | STATE | LOCAL | DBL/SUI | 1 CASH TIPS / 6 HOUSING | 2 CHARGE TIPS / 7 MISC DED | 3 GRDN EE | 4 GRDN PAY | 5 UNIFORM / 0 CHK/SVE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| NORICK,SHAWN 243 | 2159.65 / 4752.76 | 294.69 / 69.92 | 541.62 | 75.07 NJ | | 23.77 NJDBL / 20.18 NJSUI | 1 1537.16 / 154.21 | 2 1056.55 | | | |
| NUEL,DARLENE O 176 | 500.90 / 500.90 | 31.06 / 7.27 | | 13.24 | 5.31 NJ | 2.50 NJDBL / 2.12 NJSUI | | | | | |
| NUEL,SHAUN 318 | 1112.40 / 1781.75 | 105.51 / 24.69 | 172.57 | 25.89 NJ | | 8.51 NJDBL / 7.22 NJSUI | | 2 589.35 | | | |
| NUNEZ,VERONICA 42 | 883.69 / 3291.86 | 204.10 / 47.24 | 275.51 | 50.24 NJ | | 16.47 NJDBL / 13.99 NJSUI | 1 1091.83 | 2 1316.35 | | | |
| NYAMA,MELODY 221 | 6452.50 / 6452.50 | 400.06 / 93.59 | 422.42 | 183.16 NJ | | 32.28 NJDBL / 27.44 NJSUI | 6 689.92 | | | | 5 13.00 |
| NTILLI,NANCY L 89 | | | | | | | | | | | |
| UNOWA,JENNIFER L 14 | 520.11 / 1164.98 | 73.47 / 17.17 | 63.43 | 17.78 NJ | | 5.93 NJDBL / 5.04 NJSUI | 1 405.00 | 2 259.87 | | | |
| NLENA,RENEE N 201 | 30.90 / 30.90 | 1.92 / 0.45 | | | 0.46 NJ | 0.15 NJDBL / 0.13 NJSUI | | | | | |
| HENCK,WILLIAM 294 | 2332.13 / 2323.13 | 144.04 / 33.69 | 231.27 | 36.01 NJ | | 11.62 NJDBL / 9.87 NJSUI | | 2 375.69 | | | |
| KOLESSAR,KENT A 56 | 993.04 / 1368.93 | 84.88 / 19.86 | 102.92 | 20.55 NJ | | 6.66 NJDBL / 5.81 NJSUI | | | | | |
| MEIZER,WILLIAM 119 | 644.27 / 644.27 | 39.94 / 9.34 | 53.59 | 9.66 NJ | | 3.22 NJDBL / 2.74 NJSUI | | | | | |
| ELINOSKI,SCOTT N 47 | 30.90 / 30.90 | 1.92 / 0.45 | | | 0.46 NJ | 0.15 NJDBL / 0.13 NJSUI | | | | | |
| ELLER,JOSEPH 295 | 4316.90 / 6006.60 | 372.55 / 87.14 | 762.20 | 117.40 NJ | | 30.65 NJDBL / 25.54 NJSUI | 1 1112.04 | 2 579.78 / 2.29 | | | |
| RUDAW,THOMAS 213 | 897.03 / 1157.87 | 74.26 / 17.37 | 73.35 | 17.97 NJ | | 5.57 NJDBL / 5.08 NJSUI | 2 900.00 / 7 | 2 300.04 | | | 5 13.00 |
| YBASTEIN,GARRETT P 170 | 925.46 / 2788.25 | 172.87 / 40.43 | | 10.88 NJ | | 12.92 NJDBL / 9.99 NJSUI | 2 925.24 | 2 936.55 | | | 5 25.00 |

5-8889

-6889  NIKKI BEACH ATLANTIC CITY LLC

RUN DATE 12/31/05

S-8869   NIKKI BEACH ATLANTIC CITY LLC

FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05

YEAR TO DATE REPORT

PAGE  21

| PLAYER NAME / ID NUMBER | EARNINGS / TOTAL COMP | SOC. SEC. / MEDICARE | FEDERAL | STATE | LOCAL | DBL/SUI | 1 CASH TIPS / 6 HOUSING | 2 CHARGETIPS / 7 MISC DED | 3 GARN EE | 4 GARN PAY | 5 UNIFORM / 10 CHK/SVE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MRS,PAUL J 207 | 6957.68 / 6957.68 | 432.01 / 101.06 | 633.10 | 102.56 NJ | | 34.46 NJDBL / 29.63 NJSUI | | | | | |
| MRS,WALTER 181 | 4905.90 / 4905.90 | 304.17 / 71.15 | 468.71 | 65.07 NJ | | 24.54 NJDBL / 20.84 NJSUI | | | | | |
| MICHELITE,IBKISHA 302 | 1410.00 / 1410.00 | 87.43 / 20.44 | 281.16 | 32.64 NJ | | 7.06 NJDBL / 5.99 NJSUI | | | | | |
| MPKINS,SHAREEFAH 225 | 657.20 / 657.20 | 40.75 / 9.53 | 40.90 | 9.86 NJ | | 3.29 NJDBL / 2.78 NJSUI | | | | | |
| RAMJ,MICHELLE 74 | 206.00 / 206.00 | 12.78 / 2.99 | 11.38 | 3.09 NJ | | 1.03 NJDBL / 0.87 NJSUI | | | | | |
| ATTOW,JEANAD 359 | 1410.00 / 1410.00 | 87.43 / 20.44 | | | | 7.06 NJDBL / 5.99 NJSUI | | | | | |
| ATTOW,JAON 323 | 8385.00 / 8385.00 | 519.87 / 121.59 | 1093.01 | 148.74 NJ | | 41.95 NJDBL / 35.66 NJSUI | | | 3  108.00 | | |
| ATTOW,EDWARD 134 | 1036.65 / 1036.65 | 64.28 / 15.04 | 11.20 | 10.47 NJ | | 5.19 NJDBL / 4.41 NJSUI | | | | | |
| ITH,JHANY 215 | 446.50 / 446.50 | 27.69 / 6.47 | 18.40 | 6.69 NJ | | 2.23 NJDBL / 1.91 NJSUI | | | | | |
| ITH,MICHELE L 32 | 30.90 / 30.90 | 1.92 / 0.45 | | | | 0.15 NJDBL / 0.13 NJSUI | | | | | |
| ITH,OLIVIA A 159 | | | | | | | | | | | |
| ITH,DONNETTE Y 205 | 263.30 / 263.30 | 16.32 / 3.82 | | 1.00 NJ | | 1.31 NJDBL / 1.11 NJSUI | | | | | |
| ITH,SHAMARIA A 202 | 443.30 / 443.30 | 27.49 / 6.43 | 8.50 | 5.21 NJ | | 2.21 NJDBL / 1.89 NJSUI | | | | | |
| MIER,BARRIE J 50 | 172.49 / 1153.17 | 71.69 / 16.71 | 92.04 | 17.30 NJ | | 5.76 NJDBL / 4.89 NJSUI | 1  403.00 | 2  579.68 | | | |
| MIER,STACEY C 102 | 546.60 / 936.23 | 58.04 / 13.58 | 20.56 | 11.45 NJ | | 4.67 NJDBL / 3.97 NJSUI | 1  244.76 | 2  144.87 | | | 5  20.00 |

S-8869   NIKKI BEACH ATLANTIC CITY LLC

VOLUNTARY DEDUCTIONS & OTHER ADJUSTMENTS

**5-6869   NIKKI BEACH ATLANTIC CITY LLC**

**YEAR TO DATE REPORT**

FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05

PAGE 22

| EMPLOYEE NAME / ID NUMBER | Taxable / Total Comp | Soc Sec / Medicare | Federal | State | Local | DBL / SUI | 1 Cash Tips / 6 Housing | 2 Char&Tips / 7 Misc Ded | 3 Garn EE | 4 Garn Pay | 5 Uniform / 10 Chk/Sve |
|---|---|---|---|---|---|---|---|---|---|---|---|
| KILIC,JOELLE T 75 | 72.10 / 72.10 | 4.47 / 1.04 | | 1.09 NJ | | 0.36 NJDBL / 0.31 NJSUI | | | | | |
| LEAU,MICHAEL 233 | 3550.93 / 3550.93 | 220.66 / 51.61 | 467.28 | 74.03 NJ | | 17.79 NJDBL / 15.13 NJSUI | | | | | |
| ERLING,ELANA P 2 | 2307.69 / 2307.69 | 143.07 / 33.45 | 305.49 | 43.62 NJ | | 11.55 NJDBL / 9.81 NJSUI | | | | | |
| WALEY,DAVID DEVON 376 | 1611.01 / 1611.01 | 99.88 / 23.36 | 132.15 | 23.58 NJ | | 8.06 NJDBL / 6.86 NJSUI | | | | | |
| FAGNAM,REUBEN 349 | 2649.75 / 2649.75 | 164.32 / 38.42 | 249.46 | 40.19 NJ | | 13.25 NJDBL / 11.27 NJSUI | | | | | |
| EIMBERG,SCOTT J 27 | 3901.90 / 1391.36 | 82.55 / 19.31 | 51.53 | 11.70 NJ | | 6.65 NJDBL / 5.69 NJSUI | 2 457.49 | 2 454.57 | | | 5 13.00 |
| DIBROVA,BORISLAVA 314 | 3418.19 / 3946.09 | | 354.04 | 51.69 NJ | | 19.74 NJDBL / 16.77 NJSUI | 1 | | | | |
| LIKE,GERALYN 229 | 402.63 / 848.77 | 52.62 / 12.30 | 69.10 | 12.74 NJ | | 4.24 NJDBL / 3.62 NJSUI | 1 145.00 | 2 382.90 | | | |
| WEZ,MAURICE 293 | 693.39 / 1852.25 | 115.21 / 26.95 | 184.62 | 28.83 NJ | | 9.29 NJDBL / 7.91 NJSUI | 1 219.29 | 2 226.85 | | | 5 12.00 |
| REES,ROBBIE 243 | 291.09 / 324.45 | 20.12 / 4.70 | 12.05 | 4.67 NJ | | 1.62 NJDBL / 1.38 NJSUI | 1 679.72 | 2 485.14 | | | 5 25.00 |
| REES,ROBERT E 142 | 12035.00 / 12035.00 | 744.94 / 174.22 | 1748.74 | 300.05 NJ | | 60.08 NJDBL / 51.06 NJSUI | 33.35 | | | | |
| IND,JORDAN M 141 | 1538.53 / 1538.53 | 94.18 / 22.05 | 90.90 | 22.78 NJ | | 7.50 NJDBL / 6.48 NJSUI | | | 3 1529.00 | | |
| YESTER,JONATHAN A 60 | 185.40 / 185.40 | 11.50 / 2.69 | 5.26 | 2.78 NJ | | 0.93 NJDBL / 0.79 NJSUI | | | | | |
| ILGR,DOMINICK 370 | 414.00 / 414.00 | 25.67 / 6.00 | 34.33 | 6.22 NJ | | 2.08 NJDBL / 1.76 NJSUI | | | | | |
| WAS,ELLIOTT E 246 | 6036.00 / 6036.00 | 374.25 / 87.55 | 682.94 | 96.27 NJ | | 30.20 NJDBL / 25.64 NJSUI | | | 3 1760.06 | | 5 12.00 |

-6869    NIKKI BEACH ATLANTIC CITY LLC

YEAR TO DATE REPORT

FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05

PAGE 23

| PLAYER NAME / ID NUMBER | EARNINGS | | TAX WITHHOLDINGS | | | | VOLUNTARY DEDUCTIONS & OTHER ADJUSTMENTS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | TOTAL COMP | SOC SEC / MEDICARE | FEDERAL | STATE | LOCAL | DHL/SUI | 1 CASH TIPS / 6 HOUSING | 2 CHAR&TIPS / 7 MISC DED | 3 GARN EE | 4 GARN PAY | 5 UNIFORM / 10 CHK/ SVE |
| BNS,KEVIN 224 | 461.44 461.44 | 28.60 6.69 | 30.95 | 6.92 NJ | | 2.31 NJDBL 1.97 NJSUI | | | | | |
| BNS,LISA 297 | 1013.97 4290.52 | 266.01 62.21 | 452.95 | 69.04 NJ | | 21.48 NJDBL 18.22 NJSUI | 1 1502.18 | 2 1774.37 | | | |
| ITE,WILLY 139 | 30.90 30.90 | 1.92 0.45 | | 0.46 NJ | | 0.15 NJDBL 0.13 NJSUI | | | | | |
| OSMIRE,KATSHNIDE 138 | 16261.64 16261.64 | 1008.21 235.72 | 2788.71 | 459.12 NJ | | 81.38 NJDBL 69.06 NJSUI | | | | | |
| BNS,MACEDES 289 | 4638.25 4638.25 | 287.58 67.25 | 477.95 | 69.92 NJ | | 23.20 NJDBL 19.77 NJSUI | | | | | |
| BNS,JACQUELINE 249 | 186.40 186.40 | 11.49 2.69 | 8.34 | 2.78 NJ | | 0.93 NJDBL 0.79 NJSUI | | | | | |
| BNS,JULIO CESAR 187 | | | | | | | | | | | |
| BNS,LAYLA 241 | 1743.63 1743.63 | 108.11 25.29 | 154.81 | 26.16 NJ | | 8.72 NJDBL 7.41 NJSUI | | | | | |
| BNS,SHARA Y 115 | 538.69 622.91 | 38.62 9.03 | 43.89 | 9.35 NJ | | 3.11 NJDBL 2.65 NJSUI | | | | | |
| EVA,CVETELINA 322 | 1273.27 2995.10 | 236.41 | | 35.11 NJ | | 14.99 NJDBL 12.73 NJSUI | 1 662.00 | 2 84.22 | | | |
| DNG,ALISA A 112 | 30.90 30.90 | 1.92 0.45 | | | | 0.15 NJDBL 0.13 NJSUI | | | | | |
| NELSON,JOHN 295 | 7403.20 7403.20 | 459.99 107.36 | 752.26 | 230.16 NJ | | 37.03 NJDBL 31.43 NJSUI | 2 | 2 7 1059.83 30.56 | | | |
| BNS,ANDREAS 5 | 16265.35 16265.35 | 1008.44 235.91 | 1872.24 | 310.56 NJ | | 81.31 NJDBL 69.19 NJSUI | | | | | |
| STEE COURT 377 | | | | | | | | | | | |
| J,STEPHANIE 163 | 264.85 264.85 | 16.43 3.85 | 3.00 | 3.11 NJ | | 1.32 NJDBL 1.13 NJSUI | | | | | |

S-8869  NIKKI BEACH ATLANTIC CITY LLC

FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05

YEAR TO DATE REPORT

PAGE 24

| PLAYER NAME / ID NUMBER | EARNINGS TOTAL COMP | FICA SOC/MEDICARE | FEDERAL | STATE | LOCAL | DBL/SUI | 1 CASH TIPS / 6 HOUSING | 2 CIGARETTES / 7 MISC DED | 3 GRDN EE | 4 GRDN PAY | 5 UNIFORM / 30 CHK/SVE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ECCARO,JEANINE M 10 | 510.16 / 935.93 | 56.79 / 13.29 | 19.06 | 11.15 NJ | | 4.57 NJDBL / 3.90 NJSUI | 1 232.37 | 2 173.40 | | | 5 10.00 |
| MCE.THOMPSON 254 | 1728.40 / 1728.40 | 107.18 / 25.06 | 143.25 | 25.93 NJ | | 8.65 NJDBL / 7.35 NJSUI | | | | | |
| RIGAS,MADELINE 268 | 851.93 / 3546.97 | 219.90 / 51.45 | 338.51 | 54.17 NJ | | 17.72 NJDBL / 15.06 NJSUI | 1 1069.24 | 2 1625.78 | | | 5 10.00 |
| ZUNEZ,CHRISTINA 103 | 154.50 / 154.50 | 9.58 / 2.24 | 1.11 | 1.75 NJ | | 0.77 NJDBL / 0.66 NJSUI | | | | | |
| LASCO,LUIS J 169 | 56.25 / 56.25 | 3.49 / 0.82 | 0.53 | 0.64 NJ | | 0.28 NJDBL / 0.24 NJSUI | | | | | |
| LEZ,JACKIE 283 | | | | | | | | | | | |
| NIDRA,WALTER D 83 | 5355.90 / 5355.90 | 332.09 / 77.67 | 717.19 | 108.28 NJ | | 26.79 NJDBL / 22.76 NJSUI | | | | | |
| ,WAN 278 | | | | | | | | | | | |
| ,VDEI Q 197 | | | | | | | | | | | |
| ,DAVID 244 | 2616.69 / 3532.14 | 220.24 / 51.51 | 357.71 | 53.75 NJ | | 17.76 NJDBL / 15.10 NJSUI | | | | | |
| ENER,ELISE M 19 | 361.02 / 909.54 | 56.41 / 13.18 | 25.52 | 11.63 NJ | | 4.54 NJDBL / 3.87 NJSUI | 1 385.00 | 2 163.82 | | | 5 20.00 |
| LKER,ERIC M 196 | 5163.40 / 5163.40 | 301.15 / 74.90 | 566.27 | 80.28 NJ | | 25.83 NJDBL / 21.97 NJSUI | | 2 935.45 | | | 5 12.50 |
| O,JOHN 342 | 1189.00 / 1189.00 | 73.47 / 17.19 | 134.19 | 18.51 NJ | | 5.93 NJDBL / 5.04 NJSUI | | | | | |
| SHINGTON,BRYON L 120 | | | | | | | | | | | |
| FSON,SCOTT M 12 | 1186.06 / 4650.64 | 288.35 / 67.44 | 509.16 | 66.47 NJ | | 23.25 NJDBL / 19.76 NJSUI | 2 1191.61 | 2 2272.97 | | | 5 20.00 |

YEAR TO DATE REPORT

PAGE 25

NIKKI BEACH ATLANTIC CITY LLC

FOR YEAR TO DATE AUGUSTS THROUGH 12/31/05

5-8869

| PLAYER NAME / PLAYER NUMBER | EARNINGS / TOTAL COMP | SOC SEC / MEDICARE | FEDERAL | STATE | LOCAL | DBL/SUI | 1 CASH TIPS / 6 HOUSING | 2 CHARGETIPS / 7 MISC DED | 3 GARN EE | 4 GARN PAY | 5 UNIFORM / BO CHRG / SVE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| STCOTT,LINDSAY 266 | 994.26 / 954.21 | 59.17 / 13.84 | 56.19 | 14.32 NJ | | 4.79 NJDBL / 4.08 NJSUI  1 | 11.96  2 | 47.99 / 42.83  7 | | | |
| EBEL,KATHRYN M 34 | 94.92 / 191.20 | 11.85 / 2.77 | 8.84 | 2.86 NJ | | 0.96 NJDBL / 0.82 NJSUI  1 | 31.12  2 | 65.16 | | | |
| LLIANS,ANNA A 116 | | | | | | | | | | | |
| LLIANS,MICHAEL 374 | 657.00 / 657.00 | 40.74 / 9.53 | 69.51 | 10.23 NJ | | 3.29 NJDBL / 2.79 NJSUI | | | | | |
| SON,ALBERT L 194 | | | | | | | | | | | |
| SON,ALONZO 183 | 30.90 / 30.90 | 1.92 / 0.45 | | | | 0.15 NJDBL / 0.13 NJSUI | | | | | |
| PE,ERIC D 145 | 6323.43 / 6323.43 | 392.07 / 91.72 | | | | 31.63 NJDBL / 26.86 NJSUI  1 | | | | | |
| EWS,GREGORY 350 | 1524.25 / 1524.25 | 94.63 / 22.15 | 160.18 | 23.74 NJ | | | | | | | |
| ENT,HOLLY 227 | | | | | | 7.63 NJDBL / 6.49 NJSUI | | | | | |
| ENT,WAYNE W 100 | | | | | | | | | | | |
| ENTSOVA,KATSIARYNA 191 | 844.60 / 3390.97 | 210.23 / 49.17 | 209.09 | 46.49 NJ | | 16.94 NJDBL / 14.41 NJSUI  1 | 855.01  2 | 1691.36 | | | |
| KOROVINA,RADOSLAVA 116 | 458.03 / 1773.58 | 196.35 | 196.35 | 24.64 NJ | | 8.87 NJDBL / 7.55 NJSUI  1 | | | | | |
| BNG,CURTIS 277 | 4350.00 / 4871.50 | 302.33 / 70.65 | 749.23 | 123.54 NJ | | | 441.02  2 | 874.53 | | | |
| HIRD PARTY SICK * 277 | | | | | | | | | | | |
| NTROGLION,SERGIO A 92 | | | | | | 24.36 NJDBL / 20.71 NJSUI  5 | 100.00  2 | 521.50 | | | |

5-8869     NIKKI BEACH ATLANTIC CITY LLC

15-6869

NIKKI BEACH ATLANTIC CITY LLC

FOR YEAR TO DATE AMOUNTS THROUGH 12/31/05

YEAR TO DATE REPORT

PAGE 26

| EMPLOYEE NAME & NUMBER | EARNINGS | | TAX WITHHOLDINGS | | | | VOLUNTARY DEDUCTIONS & OTHER ADJUSTMENTS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | MAXIMUMS TOTAL COMP | SOC SEC MEDICARE | FEDERAL | STATE | LOCAL | DBL/SUI | 1 CASH TIPS 6 HOUSING | 2 CHARGE TIPS 7 MISC DED | 3 GARN EE | 4 GARN PAY | 5 UNIFORM 10 CHK/SVE |
| KOVATCH, SHANE C 26 | 491.91 1079.06 | 66.90 15.64 | 24.24 | 12.39 NJ | | 5.41 NJDBL 4.50 NJSUI | 1 | 460.00 | | | |
| LIESKOVIES, JACK J 127 | 1114.95 1114.95 | 69.14 16.18 | 106.00 | 17.45 NJ | | 5.50 NJDBL 4.74 NJSUI | | | | | |
| LINSKAYA, OLGA 329 | | | | | | | | | | | |
| DEPT TOTALS | 638235.96 762243.75 | 46650.69 10665.24 | 79601.99 | 13400.79 NJ | 0.00 | 3813.53 NJDBL 3240.85 NJSUI | 1 6 45574.10 5192.78 | 2 7 81433.79 445.05 | 3 7600.97 | 4 7400.07 | 5 620.64 |
| | | | | | | | 127.15 | | | | |

1-6869

NIKKI BEACH ATLANTIC CITY LLC

RUN DATE 12/31/05

# EXHIBIT O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PENROD MANAGEMENT GROUP, INC.

                             Plaintiff-Petitioner,

             - against -

STEWART'S MOBILE CONCEPTS, LTD.,

                   Defendant-Respondent.

07-CV-10649

**DIRECT EXAMINATION
DECLARATION OF JOHN
MICHAEL REGISTER IN
SUPPORT OF PENROD
MANAGEMENT GROUP, INC.**

---

      I, John Michael Register, being duly sworn, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

**A.    Professional Background**

      1.    I am an attorney admitted to practice law in the State of Florida since 1984. Since 2006, I have served as the Vice President of New Properties for Penrod Management Group, Inc. ("PMG"). In 2005, I served as the General Counsel to PMG and Nikki Beach Atlantic City LLC ("NBAC"). As such, I am fully familiar with the facts set forth herein.

**B.    The Nikki Beach™ Brand**

      2.    The Nikki Beach brand was established in 1998 and introduced a beach club concept bringing dining, fashion, music, and entertainment together.

3.    Today, the Nikki Beach trademark is associated with a long line of successful upscale beach clubs at locations throughout the United States and around the world.   Nikki Beach venues include Miami Beach, Coconut Grove, Hollywood, New York, Reno, St. Barth, Cabo San Lucas, Puerto Vallarta, St. Tropez, Marbella, Morocco, and Portugal.

4.    The Nikki Beach concept has expanded into magazines, clothing, music, news, VIP programming, furniture, and special events.  Earlier this year, the first Nikki Beach hotel opened in Turks and Caicos.

5.    Each Nikki Beach venue and business concept has its own separate corporate structure and management (collectively, "the Nikki Beach Entities").  The Nikki Beach Entities are separate and distinct legal entities with independence, autonomy, and management responsibility.

6.    PMG provides oversight with respect to the initial organization and structure of the Nikki Beach Entities.  It also provides accounting and legal services to the Nikki Beach Entities in exchange for a management fee.  PMG plays no role in the day-to-day operations of the Nikki Beach Entities.  The day-to-day operations are controlled by, and business decisions are made by, the officers of each respective Nikki Beach entity.

2

C.    **Formation of Nikki Beach Atlantic City LLC**

7.     As it did for other Nikki Beach Entities, PMG initiated the formation of NBAC in New Jersey.

8.     On March 4, 2005, NBAC was duly formed, registered, and licensed in New Jersey by the law firm of DeLucry and Sandson, in Atlantic City, New Jersey. NBAC had its principal place of business in Atlantic City, New Jersey.

9.     NBAC was formed to operate a beach club, restaurant, and concert venue on the Jersey shore at Resorts International Hotel in Atlantic City, New Jersey. *See* PMG Ex. A.  NBAC was a multi-tiered entertainment complex with an architectural design, style, sophistication, and attitude that was intended to redefine the boardwalk.

D.    **Start Up Operations of Nikki Beach Atlantic City LLC**

10.    NBAC opened on May 27, 2005 and operated through the second week of September 2005.

11.    In order to operate the beach club, it was necessary for NBAC to petition the New Jersey Casino Control Commission to establish the beach areas in front of the Hotel as a "related facility" and expand the casino hotel alcoholic beverage license to the NBAC operation.  *See* PMG Ex. A.

12.    A license was subsequently issued to NBAC d/b/a Nikki Beach. PMG Ex. H.

3

13.    On March 21, 2005, a Federal Tax ID number was issued to NBAC and registered with the New Jersey Division of Revenue.  PMG Ex. A.

14.    On March 23, 2005, NBAC received a Certificate of Authority from the State of New Jersey, Division of Taxation.  PMG Ex. B.

15.    On March 25, 2005, NBAC received a business registration certificate from the State of New Jersey, Department of Treasury.  PMG Ex. C.

16.    The New Jersey Department of Labor officially recognized NBAC as an employer subject to the New Jersey Unemployment Compensation law, with liability beginning on April 1, 2005.  PMG Ex. D.

17.    NBAC hired approximately four hundred employees to operate the beach club.  *See* PMG Ex. N.

18.    NBAC applied for a Life Hazard Use Certificate of Registration which was issued by the State of New Jersey, Department of Community Affairs, and Division of Fire Safety on April 25, 2005.  PMG Ex. J.

E.    **NBAC Financials**

19.    NBAC was open for three and a half months during the summer of 2005.  After being well promoted, NBAC failed to draw budgeted numbers.  While NBAC grossed approximately one and a half million dollars, NBAC's expenses far exceeded its revenues.  For the year 2005, NBAC experienced a loss of $1,565,942.78. *See* PMG Ex. L.

4

20.     NBAC prepared financial statements on a routine, periodic, and ongoing basis in accordance with generally accepted accounting principles.    The year end results for 2005 have been pre-marked as PMG Ex. L.

21.     NBAC was capitalized with loans from PMG, which incurred more than a million dollar loss from the operation.

**F.     Contract with Stewart Mobile Concepts, Ltd.**

22.     On or about April 18, 2005, I, on behalf of NBAC, signed a rental agreement with Stewart Mobile Concept ("SMC") for kitchen equipment to be used by NBAC at the Resorts International Hotel in Atlantic City, New Jersey.  SMC Ex. 12.

23.     Under the rental agreement, SMC agreed to lease NBAC ten pieces of kitchen equipment for which NBAC was to make monthly lease payments.

24.     PMG is <u>not</u> a party to the rental agreement and did <u>not</u> execute the agreement.  *See* SMC Ex. 12.

25.     SMC (unlike Mr. John, Inc.) never asked PMG to guarantee the contract.

26.     On April 18, 2005 and April 22, 2005, PMG paid SMC the original down payments on behalf of NBAC because NBAC's bank accounts were in the process of being opened.  NBAC directly made the third payment to SMC in July

2005 after its bank account had been established. NBAC reimbursed PMG for advancing the down payments.

27. SMC sent all seven of its invoices for outstanding amounts to NBAC, as evidenced by SMC Exs. 9, 21, 25, 29, 30, 31 and 32. The SMC invoices were not directed to PMG and PMG was not identified anywhere on the invoices.

## G.    Reply to Affidavit of Keith Futerman

28. Contrary to SMC's representations concerning SMC Exs. 11, 24, and 26, I never represented myself as the employee of PMG. Rather as specified in the signature stamp on the referenced exhibits, I represented the interests of Nikki Beach.

29. The emails from Michael Penrod never referenced PMG. *See* SMC Exs. 2, 3, and 8.

30. Contrary to the statement in Mr. Keith Futerman's affidavit at paragraph 9, the questionnaire filled out by Michael Penrod is void of any reference to PMG. *See* SMC Ex. 2.

31. SMC sent the invoices to NBAC not to PMG, as suggested by Mr. Keith Futerman (Futerman Aff. ¶ 20).

32. It must also be noted that SMC states that Bruce Hanrahan and Tim Hughes were employed by PMG. However the emails relied on by at SMC (SMC Exs. 5 & 8) list and refer to them at "Nikki Marina".

33.    The Nikki Beach Entities use One Ocean Drive, Miami Beach, Florida as an address, a premier location and prestigious address on the most fashionable street in Miami, with the central telephone number (305) 538-1111.  However, the telephone is answered "Nikki Beach", not Penrod Management Group as Mr. Keith Futerman suggested in his affidavit at paragraph 9.

## H.    Closure of Nikki Beach Atlantic City

34.    The beach club industry is highly susceptible to economic downturn. Nikki Beach Entities have enjoyed success by promoting international DJ's and inter-active entertainment with a fashion show backdrop.  However, after being well promoted, NBAC failed to draw budgeted numbers and was closed.

35.    In retrospect, a lethal combination of bad summer weather, crippling cost overruns, and a venue that was too large (50,000 square feet) doomed the project.  It was expected that the complex would draw customers from New York City and Philadelphia; however, these expectations failed to materialize.

36.    At the end of the 2005 summer, after the books were closed, the business was evaluated and it was determined that it could not be a success in the existing venue. The decision was made to cease operations.  NBAC did not re-open.

37.    The entire income of NBAC and capitalization contributed by PMG was used to pay as much of the debt as possible.

38.    SMC is recognized as a creditor under the NBAC A/P Aging Summary and outstandings were recorded in the Vendor Quick Report within the NBAC accounting system. See PMG Ex. M.

39.    NBAC filed a 2005 Federal Tax Return and received a net adjustment credit of $393.61. See PMG Ex. I.

40.    Thereafter NBAC filed a certificate of cancellation with the State of New Jersey, Department of Revenue.  PMG Ex. K.

## I.    Penrod Management Group is not the alter ego of Nikki Beach Atlantic City LLC

41.    NBAC was an operating company with its own source of income.  It maintained its own bank accounts.  NBAC was not a mere instrumentality of PMG. The funds of NBAC were not co-mingled with PMG's funds.  PMG did not use NBAC to perpetrate a fraud or to circumvent the law.

42.    NBAC had its own officers who were responsible for the daily management of the corporation.  Michael Penrod was in charge of the NBAC operation, lived in New Jersey, and had no position with PMG. NBAC had its own management staff working exclusively at the venue.

43.    PMG received no management fees from NBAC because of NBAC's unexpected lack of profit.  In fact, other than the reimbursement for the original two down payments advanced to SMC on the rental agreement, PMG received no funds from NBAC.

44.    NBAC maintained its own financial records and other corporate files necessary to the operation of the entity. Bookkeeping was maintained in the Atlantic City office of NBAC on a daily basis by employees of NBAC.  When the company ceased operations, all records were placed and retained in a storage facility by Resorts International Hotel Inc.

45.    NBAC had separate financials, followed statutory formalities and had a distinct division of authority within the Nikki Beach Entities.

I declare under penalty of perjury that the foregoing statements are true and accurate to the best of my knowledge, information and belief.

Dated: May 19, 2008                          By: _____

                                                      John Michael Register

# 5345911_v5

# EXHIBIT P

Westlaw.

Slip Copy                                                                                                    Page 2
Slip Copy, 2008 WL 113664 (S.D.N.Y.)
**(Cite as: 2008 WL 113664 (S.D.N.Y.))**

**H**Cordius Trust v. Kummerfeld
S.D.N.Y.,2008.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
CORDIUS TRUST, Plaintiff,
v.
Elizabeth KUMMERFELD, Kummerfeld Associates,
Inc., Defendants.
Cordius Trust, Petitioner,
v.
Donald Kummerfeld, Respondent.
**No. 99 Civ. 3200(DLC).**

Jan. 11, 2008.

Bradford S. Babbitt, James Wade, Robinson & Cole
LLP, Hartford, CT, for Petitioner Cordius Trust.
Kenneth F. McCallion, McCallion & Associates LLP,
New York, NY, for Respondent Donald Kummerfeld.

*OPINION & ORDER*

DENISE COTE, District Judge.
**\*1** The instant action is an effort to pierce the
corporate veil of Kummerfeld Associates, Inc. ("KAI")
to render Donald Kummerfeld's ("Mr.Kummerfeld")
personal assets amenable to attachment. This Opinion
addresses petitioner Cordius Trust's motion for
sanctions, specifically, its request for an instruction to
the jury that it may draw an adverse inference based
upon the failure of KAI, Elizabeth Kummerfeld
("Ms.Kummerfeld"), and Mr. Kummerfeld to produce
numerous documents requested in discovery. For the
following reasons, petitioner's motion is granted and
the adverse inference instruction shall be given.

BACKGROUND

I. The Original Proceeding

This lawsuit was initiated on May 4, 1999, when
Cordius Trust filed a complaint against Ms.
Kummerfeld and KAI, seeking payment on a
promissory note executed by Ms. Kummerfeld, on
behalf of herself and Kummerfeld Associates, Inc.
("KAI"). Mr. Kummerfeld and Ms. Kummerfeld are
the only two shareholders of KAI. Additionally, Mr.

Kummerfeld served as chairman and treasurer of KAI.
In connection with the underlying litigation, Cordius
Trust sought to depose Mr. Kummerfeld on numerous
occasions. The subpoenas issued against Mr.
Kummerfeld also requested that he provide Cordius
Trust with access to a variety of documents related to
KAI's dealings with Cordius Trust as well as KAI's
corporate records. As this Court documented in an
Opinion dated January 3, 2000:

Between December 8, 1999 and December 17, 1999,
plaintiff made repeated attempts to serve Kummerfeld
at his residence with a[n] executed subpoena duces
tecum, but the doorman repeatedly barred the process
server from ascertaining whether Kummerfeld was in
his apartment. When he attempted to effect service at
Kummerfeld's place of business, the process server
was informed that Kummerfeld was no longer
employed there. Further, on December 21, 1999, at a
pre-trial conference attended by Kummerfeld,
Kummerfeld indicated that while he was amenable to
service in his corporate capacity, and had in fact
submitted to such service, he would not accept service
of a subpoena that sought to depose him in his
personal capacity.

Cordius Trust v. Kummerfeld, No. 99 Civ. 3200, 2000
WL 10268, at \*1 (S.D.N.Y. Jan. 3, 2000).
Consequently, Cordius Trust sought, and was granted,
alternative service of a subpoena duces tecum on Mr.
Kummerfeld. *Id.*

Discovery in anticipation of a February 2000 bench
trial was marked by dogged recalcitrance on the part
of Ms. Kummerfeld and KAI. A conference was held
on December 21, 1999 to address "the uncooperative
attitude of the defendants in complying with
discovery ."*Cordius Trust v. Kummerfeld,* No. 99 Civ.
3200, 2000 WL 264316, at \*1. Documents requested
in September 1999 were not submitted until the day of
Ms. Kummerfeld's deposition on December 19, 1999.
Mr. Kummerfeld was deposed on December 21, 1999
and January 13, 2000.

Following a one-day bench trial on the enforceability
of the promissory note, Cordius Trust was awarded
judgment (the "April 2000 Judgment") in the amount
of $1,418,000 plus interest and reasonable attorneys

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                      Page 3
Slip Copy, 2008 WL 113664 (S.D.N.Y.)
**(Cite as: 2008 WL 113664 (S.D.N.Y.))**

fees and costs. In connection with its request for attorneys fees and costs, Cordius Trust "complained primarily of the defendants' failure to participate in the discovery process."Trial counsel for Ms. Kummerfeld and KAI, Sheldon Farber, blamed any discovery abuse on prior counsel. The judgment was affirmed by the Second Circuit in an order dated November 30, 2000. *See Cordius Trust v. Kummerfeld Assocs., Inc.,* 242 F.3d 364 (2d Cir.2000).

II. The Veil-Piercing Action

**\*2** The April 2000 Judgment was never paid. Cordius Trust filed a Restraining Notice to Judgment Debtors on February 20, 2001, and served it on KAI and Ms. Kummerfeld. Presumably in order to secure payment on the judgment, Cordius Trust deposed Ms. Kummerfeld and Mr. Kummerfeld through late 2000 and 2001. A September 19, 2001 notice of deposition addressed to Ms. Kummerfeld requested that she cause KAI to provide Cordius Trust with certain documents. Letters dated October 18 and October 30, 2001 identified more documents responsive to Cordius Trust's discovery requests. Mr. Kummerfeld was deposed on November 19, 2001.

Cordius Trust moved on March 25, 2003, pursuant to Federal Rule of Civil Procedure 69, for the issuance of a writ of execution and turnover order piercing the corporate veil of KAI to render Mr. Kummerfeld's assets amenable to attachment. The motion was submitted to Magistrate Judge Ronald L. Ellis for a report and recommendation (the "Report"). As the Report noted, Cordius Trust encountered a variety of obstacles in serving Mr. Kummerfeld with the turnover petition: Cordius Trust's process server sent certified copies of the petition to Mr. Kummerfeld's home and attorney, but was unable to serve Mr. Kummerfeld personally at KAI's offices because she was told that Mr. Kummerfeld had moved and left no forwarding address. The Report described this as a "pattern of evasion."

The Report recommended that KAI's veil be pierced, and this recommendation was accepted. Cordius Trust's Rule 69 motion was granted on March 30, 2004, *see Cordius Trust v. Kummerfeld,* No. 99 Civ. 3200, 2004 WL 616125 (S.D.N.Y. Mar. 30, 2004) (the "March 2004 Opinion"), and judgment was entered in Cordius Trust's favor on April 30. In accepting the recommendation, the Court noted that defendants had

"failed to produce financial information for 1999, 2000, and 2001, despite Cordius's repeated demands," and that Donald Kummerfeld "has not disputed this point, and has not produced the missing information even though it is in his control as chairman and treasurer of KAI."*Id.* at \*2 n. 2.

Following a partial reversal by the Second Circuit in an order dated October 4, 2005, *see Cordius Trust v. Kummerfeld,* 153 Fed. App'x 761 (2d Cir.2005), the action was scheduled for trial set to begin January 14, 2008. On December 2, 2005, Cordius Trust again requested production of previously sought documents; the letter was addressed to Ms. Kummerfeld and KAI as defendants, and to Mr. Kummerfeld as respondent.

Despite the Second Circuit's explicit admonition in 2005 that "the case must return to district court to permit further development of the factual record on" questions pertaining to the veil-piercing action, *Cordius Trust,* 153 Fed. App'x at 764, the persistent non-responsiveness of KAI, Ms. Kummerfeld, and Mr. Kummerfeld to discovery requests spanning 1999 to 2005 has, most importantly, "resulted in a lack of evidence regarding KAI's finances in 1999, the year during which KAI and Ms. Kummerfeld were found to have executed and failed to repay the promissory note with Cordius that forms the basis of the action underlying the instant petition."*Cordius Trust v. Kummerfeld,* No. 99 Civ. 3200, 2007 WL 2435156, at\*2 (S.D.N.Y. Aug. 29, 2007) (the "August 2007 Opinion"). Accordingly, Cordius Trust has been "denied the usual means by which plaintiffs prove that one who is found to dominate a corporation has used his domination to cause the plaintiff's injury."*Id.* at \*7 n. 20.[FN1]

> FN1. The August 2007 Opinion specifically contemplated that, as a result of respondent's discovery abuses, at trial, "Cordius may be entitled to the benefit of certain inferences at trial, or even a spoliation charge."August 2007 Opinion, 2007 WL 2435156, at \*7.

**\*3** Cordius Trust filed a motion for sanctions on December 7, 2007, along with the joint pretrial order for a trial set to begin January 14, 2008. The motion sought, *inter alia,* an instruction permitting the jury to draw an adverse inference based upon respondent's failure to produce numerous documents requested in discovery.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                    Page 4
Slip Copy, 2008 WL 113664 (S.D.N.Y.)
**(Cite as: 2008 WL 113664 (S.D.N.Y.))**

DISCUSSION

An adverse inference is an equitable device that serves the remedial purpose, "insofar as possible, of restoring the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence," or failure to produce evidence, by the opposing party. *Kronisch v. United States,* 150 F.3d 112, 126 (2d Cir.1998). As the Second Circuit has observed, the adverse inference

provides the necessary mechanism for restoring the evidentiary balance. The inference is adverse to the destroyer not because of any finding of moral culpability, but because the risk that the evidence would have been detrimental rather than favorable should fall on the party responsible for its loss.

*Residential Funding Corp. v. Degeorge Financial Corp.,* 306 F.3d 99, 108 (2d Cir.2002) (citation omitted). An adverse inference is available not only where the evidence at issue has been destroyed, but also where it has not been timely produced, or not produced at all. In such situations,
the party seeking the instruction must show (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had "a culpable state of mind"; and (3) that the missing evidence is "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Id.* at 107.Cordius Trust has carried its burden as to each of these three prongs and, accordingly, an adverse inference instruction will be given to the jury.

As to the first prong, it has been established as a matter of law that Mr. Kummerfeld dominated KAI beginning in 1997, "at the time and shortly following the actions that gave rise to the plaintiff's claims."August 2007 Opinion, 2007 WL 2435156, at *2;*see Cordius Trust,* 153 Fed. App'x at 761-62 (affirming this Court's finding of Donald Kummerfeld's domination of KAI). Moreover, it has repeatedly been noted that, as treasurer and chairman of KAI since its inception in 1985, Mr. Kummerfeld exercised control over KAI's financial information. *See* August 2007 Opinion, 2007 WL 2435156, at *2 n. 5; March 2004 Opinion, 2004 WL 616125, at *2 n. 2,

*8 n. 16. Accordingly, it is clear both that Mr. Kummerfeld had control over the documents requested and that, pursuant to the subpoenas and discovery requests made by Cordius Trust, he was under an obligation to produce them. As detailed above, Mr. Kummerfeld was extensively involved not only in the instant veil-piercing action, but also in the underlying action on the promissory note. Documents sought during either of those time periods were reasonably requested from KAI and Mr. Kummerfeld, but not produced.

*4 As to the second prong, concerning the non-producing party's state of mind, the Second Circuit has endorsed a "case-by-case approach to the failure to produce relevant evidence," because "such failures occur along a continuum of fault-ranging from innocence through the degrees of negligence to intentionality."*Reilly v. Natwest Markets Group Inc.,* 181 F.3d 253, 267 (2d Cir.1999) (citation omitted). Accordingly, the court has "leeway to tailor sanctions to insure that spoliators do not benefit from their wrongdoing-a remedial purpose that is best adjusted according to the facts and evidentiary posture of each case ."*Id.* at 267.As the Second Circuit has recognized, "it makes little sense to confine promotion of [the adverse inference's] remedial purpose to cases involving only outrageous culpability, where the party victimized by the spoliation is prejudiced irrespective of whether the spoliator acted with intent or gross negligence."*Id.* at 267-68.Here, it is clear that KAI, Ms. Kummerfeld, and Mr. Kummerfeld withheld the requested documents intentionally and in bad faith. Over eight years of clear and probing discovery requests, they have offered no adequate explanation for their failure to comply with Cordius Trust's requests. Tellingly, they have offered no explanation in response to this motion. There is simply no explanation other than willfulness for this behavior.

As to the third prong, concerning the relevance of the evidence at issue, the party seeking an adverse inference must "adduce sufficient evidence from which a reasonable trier of fact could infer that the destroyed [or unavailable] evidence would have been of the nature alleged by the party affected by its destruction."*Residential Funding Corp.,* 306 F.3d at 109 (citation omitted) (alteration in original)."A showing of gross negligence in the destruction or untimely production of evidence will in some circumstances suffice, standing alone, to support a

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                Page 5
Slip Copy, 2008 WL 113664 (S.D.N.Y.)
(Cite as: 2008 WL 113664 (S.D.N.Y.))

finding that the evidence was unfavorable to the grossly negligent party."*Id.*

Defendants' and respondent's long-term and purposeful evasion of discovery requests give rise to an inference that the evidence sought would be unfavorable to them, in satisfaction of this relevance prong. Indeed, as the August 2007 Opinion noted, the evidence sought by Cordius Trust over the last eight years is precisely the "usual means by which plaintiffs prove that one who is found to dominate a corporation has used his domination to cause the plaintiff's injury."August 2007 Opinion, 2007 WL 2435156, at *21 n. 20."These usual means include showing that Kummerfeld diverted payments made to the corporation into his personal bank accounts or toward the purchases of goods or services for his personal benefit, to the expense of KAI's ability to meet its corporate obligations."*Id.* Having been put on notice by the Court that the evidence sought, but not produced, was key to Cordius Trust's ability to make its case, and thereafter failing to produce properly requested evidence, Donald Kummerfeld cannot now assert, and indeed does not assert, that the evidence sought was not relevant.[FN2]

> FN2. The documents which were not produced include detailed cash disbursement records, credit card records, bank records, and tax returns.

*5 In opposition to this motion, Mr. Kummerfeld makes essentially two arguments. Mr. Kummerfeld observes that he was only added as a party to this action in 2003, and therefore that he should not be punished in the instant veil-piercing action for discovery abuse allegedly committed by KAI and Ms. Kummerfeld during the period proceeding his formal joinder. He observes that the vast majority of discovery requests were made in connection with the underlying action on the promissory note, which eventuated in the April 11, 2000 judgment against Ms. Kummerfeld and KAI. Accordingly, any discovery abuse committed in connection with that action, he argues, ought not to be yoked into the instant enforcement action. This argument fails for two reasons.

First, as described in detail above, Donald Kummerfeld was both aware of and a participant in this litigation since the very beginning. He was

subpoenaed in 1999 and deposed several times in 1999, 2000, and 2001. During that time, he failed to produce the vast majority of documents sought by Cordius Trust, even though they were requested both from him personally and from KAI, of which he was chairman and treasurer. He is thus rightfully held responsible for discovery abuse that occurred during the time he dominated KAI.

Second, contrary to respondent's blithe assertion that the "timely obligation to produce discovery" in the underlying action on the promissory note ceased with the resulting judgment issued on April 11, 2000, Mr. Kummerfeld has been under a continuing obligation to produce the documents sought throughout the pendency of this litigation. The instant action is an enforcement action, necessarily brought by Cordius Trust against Mr. Kummerfeld because of Cordius Trust's inability to collect on a debt that is owed them. These two actions are part of one singular litigation, which bears one docket number and has been pending continuously before this Court since 1999. As noted above, the discovery abuse committed by the defendants in this case has been repeatedly referenced in opinions. Moreover, on several occasions the Court has referred pointedly to Mr. Kummerfeld's obligations with respect to discovery. Especially following the veil-piercing judgment issued against him in 2004, Mr. Kummerfeld has been under an obligation, as an officer of KAI, to facilitate the production of requested documents in this litigation. His assiduous failure to do so, over a period of eight years and in the face of repeated requests, requires that the jury be instructed on the availability of an adverse inference.

As to the December 2, 2005 request for production, Mr. Kummerfeld argues that his failure to comply should not be held against him either, first because the request was addressed to "Defendants" (and not to Mr. Kummerfeld as "Respondent"), and, second, because Cordius Trust did not seek to enforce the request by a separate enforcement action or a request for sanctions. Both arguments are wholly without merit. First, by October 4, 2005, the date of the Second Circuit's decision affirming this Court's finding of Mr. Kummerfeld's domination of KAI, it had been established beyond peradventure that Mr. Kummerfeld controlled KAI. Any discovery request addressed to KAI after that date should have been understood to impose production obligations on Mr.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 113664 (S.D.N.Y.)
**(Cite as: 2008 WL 113664 (S.D.N.Y.))**

Kummerfeld. Second, there is no excuse for failing to respond to a properly made discovery request. The request was served on Mr. Kummerfeld's counsel and the caption clearly identified the demand as one made within the litigation to pierce the corporate veil and reach Mr. Kummerfeld's assets. Having been stonewalled for almost a decade, Cordius Trust was not required to expend its resources to bring yet another motion to compel.

CONCLUSION

**\*6** Cordius Trust's motion for an adverse inference instruction is granted, provided that Cordius Trust shows at trial that it made a document demand on KAI or Mr. Kummerfeld for material documents that were not produced.

SO ORDERED:

S.D.N.Y.,2008.
Cordius Trust v. Kummerfeld
Slip Copy, 2008 WL 113664 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.