IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

PENROD MANAGEMENT GROUP,

                Plaintiff-Petitioner,

            v.

STEWART'S MOBILE CONCEPTS, LTD.,

                Defendant-Respondent.

Civil Action No.: 07-CV-10649

---

## PLAINTIFF-PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT-RESPONDENT STEWART'S MOBILE CONCEPTS, LTD.'S MOTION *IN LIMINE*

---

Attorneys for Plaintiff-Petitioner
Penrod Management Group

Sean C. Sheely
Christine Tramontano
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007 3189
(212) 513-3200

The plaintiff-petitioner Penrod Management Group, Inc. ("PMG") respectfully submits this memorandum in opposition to the motion *in limine* served by defendant-respondent Stewart Mobile Concepts, Ltd.'s ("SMC") on June 3, 2008. SMC's motion, pursuant to Federal Rule of Civil Procedure 37 ("Rule 37"), seeks two forms of sanctions based on PMG's alleged failure to produce 6 documents in an underlying arbitration proceeding which preceded the instant action: (1) an order barring PMG from introducing certain evidence that PMG is not an alter-ego of Nikki Beach Atlantic City, LLC ("NBAC"); and (2) an order imposing an adverse inference against PMG.[1]  As discussed below, sanctions are entirely inappropriate given the absence of a pending court order (or governing rule of federal procedure) that PMG's conduct supposedly violated and, more significantly, the lack of any resulting prejudice to SMC.

## PRELIMINARY STATEMENT

In its Memorandum of Law in Support of the Motion in Limine ("SMC Mem. Law."), SMC argues that the following evidence should be precluded:

- Six documents identified in PMG's List of Proposed Exhibits, dated April 21, 2008; and

- any testimonial evidence about documents that were not produced.

SMC additionally argues that the failure to produce the documents referenced in the direct examination declaration of PMG's only proffered witness, warrants an adverse inference instruction.[2]  SMC never states exactly what that adverse inference should be or how the alleged failure to produce a document bears on the elements of alter-ego.

---

[1] Notably, SMC does not seek to preclude evidence on admissibility grounds as in an ordinary *limine* motion. *See Wechsler v. Hunt Health Systems, Ltd.*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003) ("Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds."). Indeed, there is no question that the subject evidence is admissible for all purposes.
[2] List of Proposed Exhibits of PMG, dated April 21, 2008 (hereinafter "PMG's Proposed Exhibits") and the Direct Examination Declaration of John Michael Register in Support of PMG, dated May 19, 2008 (hereinafter, "Register Declaration"), are already part of the Court's record, annexed to the certification of SMC cousnel in support of its motion, as Exhibits N and O, respectively.

It is well-settled that Rule 37 does not strictly apply where there was no prior order of this Court compelling production. Nevertheless, even if the Court were to accept SMC's premise—that the scheduling orders in the underlying arbitration are the functional equivalent of an order of this Court for purposes of Rule 37—SMC has not demonstrated any prejudice as a result of the alleged failure to disclose. SMC cannot claim any surprise or inability to adequately prepare for the hearing. As to the exclusion of the testimonial evidence because it refers to documents that were not produced, SMC simply offers no basis (and none exists) for such a sanction.

The issues presented by the instant motion may be summarized as follows:

| Ex. No. | Document Description | SMC Objection |
|---------|---------------------|---------------|
| A | NBAC Petition to New Jersey Casino Control Comm'n | Partially produced |
| B | NJ, Div. of Taxation, Certificate of Authority to collect NJ Sales & Use Tax issued to NBAC | Not produced |
| E | E-mail Correspondence (and attachments) relating to the Equipment Rental Negotiation between SMC and NBAC | Not produced |
| J | NJ, Casino Dep't of Community Affairs, Div. of Fire Safety, Life Hazard Use Certificate of Registration issued to NBAC | Partially produced |
| L | NBAC Statement of Profit & Loss | Partially Produced |
| N | NBAC Employee Payroll Report | Not produced |
| N/A | Testimony regarding non-proffered documents | Documents must be produced in order to be relied upon in testimonial evidence |

**LEGAL ARGUMENT**

**A.    Rule 37 Sanctions Are Unavailable In The Absence A Court Order Directing Discovery.**

SMC may not avail itself of the Rule 37 sanctions in this case since the order allegedly disobeyed was that of an arbitrator in a separate proceeding, whereas the rule specifically provides that sanctions are available:

> If a party ... fails to obey <u>an order to provide or permit discovery, including an order made under subdivision (a) of this rule</u> or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just...

Fed. R. Civ. P. 37(b)(2) (emphasis added).[3]  It is a well settled that the two necessary predicates for the imposition of Rule 37 sanctions are: (1) an order of the court to which the application is made; and (2) a violation of that order by the subject of the sanctions application.  *See Daval Steel Products. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991) ("Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order."); *Ward v. National Geographic Society*, No. 99 Civ. 12385, 2002 WL 27777, at *2 n.17 (Jan. 11, 2002 S.D.N.Y.) ("The rule's plain language limits its applicability to situations where a court order has been violated.").

SMC does not and cannot rely on any discovery order issued by this Court.  Instead, SMC relies on the scheduling orders of the arbitrator which followed the service of SMC's document demand during the discovery-like portion of the underlying arbitration.  *See* Arbitrator Scheduling Order Nos. 2, 3 and 4.[4]  Notably, PMG contested the arbitrator's jurisdiction over it

---

[3] SMC mistakenly quotes Rule 37(c)(1) as the grounds for its motion, *see* SMC Mem. Law at p. 8, which provision applies, by its own terms, exclusively to Rule 26 violations.  In our case, however, Rule 26 has never been invoked and it cannot be disputed that it has not been violated.  All disclosure in this action ahs been pursuant to the mutually agreed upon scheduling order endorsed by the court and amended thereafter by agreement of the parties.

[4] Annexed to SMC's certification in support of its motion as Exhibits H, K, and M, respectively.

from the inception of the proceeding. That question of jurisdiction is now the very subject matter of this action. As such, it would be manifestly unjust to afford that arbitrator's scheduling orders the same weight and dignity as a discovery order duly issued by this Court. Moreover, contrary to SMC's assertions, the scheduling orders in question do not contain any affirmative findings by the arbitrator that there were discovery violations, or any discovery misconduct, and certainly nothing that could approximate in substance an order to compel duly issued by this court or any court.

It would be against the plain and well-settled reading of Rule 37 to treat the arbitrator's scheduling orders as though they could support Rule 37 sanctions.

**B.      Rule 37 Sanctions Are Unavailable Where Noncompliance Is Harmless.**

The sanction of preclusion does not apply where there is a determination of harmlessness. *See Kunstler v. City of New York*, 242 F.R.D. 261, 264 (S.D.N.Y. 2007). Preclusion of evidence as a sanction for discovery violation is generally disfavored. *Id.* at 265. The preclusion of evidence not disclosed in discovery is a drastic remedy and will only apply in situations where the failure to disclose represents flagrant bad faith and callous disregard of the rules. *Id.* Accordingly, prior to ordering preclusion, the Court should consider four factors in deciding what sanction is appropriate: (1) the proponent's explanation for failing to provide the subject evidence; (2) the importance of such evidence to the proponent's case; (3) the opponent's time needed to prepare to meet the evidence; and (4) the possibility of obtaining a continuance to permit the opponent to meet the evidence. *Outley v. City of New York*, 837 F.2d 587, 590 (2d Cir. 1988) (reversing district court's order of preclusion); *Krause v. Buffalo and Erie County Workforce Development Consortium, Inc.*, 425 F. Supp. 2d 352 (W.D.N.Y. 2005).

In our case, the several factors weigh heavily in favor of <u>not</u> precluding the proffered evidence. <u>First</u>, as to the explanation for the failure to produce the documents, PMG submits that no formal discovery proceedings (or mandatory disclosure provisions) had ever been invoked in this action. Even as to the discovery-like proceedings before the arbitrator, whose jurisdiction PMG has consistently protested, by SMC's own admission in its moving memorandum, that document exchange had never been concluded. *See* SMC Mem. Law at pp. 5-6 (noting that SMC never received a requested stipulation from PMG that it had produced all relevant documents in its custody and control). <u>Secondly</u>, the proffered documents go to the heart of the only issue currently before the court, that is, the alter-ego issue; the proffered testimony is that of PMG's only witness. <u>Thirdly</u>, the documents are not so voluminous or different in character from previously produced documents that SMC needs substantial time to prepare for their use at the hearing. <u>Fourth</u>, if the Court deems it necessary, a short adjournment presents a lesser remedy that would sufficiently alleviate any perceived prejudice to SMC. *See Outley*, 837 F.2d at 590 ("Courts have look with disfavor upon parties who claim surprise and prejudice but who do not ask for a recess....").

The rule authorizing preclusion of evidence as a discovery sanction is designed to avoid "surprise" or "trial by ambush." *See Kunstler*, 242 F.R.D. at 264. The severity of the sanction imposed by the court for a litigant's noncompliance with discovery orders must be commensurate with litigant's noncompliance. *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130 (2d Cir. 2007); *see also In re September 11th Liability insurance Coverage Cases*, 243 F.R.D. 114 (S.D.N.Y. 2007) (holding that complaining party must not be permitted a windfall). In our case, there can be no claim of surprise as to the proffered evidence since SMC reasonably knew about its existence and or its relevance to the case. *See EMI Music Marketing v. Avatar Records, Inc.*,

334 F. Supp. 2d 442, 445-46 (S.D.N.Y. 2004) (refusing to preclude previously undisclosed documents where the plaintiff "was aware of their existence and relevance").

In *EMI Music*, the plaintiff sought to preclude "individuals and documents that the defendant had placed on its list of potential witnesses and exhibits for trial but had not previously disclosed." 334 F. Supp. 2d at 445. The court denied the motion, finding that while the defendant had not formally disclosed the individuals and exhibits previously, the plaintiff "was aware of their existence and relevance." *Id.* As to the challenged exhibits, the court noted that "eight of the twelve exhibits" were previously disclosed. *Id.* The court invoked Rule 37's harmless error provision and held that the plaintiff "was sufficiently aware of the existence and relevance of the persons and documents in question so that it is not being subjected to trial by ambush." *Id.* at 445-46.

Similarly, in our case, SMC cannot credibly claim that they did not know about documents in question (or their relevance) since it had previously received slightly different versions of several of the documents (Ex. A, J, and L), while several others were part of the public record to the extent NBAC had filed them with, or received them from, state regulatory agencies. (Ex. A, B, and J.). As to the NBAC employee records (Ex. N), the document merely confirms NBAC's stated position to SMC throughout the dispute, that it maintained a payroll of its own employees. Therefore, while it is important for PMG's claim, it can serve as no surprise to SMC. To find otherwise, that SMC is prejudiced by a record proffered to demonstrate payment of employees, would mean that that SMC was unaware that NBAC had employees on its payroll.[5]

---

[5] The Court should also note that the remaining exhibit complained of, Exhibit E, was not actually proffered through the Register Declaration.

Finally, if there was harm, it was caused by SMC's own failure to pursue discovery within the context of this action where it could have deposed Mr. Register. Further, any such prejudice may be sufficiently alleviated by a lesser remedy than preclusion of evidence.

## C.    SMC's Authorities Are Inapposite

The cases relied upon by SMC are inapposite for several salient reasons beyond the obvious absence of a court order in our case. In *Ebewo v. Martinez*, 309 F. Supp. 2d 600 (S.D.N.Y. 2004), the Court sanctioned a party by precluding its expert where the party waited until the close of discovery and after the filing of summary judgment to make its disclosure. There, the proposed witness was proffered as a treating physician but did not qualify as such and, therefore, was subject to the strict rules of expert disclosure. *Id.* at 606. *Id.* Additionally, the court also made the qualitative judgment that the proponent of the witness was trying to "sandbag" the opposing party. *Id.* In our case, by contrast, there is no expert witness involved and there has been no underhanded efforts to mischaracterize evidence to circumvent strict rules of expert disclosure as was the case in *Ebewo*.

In *Norbrook Laboratories Ltd. v. G.C. Hanford Manufacturing Co.*, 297 F. Supp. 2d 463, 481 (N.D.N.Y. 2003), the Court struck the testimony of an individual who testified as to sales projections—including a very particular sales figure—because the party who proffered the witness had previously refused a request for documents concerning, *inter alia*, sales figures. There, the subject matter of the testimony was a calculation and the proponent improperly refused to provide the documents in its possession, which documents were obviously used to make those calculations. In sum, the testimony was highly quantitative and the calculations were necessary for a cross examination. By contrast, in our case the testimony SMC seeks to preclude, that of PMG's only witness, is considerably more qualitative. Moreover, the substance and conclusions of Mr. Register's testimony has already transmitted to SMC. As SMC is well

7

aware, NBAC's company financials are not referenced for their substantive content—as was the case in *Norbrook* with the sales projection—but merely to establish NBAC's habit of maintaining separate financial statements.

## D.    The Court's Inherent Power To Sanction Misconduct Is Similarly Inapplicable

As an alternative to barring the subject document from being used at the hearing, SMC invokes the inherent authority of the Court—separate and apart from its powers under Rule 37— to sanction parties for discovery abuse and requests that the Court impose an adverse inference of against PMG. "Even in the absence of a discovery order, a court may impose sanctions for misconduct during discovery through its inherent power to manage its affairs; however, before a court can exercise that enormous power, it should do so with restraint and upon the finding of bad faith and abusive litigation practices." *LeGrande v. Adecco*, 233 F.R.D. 253 (N.D.N.Y. 2005).  SMC relies upon *Residential Funding Corp. v. DeGeorge Financial*, 306 F.3d 99 (2d Cir.) for the proposition that, through its inherent powers, a court may sanction a party for non-production by proceeding to trial and giving the finder of fact an adverse inference instruction. Nothing in our case would justify such an extraordinary remedy.

As to the documents in question that have actually been produced—and which are readily available for review by the finder of fact—this request is completely misplaced.  In effect, SMC is requesting that, since six documents were belatedly produced, the content of the documents should be accorded something other than their plain meaning.   However, the fact is, the documents speak for themselves and it would be wholly inappropriate to cast a light over them that is somehow adverse to PMG simply because they were produced belatedly.[6]

---

[6] As to the documents referred to in the Register Declaration—e.g., the financial statements—there has been no showing that this documents are actually in the possession of PMG and, therefore, their non-production is of no consequence and certainly not grounds for an adverse inference.

## CONCLUSION

For all of the foregoing reasons, the Court should deny *in toto* the motion in limine, which seeks sanctions for alleged discovery violations.

Dated: New York, New York
      June 13, 2008

                    Respectfully submitted,

                    HOLLAND & KNIGHT LLP

                    By:_____

                        Sean C. Sheely
                        Christine Tramontano
                    195 Broadway
                    New York, New York 10007
                    (212) 513-3200

                    Attorneys for Plaintiff-Petitioner
                    Penrod Management Group

Of Counsel:
L.H. Steven Savola, Esq. (*pro hac vice*)
Savola LLC Law Firm
8770 Sunset Drive, #443
Miami, FL 33173
(305) 279-6406

# 5398335_v5

9