UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PENROD MANAGEMENT GROUP, INC.

                      Plaintiff-Petitioner,

- against -

STEWART'S MOBILE CONCEPTS, LTD.,

                      Defendant-Respondent.

07-CV-10649

**DECLARATION OF JACK PENROD IN SUPPORT OF MOTION *IN LIMINE* TO QUASH TRIAL SUBPOENA**

---

      I, Jack Penrod, being duly sworn, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

      1.    I am the Chief Executive Officer and President of Penrod Management Group, Inc. ("PMG") and as such I have personal knowledge of the facts set forth below and submit this declaration in support of PMG's motion *in limine* to quash the trial subpoena dated May 16, 2008 compelling me to testify at the trial in this matter ("Trial Subpoena").

      2.    Attached hereto as Exhibit A is a true and correct copy of the letter that PMG's counsel received with a courtesy copy of the Trial Subpoena directed to me. Other than through counsel for PMG, I have not received a copy of the subpoena.

      3.    I did not have any contact with Stewart's Mobile Concepts, Ltd. ("SMC").

4.   I was not responsible for the negotiation of the equipment rental agreement between SMC and Nikki Beach Atlantic City, LLC ("NBAC").

5.   I was not responsible for the formation or operation of NBAC.

6.   I did not oversee the day-to-day management of NBAC.

7.   As such, I do not have direct knowledge of the issues in dispute concerning the dispute between SMC and NBAC.

8.   I am a resident of Florida and I am currently out of the country on business. I will remain out of the country during the tentatively scheduled trial dates in this matter.

I declare under penalty of perjury that the foregoing statements are true and accurate to the best of my knowledge, information and belief.

Dated: June 2, 2008

By: _____

Jack V. Penrod

# 5371634_v2

# EXHIBIT A

# McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
100 MULBERRY STREET
THREE GATEWAY CENTER
NEWARK, NEW JERSEY
PHONE: (973) 622-7711
FAX: (973) 622-5314

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Sean C. Sheely, Esq. | Ryan Mulvaney, Esq. |
| COMPANY: | DATE: |
| Holland – Knight Llp | May 16, 2008 |
| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
| (212) 385-9010 | 4 |
| PHONE NUMBER: | MATTER NUMBER: |
| RE: | MATTER NUMBER: |
| Penrod Management Group, Inc. v. Stewarts Mobile Concepts, Ltd | |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR ANY AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.
Document7

# McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
### ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

RYAN P. MULVANEY
Direct dial: (973) 565-2010
rmulvaney@mdmc-law.com

May 16, 2008

**VIA FACSIMILE**

Sean C. Sheely, Esq.
Holland + Knight LLP
195 Broadway
24th Floor
New York, NY 10007

      Re:   Penrod Management Group, Inc. v. Stewart's Mobile Concepts, Ltd.
            Civil Action No.:   07-10649

Dear Mr. Sheely:

    This firm represents Defendant-Respondent, Stewart's Mobile Concepts, Ltd. "SMC"), in the matter referenced above. Accompanying this correspondence is a trial subpoena that is being served on Mr. Jack Penrod for the June 9th hearing in this matter.

    If you should have any questions, please do not hesitate to contact us. Thank you.

                          Very truly yours,

                          McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

                          RYAN P. MULVANEY

Enclosures

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
Southern District of New York

Penrod Management Group, Inc.

V.

Stewart's Mobile Concepts, Ltd.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-10649

TO: Mr. Jack Penrod
Penrod Mgmt. Grp., Inc.   OR   317 Coconut Lane
1 Ocean Drive                         Miami Beach, Fl. 33139
Miami Beach, Florida 33139

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| U.S. District Court, Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, N.Y., 10007-1312 before the Hon. Douglas F. Eaton, U.S.M.J. | 18-A |
| | DATE AND TIME |
| | 2008 June 9-10, 23-24 at 9:45 a.m. |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | 5/16/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard S. Mills, Esq., Ryan P. Mulvaney, Esq., McElroy, Deutsch, Mulvaney & Carpenter, LLP, 88 Pine Street, 24th Floor, New York, N.Y. 10005 (212) 483-9490

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____      _____
                    DATE                     SIGNATURE OF SERVER

                                            _____
                                            ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).